UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

MARIA JOSE PIZARRO,                                    :
                                                       :
                    Plaintiff,                         :
                                                       :
        -against-                                      :
                                                       :          **COMPLAINT**
EUROS EL TINA RESTAURANT LOUNGE and                    :    **JURY TRIAL DEMANDED**
BILLIARDS CORP., SANTIAGO QUEZADA,                     :
And SANTIAGO QUEZADA, Jr.,                              :
                    Defendants.                        :
---------------------------------------------------------------------X

Plaintiff Maria Jose Pizarro ("Plaintiff" or "Ms. Pizarro"), by and through her attorneys,
Brustein Law, PLLC, brings this action under Title VII of the Civil Rights Act of 1964 ("Title
VII"), the New York State Human Rights Law, New York Executive Law § 296 (the "NYSHRL"),
and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107 *et seq.* (the
"NYCHRL") to redress her civil and legal rights, and alleges as follows:

1.      Plaintiff was employed by the Euros El Tina Restaurant Lounge and Billiards Corp.
("Euros"), and during the relevant time period worked as the general manager.  Plaintiff was
repeatedly subjected to sexual harassment by Santiago Quezada, the owner and one of her direct
supervisors, who would regularly expose his penis to her and grope her body.

2.      After Plaintiff retained an attorney to file a claim with the Equal Employment
Opportunity Commission ("EEOC"), Defendants retaliated by filing two frivolous lawsuits against
her.

3.      As a result of Defendants' actions, Plaintiff has been damaged in violation of
federal, state, and city anti-discrimination laws as well as in retaliation for her complaint.

## JURISDICTION AND VENUE

1

4.      This action is brought pursuant to Title VII, NYSHRL, and the NYCHRL.

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of Plaintiff's rights under Title VII.

6.      Venue in this District is proper under 28 U.S.C. §§1343(3) and 1391(b) in that a substantial part of the events giving rise to this claim occurred in New York County, a county within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

7.      Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## PARTIES

8.      At all relevant times, Plaintiff MARIA PIZARRO (hereinafter "Plaintiff" or "Ms. Pizarro") is a United States citizen and at all relevant times a resident of the State of New York and the City of New York.  At all relevant times, Plaintiff was employed by Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros") as a general manager.

9.      Ms. Pizarro is a female and a member of a protected class.

10.     At all relevant times, Ms. Pizarro was a person within the meaning of the NYSHRL, the NYCHRL, and Title VII.

11.     Defendant, Euros was and is a domestic corporation organized and existing under the laws of the State of New York, having its principal place of business at 500 West 207th Street, New York, New York 10034.

12.     At all relevant times, Euros employed more than four employees and constituted an "employer" within the meaning of the NYSHRL, the NYCHRL, and Title VII.

13.     Defendant Santiago Quezada is a resident of Westchester County, State of New York, and is an officer, shareholder, and principal of Euros El Tina Restaurant Lounge and Billiards Corp. located at 500 West 207th Street, New York, New York 10034.

14.     That all times relevant hereto, Defendant Quezada was Ms. Pizarro's supervisor and/or had supervisory authority and/or managerial authority over her.

15.     Upon information and belief, Defendant Quezada is an aider and abettor within the meaning of the NYSHRL and the NYCHRL.

16.     Defendant Santiago Quezada, Jr. is a resident of Westchester County, State of New York, and is an officer, shareholder, and principal of Euros El Tina Restaurant Lounge and Billiards Corp. located at 500 West 207th Street, New York, New York 10034.

17.     That all times relevant hereto, Defendant Quezada, Jr. was Ms. Pizarro's supervisor and/or had supervisory authority and/or managerial authority over her.

18.     Upon information and belief, Defendant Quezada, Jr. is an aider and abettor within the meaning of the NYSHRL and the NYCHRL

19.     Defendant Euros, Defendant Quezada, and Defendant Quezada, Jr., collectively and individually, are "employers" within the meaning of the NYCHRL, NYSHRL, and Title VII.

