IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JOSE PIZARRO<br><br>                            Plaintiff,<br>-against-<br><br>EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP., SANTIAGO QUEZADA, And SANTIAGO QUEZADA, Jr.,<br><br>                            Defendants. | No. 1:20-cv-05783-AKH<br><br>**ANSWER** |

Defendants, Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros"), Santiago Quezada ("Quezada"), and Santiago Quezada, Jr. ("Junior") (hereinafter and collectively "Defendants"), by their attorneys, the Law Offices of Martin E. Restituyo P.C., as and for their Answer to the complaint of Maria Jose Pizarro (hereinafter "Plaintiff") filed on July 24, 2020 (the "Complaint"), set forth the following:

**AS AND FOR AN ANSWER TO THE SECTION TITLED "NATURE OF THE ACTION"**

1.      Admit the allegations set forth in Paragraph 1 of the Complaint to the extent that they state that Plaintiff was the General Manager at Euros for approximately 10 years but deny the remaining allegations therein.

2.      Admit the allegations set forth in the Paragraph 2 of the Complaint to the extent that they state that Defendants commenced an action against Plaintiff to recover illegally embezzled and converted money, but deny the remaining allegations therein.

3.      Deny the allegations set forth in Paragraph 3 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "JURISDICTION AND VENUE"**

4.      Admit the allegations set forth in Paragraph 4 of the complaint to the extent they indicate the statutes under which Plaintiff is suing, but deny the applicability of those statutes to the instant action.

5. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 5 of the Complaint.

6. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 6 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "JURY TRIAL DEMANDED"**

7. Admit the allegations set forth in Paragraph 7 of the complaint and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "PARTIES"**

8. Admit the allegations set forth in Paragraph 8 of the Complaint to the extent that they state that Plaintiff was the General Manager at Euros for approximately 10 years, but lack knowledge and information sufficient to form a belief as to the veracity of the remaining allegations therein.

9. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 9 of the Complaint.

10. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 10 of the Complaint and respectfully refer all questions of law to the Court.

11. Admit the allegations set forth in Paragraph 11 of the complaint.

12. Admit the allegations set forth in Paragraph 12 of the complaint to the extent that it alleges that Euros had more than four employees, and respectfully refer all questions of law to the Court.

13. Admit the allegations set forth in Paragraph 13 of the complaint.

14. Admit the allegations set forth in Paragraph 14 of the complaint.

15. Deny the allegations set forth in Paragraph 15 of the Complaint.

16. Admit the allegations set forth in Paragraph 16 of the Complaint to the extent they relate to Junior's residence but deny the remaining allegations therein.

17. Deny the allegations set forth in Paragraph 17 of the Complaint.

18. Deny the allegations set forth in Paragraph 18 of the Complaint.

19. Deny the allegations set forth in Paragraph 19 of the Complaint.

20. Admit the allegations set forth in Paragraph 20 of the complaint and respectfully refer all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "FACTS

21. Admit the allegations set forth in Paragraph 21 of the complaint.

22. Admit the allegations set forth in Paragraph 22 of the complaint to the extent that they indicate that Plaintiff was employed until Euros closed.

23. Deny the allegations contained in Paragraph 23 of the Complaint.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint to the extent that no such incidents ever occurred and therefore no such objections were ever made.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint to the extent that no such incidents ever occurred and therefore no such objections were ever made.

29. Admit the allegations set forth in Paragraph 29 of the Complaint to the extent that it states that as the General Manager Plaintiff had access to the office.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint to the extent that no such incidents ever occurred and therefore no such objections were ever made.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint to the extent that no such incident ever occurred and therefore Plaintiff took no such action.

34. Admit the allegations set forth in Paragraph 34 of the complaint, to the extent that cameras were installed but deny that Plaintiff has the accurate date.

35. Admit the allegations set forth in Paragraph 35 of the complaint to the extent that Junior began monitoring the cameras because the suspicions of theft kept mounting.

36. Deny t the allegations set forth in Paragraph 36 of the complaint, but admit that on several occasions Junior questioned Plaintiff with respect to her curios habit of going to the bathroom immediately after receiving money from the cashiers, but before depositing that money in the register that was located just a few feet away from where she received the money.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38. With respect to Paragraph 38 of the Complaint, lack knowledge and information sufficient to form a believe as to whether Plaintiff's mother was sick, but deny the remaining allegations therein.

39. With respect to Paragraph 39 of the Complaint, lack knowledge and information sufficient to form a believe as to when Plaintiff's mother died, but deny the remaining allegations therein.

40. With respect to Paragraph 40 of the Complaint, admit that as the General Manager Plaintiff was treated as an exempt employee and respectfully refer all questions of law to the Court.

41. With respect to Paragraph 41 of the Complaint, admit that as the General Manager Plaintiff was treated as an exempt employee and respectfully refer all questions of law to the Court.

