UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MARIA J. PIZARRO

                                                          Plaintiff,

-against-

EUROS EL TINA RESTAURANT LOUNGE AND
BILLIARDS CORP, SANTIAGO QUEZADA, and
SANTIAGO QUEZADA, Jr.,

                                                      Defendants.

                                                          -and-

JOSE E. CASTRO, ELDAIO CASTRO PRODUCTIONS
INC., EMITON FERNANDEZ a.k.a. EMILIO
FERNANDEZ, NARCISO GOMEZ, ZOLIMAR MEJIA
a.k.a. ZULIMAR MEJIA, and TOMAS ANDRES
PIZARRO ZEPEDA
------------------------------------------------------------------------X

**ANSWER TO COUNTER CLAIMS ON BEHALF OF THIRD-PARTY DEFENDANT PIZARRO**

20 CV 5783 (AKH)

<u>Jury Trial Demanded</u>

       Third-Party Defendant MARIA JOSE PIZARRO (s/h/a as "Jose Maria Pizarro," hereinafter referred to as "Third-Party Defendant"), by and through her counsel, BRUSTEIN LAW PLLC, as and for its Answer to the Third-Party Complaint (hereinafter referred to as "Complaint"), respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "138" of the Complaint.

       2.     Denies the allegations set forth in paragraph "139" of the Complaint.

       3.     Denies the allegations as set forth in paragraph "140" of the Complaint.

       4.     Denies the allegations as set forth in paragraph "141" of the Complaint.

       5.     Denies the allegations set forth in paragraph "142" of the Complaint.

       6.     Denies the allegations set forth in paragraph "143" of the Complaint, except admit that Plaintiff has sued the Defendants.

7. Denies the allegations set forth in Paragraph "144" of the Complaint.

8. Denies the allegations set forth in paragraph "145" of the Complaint.

9. Denies the allegations set forth in paragraph "146" of the Complaint.

10. Denies the allegations set forth in paragraph "147" of the Complaint, except adnmits that Third-Party Plaintiffs purport to proceed as stated herein.

11. Denies the allegations set forth in paragraph "148" of the Complaint, except admits that this district has personal jurisdiction over Plaintiff.

12. Admits the allegations set forth in paragraph "149" of the Complaint.

13. Admits the allegations set forth in paragraph "150" of the Complaint.

14. Admits the allegations set forth in paragraph "151" of the Complaint.

15. Admits the allegations set forth in paragraph "152" of the Complaint.

16. Admits the allegations set forth in paragraph "153" of the Complaint.

17. Admits the allegations set forth in paragraph "154" of the Complaint.

18. Admits the allegations set forth in paragraph "155" of the Complaint.

19. Admits the allegations set forth in paragraph "156" of the Complaint.

20. Denies the allegations set forth in paragraph "157" of the Complaint.

21. Denies the allegations set forth in paragraph "158" of the Complaint.

22. Admits the allegations set forth in paragraph "159" of the Complaint.

23. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "160" of the Complaint.

24. Denies the allegations set forth in paragraph "161" of the Complaint.

25. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "162" of the Complaint.

26. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "163" of the Complaint.

27. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "164" of the Complaint.

28. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "165" of the Complaint.

29. Admits the allegations set forth in paragraph "166.

30. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "167" of the Complaint.

31. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "168" of the Complaint.

32. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "169" of the Complaint.

33. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "170" of the Complaint.

34. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "171" of the Complaint.

35. Denies the allegations set forth in paragraph "172" of the Complaint.

36. Denies the allegations set forth in paragraph "173" of the Complaint.

37. Denies the allegations set forth in paragraph "174" of the Complaint, except admits that Third Party Defendants seek to identify them as such.

38. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "175" of the Complaint.

39. Denies the allegations set forth in paragraph "176" of the Complaint.

40. Denies the allegations set forth in paragraph "177" of the Complaint.

41. Denies the allegations set forth in paragraph "178" of the Complaint.

42. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "179" of the Complaint.

43. Admits the allegations set forth in paragraph "180" of the Complaint.

44. Denies the allegations set forth in paragraph "181" of the Complaint, except admits that Plaintiff owned Washington Heights Billiards, which was located in basement of 500 West 207th Street New York, New York, with her then husband until they sold it in 2010..

45. Denies the allegations set forth in paragraph "182" of the Complaint, except admits that Plaintiff sold her business to Euros El Tina Restaurant Lounge and Billiards Corp..

