UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____

MARIA J. PIZARRO,

                  Plaintiff,

      -against-

EUROS EL TINA RESTAURANT LOUNGE AND       DOCKET 20-CV-5783 (AKH)
BILLIARDS CORP, SANTIAGO QUEZADA, and
SANTIAGO QUEZADA, Jr.,

                Defendants,

        -and-

JOSE E. CASTRO, ELDAIO CASTRO PRODUCTIONS

INC., EMITON FERNANDEZ a.k.a. EMILIO

FERNANDEZ, NARCISO GOMEZ, ZOLIMAR MEJIA

a.k.a. ZULIMAR MEJIA, and TOMAS ANDRES

PIZARRO ZEPEDA,

              Third-Party Defendants.

                                _____

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## Table of Contents

*INTRODUCTION* ................................................................................................................. **4**

*STATEMENT OF FACTS* ....................................................................................................... **5**

*ARGUMENT* ........................................................................................................................... **7**

SECTION I: STANDARD OF LAW ON A MOTION TO COMPEL. ............................................................. 7

SECTION II: THE COURT SHOULD ORDER DEFANDANTS TO PRODUCE ALL RELEVANT, NON-
PRIVILEGED DOCUMENTS AT ISSUE. ..................................................................................................... 7

Subsection a: Plaintiff Seeks Her Personnel File (and Related Documents) to Support Her Retaliation Claim
and Her Defense After Accusations of Stealing Over $500,000. ......................................................................... 8
Subsection b: Plaintiff Seeks Complaints of Sexual Harassment or Retaliation by Defendants. ......................... 9
Subsection c: Plaintiff Seeks Documents Related to the Surveillance Systems Supposedly Used to Prove Theft
But May Very Well Prove Harassment. ................................................................................................................ 9
Subsection d: Plaintiff Seeks Documents Related to the Length of the Surveillance Systems' Retention
Supposedly Used to Prove Theft But May Very Well Prove Harassment. ........................................................... 10
Subsection e: Plaintiff Seeks Saved Video Recordings and Still-Frames From Euros Surveillance System to
Prove the Harassment and Refute the Theft Allegations. .................................................................................. 10
Subsection f: Plaintiff Seeks Documents and Electronically Stored Information Regarding Plaintiff's Personal
Email Account Which Was Accessed by Defendants. ........................................................................................ 11
Subsection g: Plaintiff Seeks Records From Defendants' Productivity Tracking Software and Other Documents
Supporting Defendants Claims and Defenses. ................................................................................................. 12
Subsection h: Plaintiff Seeks Documents Establishing Defendants Purported Financial Losses. ..................... 12
Subsection i: Plaintiff Seeks Documents Establishing Payments Made by Defendants to Plaintiff. .................. 13
Subsection j: Plaintiff Seeks Recordings of Plaintiff Improperly Taking Defendants Money. ........................... 13
Subsection k: Plaintiff Seeks Defendants Employment Policies and Handbook. .............................................. 14
Subsection l: Plaintiff Seeks Euros' Video Surveillance of Plaintiff or Mr. Quezada. ...................................... 14

*Section III: FRCP 37 ENTITLES PLAINTIFF AND HER ATTORNEY TO FEES/COSTS.* ....................... **15**

*RULE 37 CERTIFICATION* .................................................................................................. **16**

*CONCLUSION* ..................................................................................................................... **19**

*CERTIFICATE OF SERVICE* ............................................................................................... **20**

**Exhibit 1:** Declaration of Evan Brustein, Esq., Dated June 5, 2021

**Exhibit 2:** New York Supreme Court Complaint in the matter of *Quezada, et al. v. Pizarro*, under
Index Number 651434/2020

**Exhibit 3:** Decision and Order, dated July 20, 2020 in the matter of *Quezada, et al. v. Pizarro*, under
Index Number 651434/2020

**Exhibit 4:** Memorandum of Law in Support of Defendants' Motion, dated May 21, 2021 in Queens
County Supreme Court, Index Number 701594/2020, *Castro v. Quezada, et al.*

