IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JOSE PIZARRO

                    Plaintiff,

-against-

EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP., SANTIAGO QUEZADA, And SANTIAGO QUEZADA, Jr.,

                    Defendants.

-and-

JOSE E. CASTRO, ELADIO CASTRO PRODUCTIONS, INC., EMITON FERNANDEZ a.k.a. EMILIO FERNANDEZ, NARCISO GOMEZ, ZOILIMAR MEJIA a.k.a ZULIMAR MEJIA, and TOMAS ANDRES PIZARRO ZEPEDA

                    Third Party Defendants

No. 1:20-cv-05783-AKH

## AFFIRMATION OF MARTIN RESTITUYO IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

MARTIN E. RESTITUYO, an attorney duly admitted to practice before this Court, hereby affirms the following under penalty of perjury:

1. I am the founder of the Law Offices of Martin E. Restituyo, P.C., counsel for Defendants EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP., SANTIAGO QUEZADA, And SANTIAGO QUEZADA, Jr., (collectively the "Defendants"), and as such am fully familiar with the facts herein.

2. I submit this Affirmation in opposition to Plaintiff's Motion to Compel Discovery.

3. On or about April 9, 2021, my office served the Plaintiff, via her counsel, with Defendants First Set of Document Demands and the First Set of interrogatories.

4. On the same day Defendants served the Plaintiff with a Notice of Deposition scheduling her deposition for May 12, 2021, at 10 AM.

5. On May 21, 2021, Defendants served the Plaintiff with their response to Plaintiff's Demand for Documents and First Set of Interrogatories.

6. In addition Defendants produced 281 pages of documents relating to Plaintiff's scheme and other matters requested in her demands.

7. By contrast on Friday May 28, 2021, one week before the close of discovery Plaintiff produced a paltry 71 pages of documents in response to Defendants' demands.

8. None of the documents produced by the Plaintiff related to the scheme alleged in our complaint, inclusive evidence of money transfers to individuals in Africa, payments to the third-party defendant co-conspirators and reports submitted to the authorities regarding these transactions, which we have proof exist.

9. Commencing in late April and all the way to June 3rd 2021, my office and Plaintiff's counsel went back and forth trying to pin down a date for Plaintiff's deposition.

10. Plaintiff's counsel informed us that he was not available for a deposition on May 12, 2021, due to personal issues and we accommodated.

11. Thereafter we reached out to Plaintiff's counsel on several occasions over the ensuing weeks and offered five other dates for the deposition to take place, inclusive May 24, 27, 28, June 1 and 3. Each time Plaintiff claimed that both he and his client were unavailable.

12. Each time Plaintiff refused to agree to a deposition date, however, he insisted on wanting to discuss the evidence that Defendants had against his client. Soon enough it became abundantly clear that Plaintiff's counsel did not want to expose his client to a deposition unless we were able to assure him that we had no more damming evidence against her.

13. Notwithstanding Plaintiffs failure to provide proper discovery responses or documents, on June 5 Plaintiff filed the instant motion to compel.

14. On June 21, 2021, in preparation for what was expected to be a call with the court on June 23, 2021, the parties participated in a meet and confer to discuss the Court's extension of the discovery deadline.

15. During that call, in which Plaintiff's counsel introduced a new attorney who will work on Plaintiff's behalf, Plaintiff's counsel insisted on obtaining assurances that my client had no videos of his client stealing money.

16. I responded, as I had previously, that Defendants had turned over everything that they had with respect to the Plaintiff.

Dated: New York, New York
July 2, 2021

                                                                         */s/ Martin E. Restituyo*
                                                                         Martin E. Restituyo, Esq.