UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____

MARIA J. PIZARRO,

                Plaintiff,

-against-

EUROS EL TINA RESTAURANT LOUNGE AND     DOCKET 20-CV-5783 (AKH)
BILLIARDS CORP, SANTIAGO QUEZADA, and
SANTIAGO QUEZADA, Jr.,

                Defendants,

     -and-

JOSE E. CASTRO, ELDAIO CASTRO PRODUCTIONS INC., EMITON FERNANDEZ a.k.a. EMILIO FERNANDEZ, NARCISO GOMEZ, ZOLIMAR MEJIA a.k.a. ZULIMAR MEJIA, and TOMAS ANDRES PIZARRO ZEPEDA,

                Third-Party Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff Maria Palazzo ("Plaintiff") submits this Reply Memorandum of Law in Further Support of Plaintiff's Motion to Compel respectfully requesting the Court to compel Defendants Euros El Tina Restaurant Lounge and Billiards Corp., Santiago Quezada, and Santiago Quezada, Jr. (collectively, "Defendants"), to produce certain relevant, non-privileged documents requested pursuant to Federal Rules of Civil Procedure ("FRCP") 26, FRCP 34, and FRCP 37, as follows:

## INTRODUCTION

Defendants made a mockery of the meet and confer process, forced Plaintiff to write a lengthy motion to compel, and now expect a simple affidavit attached to a paltry five-page opposition brief (citing no legal authority) to absolve them of their discovery obligations. And this is all after the Court granted an extension over twice as long as the amount of time allotted to oppose a motion to compel. Rather than address their refusal to meet and confer, Defendants focus almost half of their five-page opposition on Plaintiff's counsel's reasonable refusal to allow Plaintiff to be deposed until he receives all relevant documents. In fact, even after the Court extended Defendants' time to oppose the motion to compel, defense counsel still tried to avoid a meet and confer. Perhaps Defendants believe the Court will get angry with Plaintiff (for some reason) and overlook their many violations of the FRCP by revealing, at this late hour, an affidavit stating that they have no responsive documents regarding Plaintiff. Notably, five of the twelve deficiencies have nothing to do with Plaintiff; the Court should compel the production of documents relating to the five deficient responses (unrelated to Plaintiff) because there are no valid objections. The majority of this motion could have been resolved if counsel for Defendant had picked up the phone in good faith and held a meet and confer.

## ARGUMENT

**I.   DEFENDANTS VIOLATED FRCP 26, FRCP 34, AND FRCP 37 BY REFUSING TO MEET AND CONFER, YET THEY CLAIM THAT A DEFICIENT AFFIDAVIT SOMEHOW DEFEATS THE ENTIRE MOTION.**

   **A.   Defendants violated FRCP 26 by submitting baseless objections.**

Defendants waived their original objections to Plaintiff's document requests by failing to state their (boilerplate) objections with any specificity and failing to submit them in a timely fashion (and without requesting an extension). *Janik v. SMG Media Inc.*, No. 16-cv-7308 (JGK) (APJ) (S.D.N.Y. May 9, 2017) (lack of specificity waives the objection); *DiStefano v. City of New York et al.*, 1:11-cv-1125-SJ-VVP, ECF Dkt. No. 21 (E.D.N.Y. Dec. 14, 2011) (a failure to timely respond to discovery requests waives the objections); *see also Fischer v. Forrest*, 14-cv-1304-PAE-AJP, ECF. Dkt. No. 151 (S.D.N.Y. Feb. 28, 2017) (This court has noted that "responses…stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing.") Plaintiff noted these deficiencies, *ad nauseum*, in her motion to compel. ECF Dkt. No. 85 at pp. 7-15. Tellingly, Defendants did not even defend these objections' invalidity in their opposition.

