# LAW OFFICES OF MARTIN E. RESTITUYO, P.C.
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

Martin E. Restituyo
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

July 30, 2021

*Via ECF*

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, New York 10007-1312

Re: *Pizarro v. Euros El Tina Restaurant Lounge and Billiards, et al.*,
Case No. 20 Civ. 5783 (AKH)

Dear Judge Hellerstein,

I am counsel for Defendants/Counterclaim/Crossclaim Plaintiffs Euros El Tina Restaurant and Billiards Corp., Santiago Quezada, and Santiago Quezada Jr. (hereinafter "Defendants"). Defendants write the Court to request a brief extension of the discovery deadline to conduct from the beginning the depositions of the Plaintiff Maria Jose Pizarro and third-party defendants Jose Eladio Castro and Emiton Fernandez. Defendants also request permission to conduct the depositions in person and with video recording. Finally, Defendants request that the discovery deadline remain open for the purposes of obtaining documents from the Plaintiff and from Mr. Castro.[1][2] In the alternative, Defendants request that a subpoena be served on Emiton Fernandez, or in the alternative that he be found in contempt and that Ms. Pizarro and Mr. Castro's answers to Defendants claims be stricken.

Please be advised that this is the fifth request for an extension of the discovery deadline being made in this case. The original discovery deadline was June 1, 2021. One extension of the deadline was granted to June 5, 2021, and another to July 30, 2021. The remaining requests for extension were denied.

The Court should also note that this request is being submitted in contravention of Your Honor's Individual Rules of Practice Rule 1(D), in that it is being submitted with less than 48 hours to go

---

[1] To be clear, later today or Monday, at the latest, the Defendants expect to be filing a motion to compel against the Plaintiff for failing to provide appropriate responses to document demands even after being served two letters of deficiency.

[2] Mr. Castro testified during the deposition that he maintained a diary of his activities while working for the Defendants that he failed to produce in his response to the discovery demands.

before a scheduled deadline. Today was the deadline for discovery set by the Court. However, Plaintiff informed the parties only yesterday that she was not prepared to complete discovery within that time frame.

**Procedural History**

On December 9, 2020, the Court signed off on the Civil Case Management Plan for the aforementioned matter [Dkt. No. 16]. The Plan required depositions to be completed by May 14, 2021, and for all non-expert discovery to be completed by May 14, 2021. Based on these original deadlines on April 9, 2021, Defendants served the Plaintiff with their first set of interrogatories and the first set of document demands. Defendants also noticed Plaintiff's deposition for May 12, 2021.

On April 30, 2021, on consent of the Plaintiff, Defendants made an application to the Court seeking an extension of the discovery deadline in order to allow for the recently added third party defendants to be served and be given an opportunity to respond to the discovery demands. [Dkt. No. 70]. By Court order dated May 4, 2021, the court granted only a brief extension of the discovery deadline to Saturday, June 5, 2021, and noted that "there will be no further extensions.". [Dkt. No. 71]

In the ensuing days and weeks after the Court's admonition of no further extensions, Defendants reached out to Plaintiffs and attempted on no less than 6 occasions to schedule the deposition of the Plaintiff. Meanwhile, Plaintiff's responses to Defendants' discovery demands remained outstanding.

On May 28, 2021, Third-Party Defendants Jose E. Castro and Eladio Castro Productions, Inc. moved the Court for a 45-day extension of the discovery deadline [Dkt. No. 79], which request was denied by the Court on June 1, 2021. [Dkt. No. 81]

Finally, on Tuesday, June 1, 2021, mere days before the discovery deadline, Plaintiff signed off on the discovery responses to Defendants demands and, in this era of covid and remote work, sent them via regular mail to Defense Counsels' New York City office. Putting aside that the production was received after the discovery deadline and was woefully incomplete, Plaintiff also refused to make herself available to be deposed prior to June 5, 2021

On June 2, 2021, the Third-Party Defendants once again attempted to renew their request for an extension of time [Dkt. No. 82], which was once again denied by the Court [Dkt. No. 83].

On June 5, 2021, Plaintiff filed a motion to compel against Defendants alleging numerous deficiencies with respect to their production. [Dkt. Nos. 84] The motion required Defendants to opposed by June 14, 2021.

On June 16, 2021, Defendants wrote a letter to the Court requesting an extension of the discovery deadline and for time to oppose Plaintiff's motion to compel. [Dkt. No. 88] On June 18, 2021, the Court granted Defendants' request and extended the discovery deadline to July 30, 2021. [Dkt. No.

90]. The Court also set July 2, 2021, as the deadline for Defendants' opposition to Plaintiff's motion to compel, if the issues remain unsolved.

