UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MARIA J. PIZARRO,

               Plaintiff,               DOCKET 20-CV-5783 (AKH)

   -against-

                                         **DECLARATION OF EVAN**
                                         **BRUSTEIN IN OPPOSITION**
                                         **TO DEFENDANTS' MOTION**
                                         **TO COMPEL DISCOVERY**

EUROS EL TINA RESTAURANT LOUNGE AND
BILLIARDS CORP, SANTIAGO QUEZADA, and
SANTIAGO QUEZADA, Jr.,

                               Defendants.

           -and-

JOSE E. CASTRO, ELDAIO CASTRO PRODUCTIONS
INC., EMITON FERNANDEZ a.k.a. EMILIO
FERNANDEZ, NARCISO GOMEZ, ZOLIMAR MEJIA
a.k.a. ZULIMAR MEJIA, and TOMAS ANDRES
PIZARRO ZEPEDA

---

       **EVAN BRUSTEIN**, an attorney duly admitted to practice law in the State of New York, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1.     I am counsel for the plaintiff, Maria Pizarro ("Plaintiff").

2.     On July 23, 2021, defense counsel conducted a 57-minute meet and confer regarding nineteen alleged deficiencies in Plaintiff's response to Defendants' interrogatories.

3. Defendants never moved to compel any of the nineteen alleged deficiencies, so the meet and confer was a success.

4. During the July 23 meet and confer, defense counsel proposed mediation as a means to resolving this action.

5. With respect to any problems defense counsel had with the responses to the document requests at issue, he waited until after Plaintiff's July 27, 2021 deposition, and only two days before discovery was set to close to serve a deficiency letter, dated July 28, 2021.

6. After taking the deposition of both Defendants on July 28, 2021, I felt (and feel) as if I had obtained enough evidence to have their counterclaims dismissed on summary judgment.

7. On July 29, 2021, I had a three-minute call with defense counsel during which I offered to mediate the case if defense counsel would agree to end discovery. Defense counsel said he would talk to his clients but did not expect to end discovery; the conversation was over.

8. The next day, July 30, 2021, Plaintiff produced documents and I served a safe harbor letter.

9. Later that evening, on the last day of discovery, Defendants filed an application asking the Court to, in part, extend the discovery deadline. The application made no mention of Defendants needing to produce any additional documents – only taking three depositions. Within less than a hour, to my amazement, Defendants dumped over 200 documents with no explanation and, more egregiously, no disclosure to the Court in the application.

10. Today during Plaintiff's continued deposition and knowing of the motion's sure defeat because defense counsel failed to meet and confer, I offered to meet and confer when a dispute over her production arose, but defense counsel stated, "We already made a motion."

11. I declare, on this August 20, 2021, and under penalty of perjury, that the foregoing is true and correct.

Dated: August 20, 2021                                          _/s/ Evan Brustein_
                                                                                Evan Brustein