UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA J. PIZARRO,

                Plaintiffs,

           -- against --

EUROS EL TINA RESTAURANT LOUNGE
AND BILLIARDS CORP, SANTIAGO
QUEZADA, and SANTIAGO QUEZADA, JR.,

                Defendants,

           -- and --

JOSE E. CASTRO, ELADIO CASTRO
PRODUCTIONS INC., EMITON FERNANDEZ a.k.a.
EMILIO FERNANDEZ, NARCISO GOMEZ,
ZOLIMAR MEJIA a.k.a. ZULIMAR MEJIA, and
TOMAS ANDRES PIZARRO ZEPEDA.

                Third-Party Defendants.

Civil Action No.
20-CV-5783 (AKH)

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Plaintiff Maria J. Pizarro ("Plaintiff") submits this Memorandum of Law in Opposition to Defendants' Motion to Compel Discovery and respectfully requests that the Court deny, in its entirety, the motion to compel (untimely) filed by Defendants Euros El Tina Restaurant Lounge and Billiards Corp., Santiago Quezada, and Santiago Quezada, Jr. (collectively, "Defendants"):

## INTRODUCTION

Defendants doomed this motion by filing it well after the discovery deadline and without attempting to meet and confer, and defense counsel knows it. After all, consider that (1) he set up and held a 57-minute meet and confer earlier in the case regarding a separate issue, (2) he has seen the type of joint letter the Court requires when filing this motion, and (3) he wrote the application for an extension that the Court denied. The Rule 37 Certification is void of any legitimate mention of a meet and confer. In addition, defense counsel violated the Court's order by filing a late motion yet failed to address "good cause" or even explain the tardiness – additional grounds to deny the motion outright.

Plaintiff submits that defense counsel used this "motion to compel" as a farce to (1) indict Plaintiff and her attorney and (2) give the Court a preview of Defendants' opposition to Plaintiff's impending motion for summary judgment. The tone of the motion exhibits a sense of entitlement – to falsely criticize Plaintiff and her attorney and even question the Court's decisions – seldom seen in federal court. Defense counsel does not care about the documents; if he did, he would have also moved to compel against third-party defendant Jose Castro because, according to defense counsel, "[e]ven though he has not yet produced said documents, Mr. Castro's conduct pales in comparison to that of the Plaintiff." Once the smoke clears, and it will, the Court will see that Defendants are the ones who committed the most egregious actions during discovery.

## STATEMENT OF FACTS

Defense counsel is well aware of the meet and confer requirement. Indeed, on July 23, 2021, he conducted a 57-minute meet and confer regarding nineteen alleged deficiencies in Plaintiff's response to Defendants' <u>interrogatories</u>. (ECF Dkt. No. 100, Defendants' Memorandum of Law in Support of Defendants' Motion to Compel ("Def. Br.") at p. 7) Defendants never moved to compel on any of the nineteen alleged deficiencies, so the meet and confer was a success. (Exhibit 1, Declaration of Evan Brustein ("Brustein Decl.") at ¶¶ 2-3) Notably, during that meet and confer, defense counsel proposed mediation as a means to resolving this action. (*Id*. at ¶ 4) With respect to any problems defense counsel had with the responses to the document requests at issue, he waited until after Plaintiff's July 27, 2021 deposition, and only two days before discovery was set to close to serve a deficiency letter, dated July 28, 2021. (Def. Br. at p. 7; Brustein Decl. at ¶ 5)

After taking the deposition of both Defendants on July 28, 2021, Plaintiff's attorney felt (and feels) as if he had obtained enough evidence to have their counterclaims dismissed on summary judgment. (Brustein Decl. at ¶ 6) On July 29, 2021, Plaintiff's counsel had a three-minute call with defense counsel, during which he offered to mediate the case if defense counsel would agree to end discovery. (*Id*.) Defense counsel said he would talk to his clients but did not expect to end discovery; the conversation was over. (*Id*.) This is what Defendants hang their hats to complete their Rule 37 Certification. (Def. Br. at p. 23)

The next evening, on the last day of discovery, Defendants filed an application asking the Court to, in part, extend the discovery deadline. (Def. Br. at p. 12) Less than an hour later, to Plaintiff's amazement, Defendants dumped over 200 documents with no explanation and, more egregiously, no disclosure to the Court in the application – an example of the constant surreptitious

activity Plaintiff has come to expect and trusts the Court will soon recognize. (Brustein Decl. at ¶ 9) A few days later, the Court refused to extend the discovery date – there was no reason to extend it – and allowed for the depositions to go forward. (Def. Br. at p. 12).

