\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

MARIA JOSE PIZARRO,

                               Plaintiff,

   -against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., SANTIAGO QUEZADA,
And SANTIAGO QUEZADA, Jr.,

                             Defendants.

   -and-

JOSE E. CASTRO, ELADIO CASTRO
PRODUCTIONS, INC., EMITON FERNANDEZ
a.k.a. EMILIO FERNANDEZ, NARCISO
GOMEZ, ZOILIMAR MEJIA a.k.a ZULIMAR
MEJIA, and TOMAS ANDRES PIZARRO
ZEPEDA,

                     Third Party Defendants.

------------------------------------------------------------- x

**ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO DISMISS**

20 Civ. 5783 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Maria Pizarro initiated this suit, alleging, among other things, sex-based

discrimination, harassment, and retaliation in violation of Title VII, as well as violations of New

York state and New York City law.  Defendants include Euros El Tina Restaurant Lounge and

Billiards Corp. ("Euros El Tina"), where Plaintiff was employed as the general manager, along

with Santiago Quezada Sr. and Santiago Quezada Jr, who are both principals of Euros El Tina.

        On September 10, 2021 I held a status conference at which I directed the parties

to brief whether I have federal question subject matter jurisdiction in this case, and ordered

discovery stayed until I ruled on the motion.  On October 8, 2021, Defendants filed their motion

to dismiss, invoking both jurisdictional and substantive grounds for dismissal.  Plaintiff opposes.

For the reasons that follow, the motion to dismiss on the basis of F.R.C.P. 12(b)(1) is denied, and the motion to dismiss on the basis of F.R.C.P. is granted and part and denied in part.  Familiarity with the factual and procedural background of the case is assumed.

## I.        LEGAL STANDARD

A Rule 12(b)(1) motion requires the court to determine if it has subject matter jurisdiction over a plaintiff's claim.  Fed. R. Civ. P. R. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may be granted only if the plaintiff fails to prove by a preponderance of evidence that subject matter jurisdiction exists over her complaint.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the nonmoving party's favor.  *Patane v. Clark*, 503 F.3d 106, 111 (2d Cir. 2007).  To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.       THE 12(B)(1) MOTION TO DISMISS

Defendants argue the court lacks subject matter jurisdiction over Plaintiff's federal claims because Defendant Euros El Tina did not constitute an "employer" and Plaintiff was therefore not an "employee" within the meanings of Title VII.  That argument lacks merit.

The Supreme Court has squarely held that the employee numerosity requirement of Title VII is not jurisdictional and instead is a substantive matter.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006) ("We reject [Defendants's position] and hold that the numerical threshold does not circumscribe federal-court subject-matter jurisdiction. Instead, the employee-numerosity requirement relates to the substantive adequacy of [Plaintiff's] Title VII claim").

Thus, even if there is a deficiency in pleading with respect to employee numerosity, it is not properly the subject of a 12(b)(1) defense.

Likewise, the allegation that Plaintiff's status as an employee bars her retaliation claims relates to substantive adequacy. Plaintiff alleges that Defendants retaliated against her by filing frivolous lawsuits in response to her decision to initiate action with the EEOC. Moreover, courts recognize that "Title VII prohibits discrimination against both current and former employees" and that "post-employment retaliation [includes] actions that are designed to interfere with the individual's prospects for employment." *Aslin v. University of Rochester*, 2019 WL 4112130 (W.D.N.Y. Aug. 28, 2019) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997)); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005)). At this point, Plaintiff has cleared that jurisdictional hurdle. Accordingly, the 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is denied.

### III.   THE MOTION TO DISMISS ON 12(B)(6) GROUNDS

Defendants also move to dismiss certain counts of the Complaint on 12(b)(6) grounds. Defendants' arguments fall into six categories, which I address in turn. As explained in more detail below, I grant the motion to dismiss with respect to the claims of religious discrimination, the Title VII claims against individuals, and the claims based on Section 1981, but deny the motion as to the balance of the claims.

#### A.  Religious Discrimination

"[A]ll plaintiffs who seek to make out a prima facie case of religious discrimination must show that '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.'" *Baker v. The*

*Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (quoting *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001)).  With respect to allegations based on religious discrimination, Plaintiff alleges only a single incident which occurred on November 23, 2019, in which Defendant Quezada threw Plaintiff's bible in the garbage and told her it was "bad luck."  Compl. ¶¶ 42–43.  Though the fact that Plaintiff had a bible implies she ascribes to Christianity, there is no allegation of any employment requirement that conflicted with her beliefs.

Likewise, the single alleged incident of a hostile interaction based on religion is not sufficient to make out a prima facie case for a hostile work environment based on religious discrimination.  *See Redd v. New York Div. of Parole*, 678 F.3d 166, 175–76 (2d Cir.2012); *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir.1997).  Accordingly, the portion of the Complaint alleging religious discrimination is dismissed.

### B.  Title VII Claims Against Individual Defendants

In the Second Circuit, individuals with supervisory authority over a plaintiff are not liable under Title VII, even though they can be held liable under the New York Human Rights Law.  *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995); *Patterson v. County of Oneida, N.Y*, 375 F.3d 206, 221 (2d Cir. 2004).  Defendants rightly argue that Title VII does not create a cause of action against individual defendants Quezada Sr. and Queada Jr., and Counts III and IV of the Complaint are dismissed with respect to them.

