\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
MARIA JOSE PIZARRO,                                          :
                                                             :
                                                             :
                                         Plaintiff,          :
                                                             :
        -against-                                            :
                                                             :
EUROS EL TINA RESTAURANT LOUNGE and                          :
BILLIARDS CORP., SANTIAGO QUEZADA,                           :
And SANTIAGO QUEZADA, Jr.,                                   :
                                                             :
                                         Defendants.         :
        -and-                                                :
                                                             :
JOSE E. CASTRO, ELADIO CASTRO                                :
PRODUCTIONS, INC., EMITON FERNANDEZ                          :
a.k.a. EMILIO FERNANDEZ, NARCISO                             :
GOMEZ, ZOILIMAR MEJIA a.k.a ZULIMAR                          :
MEJIA, and TOMAS ANDRES PIZARRO                              :
ZEPEDA,                                                      :
                                                             :
                             Third Party Defendants.         :
------------------------------------------------------------ x
```

**ORDER REGULATING PROCEEDINGS**

20 Civ. 5783 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On September 10, 2021 I held a status conference at which I directed the parties to brief whether I have federal question subject matter jurisdiction in this case, and ordered discovery stayed until I ruled on the motion. I resolved that issue via my order denying in part and granting in part the motion to dismiss, ECF No. 127, and the case can now proceed. Still pending are two motions to compel—ECF Nos. 84 and 97—filed by the Plaintiff and Defendants, respectively.

### PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion to compel is granted in part and denied in part. Plaintiff's motion seeks to compel the production of 12 categories of documents. Defendants represent

they have already given Plaintiff "all that [they] have" and that Plaintiff has certain documents more readily available to her than do Defendants. Plaintiff is correct that Defendants must produce requested documents, even if Defendants believe Plaintiff at one point had better access to such information. *See* F.R.C.P. 26(a)(1)(E). However, to the extent Defendants have already produced all requested documents in their possession, there can be no production for me to compel. Accordingly, Plaintiff's motion is denied with respect to the categories of documents for which Defendants have produced all responsive documents in their possession.

Plaintiff argues that Defendants must still produce information responsive to five requests because those documents do not directly relate to Plaintiff. That request is granted. The requested categories are the following: "Document Requests 6 (Complaints of Sexual Harassment or Retaliation by Defendants), 14 (Records From Defendants' Productivity Tracking Software), 15 (Documents Regarding Purported Financial Losses), 22 (Employment Policies and Handbooks), and 24 (Video Surveillance of Mr. Quezada)." Pl. Reply Br., ECF No. 94, at 6. Whether Defendants' representation to have produced everything in their possession covers these five categories is unclear. To the extent Defendants have in their possession documents or videos responsive to Document Requests 6, 14, 15, 22 and 24, Defendants must produce such documents or videos within three weeks. I decline to award fees pursuant to F.R.C.P. 37(5)(A)(i)–(iii).

### DEFENDANTS' MOTION TO COMPEL

Defendant's motion to compel is denied without prejudice. The core of Plaintiff's allegations is that Defendants are liable for sexual harassment and creating hostile work environment. These claims bear little relation to Defendants' counterclaims alleging Plaintiff misappropriated money from her employer, other than that the conduct for each parties' claims took place at the same restaurant. Accordingly, Defendants' counterclaims will be resolved after

Plaintiff's claims are resolved.  Once the case reaches that point, Defendants may renew their motion to compel, if it is still necessary.

## CONCLUSION

To summarize, Plaintiff's motion to compel is granted in part and Defendants' motion to compel is denied, without prejudice.  Defendants shall produce the requested discovery, if any is available, to Plaintiff within three weeks of the date of this order.

The parties are ordered to appear for a telephonic status conference on April 29, 2022 at 10:00 a.m., which will take place via the call-in number 888-363-4749 and access code 7518680.  No later than April 27, 2022, at 12:00 p.m., the parties shall jointly submit to the court (via the email address HellersteinNYSDChambers@nysd.uscourts.gov) a list of all counsel expected to appear on the record, along with their contact information.

The Clerk shall terminate ECF Nos. 84 and 97.

SO ORDERED.

Dated:   March 24, 2022               __/s/ Alvin K. Hellerstein____
         New York, New York           ALVIN K. HELLERSTEIN
                                      United States District Judge