**LAW OFFICES OF MARTIN E. RESTITUYO, P.C.**
1325 Avenue of the Americas, 28ᵗʰ Floor, New York, New York 10019

Martin E. Restituyo
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

May 18, 2022

*Via ECF*

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, New York 10007-1312

> Re:  *Pizarro v. Euros El Tina Restaurant Lounge and Billiards, et al.*,
> Case No. 20 Civ. 5783 (AKH)

Dear Judge Hellerstein,

I am counsel for Defendants/Counterclaim/Crossclaim Plaintiffs Euros El Tina Restaurant and Billiards Corp., Santiago Quezada, and Santiago Quezada Jr. (hereinafter "Defendants"). Defendants submit this letter to ask for the Court's reconsideration of certain aspects of the Court's Order Regulating Proceedings dated March 24, 2020 [Doc. No. 130] and in response to Your Honor's request, made in conference on April 29, 2022, as to whether the Defendants would prefer to proceed to trial in front of your Honor or a Magistrate Judge.

*Argument for Partial Reconsideration*

As your Honor is aware, Plaintiff's case against the Defendants is founded on allegations that she was harassed during her employment by the Defendants. To prove her case Plaintiff intends to rely on, among other things, statements made by Jose E. Castro in an affidavit that he submitted in support of this action and on deposition testimony that he provided corroborating Plaintiff's claims.

We have, as you also know, previously alleged that Plaintiff and Mr. Castro were romantically involved and communicated via email and text messages.[1]  We also know that Plaintiff and Mr. Castro specifically communicated regarding the allegations in Plaintiff's complaint, hence the reason why he submitted an affidavit in her support. Nevertheless, both Plaintiff and Mr. Castro have refused to provide any of the communications between them during the relevant time period.

---

[1] As the Court is aware the Defendants were able to retrieve some of these communications from the Defendants' computer located at the Defendants' business.

Defendants believe that this key piece of evidence is imperative to be able to defend their action against the Plaintiff and to rebut Mr. Castro's testimony in her support. Moreover, the Defendants have been asking for this information since commencement of discovery. Note that in Defendants' First Document Demand to Plaintiff, served on April 9, 2021, they requested among other things "all communications between Plaintiff and [a. Jose Eladio Castro] during the Relevant Time Period." Exhibit 1 at Document Request 15. In her response to these demands dated June 1, 2021, the Plaintiff objected to this request and instead of producing communications referenced an affidavit submitted by Mr. Jose E. Castro in support of Plaintiff's claims. See Exhibit 2 at Document Request 15 and Response. After the Defendants sent the Plaintiff a Notice of Deficiency letter on July 28, 2021, the Plaintiff stood her ground responding via email dated July 30, 2021, that "Plaintiff stands by her previous objections and states that the documents sought are not relevant and/or already in Defendants possession as noted in your July 28, 2021 letter." Exhibit 3. To be clear, Defendants do not have email nor text communications between the Plaintiff and Mr. Castro during the relevant time period and Plaintiff was fully aware of this at the time of writing that email

Mr. Castro was also asked to "[p]rovide all communications between [himself] and Plaintiff" during the relevant time period. See Exhibit 4 at Document Request 5. He also failed to provide any response to this demand. See Exhibit 5.[2]

Notwithstanding, the importance of this evidence, it appears that when bifurcating Plaintiff's action and Defendants' counterclaims the Court may have inadvertently overlooked the significance of this key piece of information that is vital to Defendants defense against Plaintiff's claims. Thus, to that end, we ask that Your Honor please consider revising the Court's decision of March 24, 2022, which denied the Defendants' entire motion to compel without prejudice. See Doc. 130.

### *Follow up to request to conduct trial before a Magistrate Judge*

Next, the Defendants' have contemplated the Court's request to consider whether they would prefer to proceed to trial in front of Your Honor or in front of a Magistrate Judge. Understanding, as the Defendants do, that a trial in front of a Magistrate Judge would be more expedient, and also having the desire to end this section of the case as quickly as possible, Defendants nevertheless feel that it is in their best interest to proceed with Your Honor until the final resolution of this case. To be sure, to the extent that an accurate and consistent record of the Court's actions is necessary to preserve the Defendants' rights, they would prefer that Your Honor, who is thoroughly familiar with this case, continue to preside over this matter.

---

[2] Note that no motion to compel seeking these documents was made with respect to Mr. Castro as the Defendants were acting in accordance with the Court's strict admonition (as expressed in a court conference on September 10, 2021) against making any other discovery related motions pending its decision on the issue of subject matter jurisdiction.

We thank the Court for its attention to this matter. Should Your Honor have any questions or concerns please do not hesitate to ask.

Very truly yours,

Martin E. Restituyo

cc.     All Parties (Via ECF)