\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
MARIA JOSE PIZARRO,

                               Plaintiff,

    -against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., SANTIAGO QUEZADA,
And SANTIAGO QUEZADA, Jr.,

                            Defendants.
    -and-

JOSE E. CASTRO, ELADIO CASTRO
PRODUCTIONS, INC., EMITON FERNANDEZ
a.k.a. EMILIO FERNANDEZ, NARCISO
GOMEZ, ZOILIMAR MEJIA a.k.a ZULIMAR
MEJIA, and TOMAS ANDRES PIZARRO
ZEPEDA,

                     Third Party Defendants.

------------------------------------------------------------- x

**ORDER REGULATING PROCEEDINGS**

20 Civ. 5783 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On May 20, 2022 I held a status conference at which I directed the parties to submit a letter, pursuant to Rule 2E of my Individual Rules, addressing the remaining discovery disputes. On June 10, 2022—the deadline for submitting the 2E letter—the parties submitted two distinct letters. Although the parties failed to comply with Rule 2E and my instructions at the status conference, their letters are largely similar. Having considered both letters, I resolve the disputes as follows.

    **I. Communications between Plaintiff and Third Party Defendant Castro**

        Defendants seek reconsideration as to their discovery demands regarding communications between plaintiff and Jose Castro, a witness for the plaintiff and a third-party

1

defendant. In my order dated May 20, 2022, I directed Plaintiff, Plaintiff's counsel, Castro, and Castro's counsel to file sworn affidavits attesting "that diligent search has been made for all responsive documents, that full production has been made, and that there are no further documents in Plaintiff's possession, custody or control responsive to Defendants' demand." ECF No. 137. Each has now done so. Plaintiff also produced ten responsive documents that had not been previously produced.

I decline to compel further production. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (district courts have "broad latitude to determine the scope of discovery and to manage the discovery process."). Defendants argue that the sworn affidavits are untrue because there are inconsistencies between the communications each of Plaintiff and Castro has produced. In response, Plaintiff and Castro claim that any inconsistencies exist because certain communications have been deleted or lost through resets to electronic devices. In light of the sworn affidavits and the representations of Plaintiff and Castro, Defendants' request for access to all the phone records and computers belonging to Plaintiff and Castro is too broad. Such a request amounts to a fishing expedition. *See Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002). No further discovery is necessary to proceed to trial on Plaintiff's claims, and Defendants' request is denied.

## II. Defendant's Discovery Demands against Plaintiff

Defendants request that I compel Plaintiff and Castro to produce certain documents in response to the discovery demands Defendants served. In their motion to compel, Defendants sought three categories of documents, which Defendants grouped as follows: (1) "Documents necessary to refute the Defense that The Money Sent by Plaintiff was hers" (Request Nos. 11, 12, 13, 14); (2) "Documents necessary to prove how much of Defendants' money Plaintiff and the third party defendants laundered," divided into subcategories of "Production of all information related to money being sent abroad" (Request Nos. 17, 18) and

"Production of all communications related to the money that was sent abroad" (Request Nos. 15, 16); and (3) "Documents related to Plaintiff's complaints to the authorities" (Request No. 19). Def. Mot. to Compel, ECF No. 100, at 13–21.  Now, Defendants additionally seek to compel production of documents related to Requests Nos. 6, 8, 9, and 20.

In assessing a motion to compel, "it is incumbent upon the moving party to provide the necessary connection between the discovery sought and the claims or defenses asserted in the case." *United States v. Novartis Pharmaceuticals Corp.*, 2014 WL 6655703, at *3 (S.D.N.Y. Nov. 24, 2014).  Defendants have not carried that burden here.

To begin, I decline to order any production related to Request Nos. 6, 8, 9, or 20 because Defendants did not raise those requests in their initial motion to compel.  *See Mirra v. Jordan*, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016) (citing *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999).  With respect to Defendants' other requests, the gravamen of Defendants' counterclaims is that Plaintiff and a group of other individuals stole money from Defendants' business and then sent that money to Plaintiff's contacts abroad.  To prevail on any of their claims, Defendants will be required to prove that Plaintiff or the alleged coconspirators misappropriated money that belonged to Defendants.  Defendants' wide-ranging requests, which appear to be based on speculation and conjecture, are impermissible attempts to gain access to Plaintiff's sensitive information.  *Surles v. Air France,* 2001 WL 815522, at *4 (S.D.N.Y. July 19, 2001).

