**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIA JOSE PIZARRO

                      Plaintiff,

-against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., SANTIAGO QUEZADA, And
SANTIAGO QUEZADA, Jr.,

                      Defendants.

Case No. 1:20-cv-05783-AKH

**DEFENDANTS' REQUEST TO CHARGE**

There are several factual issues that you will be asked to determine at this trial. Plaintiff bears the burden of proof on these issues. However, on some of the issues the burden of proof is shifted to the Defendants, or the Defendants otherwise bear the burden of proof. I will instruct you in this regard. The issues that must be resolved by you are as follows:

**1. Employment Discrimination**

In this case, the plaintiff, Maria Jose Pizarro claims that in her employment each of the Defendants discriminated against her because of her gender.

To succeed on this claim against the Defendants, Plaintiff must prove each of the following facts by a preponderance of the evidence:

    a. That she is a member of a protected class;

    b. That she was qualified for the position that she held;

    c. That she suffered an adverse employment action, such as termination or demotion, or failure to get a promotion or get a raise increase;

If you determine that the Plaintiff has suffered an adverse employment action, you must further determine whether:

    d. Said adverse employment action was caused by her employer (i.e. one of the defendants);

      e. The adverse employment action occurred under circumstances giving rise to an inference of discrimination;

      f. Finally, if you determine that there was an adverse employment action that gives rise to an inference of discrimination, you must next determine whether this action was commenced in a timely manner.

           i. In New York the statute of limitations for filing a charge of discrimination with the EEOC is 300 days. So any claim that pre-dates May 17, 2019 (300 day from the date that the complaint was filed on March 11, 2020) must be dismissed, unless the plaintiff can establish

                1. an ongoing policy of discrimination, and

                2. an act of discrimination within the statutory period.

If the jury determines that there was an ongoing policy of discrimination, followed by an act during the statutory period, then all acts of discrimination are considered timely. However, if the jury finds that the acts of discrimination were each discrete in nature and not part of an ongoing policy, then only the acts of discrimination within the statutory period are actionable.

## 2. Sexual Harassment

Plaintiff has also brought claims for sexual harassment against each of the Defendants. Here, though, instead of claiming adverse employment action, Plaintiff claims that she was subjected to a hostile work environment.

In order to establish that she was subjected to a hostile work environment, Plaintiff must establish:

    a. That she was harassed,

    b. that the harassment was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment"; and

    c. a specific basis for imputing the hostile work environment to the employer.

Title VII does not apply to individuals, only to the company employer.

An employer is presumed to be responsible for a hostile work environment where the perpetrator of the harassment was a supervisor with immediate, or successively higher, authority over the employee.

However, if the supervisor's alleged harassment did not result in a "tangible employment action" against the employee, that is, a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits," the defending employer may avoid liability if it can show,

    d. that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and

    e. the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise

3. **Retaliation**

Plaintiff has also brought claims of retaliation against each of the Defendants.

In order to succeed in a claim of retaliation Plaintiff must establish:

    a. That she was an employee or an applicant for employment,

    b. that she exercised a protected right, and

    c. that Defendants retaliated against her because she exercised that right.

4. **Aiding and Abetting**

Lastly, Plaintiff brings claims of aiding and abetting against the individual defendants, Santiago Quezada Jr. and Santiago Quezada Sr.

In order to establish a claim of aiding and abetting the Plaintiff must establish that:

    a. The party was aware of the alleged conduct, and

    b. acted in concert with the other party in furtherance of that conduct.

A party that does not know of the alleged conduct cannot be said to be aiding and abetting the commission of the discriminatory conduct.

A party that acts alone cannot be said to be aiding and abetting himself.

5. **Damages**

If you find that the Plaintiff has proved by a preponderance of the evidence all of the elements of her claim, then your verdict must be for the Plaintiff, and you must determine the damages that the Plaintiff is entitled to recover.

The measure of damages is the difference in opportunity cost suffered by the Plaintiff by not being promoted, being demoted, or being fired from an otherwise more meritorious position.

There has been no evidence here of psychological harm sufficient to compensate for emotional distress.

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages.

6. **Burden of Proof — Preponderance of the Evidence**

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of

the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

The party with this burden of proof needs to prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind. A preponderance of the evidence is a lesser standard than proof beyond a reasonable doubt. The party with a burden of proof in this matter need only prove that its contention is more likely to be true than not true.

However, if you find that the credible evidence on a given issue is divided between the parties – that it is equally probable that one side is as right as it is that the other side is right – then you must decide the issue against the party having this burden of proof.

Dated:  New York, New York
October 9, 2023

/s/Martin E. Restituyo
Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
restituyo@restituyolaw.com
*Attorney for Defendants*