IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JOSE PIZARRO<br><br>         Plaintiff,<br>-against-<br><br>EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP., SANTIAGO QUEZADA, And SANTIAGO QUEZADA, Jr.,<br>         Defendants. | No. 1:20-cv-05783-AKH |

## DEFENDANTS' PRETRIAL MEMORANDUM

The Defendants, Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros"), Santiago Quezada ("Santiago"), and Santiago Quezada, Jr. ("Santiago Jr.") (collectively, "the Defendants"), submit the instant pre-trial memorandum to describe their position with respect to the claims alleged by the plaintiff, Maria Jose Pizarro (the "Plaintiff") in her complaint.

## STATEMENT OF RELEVANT FACTS

For purposes of this document, Defendants assume the Court's familiarity with the facts as alleged in Plaintiff's complaint [Docket No. 1]

## ARGUMENT

### I. PLAINTIFF CANNOT ESTABLISH EMPLOYMENT DISCRIMNATION

In order to recover under a claim of employment discrimination, the Plaintiff carries the burden of establishing, by a preponderance of the evidence, that:

1. she is a member of a protected class;
2. she was qualified to hold the position;
3. she suffered an adverse employment action;
4. was caused by her employer;
5. the adverse employment action occurred under circumstances giving rise to an inference

1

of discrimination;

6. she exhausted her administrative remedies; and

7. her claims were brought within the requisite statute of limitations.

### a. Plaintiff Cannot Establish That She Suffered An Adverse Employment Action Or That Her Separation From Employment Gives Rise To An Inference Of Discrimination.

Plaintiff cannot point to any termination or other adverse employment action during the entire period of her employment. To be sure, the Plaintiff worked from the first day that the business opened until its last day of operation, when the doors were closed by the fire department due to a safety issue. The entire time that she was employed, Plaintiff maintained the highest position possible at the business.

To the extent that Plaintiff argues that the fire department's shutting down of the business was merely used as a pretext for discrimination, she must show that the real reason for the termination was false and that the discrimination was the real reason. " *Forrest v. Jewish Guild*, 3 N.Y.3d 295, 305 (N.Y. 2004). See also, *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 114 (N.Y. App. Div. 2012) (noting that "the burden of persuasion of the ultimate issue of discrimination always remains with the plaintiff[ ]"

Plaintiff cannot meet her burden of establishing a non-discriminatory reason for her termination. Thus, Plaintiff cannot establish employment discrimination.

### b. Plaintiff Cannot Establish Claims Against The Individual defendants

Even if Plaintiff could establish a claim for discrimination under the Title VII, she cannot do so against the individual defendants. *See Patterson v. County of Oneida, N.Y*, 375 F.3d 206, 221 (2d Cir. 2004) ("Before reaching the substance of Patterson's Title VII claim for unlawful termination, we note that `individuals are not subject to liability under Title VII.'") (quoting

*Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir. 2000)). "It is axiomatic that Title VII does not provide a cause of action against individual defendants." *Zhao v. State Univ. of N.Y.*, 472 F.Supp.2d 289, 320 (E.D.N.Y. 2007) *see, e.g., Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII "), *abrogated on other grounds by Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

### c. Plaintiff Must Establish That At Least One Of Her Claims For Discrimination Falls Within The Statute Of Limitation And Was Part Of An Ongoing Policy

A plaintiff may bring a claim under Title VII only for acts of discrimination that occurred within the statutory period set by 42 U.S.C. § 2000e-5(e)(1). *Patterson v. County of Oneida, N.Y*, 375 F.3d 206, 220 (2d Cir. 2004). In New York the statute of limitations for filing a charge of discrimination with the EEOC is 300 days. *Starr v. Time Warner, Inc.*, 07 Civ. 5871 (DC), at *5-6 (S.D.N.Y. Nov. 21, 2007)

"Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone*." Lambert v. Genesee Hospital*, 10 F.3d 46, 53 (2d Cir. 1993), cert. denied, 511 U.S. 1052, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994).

To establish a claim within the continuing violation exception, a plaintiff must at the very least establish that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period. *See generally Cornwell v. Robinson*, 23 F.3d 694, 703-04 (2d Cir. 1994). A claim of hostile work environment is timely so long as one act contributing to the claim occurred within the statutory period; if it did, "the entire time period of the hostile environment may be

considered by a court for the purposes of determining liability." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (" Morgan").

