IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JOSE PIZARRO

                           Plaintiff,

            -against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., SANTIAGO QUEZADA, And
SANTIAGO QUEZADA, Jr.,

                          Defendants.

No. 1:20-cv-05783-AKH

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
AND IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE***

The Defendants, Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros"), Santiago Quezada ("Santiago"), and Santiago Quezada, Jr. ("Santiago Jr.") (collectively, "the Defendants"), submit the instant Memorandum of Law in Support of Defendants' Motion in Limine and in opposition to Plaintiff's Motion.

**PRELIMINARY STATEMENT**

This action was commenced by plaintiff seeking to pursue claims of, among other things, employment discrimination, sexual harassment, failure to provide wage statements, failure to provide sick leave, retaliation, and aiding and abetting against the Defendants.

From the beginning it has been Plaintiff's intent to sully Santiago Quezada's Sr.'s name by making all sorts of claims, some of which have since been withdrawn. Plaintiff now seeks to further her attacks against Quezada Sr. by trying to question him regarding irrelevant and minimally probative matters with the sole intent of prejudicing the jury against the Defendants.

Plaintiff should be precluded from asking questions regarding Quezada Sr's conviction, that occurred in 1999, because it is prejudicial and completely unrelated to the allegations herein. Equally Plaintiff should be precluded from discussing the *Luna* case, altogether.

Conversely, Defendants should be entitle to answer questions regarding documents obtained from the Defendants' computer at the Defendants' place of business.

## ARGUMENT

### I. PLAINTIFF SHOULD BE PRECLUDED FROM ASKING QUESTIONS ABOUT SANTIAGO QUEZADA SR.'S CONVICTION FROM 1999

As Plaintiff explained in her opening brief, in 1999 Defendant Quezada Sr. was caught and convicted of trying to smuggle his own money out of the country. He was found guilty of lying on a government form because he declared to be in possession of $10,000 when in fact it was significantly more.

This line of questioning should be precluded as irrelevant and prejudicial. Fed. R. Evid. 403 notes that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

Nothing about the conviction makes it more probably that Quezada Sr. would commit employment discrimination, sexual harassment or any of the other claims that Plaintiff alleges. The sole purpose of trying to include evidence of a 24-year-old unrelated conviction is to try to unfairly prejudice the jury against Quezada Sr. Thus, all questions concerning this topic should be excluded.

At best, Plaintiff should only be allowed to use it on rebuttal if Quezada Sr. suggests that he has never lied before.

II. **PLAINTIFF SHOULD BE PRECLUDED FROM DISCUSSING THE CASE OF** *Luna v Quezada*, **et al., 20-cv-1575**

Any reference to the case of *Luna v Quezada*, et al., 20-cv-1575 (hereinafter the "*Luna*" case) should be precluded and no instruction should be given with respect thereto. Even if it could be argued that the case is admissible to establish retaliation, which it cannot, mention of the case should be precluded because it will have the effect of "creating unfair prejudice, confusing the issues, [and] misleading the jury." See Fed. R. Evid. 403.

To be clear, Plaintiff's only legitimate basis for discussing the *Luna* case is the possibility that it may lead to an inference of retaliation. However, the *Luna* case is a Fair Labor Standards Act case that has nothing to do with the claims herein. There, Mr. Quezada's attorney at the time sought to include the Plaintiff in the action where (1) she met the definition of an employer under the FLSA and (2) she hired, set the schedules for, and paid all of the employees involved in that action. Ultimately, Mr. Quezada's attorney realized that was an improper course of action and withdrew his claims against the Plaintiff. Plaintiff suffered no harm.

The problems with discussing the *Luna* case are: 1) that Plaintiff suffered no harm, and 2) Plaintiff seeks to imbue Mr. Quezada personally with legal knowledge that he does not have.

Indeed, for an inference of retaliation against Mr. Quezada to be drawn based on the actions of the *Luna* case, it would first have to be established that Mr. Quezada personally had the legal knowledge necessary to know that such an action would be futile before it was commenced, that he filed the action with the intent of harming the Plaintiff, and that as a result of his action the Plaintiff was actually harmed.

Given the difficulties in establishing the above, the likelihood of confusing the jury, and the minimal probative value that the *Luna* case holds, the Court should exclude all testimony related thereto pursuant to Fed. R. Evid. 403.

### III. DEFENDANTS SHOULD BE PERMITTED TO ASK THE PLAINTIFF QUESTIONS REGARDING DOCUMENTS OBTAINED FROM DEFENDANTS' COMPUTER IN DEFENDANTS' OFFICE

Defendants seek to question the Plaintiff about certain documents found in Defendants' computer located in Defendants' office. The information that Defendants seek to question Plaintiff about are emails and text messages stored by the Plaintiff in Defendants' computer that shed light as to her character and, more importantly, her relationship to the witnesses seeking to testify on her behalf. It goes directly to the credibility of the witnesses.