20.     Plaintiff commenced this action within 90 days of her receipt of the notice of right to sue letter, dated May 14, 2020.

## **FACTS**

21.     Plaintiff began working for Euros in September 2010 as a general manager.

22.     Plaintiff worked as the general manager until she was terminated on November 23, 2019.

23.     Throughout her employment at Euros and continuing until her termination, Ms.

3

Pizarro was subjected to sexual harassment by Defendant Quezada.

24.     Defendant Quezada would grab Ms. Pizarro's breasts from behind against her will.

25.     On some of these occasions, Defendant Quezada would press his penis against her butt as he grabbed Ms. Pizarro.

26.     Each time, Ms. Pizarro objected and told him not to touch her.

27.     Defendant Quezada also discussed performing sexual acts on the female staff in front of Ms. Pizarro.

28.     Despite her objections, Defendant Quezada continued these graphic conversations with other male staff and visitors.

29.     Ms. Pizarro's desk was located in Euro's office, a few feet from the bathroom.

30.     Defendant Quezada would often leave the bathroom door open as he urinated, exposing his penis to Ms. Pizarro.

31.     Each time, Ms. Pizarro would tell him to close the door, but he continually left the door open.

32.     On one occasion in 2019, Defendant Quezada entered the bathroom and with the door open began masturbating just feet from Ms. Pizarro, who was at her desk.

33.     Ms. Pizarro had to close the bathroom door herself.

34.     In approximately 2017, numerous surveillance cameras were installed throughout Euros.

35.     Defendant Quezada, Jr. constantly monitored Ms. Pizarro with the surveillance cameras.

36.     Defendant Quezada, Jr. often commented on how long Ms. Pizarro spent in the

bathroom.

37.     Throughout Ms. Pizarro's employment at Euros, she was never given paid

vacation time or sick leave.

38.     In December 2017, Ms. Pizarro's mother was sick, but Defendants would not

permit her to even take unpaid leave to care for her mother.

39.     In January 2018, after her mother passed away, Defendants refused Ms. Pizarro's

request to miss work to grieve with her family.

40.     Ms. Pizarro never received a wage notice as required under Section 195 of the

New York Labor Law.

41.     Ms. Pizarro never received weekly pay stubs as required under New York Labor

Law §198 (1-d).

42.     On November 23, 2019, Defendant Quezada took Ms. Pizarro's bible, which was

on her desk and threw it in the garbage.

43.     Defendant Quezada told Ms. Pizarro that the bible was bad luck.

44.     On November 23, 2019, Ms. Pizarro's employment by Defendants was

terminated.

45.     Throughout Ms. Pizarro's employment at Euros, Defendant Quezada would place

inappropriate gifts on Ms. Pizarro's desk, including perfume and underwear.

46.     Each time Defendant Quezada gave Ms. Pizarro a gift, she told him that she did

not want him to buy things for her and she just wanted to do her job.

47.     Ms. Pizarro retained an attorney because of the sexual harassment and hostile

work environment she endured from Defendants.

48.     On January 15, 2020, Ms. Pizarro's attorney contacted Defendant Quezada

complaining about the discrimination and harassment, she had endured.

49.     Defendants retaliated against Ms. Pizarro's protected activity by filing two frivolous lawsuits against her.

50.     On March 3, 2020, Defendants filed a frivolous case against Ms. Pizarro in New York Supreme Court in the matter of Santiago Quezada, et al. v. Maria J. Pizarro, Index No. 651434/2020.

51.     In that case, Defendants falsely claimed that Ms. Pizarro embezzled money from Euros.

52.     On April 18, 2020, Defendants filed a frivolous third-party complaint against Ms. Pizarro in the Southern District of New York in the matter of Luna, et al. v. Quezada, et al. under docket number 20-CV-1575 (GHW).

53.     On May 11, 2020, Ms. Pizarro's attorney requested a pre-motion conference to discuss her anticipated motion for dismissal based upon the frivolousness of the action.