42. With respect to Paragraph 42 of the Complaint, admit that on November 23, 2019, in frustration Mr. Quezada threw out his bible that was in the office next to the register, but deny that the bible belonged to Plaintiff or that it was on her desk.

43. With respect to Paragraph 43 of the Complaint, admit that on November 23, 2019, in frustration and after receiving yet another round of tickets from the police and while throwing out his bible Mr. Quezada stated that it had only brought him bad luck.

44. With respect to Paragraph 44 of the Complaint, admit that on November 23, 2019, when the police department effectively shut down Euros, Plaintiff and everyone else was terminated from employment.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

46. Deny the allegations contained in Paragraph 46 of the Complaint to the extent that no such incidents ever occurred and therefore no such objections were ever made.

47. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 47.

48. With respect to Paragraph 48 of the Complaint, admit that once Plaintiff had been informed that her conversion scheme had been revealed, Defendants were approached by Plaintiff's attorney.

49. With respect to Paragraph 49 of the Complaint, admit that once it was discovered that Plaintiff had stolen hundreds of thousands of dollars from Euros and Mr. Quezada, these individuals commenced an action against her to recover some of that money.

50. Admit the allegations contained in Paragraph 50 of the Complaint but deny that it is a frivolous action, in fact the action is ongoing.

51. Admit the allegations contained in Paragraph 51 of the Complaint but deny that embezzlement is the only claim; the lawsuit also seeks damages for fraud, conversion, unjust enrichment, and breach of fiduciary duty.

52. Admit the allegations contained in Paragraph 52 of the Complaint to the extent it correctly points out that Defendants brought a third party action against the Plaintiff, as the General Manager of Euros was an "employer" under the FLSA that was responsible for setting employee schedule and pay and should have been named in the law suit, but deny that it was a frivolous action.

53. Admit the allegations in Paragraph 53 of the Complaint to the extent that Judge woods requires a pre-motion conference prior to the filing of any motion, but deny that there was any decision made with respect to the merits of the cross claim.

54. Admit the allegations in Paragraph 54 of the Complaint.

55. Admit the allegations in Paragraph 55 of the Complaint.

56. With respect to Paragraph 56 of the Complaint, lack knowledge and information sufficient to form a belief as to the veracity Plaintiff's claims of emotional devastation, but deny any wrongdoing by Defendants.

57. With respect to Paragraph 57 of the Complaint, lack knowledge and information sufficient to form a belief as to the veracity Plaintiff's claims of financial harm, but deny that Defendants have filed frivolous lawsuits or taken any other inappropriate action.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "CAUSES OF ACTION – COUNT 1"

58. With respect to Paragraph 58 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 57 of the Complaint as if set forth more fully herein.

59. Deny the allegations contained in Paragraph 59 of the Complaint.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny the allegations contained in Paragraph 61 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint.

63. Deny the allegations contained in Paragraph 63 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT II"

64. With respect to Paragraph 64 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 63 of the Complaint as if set forth more fully herein.

65. Deny the allegations contained in Paragraph 65 of the Complaint.

66. Deny the allegations contained in Paragraph 66 of the Complaint.

67. Deny the allegations set forth in Paragraph 67 of the Complaint.

68. Deny the allegations set forth in Paragraph 68 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT III"

69. With respect to Paragraph 69 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 68 of the Complaint as if set forth more fully herein.

70. Deny the allegations contained in Paragraph 70 of the Complaint.

71. Deny the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations set forth in Paragraph 72 of the Complaint.

73. Deny the allegations set forth in Paragraph 73 of the Complaint.

74. Deny the allegations set forth in Paragraph 74 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "COUNT IV"

75. With respect to Paragraph 75 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 74 of the Complaint as if set forth more fully herein.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

77. Deny the allegations contained in Paragraph 77 of the Complaint.

78. Deny the allegations set forth in Paragraph 78 of the Complaint.

79. Deny the allegations set forth in Paragraph 79 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "COUNT V"

80. With respect to Paragraph 80 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 79 of the Complaint as if set forth more fully herein.

81. Deny the allegations contained in Paragraph 81 of the Complaint.

82. Deny the allegations contained in Paragraph 82 of the Complaint.

83. Deny the allegations set forth in Paragraph 83 of the Complaint.

84. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 84 of the Complaint and respectfully refer all questions of law to the Court

85. Deny the allegations set forth in Paragraph 84 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT VI"

86. With respect to Paragraph 86 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 85 of the Complaint as if set forth more fully herein.

87. Deny the allegations contained in Paragraph 87 of the Complaint.

88. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 88 of the Complaint and respectfully refer all questions of law to the Court

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT VII"

89. With respect to Paragraph 89 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 88 of the Complaint as if set forth more fully herein.