46. Denies the allegations set forth in paragraph "183" of the Complaint, except admits that Euros El Tina Restaurant Lounge and Billiards Corp. took over Plaintiff's business in approximately August 2010.

47. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "184" of the Complaint.

48. Admits the allegations set forth in paragraph "185" of the Complaint.

49. Denies the allegations set forth in paragraph "186" of the Complaint.

50. Denies the allegations set forth in paragraph "187" of the Complaint.

51. Denies the allegations set forth in paragraph "188" of the Complaint.

52. Denies the allegations set forth in paragraph "189" of the Complaint.

53. Denies the allegations set forth in paragraph "190" of the Complaint, except admits that the already operational surveillance system which was comprised of a series

of cameras all of which displayed their images in the main office, where Plaintiff also worked, was upgraded in approximately November 2018.

54. Denies the allegations set forth in paragraph "191" of the Complaint, except admits that the already operational surveillance system and the upgrade system both had a camera pointed at the register.

55. Denies the allegations set forth in paragraph "192" of the Complaint.

56. Denies the allegations set forth in paragraph "193" of the Complaint.

57. Denies the allegations set forth in paragraph "194" of the Complaint.

58. Denies the allegations set forth in paragraph "195" of the Complaint.

59. Denies the allegations set forth in paragraph "196" of the Complaint.

60. Admits the allegations set forth in paragraph "197" of the Complaint.

61. Admits the allegations set forth in paragraph "198" of the Complaint.

62. Denies the allegations set forth in paragraph "199" of the Complaint.

63. Denies the allegations set forth in paragraph "200" of the Complaint.

64. Denies the allegations set forth in paragraph "201" of the Complaint.

65. Admits the allegations set forth in paragraph "202" of the Complaint.

66. Denies the allegations set forth in paragraph "203" of the Complaint.

67. Denies the allegations set forth in paragraph "204" of the Complaint.

68. Denies the allegations set forth in paragraph "205" of the Complaint.

69. Denies the allegations set forth in paragraph "206" of the Complaint and state that Euros had paid several hundred thousand in cash to Plaintiff for the sale of business.

70. Denies the allegations set forth in paragraph "207" of the Complaint.

71. Denies the allegations set forth in paragraph "208" of the Complaint.

72. Admits the allegations set forth in paragraph "209" of the Complaint.

73. Denies the allegations set forth in paragraph "210" of the Complaint.

74. Denies the allegations set forth in paragraph "211" of the Complaint, except admits that Plaintiff was a victim of fraud.

75. Denies the allegations set forth in paragraph "212" of the Complaint.

76. Admits the allegations set forth in paragraph "213" of the Complaint.

77. Denies the allegations set forth in paragraph "214" of the Complaint.

78. Admits the allegations set forth in paragraph "215" of the Complaint.

79. Admits the allegations set forth in paragraph "216" of the Complaint.

80. Admits the allegations set forth in paragraph "217" of the Complaint.

81. Denies the allegations set forth in paragraph "218" of the Complaint.

82. Denies the allegations set forth in paragraph "219" of the Complaint.

83. Admits the allegations set forth in paragraph "220" of the Complaint.

84. Denies the allegations set forth in paragraph "221" of the Complaint.

85. Denies the allegations set forth in paragraph "222" of the Complaint.

86. Denies the allegations set forth in paragraph "223" of the Complaint.

87. Denies the allegations set forth in paragraph "224" of the Complaint.

88. Denies the allegations set forth in paragraph "225" of the Complaint.

89. Denies the allegations set forth in paragraph "226" of the Complaint.

90. Denies the allegations set forth in paragraph "227" of the Complaint.

91. Admits the allegations set forth in paragraph "228" of the Complaint.

92. Denies the allegations set forth in paragraph "229" of the Complaint.

93. Denies the allegations set forth in paragraph "230" of the Complaint.

94. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "231" of the Complaint.

95. Admits the allegations set forth in paragraph "232" of the Complaint.

96. Admits the allegations set forth in paragraph "233" of the Complaint.

97. Admits the allegations set forth in paragraph "234" of the Complaint.

98. Admits the allegations set forth in paragraph "235" of the Complaint.

99. Denies the allegations set forth in paragraph "236" of the Complaint.

100. Admits the allegations set forth in paragraph "237" of the Complaint.

101. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "238" of the Complaint.