**Exhibit 5:** Defendants' Responses to Plaintiff's First Set of Interrogatories

**Exhibit 6:** Defendants' Responses to Plaintiff's First Request for Production of Documents

**Exhibit 7:** Deficiency Letter, dated May 26, 2021

## TABLE OF AUTHORITIES

Cases

*DiStefano v. City of New York et al.*, 1:11-cv-1125-SJ-VVP, Dkt. No. 21 (E.D.N.Y. Dec. 14, 2011).........9

*Ferguson v. Lion Holding, Inc.*, 2005 WL 1216300, *2 (S.D.N.Y. Mar. 25, 2005)....................................8

*Janik v. SMG Media Inc.*, No. 16-cv-7308 (JGK) (APJ) (S.D.N.Y. May 9, 2017 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

*O'Rourke v. Ehsan Food Corp.*, 19-cv-6162 (LJL) (S.D.N.Y. Mar. 20, 2020)..........................................16

Statutes

Federal Rules of Civil Procedure Rule 26 37 .............................................................................5, 8

Federal Rules of Civil Procedure Rule 34 ...................................................................................5

Federal Rules of Civil Procedure Rule 37 ...............................................................................5, 8, 16, 17

Plaintiff/Third-Party Defendant, Maria Palazzo ("Plaintiff"), hereby moves the Court to compel Defendants/Third-Party Plaintiffs, Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros"), Santiago Quezada ("Mr. Quezada"), and Santiago Quezada, Jr. ("Mr. Quezada, Jr.") (collectively, "Defendants"), to produce certain relevant, non-privileged documents requested pursuant to Federal Rules of Civil Procedure ("FRCP") 26, FRCP 34, and FRCP 37, as follows:

## INTRODUCTION

Plaintiff waited until the final day of fact discovery to make this motion after making countless attempts to meet and confer with counsel for Defendant, as detailed in Plaintiff's Rule 37 Certification below. Plaintiff is well aware of the Court's individual rules requiring a joint letter setting forth the issues at bar, but Plaintiff's counsel could not work with counsel for Defendant when, for the past week, he has not answered his phone, and has not answered the phone when transferred by his assistant, has not returned calls after his assistant took messages, has not returned emails on this subject (although he has sent multiple emails confirming a deposition he wanted to take yesterday, so he had access to email).

As the court will see, Defendants' responses, filed late without a request for an extension, repeat the same objections over and over; in fact, 24 out of 25 objections to Plaintiff's Request for the Production of Documents are word-for-word. Defendants made these objections with absolutely no specificity – boilerplate objections – so the objections are waived. And as for Defendants' routine objection to relevance, Plaintiff demonstrates the relevance quite clearly for the Court. This motion may have been avoided if counsel for Defendants took any initiative; now Plaintiff respectfully requests that the Court compel the requested documents and award Plaintiff costs and fees.

## STATEMENT OF FACTS

Plaintiff brings this action for sexual harassment and retaliation, *inter alia*, by the individual Defendants, Mr. Quezada, and Mr. Quezada, Jr., at a lounge called Euros. During her employment at Euros,[1] Mr. Quezada sexually harassed Plaintiff by groping her and repeatedly exposing his penis to her. Plaintiff's counsel has gathered, and produced, four affidavits to this effect.

Plaintiff's counsel sent out a demand letter to Defendants' then-counsel about the sexual harassment and discrimination on January 15, 2020. Defendants responded by filing two frivolous lawsuits against Plaintiff. The first lawsuit was initially filed on March 3, 2020 by Defendants in New York Supreme Court before the Honorable Arlene Bluth, Supreme Court Judge under Index Number 651434/2020 in the matter of *Quezada, et al. v. Pizarro*, alleging, inter alia, fraud and conversion by Plaintiff. In that complaint, Defendants alleged that they "review security surveillance footage, it was revealed that Plaintiff cleverly moved the security camera away from the cash register in Tina's Lounge office where she primarily worked. Nevertheless, security footage has captured Plaintiff moving the security camera overlooking the cash register away from it." *See* Exhibit 1, Declaration of Evan Brustein, Esq., Dated June 5, 2021 ("Brustein Decl.");[2] *see also* Exhibit 2, New York Supreme Court Complaint in the matter of *Quezada, et al. v. Pizarro*, under Index Number 651434/2020 at ¶ 9.