   **B.   Defendants failed to state whether they were withholding any responsive materials on the basis of their baseless objections.**

FRCP 34(b)(2)(C) was amended in 2015 to provide that an objection to a document request must state whether anything is being withheld on the basis of an objection. FRCP 34(b)(2)(C). Indeed, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." *Id*. The responding party must make its responses "after a reasonable inquiry." FRCP

26(g)(1); *see Jose Luis Pelaez, Inc. v. Scholastic Inc.*, No. 16-CV-2791-VM-RLE, ECF Dkt. No. 56 (S.D.N.Y. Oct. 19, 2017). If Defendants had simply complied with FRCP 34(b)(2)(C), Plaintiff would have known that Mr. Quezada, Jr. conducted a search of documents – albeit a search relating only to Plaintiff – and that Defendants had no such responsive documents. Taking Mr. Quezada, Jr.'s sworn statement as true, there would have been no need for a meet and confer on seven deficiencies, no need for the time and expense of much of this motion, and no need to obtain his affidavit.

Mr. Quezada, Jr. swore in his affidavit that "the pictures of Maria in the office moving the camera were taken by me as screenshots on my phone." He further swore that "according to Plaintiff our surveillance systems and POS systems were not any good and so we were never actually able to retrieve much information from them." ECF Dkt. No. 93. However, in response to Plaintiff's Interrogatory Number 3, Defendants stated that "images of the Plaintiff were captured by the Company's video surveillance system." ECF Dkt. No. 85-5. Curiously, Defendants now swear under oath that they have no surveillance footage of Plaintiff.

The best example of Defendants' counsel's unwillingness to disclose whether they withheld documents came <u>after</u> Plaintiff filed her motion to compel – during a meet and confer on the phone with co-counsel for Plaintiff, incoming co-counsel for Plaintiff (Mark A. Marino, Esq.), counsel for the Third Party Defendants, and counsel for Defendants. Plaintiff's counsel asked Defendants' counsel whether they had a videotape of Plaintiff stealing any money, which Defendants allege as a retaliatory counterclaim. Counsel for Defendant evaded the question by stating, "I turned over everything I have," but he would not answer whether there was a video tape. Plaintiff's counsel followed up and asked whether Defendants' counsel planned to use a video tape during the deposition of the plaintiff. Defense counsel would not answer the question, but instead

said that Plaintiff would find out <u>at the deposition</u>. ECF Dkt. No. 94-1; Ex. 7 (Declaration of Mark Marino). Plaintiff's counsel, of course, will not allow Defendants to blindside Plaintiff with new documents.

So to be clear, even after Plaintiff submitted this motion seeking to compel documents and costs and fees, counsel preferred to evade questions rather than provide information. These bad faith actions are grounds for the requested sanctions against Defendants and their attorney.

**C.     Defendants' refusal to participate in a meaningful meet and confer necessitated this motion and the time and money going into its creation.**

FRCP 37 requires a meaningful meet and confer to avoid needless motions to compel, and this Court even requires attorneys to submit a joint letter setting forth the issues at bar. After Plaintiff's counsel sent a five-page, single spaced, detailed deficiency letter and requested to meet and confer on the Tuesday before the fact discovery deadline, Defendants refused to do so. *See* ECF Dkt. No. 85-7; Ex. 6. Plaintiff's counsel tried again on Wednesday, and then on Thursday, but there was no response even though counsel for Defendants replied to several emails regarding other issues in the case. On Friday, Plaintiff's counsel drafted a portion of the Court's mandatory joint letter and emailed it to defense counsel, advising him that Plaintiff's counsel would be filing the motion to compel at the end of the business day. *See* ECF Dkt. No. 85 at pp. 16-19 (Rule 37 Certification).

Plaintiff waited until the deadline for fact discovery to file this motion. Counsel for Defendants could have mooted almost half of it if he would have just gotten on the phone on Tuesday, Wednesday, or Thursday and told Plaintiff's counsel what he wrote in Mr. Quezada Jr.'s affidavit. *See Myers v. Andzel*, 2007 WL 3256865 at *1 (S.D.N.Y. Oct. 15, 2007) ("Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of

a motion to compel."). Even simpler, counsel for Defendants would have saved everyone time and money by complying with FRCP 34(b)(2)(C) and advising Plaintiff that Defendants were not withholding any documents because of an objection. *See* FRCP 34(b)(2)(C). Defendants and their counsel now mistakenly believe this affidavit relieves them of their obligation to pay the fees and costs incurred due to their failure to get on the phone and discuss the issues enumerated in the deficiency letter.