On June 21, 2021, the parties engaged in a conference call to discuss the outstanding issues related to discovery and set dates for depositions. Ultimately, the parties could not resolve their issues with respect to Plaintiff's motion to compel. Moreover, notwithstanding the July 30, 2021, deadlines Plaintiff and the Third-Party defendants insisted that their clients were only available to be deposed the last week of July 2021. As a result, Plaintiff's deposition was scheduled for July 27, 2021, Defendants for July 28, 2021, and Third-Party Defendants Eladio Castro and Emiton Fernandez were scheduled to be deposed on Thursday, July 29, 2021.

In the interviewing weeks Defendants served the Plaintiff with two letters of deficiency with respect to her responses to Defendants' discovery demands.

As the Court is aware, on Tuesday, July 27, 2021, Defendants commenced the deposition of Plaintiff Maria Pizarro. The deposition was characterized by numerous speaking objections, regular breaks and at least 3 calls to the Court seeking a ruling. Given the time constraints of the interpreter and the parties, the parties agreed to continue Plaintiff's deposition on Friday July 30, 2021, at 2 PM (quite literally at the 11th hour of the discovery deadline set by the Court).

On July 28, 2021, the depositions of Defendants Santiago Quezada and Santiago Quezada Jr. proceed according to plan. The depositions commenced at 10:00 AM and continued to approximately 9:45 PM.

On Thursday, July 28, 2021, Defendants scheduled the depositions of Third-Party Defendants Jose Eladio Castro and Emiton Fernandez. Mr. Castro's deposition commenced at approximately 10:00 but was cut short (at approximately 12:30 PM) due to the numerous speaking objections of Plaintiff's counsel and Mr. Castro's apparent inability to understand even the most basic questions.[3]

The deposition of Mr. Emiton Fernandez, noticed for 2 PM that day, never took place. Mr. Fernandez failed to present himself after ignoring numerous emails and phone calls in the weeks leading up to and on the day of the deposition.

On Thursday, July 29, 2021, at 2:44 PM, the parties received an email from Plaintiff's counsel suggesting that Plaintiff would not make herself available for the deposition on Friday because she had taken the Covid-19 vaccine and was thus unable to testify. Indeed, with less than one day to the Court mandated discovery deadline, Plaintiff's counsel suggested that he would consent to a "limited extension of discovery" in order to complete Plaintiff's deposition.

---

[3] Defendants intended to provide the Court with proof of the objections and Mr. Castro's comprehension problems, however, we were notified by Veritext that they could not provide us with a copy of the transcript until Monday morning at the earliest.

To add insult to injury, at 10:00 AM on July 30, 2021, Plaintiff responded to Defendants' second letter regarding discovery deficiencies by resending to the Defendants the documents that they had produced to her during their production.

**Defendants' position**

Defendants' contention is that Plaintiff and the Third-Party Defendants purposefully refused to make themselves available to be deposed any sooner than the few days before the discovery deadline. Then they, especially Plaintiff, sought to make it impossible to complete those depositions prior to the close of the discovery deadline.

It is for this reason that Defendants request a brief extension of the discovery deadline to conduct from the beginning the depositions of the Plaintiff Maria Jose Pizarro and third-party defendants Jose Eladio Castro and Emiton Fernandez. Defendants also request permission to conduct the depositions in person and with video recording. Finally, Defendants request that the discovery deadline remain open for the purposes of obtaining documents from the Plaintiff and from Mr. Castro.[4][5] In the alternative, Defendants request that a subpoena be served on Emiton Fernandez, or in the alternative that he be found in contempt and that Ms. Pizarro and Mr. Castro's answers to Defendants claims be stricken.

**Plaintiff's Position**

Plaintiff Maria Pizarro respectfully opposes this request as it is not sought in good faith, includes multiple misleading or false statements and has failed to comply with the Court's Individual Rules, specifically Rule 2E, which states that "strict adherence to the meet and confer rule is required and should be described in the joint submission as to time, place, and duration, naming counsel involved in the discussion. While styled as a simple request for extension of discovery, Defendants seek to strike the answer of Ms. Pizarro if she is not ordered to appear in person for a video-taped deposition "from the beginning." Missing from this request is the significant fact that Ms. Pizarro was already deposed for more than five hours and Mr. Restituyo ended her deposition 20 minutes early because he did not want to start a new line of questions because his interpreter was only available until 5 p.m.