Plaintiff is surprised that Defendants did not move against third-party defendant Jose Castro because, according to defense counsel, "[e]ven though he has not yet produced said documents, Mr. Castro's <u>conduct</u> pales in comparison to that of the Plaintiff." (Def. Br. at p. 4, n. 2) Today during Plaintiff's continued deposition and knowing of the motion's sure defeat because defense counsel failed to meet and confer, Plaintiff's counsel offered to meet and confer when a dispute over her production arose, but defense counsel stated, "We already made a motion."


## ARGUMENT

I.    **THE COURT SHOULD DENY THIS UNTIMELY MOTION TO COMPEL FILED WITHOUT A MEET AND CONFER.**

A.    **Defendants' failure to meet and confer dooms the motion.**

Defendants' motion was dead on arrival because "the failure to meet and confer in good faith with opposing counsel is 'sufficient reason by itself to deny [a party's] motion to compel.'" *Kaye v. New York City Health & Hosps. Corp*., 2020 WL 7237901, at *10 (S.D.N.Y. Dec. 9, 2020) (*quoting Vaigasi v. Solow Mgmt. Corp*., 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)); *Azzarmi v. Key Food Stores Co-Operative, Inc*., No. 20-CV-6835 (GBD) (BCM) (S.D.N.Y. May 3, 2021) (motion to compel dismissed for failure to meet and confer); *Avent v. Solfaro*, 210 F.R.D. 91, 95 (S.D.N.Y. 2002) (same); *see Duran v. ELG Parking, Inc*., No. 18 Civ. 6685 (GBD) (SLC) (S.D.N.Y. Apr. 29, 2021) (application for protective order rejected where moving party failed to comply with the meet and confer requirement); *see Olin Corp. v. Lamorak Ins. Co*., 2021 WL

396781, at *10 (S.D.N.Y. Feb. 4, 2021) (finding that a party's failure to comply with procedural requirements to raise a discovery dispute, including Local Rule 37.2, "dooms" the application). Thus, the Court should deny the motion.

Considering the success of the July 23 meet and confer, Plaintiff does not understand why Defendants would not pick up the phone and talk about the documents, unless this motion is less about the documents and more about poisoning the well.

**B.      Defendants did not even attempt to show the good cause necessary to forgive their late filing, stopping the motion in its tracks.**

Discovery ended two weeks before Defendants filed the instant motion. "[A] party seeking to file a motion to compel after discovery has closed must similarly establish good cause." *Gucci America, Inc. v. Guess?, Inc.*, 790 F.Supp.2d 136, 139-40 (2011) (*citing Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *3 (S.D.N.Y. Aug. 28, 2008)). One of the factors in establishing good cause is giving a satisfactory reason for the delay and the opportunity available to make the motion. *See Gucci*, 790 F.Supp.2d at 140 ("Gucci has attempted to explain its delay in making this request for additional discovery," although the Court denied the motion). Here, defense counsel proffers no reason for the delay. Instead, defense counsel is "sobered" — sounds awfully tongue-in-cheek — by the Court's unwillingness to extend discovery. Indeed, defense counsel has had many opportunities over the past two weeks to mention the discovery responses, but he has failed to do so. Instead, he has played games scheduling the final three depositions, including a charade before the Court this Tuesday.

II.     **PLAINTIFF, AS THE PREVAILING PARTY, IS DUE COSTS AND ATTORNEY'S FEES.**

"[W]hen a motion to compel is denied, the moving party must pay the other party's costs, including fees, unless the motion was substantially justified or other circumstances make an award unjust." *Gropper v. David Ellis Real Estate, LP, et al.*, No. 13 Civ. 2068 (ALC) (JCF) (S.D.N.Y. Feb. 14, 2014) (citations omitted) (attorney's fees awarded to the plaintiff where "there was no justification for the defendants' motion [to compel]."); Fed. R. Civ. P. 37(a)(5)(B).[1] This motion, which was submitted two weeks after the discovery deadline and which should be denied, was not "substantially justified." Therefore, Defendants must pay the costs and attorney's fees of opposing the motion.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion to Compel Discovery in its entirety and grant her attorney's fees, costs, and sanctions for filing a frivolous motion.

Dated: August 20, 2021

                                        **BRUSTEIN LAW PLLC**


                                        _____*/s/ Evan Brustein*_____
                                        Evan Brustein, Esq.
                                        299 Broadway, 17th Floor
                                        New York, New York 10007
                                        Tel:  (212) 233-3900
                                        Fax:  (212) 285-0531
                                        *Attorney for Plaintiff*

---

[1] Defendants' motion for fees and costs fails – if they somehow prevail on this motion – because "[a]n award of costs, including attorney's fees, associated with a motion to compel is warranted whenever a motion to compel is granted, unless the party filing the motion did not meet and confer in good faith before filing the motion…." *Brown v. Barnes and Noble, Inc.*, No. 1:16-cv-07333 (MKV) (KHP) (S.D.N.Y. Aug. 26, 2020) (*citing* Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).