### C.  Section 1981 Claims

Defendants generally argue that Counts I and II of the Complaint, which are based on 42 U.S.C. § 1981, should be dismissed. Section 1981 only provides a cause of action for race-based discrimination.  *See* 42 U.S.C. § 1981 ("All persons within the jurisdiction of the United

States shall have the same right . . . as is enjoyed by **white** citizens" (emphasis added); *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media*, 140 S.Ct. 1009, 1019 (2020) ("To prevail [on a 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."). Plaintiff does not allege race-based discrimination of any kind, and these counts of the Complaint are dismissed.

### D.  Statute of Limitations

Defendants argue the statute of limitations bars Plaintiff's claims because only acts that occurred after May 17, 2019. That argument is rejected. First, Plaintiff's Complaint alleges that she was subject to sexual harassment "throughout her employment at Euros and continuing until her termination." Compl. ¶ 23. She then provides examples of the type of harassment, including incidents in which "Defendant Quezada would press his penis against [Plaintiff's] butt as he grabbed [her]," "discussed performing sexual acts on the female staff," and one instance in 2019 in which Quezada "began masturbating just feet from Ms. Pizarro." *Id.* ¶¶ 24–33. Though these incidents do not list specific dates, the allegation that incidents of that type continued until Plaintiff was fired is sufficient to survive a laches defense for motion to dismiss purposes. *See Patterson v. County of Oneida*, N.Y, 375 F.3d 206, 220 (2d Cir. 2004).

In any case, successfully asserting a laches defense in a Title VII case requires an employer to establish proof of "'(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 123–24 (2002) (quoting *Kansas v. Colorado*, 514 U.S. 673, 687 (1995)). Defendant has done neither, and merely argued that Plaintiff failed to provide specific dates of harassment. I thus decline to dismiss the Complaint on timeliness grounds.

### E.  Numerosity Requirement as a 12(b)(6) Ground for Dismissal

Defendants do not explicitly argue that the Complaint should be dismissed on 12(b)(6) grounds for failure to sufficiently allege the requisite number of employees.  However, given that they did raise the numerosity requirement as a 12(b)(1) ground, and cited cases referencing dismissal of Title VII causes of action, it is warranted to consider such a claim.  Even so, the Complaint should not be dismissed for failure to sufficiently allege the numerosity requirement.

The Complaint states that "[a]t all relevant times, Euros employed more than four employees and constituted an 'employer' within the meaning of the NYSHRL, the NYCHRL, and Title VII."  However, the EEOC complaint stated that Defendant Euros El Tina had "15 - 100" employees.  Those two statements are not inconsistent, and, drawing inferences in favor of Plaintiff as the non-movant, dismissal would not be warranted.  To the extent it is relevant, the EEOC complaint can be considered as part of the Complaint because Plaintiff "relie[d] on the document's terms and effect when drafting the complaint." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991).  Accordingly, at this stage, dismissal on substantive employee numerosity grounds is not warranted.

### F.  Failure to Allege Adverse Action

Defendants argue that Plaintiff does not sufficiently plead that any adverse action was on the basis of Plaintiff's sex.  However, Defendants also concede that "[t]he question of whether a work environment is sufficiently hostile to violate Title VII is one of fact." *Holtz v. Rockefeller Co.*, 258 F.3d 62, 75 (2d Cir. 2001).  MTD Br. at 13.  The multiple examples Plaintiff provides of instances in which she was harassed are sufficient to present a reasonable

question as to whether a hostile work environment existed. *See id.*; *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); Compl. ¶¶ 23–33.

Defendants also argue, as an affirmative defense, that plaintiff failed to take advantage of available opportunities to alleviate the hostile work environment. First, Defendants acknowledge this operates as an affirmative defense and that the employer bears the burden of proof; it is thus not properly considered as part of a motion to dismiss. *See* F.R.C.P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Second, the affirmative defense requires assessing what action was *reasonable* for Plaintiff to take under the circumstances. *Ellerth*, 524 U.S. at 765. That is at bottom a question of fact best left to a jury. Third, Defendants do not identify what "preventive or corrective opportunities provided by the employer" Plaintiff should have used. *Ellerth*, 524 U.S. 742 at 765. Accordingly, dismissal for any failure to allege adverse action is not warranted.

IV.    CONCLUSION

Defendant's motion to dismiss for lack of subject matter jurisdiction is denied. The motion to dismiss for failure to state a claim is granted with respect to the claims of religious discrimination, the Title VII claims against individuals, and the claims based on Section 1981, but deny the motion as to the balance of the claims. Plaintiff shall file an Amended Complaint to conform the Complaint to the rulings made in this opinion. Leave to amend the Complaint beyond making such changes is denied, per my order dated November 1, 2021. ECF No. 119. The Clerk shall terminate ECF No. 112.

SO ORDERED.

Dated:        February 16, 2022               __/s/ Alvin K. Hellerstein____
              New York, New York              ALVIN K. HELLERSTEIN
                                              United States District Judge