Plaintiff's bank account information (Request No. 11), tax statements (Request No. 13), and wire transfers (Request Nos. 17 and 18) will not indicate whether any money was taken improperly from Defendants.  Similarly, evidence of other "income producing activity" (Request No. 12) or "receipt of any non-employment related sums of money" (Request No. 14) will not indicate whether that money originally belonged to Defendants.  Communications regarding Christian Darren (Request No. 16), a person or entity that may have defrauded Plaintiff

3

and received money from her, will not indicate whether any such money was wrongfully taken from Defendants. Likewise, any complaints to the FBI or other authorities (Request No. 19), whether regarding Christian Darren or otherwise, have nothing to do with Defendants' counterclaims.

Defendants' request for all communications between Plaintiff and sixteen other individuals and corporate entities is incredibly broad (Request No. 15). The request seeks all such communications during the "relevant period," which spanned the more than seven-year period from January 2014 to the summer of 2021. Although it is conceivable that communications between Plaintiff and the listed entities during that time may reveal information relevant to Defendants' counterclaims, the sweeping breadth of the requests belies any legitimate basis for making the demands as written. Such a request is so broad that that it would constitute an unreasonable burden on Plaintiff, with little reason to believe any production would include particular communications tending to prove or disprove the counterclaims. *See Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008) ("a court may place limits on discovery demands . . . where the burden or expense of the proposed discovery outweighs its likely benefit."); *see* Fed. R. Civ. P. 26(b)(2)(C).

Of course, to the extent Plaintiff knows of or has in her possession any documents, information, or other evidence that she may use to support her claims or defenses, Rule 26 requires production of such information. *See id*. Any communications, documents, or other information Plaintiff has not produced within two weeks of the date of this order will not be considered in any summary judgment motion and will not be admitted at trial.

### III. Defendant's Discovery Demands against Castro

As with their requests to Plaintiff, Defendants have failed to satisfy their burden to sufficiently explain why the discovery sought is either (1) sufficiently connected to the

4

counterclaims, and (2) still unproduced.  *See Novartis Pharmaceuticals Corp.*, 2014 WL 6655703, at *3.

Defendants identify six categories of information that they purportedly still require from Third Party Defendant Castro and his company, Eladio Castro Productions, Inc. ("Productions").  Specifically, Defendants seek the following:

1. Bank information (Request Nos. 8 and 12 to Castro, Request No. 9 to Productions);
2. Documents related to "income producing activities" (Request No. 13 to Castro, Request No. 11 to Productions);
3. Documents related to "receipt of non-employment sums of money" (Request No. 14 to Castro, Request No. 13 to Productions);
4. Documents related to any business in Castro had an interest (Request No. 17 to Castro);
5. Any agreements between Castro's company and Plaintiff (Request No. 10 to Productions); and
6. All receipts for the transmission of money by Castro or his company on behalf of Plaintiff (Request No. 15 to Castro, Request No. 14 to Productions).

First, Castro represents he already has made, or will make, certain of his bank statements available to Defendants.  To the extent necessary, Castro shall produce the identified bank statements to Defendants; no further production of bank statements from either Castro or Productions will be necessary.

With respect to the second and third request, as with the requests made to Plaintiff, the requests for documents and information related to "income producing activities" and "receipt of non-employment sums of money" are far too broad and will not indicate whether any such money originally belonged to Defendants.  *See Surles*, 2001 WL 815522, at *4.  The same is true of the fourth request.  As to the fifth and sixth requests, Castro represents that he has already produced all such documents in his possession; accordingly, there is no need to order further production.

5

## IV. Sanctions

Plaintiff requests that I impose sanctions on Defendants' counsel for violation of Rule 11(b) of the Federal Rules of Civil Procedure. Plaintiff's request is denied. In the letters submitted to the Court, Plaintiff both indicates she intends to file a motion for sanctions and requests that I impose sanctions based on the arguments raised to date. While Plaintiff claims that Defendants' counsel has made "repeated misrepresentations," Plaintiff identifies only one: a statement by Defendant's counsel that Plaintiff had sent discovery via paper mail rather than electronically. Defendant maintains that its representation was accurate. In any case, that single example is far from sufficient to justify imposing Rule 11 sanctions. *See Antolini v. McCloskey*, 335 F.R.D. 361, 364 n.1 (S.D.N.Y. 2020) ("Courts maintain a high bar for establishing a Rule 11 violation given judicial concern for encouraging zealous advocacy.") (quoting *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 2019 WL 1244493, at *7 (S.D.N.Y. Mar. 18, 2019)).

## Conclusion

To summarize, Defendants' requests to compel production are denied. Plaintiff's request to impose Rule 11 sanctions on Defendants' counsel is denied.

The Clerk shall terminate ECF Nos. 136 and 139.

SO ORDERED.

Dated: July 25, 2022          __/s/ Alvin K. Hellerstein____
New York, New York        ALVIN K. HELLERSTEIN
                          United States District Judge