However, § 2000e-5(e)(1) "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period," even if other acts of discrimination occurred within the statutory time period. *Morgan*, 536 U.S. at 105, 122 S.Ct. 2061 (emphasis added). Thus, the mere fact that an employee was dismissed within the statutory period cannot be used "to pull in [a] time-barred discriminatory act," *id*. at 113, 122 S.Ct. 2061, for "`continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination,'" *id*. at 112-13, 122 S.Ct. 2061 (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 257, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)).

Plaintiff filed her complaint with the EEOC on March 11, 2020. As a result, the Statute of limitations extends back only to May 17, 2019. Plaintiff must show that there was an act of discrimination within the statutory period and that said act was part of a continuous course of conduct sufficient to tie in all previous acts of alleged discrimination. Plaintiff cannot do that here.

## II.   PLAINTIFF CANNOT ESTABLISH HER CLAIMS OF SEXUAL HARASSMENT

Since Plaintiff cannot establish termination or any other adverse employment action leading to the inference of discrimination, she must rest her hat on the concept of hostile work environment.

To prevail on a claim of hostile work environment, a plaintiff must establish two elements:

1. that the harassment was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment" *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 21 (1993) (internal quotation marks omitted); and

      2. a specific basis for imputing the hostile work environment to the employer. *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002)

An employer is presumed to be responsible for a hostile work environment where the perpetrator of the harassment was a supervisor with immediate, or successively higher, authority over the employee. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). However, if the supervisor's alleged harassment did not result in a "tangible employment action" against the employee, that is, a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits," id. at 763, the defending employer may avoid liability if (a) it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) . . . the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.* at 765. Such circumstances constitute an affirmative defense on which the employer bears the burden of proof. *Id.*

Here, Plaintiff cannot establish that any of the alleged conduct altered her conditions of employment, sufficient to say that it was an "abusive work environment." Moreover, Plaintiff must explain why over the entire 10-year period of employment she failed to take any corrective action, and instead only filed a claim for discrimination after the business was permanently closed.

### III. PLAINTIFF CANNOT ESTABLISH A CLAIM OF RETALIATION

In order to establish a claim of retaliation Plaintiff must show that she was either an employee or an applicant for employment at the time of the alleged retaliatory conduct. See 42 U.S.C.A. §2000e-3(a) (that it "shall be unlawful employment practice for an employer" to discriminate against "employees or applicants for employment," for retaliatory reasons.); see also

*McFadden v. County of Monroe*, 672 Fed. Appx. 81 (2d Cir. 2016) (noting that a 42 U.S.C.A. 1981 claim includes the same substantive elements as a Title VII retaliation claim—including an "adverse employment action.")

Because the Plaintiff was neither an employee nor an applicant, she is unable to allege that there was "a materially adverse action." *Rivera v. Rochester Genesee Regional Transp. Auth.,* 743 F.3d 11, 24 (2d Cir. 2014).

### IV. PLAINTIFF CANNOT ESTABLISH AIDING AND ABETTING AGAINST SANTIAGO QUEZADA Jr. OR SANTIAGO QUEZADA Sr.

In order to establish the claim of aiding and abetting of discriminatory conduct, the Plaintiff must first establish that one party was aware of the allegedly discriminatory conduct and that this person "aided and abetted" another person in the commission of said discriminatory conduct.

Plaintiff has not even alleged that Santiago Quezada Jr. knew what was happening let alone that he was complicit in the alleged conduct.

Aiding and abetting requires the participation of at least two people acting in concert. So even if it can be established that Santiago Quezada Sr. engaged in the conduct alleged, he cannot "aid and abet" himself in the commission of the acts alleged.

Thus Plaintiff cannot establish aiding and abetting.

### V. PLAINTIFF CANNOT ESTABLISH ANY HARM

More than just a theoretical exercise, Plaintiff must establish that she suffered actual financial or other harm from the conduct alleged herein.  Here other than certain vague allegations of emotional distress, Plaintiff can demonstrate no actual financial or other harm resulting from the alleged conduct.

## CONCLUSION

For the reasons set forth above, the Plaintiff's claims of discrimination, sexual harassment, retaliation and aiding and abetting must fail. Moreover, Plaintiff cannot establish any actual harm resulting from the claims alleged.

Dated: New York, New York
October 9, 2023

/s/Martin E. Restituyo
Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
restituyo@restituyolaw.com
*Attorney for Defendants*