Plaintiff seeks to preclude this evidence based on an argument already made and discounted by this Court with respect to the Stored Communications Act. Though the Court's decision is already law of the case, that should not be revisited, Plaintiff's current argument should nevertheless be dismissed because it lacks merit. As demonstrated below, The Stored Communications Act has nothing to do with the fact pattern in this case, and Plaintiff's sole intent is to seek the preclusion of admissible, relevant evidence that goes directly to the heart of witness (at least 2 of them) credibility in this action.

The Stored Communications Act makes it a violation of law for a person to "(1) intentionally accesses without authorization a facility through which an electronic communication service is provided . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system. " 18 U.S.C. § 2701(a)(1). The Act "aims to prevent hackers from obtaining, altering or destroying certain stored electronic communications." *In re DoubleClick Inc. Privacy Litigation*, 154 F.Supp.2d 497, 507 (S.D.N.Y. 2001) (citing *Sherman Co. v. Salton Maxim Housewares, Inc*., 94 F.Supp.2d 817, 820 (E.D.Mich. 2000)). The majority of courts, which have addressed the issue, have determined that e-mail stored on an electronic communication service provider's systems after it has been delivered, as opposed

to e-mail stored on a personal computer, is a stored communication subject to the SCA. *See United States v. Councilman*,418 F.3d 67, 79 (1st Cir. 2005) (*en banc*) (describing in detail the nature of e-mail, and concluding that "the term `electronic communication' includes transient electronic storage that is intrinsic to the communication process for such communications."). In *DoubleClick*, the district court defined the term "electronic communication service" to apply to ISPs and telecommunication companies which provide the means upon which Internet communications travel. *DoubleClick,* 158 F.Supp.2d at 508, 511 n. 20

Here, notwithstanding Plaintiff's intent to twist his words, Quezada Jr. made it clear that the documents obtained from the Plaintiff were only those stored on Defendants' work computer. *See Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 554 (S.D.N.Y. 2008), (In finding a violation of the Act the Court clarified – [i]t is important to note from the outset, that this is not a situation in which an employer is attempting to use e-mails obtained from the employer's own computers or systems. Rather, the e-mails at issue here were stored and accessed directly from accounts maintained by outside electronic communication service providers.) *See also Front, Inc. v. Khalil*, 2013 N.Y. Slip Op. 31613, 8-10 (N.Y. Sup. Ct. 2013)("[A]n employer's computer hard drive (as well as the employer's own computer system) does not constitute an electronic communication service provider, and, thus, is not the focus of the SCA.") *citing Hllderman v Enea TekSci, Inc*., 551 F Supp 2d 1183, 1204-1205 (SD Cal 2008)(emails stored on a hard drive do not constitute "electronic storage" for the purposes of the SCA).

Plaintiff's reliance on this Court's decision is *Seltzer v Clark Associate, LLC*, No. 20-CV-4685 (AKH), 2021WL396633 at *1-2 (S.D.N.Y. Feb. 4, 2021) is unwarranted. There, consistent with precedent and citing the plaintiffs' complaint at ¶¶ 39-43, 49-53 (which says, among other

things that defendants directed "the Firm's computer network Cloud service provider [to] . . . access and wipe all data from [plaintiff's] personal computer systems" (Comp. ¶ 52); and that "[plaintiff] discovered that his personal Gmail email account had been remotely accessed by Defendants . . . and that the data stored within was tampered with and/or deleted" (Comp ¶ 40)) the court determined that the "Complaint plausibly pleads that Defendants intentionally accessed certain third-party ISP systems without authorization." *Id*. . That is not the case here, where Mr. Quezada Jr.'s conduct is confined solely to documents saved on Defendants' computer as a result of the Plaintiff's activities on that computer.

Thus, for the reasons stated above, Defendants should be permitted to question Plaintiff and her witnesses regarding the documents found on Defendants' computer in Defendants' office.

## CONCLUSION

For the reasons set forth above, Plaintiff should be precluded from asking questions about Quezada Sr.'s 1999 conviction or the *Luna* Case. Equally Defendants should be allowed to question the witnesses about documents found on Defendants' Computer at Defendants' office.

Dated:  New York, New York
        October 10, 2023

>                             */s/Martin E. Restituyo*
>                             Martin E. Restituyo, Esq.
>                             Law Offices of Martin Restituyo, P.C.
>                             1325 Avenue of the Americas, 28th Floor
>                             New York, New York 10019
>                             restituyo@restituyolaw.com
>
>                             *Attorney for Defendants*