54.     On May 14, 2020, Ms. Pizarro's attorney served Defendants' attorney with a Safe Harbor Letter pursuant to F.R.C.P. Rule 11.

55.     On May 27, 2020, Defendants' attorney signed a stipulation agreeing to voluntarily dismiss with prejudice the claims in the Third Party Complaint.

56.     Plaintiff has been left emotionally devastated by the sexual harassment and hostile work environment to which she was exposed and brings this action to vindicate her rights.

57.     Plaintiff has incurred financial damages as a result of Defendants' frivolous lawsuits and other above described actions.

## CAUSES OF ACTION

### COUNT I

(Discrimination and Harassment in Violation of Section 1981)

58.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

59.     Defendants have discriminated against Plaintiff on the basis of her gender and/or religion in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are male, including but not limited to, subjecting her to disparate working conditions, and unequal discipline, denying her terms and conditions of employment equal to that of employees who are male, and unlawfully terminating Plaintiff's employment.

60.     Defendants have also discriminated against Plaintiff on the basis of her gender and/or religion, in violation of Section 1981 by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

61.     As a direct and proximate result of the Defendants' unlawful discriminatory conduct and harassment in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

62.     As a direct and proximate result of the Defendants' unlawful discriminatory conduct and harassment in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

63.     Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## COUNT II

(Retaliation in Violation of Section 1981 )

64.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

65.    Defendants have retaliated against Plaintiff by, inter alia, by filing frivolous lawsuits against her, all in violation of Section 1981 for her opposition to discriminatory practices and language directed toward herself, and/or her participation in lodging complaints about such discriminatory practices.

66.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

67.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981 , Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

68.    Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## COUNT III

(Discrimination and Harassment in Violation of Title VII)

69.    Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

70.    Defendants have discriminated against Plaintiff on the basis of her gender and/or

8

religion in violation of Title VII by denying her the same terms and conditions of employment available to employees who are male, including but not limited to, subjecting her to disparate working conditions, obscenities and unfair discipline, denying her terms and conditions of employment equal to that of employees who are male, and unlawfully terminating Ms. Pizarro's employment.

71.   Defendants have also discriminated against Plaintiff on the basis of her gender and/or religion, in violation of Title VII by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that has included, among other things, severe and pervasive discrimination and harassment committed against Plaintiff.

72.   As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

73.   As a direct and proximate result of Defendants' unlawful discriminatory conduct and harassment in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

74.   Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

**COUNT IV**

(Retaliation in Violation of Title VII)

75.   Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as

contained in each of the preceding paragraphs as if fully set forth herein.

76.    Defendants have retaliated against Plaintiff by, inter alia, by bringing frivolous lawsuits against her, in violation of Title VII, for her opposition to discriminatory practices directed towards her.

77.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continue to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

78.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

79.    Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages against Defendants.

**COUNT V**

(Violation of the New York City Human Rights Law Hostile Work Environment)

80.    Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs as if they were set forth here in full. The aforesaid actions of the Defendants substantially interfered with the employment of the Plaintiff, and created an intimidating, hostile, and offensive work environment for the Plaintiff based on her gender and/or religion in violation of the NYCHRL.

81.    As a result of the Defendants' violations of the NYCHRL, Plaintiff has suffered

and continues to suffer economic losses, mental anguish, physical injury, pain and suffering and other losses.

82.    Defendants, failed and/or refused to protect Plaintiff from the aforesaid sexual harassment and/or abate the aforesaid sexual harassment and instead, permitted Defendant Quezada to continue to harass and intimidate Ms. Pizarro.

83.    Defendant Quezada's conduct created a hostile work environment, which was so severe as to alter the conditions of Plaintiff's employment. Euros knew or should have known of the sexual harassment experienced by the Plaintiff and by Euro's failure and/or refusal to protect Plaintiff from the aforesaid sexual harassment and/or abate the aforesaid sexual harassment, and instead Euros permitted Defendant Quezada to remain unscathed.