90. Deny the allegations contained in Paragraph 90 of the Complaint.

91. Deny the allegations contained in Paragraph 91 of the Complaint.

92. Deny the allegations set forth in Paragraph 921 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT VIII"

93. With respect to Paragraph 93 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 92 of the Complaint as if set forth more fully herein.

94. Deny the allegations contained in Paragraph 94 of the Complaint.

95. Deny the allegations contained in Paragraph 95 of the Complaint.

96.     Deny the allegations set forth in Paragraph 96 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT IX"

97.     With respect to Paragraph 97 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 96 of the Complaint as if set forth more fully herein.

98.     Deny the allegations contained in Paragraph 98 of the Complaint.

99.     Deny the allegations contained in Paragraph 99 of the Complaint.

100.    Deny the allegations set forth in Paragraph 100 of the Complaint.

101.    Deny the allegations set forth in Paragraph 101 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT X"

102.    With respect to Paragraph 102 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 101 of the Complaint as if set forth more fully herein.

103.    Deny the allegations contained in Paragraph 103 of the Complaint.

104.    Deny the allegations contained in Paragraph 104 of the Complaint.

105.    Deny the allegations set forth in Paragraph 105 of the Complaint.

106.    Deny the allegations set forth in Paragraph 106 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION
## TITLED "COUNT XI"

107.    With respect to Paragraph 107 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 106 of the Complaint as if set forth more fully herein.

108.    Deny the allegations contained in Paragraph 108 of the Complaint.

109.    Deny the allegations contained in Paragraph 109 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "COUNT XII"

110.    With respect to Paragraph 109 of the Complaint, Defendants repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 108 of the Complaint as if set forth more fully herein.

111.    Admit the allegations contained in Paragraph 111 of the Complaint.

112.    Deny the allegations contained in Paragraph 112 of the Complaint.

113.    Deny the allegations contained in Paragraph 113 of the Complaint.

114.    Deny the allegations set forth in Paragraph 114 of the Complaint.

115.    Deny the allegations set forth in Paragraph 115 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

116.    Plaintiff failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

117.    To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C §255 (a), or any similar state labor law, such claims of Plaintiffs are barred.

## THIRD AFFIRMATIVE DEFENSE

118.    To the extent that Defendants' actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor,

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

### FOURTH AFFIRMATIVE DEFENSE

119. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTH AFFIRMATIVE DEFENSE

120. Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.

### SIXTH AFFIRMATIVE DEFENSE

121. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendant asserts a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiff for liquidated damages.

### SEVENTH AFFIRMATIVE DEFENSE

122. Plaintiff was not an "employee" of Defendants as defined by the FLSA and/or NYLL.

### EIGHTH AFFIRMATIVE DEFENSE

123. Defendants were not an "employer" of Plaintiff as defined by the FLSA and/or NYLL.

## NINTH AFFIRMATIVE DEFENSE

124. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

**125.** To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, collateral estoppel, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE

126. Plaintiff alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

127. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, such claims of Plaintiff are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

128. Plaintiffs' NYLL claims cannot lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order.

## FOURTEENTH AFFIRMATIVE DEFENSE

129. Insofar as Plaintiff purport to allege a claim or claims for physical or mental emotional distress, including claims for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

## FIFTEENTH AFFIRMATIVE DEFENSE

130.   Plaintiffs' lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

## SIXTEENTH AFFIRMATIVE DEFENSE

131.   Plaintiffs' employer exercised reasonable care to prevent and promptly correct any purportedly discriminatory behavior in its workplace, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Plaintiffs' employer or to otherwise avoid harm.

## SEVENTEENTH AFFIRMATIVE DEFENSE

132.   To the extent applicable, Plaintiffs have failed to exhaust any and all administrative or contractual remedies and/or conditions precedent which they were required to avail themselves of.

## EIGHTEENTH AFFIRMATIVE DEFENSE

133.   The Complaint fails to allege facts sufficient to allow recovery of punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

134.   If Plaintiffs' sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiffs, or others, which contributed to and proximately caused any such injury, damage or loss.

## TWENTIETH AFFIRMATIVE DEFENSE

135.   Some or all of the discriminatory or retaliatory acts Plaintiff alleges in the Complaint are not "adverse employment actions" and were not motivated by discriminatory or

retaliatory animus.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

136. Plaintiff's retaliation claims fail as a matter of law to the extent that Plaintiff did not engage in protected activity.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENESES

137. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the foregoing affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## COUNTERCLAIMS

138. We respectfully refer Plaintiff to the case entitled *Santiago Quezada, et. al, v Maria Pizarro*, Index No. 651434/2020 (S Ct. NY County, March 3, 2020)

**WHEREFORE,** it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 30, 2020

By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 33rd Floor
New York, New York 10105
(212) 729-7900
restituyo@restituyolaw.com

*Attorneys for Defendants Euros El Tina Restaurant Lounge and Billiards Corp., Santiago Quezada, and Santiago Quezada, Jr.*