102. Denies the allegations set forth in paragraph "239" of the Complaint.

103. Denies the allegations set forth in paragraph "240" of the Complaint.

104. Denies the allegations set forth in paragraph "241" of the Complaint.

105. Denies the allegations set forth in paragraph "242" of the Complaint.

106. Denies the allegations set forth in paragraph "243" of the Complaint.

107. Denies the allegations set forth in paragraph "244" of the Complaint.

108. Denies knowledge or information sufficient to form a basis as to the truth of the allegations set forth in paragraph "245" of the Complaint.

109. Denies the allegations set forth in paragraph "246" of the Complaint.

110. Denies the allegations set forth in paragraph "247" of the Complaint.

111. Denies the allegations set forth in paragraph "248" of the Complaint.

112. Denies the allegations set forth in paragraph "249" of the Complaint.

113. Denies the allegations set forth in paragraph "250" of the Complaint.

114. Denies the allegations set forth in paragraph "251" of the Complaint.

115. Denies the allegations set forth in paragraph "252" of the Complaint.

116. Denies the allegations set forth in paragraph "253" of the Complaint.

117. Denies the allegations set forth in paragraph "254" of the Complaint, except admits that the business was full many weekends.

118. Denies the allegations set forth in paragraph "255" of the Complaint, except admits that Plaintiff never recommended closing the business or reducing staff.

119. In response to the allegations set forth in paragraph "256" of the Complaint, Third-Party Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

120. Paragraph "257" sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

121. Paragraph "258" sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

122. Denies the allegations set forth in paragraph "259" of the Complaint.

123. Denies the allegations set forth in paragraph "260" of the Complaint.

124. Denies the allegations set forth in paragraph "261" of the Complaint.

125. In response to the allegations set forth in paragraph "262" of the Complaint, Third-Party Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

126. Paragraph "263" sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

127. Paragraph "264" sets forth conclusions of law rather than averments of fact, and accordingly, no response is required.

128. Denies the allegations set forth in paragraph "265" of the Complaint.

129. Denies the allegations set forth in paragraph "266" of the Complaint.

130. Denies the allegations set forth in paragraph "267" of the Complaint.

131. In response to the allegations set forth in paragraph "268" of the Complaint, Third-Party Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

132. Denies the allegations set forth in paragraph "269" of the Complaint.

133. Denies the allegations set forth in paragraph "270" of the Complaint.

134. Denies the allegations set forth in paragraph "271" of the Complaint.

135. Denies the allegations set forth in paragraph "272" of the Complaint.

136. Denies the allegations set forth in paragraph "273" of the Complaint.

137. In response to the allegations set forth in paragraph "274" of the Complaint, Third-Party Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

138. Denies the allegations set forth in paragraph "275" of the Complaint.

139. Denies the allegations set forth in paragraph "276" of the Complaint.

140. Denies the allegations set forth in paragraph "277" of the Complaint.

141. In response to the allegations set forth in paragraph "278" of the Complaint, Third-Party Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

142. Denies the allegations set forth in paragraph "279" of the Complaint.

143. Denies the allegations set forth in paragraph "280" of the Complaint.

144. Denies the allegations set forth in paragraph "281" of the Complaint.

145. In response to the allegations set forth in paragraph "282" of the Complaint, Third-Party Defendant repeats and realleges the responses contained within the preceding paragraphs as though fully set forth herein.

146. Denies the allegations set forth in paragraph "283" of the Complaint.

147. Denies the allegations set forth in paragraph "284" of the Complaint.

148. Denies the allegations set forth in paragraph "285" of the Complaint.

149. Denies the allegations set forth in paragraph "286" of the Complaint.

150. Denies the allegations set forth in paragraph "287" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

151. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

152. Third Party Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

153. Any injury alleged to have been sustained resulted from Third-Party Plaintiffs' own culpable or negligent conduct and/or the intervening conduct of others for whom the Third-Party Defendant is not responsible, and was not the proximate result of any act of Third-Party Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

154. Third-Party Defendant has not violated any duties to Third-Party Plaintiffs.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

155. These claims, in whole or in part may be barred by the statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

156. Third-Party Plaintiffs have unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

157. Third Party Plaintiffs lack standing.

**WHEREFORE,** Third-Party Defendant MARIA JOSE PIZARRO requests judgment dismissing the Third-Party Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         March 1, 2021

                                    BRUSTEIN LAW PLLC

                                    A*ttorney for Third-Party Defendant Pizarro*

                              By:   _____/s/_____
                                    Evan Brustein
                                    Brustein Law PLLC
                                    299 Broadway
                                    17th Floor
                                    New York, New York 10007
                                    212.233.3900

To:   *Attorneys for all parties*
      (*via ECF*)