On May 7, 2020, Plaintiff moved to disqualify the Defendants then-counsel, Argilio Rodriguez, Esq., based upon his prior representation of her. On July 20, 2020, the Honorable Arlene Bluth granted Plaintiff's motion. *See* Decision and Order, dated July 20, 2020 in the matter

---

[1] In August 2010, Plaintiff sold Euros to Mr. Quezada and began working there.
[2] The Brustein Decl. authenticates all exhibits supporting this Memorandum of Law.

of *Quezada, et al. v. Pizarro*, under Index Number 651434/2020, attached as Exhibit 3 (and authenticated by the Brustein Decl.). Defendants then retained their current attorney, Martin Restituyo, Esq., to replace Mr. Rodriguez in the New York Supreme Court matter pending with Plaintiff. On July 24, 2020, Plaintiff filed the instant action. On September 30, 2020, Defendants answered and filed a "cross claim" referring Plaintiff to the New York County Supreme Court matter. On January 22, 2021, Defendants filed an amended answer and cross claim in the instant action, alleging, without any evidence, that Plaintiff had stolen money from Defendants because Plaintiff had been blackmailed into sending hundreds of thousands of dollars abroad. *See* Defendants' First Amended Answer with Counter Claims and Cross Claims ("3PP Complaint"), at Civil Docket Sheet, Document Number 17.  Amazingly, Defendants now allege that they were unaware of the purported theft because they did not have surveillance cameras installed at Euros until November 2018. *See id.* at ¶ 189.

The second lawsuit, a third-party complaint for alleged Fair Labor Standard Act violations in this Court, in the matter of *Luna, et al. v. Quezada*, et al. 20-CV-1575 before the Honorable Gregory H. Woods, United States District Judge, was withdrawn after Plaintiff served a Rule 11 Safe Harbor Letter and a letter requesting a pre-motion conference to discuss Plaintiff's anticipated motion to dismiss.

On May 21, 2021, Mr. Restituyo filed a motion in another lawsuit involving Mr. Quezada and Euros as defendants, in Queens County Supreme Court, Index Number 701594/2020, *Castro v. Quezada, et al.*, in which the Memorandum of Law in Support of Defendants' Motion for Leave to File an Amended Answer, dated May 21, 2021 ("Motion to Amend") had Argilio Rodriguez's name on the cover page and Mr. Restituyo sought leave for Mr. Quezada and Euros to "assert Counterclaims against Plaintiff Mr. Castro and a Third Party Complaint against Third-Party

Defendant Maria Pizarro." *See* Motion to Amend, attached as Exhibit 4 (at P. 1, 5, 6) (and authenticated by the Brustein Decl.).

## ARGUMENT

### SECTION I: STANDARD OF LAW ON A MOTION TO COMPEL.

As is the case here, a party that believes in good faith that its adversary has failed to respond adequately or appropriately to a discovery request may move for an order compelling disclosure or discovery. *See* Rule 37(a)(1) of the Federal Rules of Civil Procedure ("Fed. R Civ. P."). In addition, FRCP 26(b)(1) provides that the scope of discovery extends to any nonprivileged matter relevant to any party's claim or defense, subject to a proportionality analysis:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*See* FRCP 26(b)(1). Further, "[r]elevant information need not be admissible at trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence." *Ferguson v. Lion Holding, Inc.*, 2005 WL 1216300, *2 (S.D.N.Y. Mar. 25, 2005).