II. **DEFENDANTS' AFFIDAVITS COVER ONLY SEVEN OF THE TWELVE DEFICIENCIES AT ISSUE, THUS LEAVING FIVE DEFICIENCIES COMPLETELY WITHOUT OBJECTION.**

Plaintiff brought this motion citing twelve deficiencies. Defendants attempt to mislead the Court by incorrectly arguing that they defeated this entire motion because they "produced all records regarding the Plaintiff that was in their possession or known to exist." ECF Dkt. No. 91 at p. 5 (emphasis added). This misrepresentation is another example of bad faith, as explained above, because Mr. Quezada, Jr. would only swear that they searched for records regarding Plaintiff (and nothing or no one else). In fact, five of the twelve contested document requests do not relate to Plaintiff at all, including the following: Document Requests 6 (Complaints of Sexual Harassment or Retaliation by Defendants), 14 (Records From Defendants' Productivity Tracking Software), 15 (Documents Regarding Purported Financial Losses), 22 (Employment Policies and Handbooks), and 24 (Video Surveillance of Mr. Quezada). *See* ECF Dkt. No. 85 at pp. 9, 12-15.

Notably, Defendants responded to Plaintiff's Interrogatory Number 5, by stating in part that "the Company's computer also contained productivity tracking software," but have failed to produce any documents or information from that software. ECF Dkt. No. 85-5. While Defendants may or may not have any evidence relating to Plaintiff, if Defendants had any financial losses of

their own, Defendants would certainly possess those documents. Either Defendants' allegations that Defendants suffered financial losses are true and they have documentary evidence to support that, or the allegations are false and the Third-Party Complaint must be dismissed. There is no objection to these five deficiencies, so the Court should compel the production of documents relating to them.

**III.     DEFENDANTS CONJURED TWO PAPER TIGER DEFENSES.**

Defendants seek to employ the "unclean hands" defense – without citing any meaningful legal authority – apparently because Plaintiff's counsel seeks to do what all attorneys do and refuse to produce a client to be deposed without having all of the relevant documents. A modicum of research – indeed, a simple internet search – yields legal authority indicating that unclean hands does not apply to this motion. Indeed, "[a] party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because [it alleges] another party has not made its disclosures." FRCP 26(a)(1)(E); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 235 (W.D.N.Y. 1998); *Rood v. Liberty Ins. Underwriters, Inc.*, No. 2:16-cv-02586, 2018 U.S. Dist. LEXIS 110332 (D. Nev. July 2, 2018); *Public Health Equip. & Supply Co., Inc. v. Clarke Mosquito Control Prods., Inc.*, 2011 WL 2470059, at *2 (W.D. Tex. June 16, 2011) (an argument of "unclean hands" has "no place in the analysis of a motion to compel brought pursuant to the federal discovery rules").

Defendants' second "defense," which is also unsupported by legal authority, presents a ludicrous scenario. Here, Defendants would have the Court believe that "Plaintiff has greater access to [the requested documents] than Defendants." ECF Dkt. No. 91 at p. 5. According to the affidavit of Mr. Quezada, Jr., during her employment, Plaintiff dealt with staff and contractors, had access to the point of sale system, and had access to the surveillance equipment, among other

things. Mr. Quezada, Jr. forgot to mention, though, that Plaintiff does not work there anymore and has sued him and his father, who in turn, countersued alleging an elaborate scheme to steal from the bar. In Defendants' scenario, Plaintiff would have to access the computer system, which Defendants possess to retrieve information (using presumably updated passwords), and then slip out without being detected or caught on film – a violation of about a dozen sections of the Penal Code. Defendants, on the other hand, can simply access their own computer system to retrieve information. Surely, it is far easier (and legal) for Defendants to retrieve the information.

## CONCLUSION

For the reasons set forth above and in Plaintiff's motion to compel (ECF Dkt. No. 85), Plaintiff respectfully requests that the Court grant her motion in its entirety, including granting attorney's fees, costs, and sanctions.

Dated: July 7, 2021

**BRUSTEIN LAW PLLC**

_/s/ Evan Brustein_
Evan Brustein, Esq.
299 Broadway, 17th Floor
New York, New York 10007
Tel:  (212) 233-3900
Fax:  (212) 285-0531
*Attorney for Plaintiff*