By way of background, at 2:21 p.m., Defendants' Counsel, Martin Restituyo, Esq., emailed myself, Jesse Rose, and Mark Marino stating that he intended to request an extension of time to complete discovery and that he does **NOT** "intend to engage in a debate with respect to [his comments in this letter.]. Mr. Restituyo further stated that my portion of his letter must be provided to him by 5 p.m. today or he would file the letter without a response from Plaintiff and advise the Court accordingly. Due to those time constraints, I am unable to properly address and correct the

---

[4] To be clear, later today or Monday, at the latest, the Defendants expect to be filing a motion to compel against the Plaintiff for failing to provide appropriate responses to document demands even after being served two letters of deficiency.

[5] Mr. Castro testified during the deposition that he maintained a diary of his activities while working for the Defendants that he failed to produce in his response to the discovery demands.

misrepresentations contained in the procedural history and footnotes, which were although not identified as such were written solely by Defendants. every misrepresentation contained in Defendants' portion of this letter.

Notably, Defendants' recitation of the procedural history omits all of the efforts by Plaintiff's counsel and Mr. Rose to receive discovery responses from Defendants. In explicably, Defense counsel claims that Plaintiff only sent responses to Defense counsel by regular mail. In fact, on June 1, 2021, the undersigned emailed Mr. Restituyo courtesy copies of Plaintiff's discovery responses and indicated that hard copies had **ALSO** been placed in the mail.

While Defendants misleadingly claim that Ms. Pizarro made it impossible for them to complete her deposition, they omitted several important facts. Ms. Pizarro was deposed extensively from approximately 10 a.m. until 4:41 p.m. on July 27, 2021. The deposition was prematurely ended because Mr. Restituyo did not wish to begin a new line of questioning of Plaintiff since the interpreter he had retained was not notified that the deposition might extend beyond 5 p.m. I advised Mr. Restituyo that Ms. Pizarro was available to stay as late as the questioning on July 27, 2021 required, but he refused to continue his questions. As discovery was set to close on July 30, 2021 and depositions for Santiago Quezada and Santiago Quezada, Jr. were scheduled for July 28, 2021, I told Mr. Restituyo that I would make Ms. Pizarro available on either Thursday, July 29, 2021 or Friday July 30, 2021 to finish what by my calculation was less than two hours, but that we still had until at least 5 p.m. to continue deposing Ms. Pizarro. Mr. Restituyo refused to continue and said that he preferred to continue on the afternoon of Friday, July 30, 2021.

On July 29, 2021, I deposed Santiago Quezada and Santiago Quezada, Jr. from approximately 10 a.m. until after 9 p.m. because that had been the only day that Mr. Restituyo said his clients could testify. On July 30, 2021, Mr. Restituyo began the deposition of Jose Eladio Castro at approximately 10 a.m. and again abruptly ended the deposition of Mr. Castro shortly after 12 p.m. despite no time restrictions being placed on Mr. Restituyo by any of the other people present at the deposition. It is certainly interesting that Mr. Restituyo prematurely ended the two depositions which he now claims could not be completed because of the deponents themselves.

Shortly after 2:30 p.m. on July 30, 2021, I was notified by my client, Ms. Pizarro that she had received her second dose of the coronavirus vaccine and was already feeling side effects including dizziness, headache, and a fever. At approximately 2:44 p.m., I emailed Mr. Restituyo the other counsel, and another email address from Mr. Restituyo's firm, which had sent the link for the deposition, to advise them of those exact symptoms that my client was experiencing and that based upon the way other people had reacted to the second dose of the coronavirus vaccine, it was unlikely that she would physically be able to testify as planned on July 30th. Based on my client's unexpected illness and her unavailability to continue her deposition, I advised Mr. Restituyo in that same email that I would consent to an extension of discovery for the limited purpose of continuing Ms. Pizarro's deposition for up two hours, even though I calculated that her deposition had already been 5 hours and 14 minutes and he had ended her deposition 19 minutes earlier than necessary. Having heard no response, I followed up with another email to the same parties at approximately 3:44 p.m. to confirm that Mr. Restituyo had received my prior email so that he would not be charged for a canceled deposition. Despite multiple emails, I did not receive a response from Mr. Restituyo or anyone else from his law firm. As Mr. Restituyo failed to confirm

that the deposition was being canceled, I attempted to appear for the remote deposition at 2 p.m. today. However the link I had been sent, indicated that "it appears that this proceeding has been canceled." Had Mr. Restituyo appeared for today's deposition, I would have advised him that my client followed up with me earlier today to advise me that she was so sick that she had been unable to get out of bed and still had a fever, headache and pain and was not in a condition to testify.

While Plaintiff had offered to consent to a limited extension of discovery for up to two hours of her continued deposition, the mischaracterizations and misrepresentations included Defendants' portions of this letter make it impossible for Plaintiff to now consent. Notably, Mr. Restituyo was aware yesterday afternoon that both Mr. Castro's deposition had been ended early by Mr. Restituyo and that Ms. Pizarro was unavailable to be deposed today. Despite this information, and the prior consent of Plaintiff, Mr. Restituyo waited until after 2 p.m. to advise opposing counsel that he was filing the instant letter, was unwilling to change his portions, and made no attempt to meet and confer.