84.    Plaintiff also demands the attorneys' fees incurred by the Plaintiff in this action.

85.    Because the Defendants' actions were performed based on the wanton, willful and gross misconduct of the Defendants, Plaintiff is demanding damages, including punitive damages, in an amount to be determined by the jury sufficient to deter similar conduct.

**COUNT VI**

(Violations of the New York State Human Rights Law Hostile Work Environment)

86.    Plaintiff repeats and realleges the allegations contained in each of the preceding paragraphs as if they were set forth here in full.

87.    The aforesaid actions of the Defendants substantially interfered with the employment of the Plaintiff and created an intimidating, hostile, and offensive work environment in violation of the NYSHRL.

88.    Plaintiff also demands the attorneys' fees incurred by the Plaintiff in this action.

**COUNT VII**

(Retaliation in Violation of New York State Human Rights Law)

89.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

90.     Defendants have retaliated against Plaintiff by, inter alia, bringing frivolous lawsuits against her, all in violation of the New York State Human Rights Law for her opposition to discriminatory practices directed towards her.

91.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

92.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

**COUNT VIII**
(Aiding and Abetting Violations of New York State Human Rights Law)

93.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

94.     Defendant Quezada and Defendant Quezada Jr. knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York State Human Rights Law.

12

95.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss of future income, compensation and benefits for which she is entitled to an award of damages.

96.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

## COUNT IX

(Retaliation in Violation of New York City Human Rights Law)

97.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

98.     Defendants have retaliated against Plaintiff by, inter alia, bringing frivolous lawsuits against her, in violation of the New York City Human Rights Law for her opposition to discriminatory practices directed towards her.

99.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of future income, compensation and benefits for which she is entitled to an award of damages.

100.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New York City Human Rights Law, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

101.     Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT X

(Aiding and Abetting Violations of New York City Human Rights Law)

102.     Plaintiff hereby repeats, reiterate and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

103.     Defendant Quezada and Defendant Quezada Jr. knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, harassment and retaliation against Plaintiff in violation of the New York City Human Rights Law.

104.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including but not limited to, loss future income, compensation and benefits for which she is entitled to an award of damages.

105.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of damages.

106.     Defendant Quezada and Defendant Quezada Jr.'s unlawful actions constitute malicious, willful and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages against Defendant Quezada and Defendant Quezada Jr.

**COUNT XI**

(Failure to Provide a Wage Statement)

107.    Plaintiff hereby repeats, reiterate and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

108.    Defendants never provided Plaintiff with a statement with every payment of wages, listing information about the rate and basis of pay, any allowances and deductions, and the employer's identity and contact details.

109.    As a direct and proximate result, is entitled to an award of statutory damages.

**COUNT XII**

(Failure to Provide Paid Sick Leave)

110.    Plaintiff hereby repeats, reiterate and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

111.    Plaintiff worked more than 80 hours in every calendar year that she was employed by Defendants.

112.    Plaintiff took approximately ten days of sick time each calendar year to care for herself as permitted under the New York City's Earned Safe and Sick Time Act.

113.    Defendants never gave Plaintiff notice of the New York City Earned Safe and Sick Time Act.

114.    Defendants never paid Plaintiff for any of her sick leave.

115.    Plaintiff is entitled to treble damages for the unpaid leave.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully requested that the Court award:

(a) Compensatory damages, including damages for emotional distress and mental anguish, in

15

favor of Plaintiff in an amount to be determined at trial;

(b) Punitive damages in favor of Plaintiff in an amount to be determined at trial;

(c) Treble damages for unpaid sick and safe leave;

(d) Costs, interest, expert fees and attorneys' fees; and

(e) Such other and further relief as this Court may deem just and proper.


DATED:  July 24, 2020
        New York, New York

                                        BRUSTEIN LAW, PLLC

                                        _____/s/_____

                                        Evan Brustein
                                        299 Broadway, 17th Floor
                                        New York, NY 10007
                                        (212) 233-3900

                                        *Attorneys for Plaintiff*