### SECTION II: THE COURT SHOULD ORDER DEFANDANTS TO PRODUCE ALL RELEVANT, NON- PRIVILEGED DOCUMENTS AT ISSUE.

Plaintiff sets forth below twelve contested document requests, the responses submitted by Defendants, and her argument as to why the Court should compel the documents' production. As a preliminary matter, the Court should take note that none of the objections are stated with specificity and none of them were submitted in a timely fashion (and without a request for an extension), so every objection is waived as a matter of law. *See Janik v. SMG Media Inc.*, No. 16-

cv-7308 (JGK) (APJ) (S.D.N.Y. May 9, 2017) (lack of specificity waives the objection); *DiStefano v. City of New York et al.*, 1:11-cv-1125-SJ-VVP, Dkt. No. 21 (E.D.N.Y. Dec. 14, 2011) (failure to timely respond to discovery requests waives the objections to the discovery).

### Subsection a: Plaintiff Seeks Her Personnel File (and Related Documents) to Support Her Retaliation Claim and Her Defense After Accusations of Stealing Over $500,000.

> Document Request #1: The Complete file relating to the Plaintiff, including, but not limited to, the Plaintiff's personnel file, the records pertaining to duties, salary, promotions, evaluations, discipline, benefits, discharge, layoff or retirement, EEO, and any medical files maintained relating to Plaintiff.

> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information which is already in plaintiff's possession, custody or control, or is more easily obtained by plaintiff from other sources and as such is unduly burdensome. Subject to and without waiving the above general and specific objections see documents bates stamped Defendants 0072 - Defendants 0073.

The Court should deem Defendants' failure to state objections with specificity as a waiver of those objections. *Janik.*, No. 16-cv-7308 (JGK) (APJ). Indeed, a failure to timely respond to discovery requests waives the objections to the discovery. *DiStefano*, 1:11-cv-1125-SJ-VVP, Dkt. No. 21 (citation omitted). Here, as in every case, Defendants did not provide their boiler plate objections within sixty days (much less the prescribed period). Thus, the Court should not consider Defendants' "overly broad, vague, and burdensome" objections, as well as the unduly burdensome objection – "seeks information which is already in plaintiff's possession, custody or control, or is more easily obtained by plaintiff from other sources" – which has been rejected many times when made without specificity. Notably, Defendants' do not object to relevance; nevertheless, Defendants alleged in their Third-Party Complaint that Plaintiff used her position at Euros to embezzle "no less than $545,000". Thus, documents pertaining to her position, if she was ever disciplined, as well as her salary and pay history, are relevant to Plaintiff's defenses.

## Subsection b: Plaintiff Seeks Complaints of Sexual Harassment or Retaliation by Defendants.

> Document Request #6: Documents and electronically stored information relating to any claims or charges filed by any persons against Euros, Mr. Quezada, and Mr. Quezada, Jr. with the Equal Employment Opportunity Commission, New York State Division of Human Rights or New York City Commission of Human Rights, any other federal program, or any state or municipal agency dealing with gender discrimination, sexual harassment and/or retaliation from 2016 to present.
>
> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

The Court should deem Defendants' boilerplate "overly broad, vague, and burdensome" objections as waived for lack of specificity. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). Regarding relevance, Plaintiff has brought claims for sexual harassment, gender discrimination, and retaliation, so any similar complaints made against any of the Defendants certainly would be relevant.

## Subsection c: Plaintiff Seeks Documents Related to the Surveillance Systems Supposedly Used to Prove Theft But May Very Well Prove Harassment.