Mr. Restituyo also misleadingly states that Defendants served Plaintiff with two deficiency letters by omitting the essential fact that the first deficiency letter, which was sent at 8:11 p.m. on July 20, 2021, only made specific references to Plaintiff's Interrogatory Responses. The undersigned conducted a meet and confer with Plaintiff on Friday, July 23, 2021 at 12:30 p.m. Prior to the meet and confer, I advised Mr. Restituyo that I was prepared to discuss the specific issues raised in the deficiency letter. While Defendants served Interrogatory Responses and Responses to Defendants' Document Demands by email on June 1, 2021, as well as First Class mail, Defendants waited until the week before Ms. Pizarro's deposition to raise any issues with the responses.

During the meet and confer on July 23, Mr. Restituyo attempted to discuss document demands which had not been addressed in his deficiency letter. I reminded him that I had told him in my email scheduling the call that I was prepared to discuss the specific issues but to have a meaningful meet and confer on document demand responses, he needed to identify the issues as he had done with his 19 bulleted issues for each interrogatory. Mr. Restituyo stated that he had not read my email. I then advised him that I would set up a subsequent meet and confer to address any deficiencies not addressed in his July 23 letter. At the conclusion of the call, I advised Mr. Restituyo that I would supplement the Interrogatory responses where appropriate by Monday morning. Mr. Restituyo warned me that if I did not provide a supplement to his deficiency letter by 5 p.m. on July 23, he would make a motion to compel. Despite the short time frame, I provided Mr. Restituyo with supplemental responses. To date, Mr. Restituyo has not raised any issues with Plaintiff's supplemental responses to the Interrogatories.

Despite my offer to schedule a meet and confer to discuss any purported deficiencies with Plaintiff's responses to Defendants' document demands, Mr. Restituyo never requested to schedule a second meet and confer. On July 28, 2021, at 3:58 p.m., in the middle of the depositions for Defendants, someone in Mr. Restituyo's law firm emailed a second deficiency letter, which noted that the first deficiency letter had referred to the Interrogatories and "For the avoidance of doubt, please find the list of deficient responses provided by your client to our request for document production." The letter made no mention of any additional deficiencies with Plaintiff's Interrogatory Responses. The letter further stated: "We demand that you produce these documents no later than 10:00am" on Friday July 30, 2021. In response to this letter, and in compliance with

Defendants' demand, Plaintiff supplemented her document demand production. At no point in the deficiency letter or since it was sent did Mr. Restituyo or anyone else from his office reach out to request a meet and confer or to discuss the deficiency letter dated July 28, 2021. Mr. Restituyo incorrectly states that Plaintiff resent the documents that Defendants had produced during their production, that is inaccurate.

As discovery is set to close today, Defendants have not attempted to meet and confer regarding any issues raised in this letter, or their apparently anticipated motion to compel, as stated in footnote 4, the Court should deny this request, and fact discovery should close today. As outlined in Plaintiff's pending motion to compel, Defendants have repeatedly refused to act in good faith to resolve discovery disputes and the Court should remind Mr. Restituyo of the potential risk that an attorney who engages in vexatious litigation may be subject to under Rule 11 and/or 28 U.S.C. 1927. Plaintiff advised Mr. Restituyo that it was serving a Safe Harbor Letter yesterday and sereved it today. Despite that, Mr. Restituyo has submitted this motion to the Court.

**Third Party Defendant's Position**

Mr. Castro and Eladio Castro Productions Inc. ("ECP") oppose this request as it is not sought in good faith and includes a number of false statements. Further, the sole reason discovery is not complete is due to Defendants' failure to conduct discovery. Mr. Castro appeared for his deposition, responded to questions propounded by the Defendants' counsel, and then had the deposition cut short due to Mr. Restituyo claiming that the witness needed to be supervised by the Court. Defending counsel made only a couple of speaking objections once Mr. Restituyo started disparaging the witness and attempted to help Mr. Restituyo frame his questions so they could be understood. Now, after receiving a safe harbor letter under Rule 11 sent on behalf of Mr. Castro and ECP, Defendants' counsel wants to multiply the litigation rather than withdraw what his clients admitted during their depositions were specious claims, not founded in any fact or even a reasonable inference. The Court should not allow Mr. Restituyo to continue these wasteful practices after having full opportunity to conduct discovery and now submitting fabricated excuses to justify an extension.

Very truly yours,

Martin E. Restituyo

cc. All Parties (Via ECF)