> Document Request #8: Documents and electronically stored information regarding the installation and upkeep of any surveillance systems at Euros from 2016 to present.
>
> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Again, the Court should deem Defendants' boilerplate (and untimely) "overly broad, vague, and burdensome" objections as waived for lack of specificity. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). Notably, Defendants alleged in their Third-Party Complaint that "up until November 2018 Euros' entire security apparatus was comprised of a bouncer only and no working

surveillance system." Despite this representation to the Court, Defendants' produced four still-frame photographs with time stamps prior to November 2018. As no videos were provided as part of Defendants' production, it is suspect that four still-frame photographs would have been preserved without any videos. Furthermore, Defendants admitted in response to Plaintiff's Interrogatory Number 5 that the surveillance system was "upgraded" not that a new system was installed. *See* Defendants' Response to Plaintiff's First Set of Interrogatories, attached as Exhibit 5 (at P. 1, 5, 6) (and authenticated by the Brustein Decl.). As Defendants claim that Plaintiff stole from them in the office, the installation and upkeep of any surveillance systems at Euros from 2016 to present is relevant and must be produced forthwith.

### Subsection d: Plaintiff Seeks Documents Related to the Length of the Surveillance Systems' Retention Supposedly Used to Prove Theft But May Very Well Prove Harassment.

> Document Request #9: Documents and electronically stored information regarding how long recording and videos were preserved by Euros surveillance systems from 2016 to present.

> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Of course, Defendants' submitted the same boilerplate (and untimely) "overly broad, vague, and burdensome" objections, which should be waived for lack of specificity. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). As Defendants have produced only four still-frame photographs from their surveillance cameras, it is relevant when the videos that the still frames were captured from were taken and why no other surveillance was preserved.

### Subsection e: Plaintiff Seeks Saved Video Recordings and Still-Frames From Euros Surveillance System to Prove the Harassment and Refute the Theft Allegations.

> Document Request #10: Video and still-frames recorded or stored or printed or saved in any manner from any surveillance system at Euros from 2016 to present.

Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving any of these objections see documents bates stamped Defendants 0074 - Defendants 0077. Defendants maintain the right to amend this response as further evidence is uncovered.

The same language appears – "overly broad, vague, and burdensome" – and the same language is impotent in Defendants' untimely objections. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). Defendants produced four still-frames, but no videos. During previous telephone conversations, counsel for Defendants represented that he possessed surveillance video footage which corroborated Defendants' allegations against Plaintiff. Yet Defendants have not produced any video evidence. Plaintiff asks the Court to direct Defendants to produce all video and/or still-frames from Euros surveillance system from 2016 to the present.

### Subsection f: Plaintiff Seeks Documents and Electronically Stored Information Regarding Plaintiff's Personal Email Account Which Was Accessed by Defendants.

Document Request #13: Documents and electronically stored information regarding Ms. Pizarro's personal email account.

Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants' objections are word-for-word and untimely, so they waived the objections. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). Defendants produced emails from Plaintiff's personal email account after she stopped working at Euros, documents and other electronically stored information about how her personal email account was accessed, when it was accessed, who

accessed it, and what other personal information was taken from her personal email account are all relevant to the harassment and retaliation claims.

Subsection g: Plaintiff Seeks Records From Defendants' Productivity Tracking Software and Other Documents Supporting Defendants Claims and Defenses.

> Document Request #14: Documents and electronically stored information Defendants contend support the defenses and counterclaims asserted in Defendants' Answer and Counterclaims or that relate to any claims asserted by Defendants.

> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

> Subject to and without waiving the above general and specific objections see documents bates stamped Defendants 0001 - Defendants 0260. Defendants maintain the right to amend this response as further evidence is uncovered.

Defendants' objections seem to be copied and pasted at this point. None of the objections are specific – just boilerplate. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). In response to Interrogatory Number 2, Defendants claim that they reviewed a productivity tracking software to determine that Plaintiff had embezzled funds, but no records from a productivity tracking software has been produced. *See* Plaintiff's First Set of Interrogatories, attached as Exhibit 5 (and authenticated by the Brustein Decl.).  These records are relevant and  must be produced forthwith.

Subsection h: Plaintiff Seeks Documents Establishing Defendants Purported Financial Losses.

> Document Request #15: Documents and electronically stored information relating to the balance sheet reflecting assets and liabilities and net worth of Defendants including 10-K statements and Annual Reports.

> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants make the same unspecified objections, which Plaintiff submits are waived. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017).  The financial records of Defendants are likely to either support Defendants claims of financial losses or support Plaintiff's defenses, and as such must be produced.

### Subsection i: Plaintiff Seeks Documents Establishing Payments Made by Defendants to Plaintiff.

Document Request #18: Documents and electronically stored information regarding payments made by Defendants to Ms. Pizarro from 2016 to present.

Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above general and specific objections see documents bates stamped Defendants 0072 - Defendants 0073. Defendants maintain the right to amend this response as further evidence is uncovered.

Defendants make the same unspecified objections, which Plaintiff submits are waived. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). As Defendants have alleged that Plaintiff did not have sufficient funds to pay the money she was blackmailed and Defendants have sought discovery on Plaintiff's sources of income from 2017 through 2019, what money Defendants paid Plaintiff is relevant and must be produced forthwith.

### Subsection j: Plaintiff Seeks Recordings of Plaintiff Improperly Taking Defendants Money.

Document Request #20: Documents, videos, recordings, and electronically stored information showing, capturing, establishing, or otherwise showing Ms. Pizarro improperly embezzling, taking, receiving, or otherwise obtaining funds from Defendants.

Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

> Subject to and without waiving the above general and specific objections see documents bates stamped Defendants 0036 and 0074 -0077. Defendants maintain the right to amend this response as further evidence is uncovered.

Defendants make the same unspecified and waived objections. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). As Defendants have alleged in the Third Party Complaint that Plaintiff embezzled and stole money from Defendants, any video or other evidence establishing that would be relevant and must be produced.

Subsection k: Plaintiff Seeks Defendants Employment Policies and Handbook.

> Document Request #22: All manuals, handbooks, policies, procedures, notices or directives relations to Euros policies, procedures, or practices relating to sick/medical leave, absenteeism or vacation time, paid or unpaid during the period that Plaintiff was employed with Euros.

> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

Unspecified objections, like the ones here, are waived. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). As Count 12 of Plaintiff's Complaint alleges that she was denied paid sick leave, this request is critical to the claims and defenses in this action. Defendants must produce the responsive documents forthwith or produce an affidavit from one of the Defendants stating that no such documents exist.

Subsection l: Plaintiff Seeks Euros' Video Surveillance of Plaintiff or Mr. Quezada.

> Document Request #24: All video surveillance footage from Euros from 2016 to present which captures Plaintiff or Mr. Quezada.

> Response: Defendants object to this Demand as it is overly broad, vague, and burdensome. Defendants object to the Demand to the extent that it seeks information, which is irrelevant, immaterial, and

> not reasonably calculated to lead to the discovery of admissible evidence.
>
> Subject to and without waiving the above general and specific objections see documents bates stamped Defendants 0074 - Defendants 0077. Defendants maintain the right to amend this response as further evidence is uncovered.

Defendants submitted the same waivable objections, verbatim, throughout this motion. *Janik*, No. 16-cv-7308 (S.D.N.Y. May 9, 2017). Defendants has referred Plaintiff to the four still-frame photographs of Plaintiff, but maintained "the right to amend this response as further evidence is uncovered." As Plaintiff has not been in Euros in more than a year, there is no reason that any video or still frame photographs would be subsequently discovered. Counsel for Defendants claims he has video surveillance of Plaintiff taking an envelope of money into the bathroom – this proves nothing – so counsel must turn over the tape. Obviously, Defendants would want to use this allegedly damning evidence. Production of videos works both ways, of course, and there may very well be video footage helping Plaintiff's sexual harassment claim.

## Section III: FRCP 37 ENTITLES PLAINTIFF AND HER ATTORNEY TO FEES/COSTS.

Fed. R. Civ. P. 37(a)(5) provides that, when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the ... attorney [whose] conduct [necessitated the motion] ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *O'Rourke v. Ehsan Food Corp.*, 19-cv-6162 (LJL) (S.D.N.Y. Mar. 20, 2020). Plaintiff respectfully requests that the Court give Plaintiff's counsel one day to prepare a document outlining the time spent trying to meet and confer and preparing this motion as well as the hourly rate. *Id*.

## RULE 37 CERTIFICATION

Plaintiff's counsel hereby certifies that he attempted to confer with Martin Restituyo, Esq., counsel for Defendants, via email and telephone numerous times before filing this motion, to no avail. Plaintiff's counsel served discovery demands on Defendants on March 12, 2021 by First Class mail (and email). On April 20, 2021, after the deadline had passed and Mr. Restituyo did not even acknowledge it or ask for an extension, Plaintiff's counsel followed up in an email with Mr. Restituyo about the late discovery responses, as no request for an extension of time to respond had been requested. Mr. Restituyo responded the following day in an email requesting a two-month extension of all discovery so that the other Third-Party Defendants could join the litigation, but made no mention of Defendants' outstanding discovery responses. On April 30, 2021, Plaintiff's counsel again followed up with Mr. Restituyo in an email advising him that the depositions which had been scheduled for Defendants would need to be rescheduled based on their failure to respond to the discovery demands, and Plaintiff's counsel requested a date by which they would respond, Again, there was no response.

On May 7, 2021, Plaintiff's counsel again emailed Mr. Restituyo asking for the discovery responses and if not, a time which a meet and confer could occur. On May 11, 2021, two months after service, Mr. Restituyo responded in an email that he would provide everything no later than May 17th. On May 13, 2021, Plaintiff's counsel requested dates in June to schedule all of the party depositions. On May 20, 2021, having still not received discovery responses or dates for depositions, Plaintiff's counsel emailed Mr. Restituyo and advised him that Plaintiff's counsel would be moving to compel their production if the discovery responses were not provided by the following day. On Friday, May 21, 2021 at 4:57 p.m., Defense Counsel produced by email

discovery responses to Plaintiff's First Set of Interrogatories, dated March 12, 2021, and Plaintiff's First Request for Production of Documents, dated March 12, 2021, which are attached as Exhibits 5 and 6 to the Brustein Decl. *See* Defendants' Responses to Plaintiff's First Set of Interrogatories and Defendants' Responses to Plaintiff's First Request for Production of Documents, attached as Exhibits 5 and 6 (at P. 1, 5, 6) (and authenticated by the Brustein Decl.).

A week ago, on May 27, 2021, Plaintiff's counsel emailed Mr. Restituyo and requested a time on June 1, 2021 to discuss Defendants' discovery responses and outstanding discovery. Mr. Restituyo responded to the email the same day but did not provide any availability for a call. On May 28, 2021, Plaintiff's counsel emailed Mr. Restituyo again requesting to meet and confer on June 1, 2021, and proposed 12 pm for the call. To facilitate the meet and confer, Plaintiff's counsel included in that email a deficiency letter, attached as Exhibit 7, and asked Mr. Restituyo to advise in advance of the call if there were any issues that he wished to address as well. *See* Deficiency Letter, dated May 26, 2021 annexed as Exhibit 7 (and authenticated by the Brustein Decl.). Again, Mr. Restituyo failed to respond.

Despite multiple emails from Mr. Restituyo about Third Party Defendant Castro's request for an extension of discovery, Mr. Restituyo did not respond to my email for a meet and confer. On June 1, 2021, Plaintiff's counsel called Mr. Restituyo's office a little after 12 p.m. and was advised by his receptionist, Diana, that she would call me back when Mr. Restituyo was available. Plaintiff's counsel did not receive a call back. On June 2, 2021, Plaintiff's counsel emailed Mr. Restituyo following up on the deficiency letter and the attempted meet and confer and asked for his availability the rest of the next two days for a meet and confer to avoid a motion to compel discovery. Mr. Restituyo did not respond.

On June 3, 2021, Plaintiff's counsel again called Mr. Restituyo's office and spoke with Diana. Diana advised that Mr. Restituyo was available and put Plaintiff's counsel on hold to connect. After being on hold for several minutes, the phone call was disconnected. Plaintiff's counsel followed up a few minutes later by email Mr. Restituyo and advised him that Plaintiff's counsel had just called his office to meet and confer about the deficiency letter and asked that he call me back the same day to meet and confer. Mr. Restituyo did not respond.

In a desperate effort to comply with the Court's rules, at approximately 3:30 p.m., Plaintiff's counsel emailed Mr. Restituyo a copy of the Plaintiff's portion of a joint letter and advised him that Plaintiff's counsel would be filing the motion to compel yesterday at the end of the business day. Plaintiff's counsel asked Mr. Restituyo to provide Defendants' portion by 4 p.m. on June 4, 2021 so that he could review it prior to filing it. Mr. Restituyo did not respond to the email.

To date, Mr. Restituyo has refused to speak on the phone or respond to any emails about Plaintiff's deficiency letter and the issues raised in the proposed joint dispute letter. Just yesterday morning, the final day to meet and confer, at 10:14a.m., counsel for Defendants canceled the deposition of a third-party defendant, stating that he was unavailable for the deposition <u>he noticed</u> for 10 a.m. – he made no mention of the meet and confer – saying only, "Gentlemen my apologies. Had a family emergency. Leaving doctor's now. Obviously no deposition will go forward today. I will reach out on Monday to discuss." Today is the last day of fact discovery, yet defense counsel has never requested an extension of discovery based upon a family emergency or otherwise. In *O'Rourke*, cited above, "defense counsel stated that he was unable to meet and confer after February 2, 2020 because first his young son and then he and his wife were diagnosed with the flu." *O'Rourke*., 19-cv-6162 (LJL) (motion to compel granted where "[a]lthough the illness in

Defendants' counsel's family would have warranted an extension if one had been requested, no request for an extension was made and counsel did not respond to Plaintiff's requests to meet and confer). *Id*.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter an order compelling Defendants to produce the production of the documents set forth above and grant attorney's fees and costs.

Dated: June 5, 2021

**BRUSTEIN LAW PLLC**

_____*/s/ Evan Brustein*_____
Evan Brustein, Esq.
299 Broadway, 17th Floor
New York, New York 10007
Tel:   (212) 233-3900
Fax:   (212) 285-0531
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____

MARIA J. PIZARRO,

                          Plaintiff,

          -against-

EUROS EL TINA RESTAURANT LOUNGE AND          DOCKET 20-CV-5783 (AKH)
BILLIARDS CORP, SANTIAGO QUEZADA, and
SANTIAGO QUEZADA, Jr.,

                          Defendants,

                    -and-

JOSE E. CASTRO, ELDAIO CASTRO PRODUCTIONS

INC., EMITON FERNANDEZ a.k.a. EMILIO

FERNANDEZ, NARCISO GOMEZ, ZOLIMAR MEJIA

a.k.a. ZULIMAR MEJIA, and TOMAS ANDRES

PIZARRO ZEPEDA,

                          Third-Party Defendants.

## CERTIFICATE OF SERVICE

I, Evan Brustein, Esq., hereby certifies that on this 5th day of June 2021, a true and correct copy of the foregoing Motion to Compel, Memorandum of Law in Support of Motion to Compel, and Proposed Order was served via ECF and by first class mail, at a United States Post Office, postage prepaid, upon the following parties to the following address:

Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor,
New York, New York 10019

I, Evan Brustein, Esq., hereby certifies that on this 5th day of June 2021, a true and correct copy of the foregoing Motion to Compel, Memorandum of Law in Support of Motion to Compel, and Proposed Order was served via ECF, upon the following parties to the following address:

Jesse Rose
The Rose Law Group, PLLC
3272 Steinway Street, Suite 503
Astoria, New York 11103

**BRUSTEIN LAW PLLC**

By:         */s/ Evan Brustein*
Evan Brustein, Esq.
299 Broadway, 17th Floor
New York, New York 10007
Tel:  (212) 233-3900
Fax:  (212) 285-0531
*Attorneys for Plaintiff Maria J. Pizarro*