UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MARIA JOSE PIZARRO,                                          No: 20-CV-5783 (AKH)

                               Plaintiff,

    - against-                                                     MOTION IN LIMINE


EUROS EL TINA RESTAURANT LOUNGE AND
BILLIARDS CORP., SANTIAGO QUEZADA, AND
SANTIAGO QUEZADA, JR.,

                               Defendants.
------------------------------------------------------------------------x


## PRELIMINARY STATEMENT

Plaintiff Maria Jose Pizarro, by her attorney, Brustein Law PLLC, respectfully submits this memorandum of law in support of her motion seeking the following *in limine relief*: (1) Defendants should be precluded from introducing any evidence not produced during discovery; (2) Defendants should be precluded from using any evidence obtained from Ms. Pizarro's financial records or email accounts without her permission; and, (3) Plaintiff reserves her right to file supplemental motions in limine.


## POINT I

### DEFENDANTS SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE AT TRIAL THAT WAS NOT PRODUCED DURING DISCOVERY

"The Second Circuit has identified four factors courts should consider in determining whether evidence should be precluded: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and

(4) the possibility of a continuance." *Polanco v. Active Ret. Cmty., Inc.*, No. 14-CV-4145 (SJF), 2015 U.S. Dist. LEXIS 192207, 2015 WL 12564206, at *10 (E.D.N.Y. Dec. 21, 2015) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). In considering possible sanctions, "it can be important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by" the alleged misconduct. *Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quoting *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996))." *Gesualdi v. S. DiFazio & Sons Constr., Inc.*, No. 16CV5209SJFARL, 2020 WL 6370242, at *5 (E.D.N.Y. July 28, 2020), *report and recommendation adopted,* No. 16CV5209SJFARL, 2020 WL 5269552 (E.D.N.Y. Sept. 4, 2020). "Although the imposition of sanctions pursuant to Rule 37(c) does not require a showing of bad faith, *see Design Strategy,* 469 F.3d at 296, a party's bad faith may "be taken into account as part of the party's explanation for its failure to comply." *Id.*" *Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, No. 04-CV-1798 (CPS), 2009 WL 1617773, at *6 (E.D.N.Y. June 9, 2009)

On Friday, October 13, 2023 at 4:53 pm, after the final pre-trial conference, defense counsel turned over for the first time text messages purporting to be from prior to the commencement of the case, that Defendants intended to use as exhibits at trial. *See* Declaration of Evan Brustein, dated October 16, 2023, at ¶ 3. No explanation was provided for Defendants failure to produce the text messages during discovery. *See* Declaration of Evan Brustein, dated October 16, 2023, at ¶ 4. The Court should not allow these eleventh-hour exhibits, which are obviously prejudicial, to be entered into evidence. Pursuant to Fed.R.Civ.P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the

failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The intention of this preclusionary measure is to prevent the practice of 'sandbagging' an opposing party with new evidence, and it applies on motions for summary judgment.'" *Pace v. Air & Liquid Systems Corp.*, 171 F. Supp. 3d 254, 265 (S.D.N.Y. 2016) (*quoting Hooks v. Forman Holt Eliades & Ravin LLC*, 2015 WL 5333513 at *4 (S.D.N.Y. Sept. 14, 2015). Here, the text messages were clearly in Defendants possession prior to the close of discovery, no explanation for the failure to produce the exhibits during discovery, trial is scheduled to start tomorrow, and Defendants will not be prejudiced by not being able to use their own text messages which they failed to produce during discovery. As such, the Court should preclude Defendants from using any exhibits not produced discovery.

## POINT II

### DEFENDANTS SHOULD BE PRECLUDED FROM USING ANY EVIDENCE OBTAINED FROM MS. PIZARRO'S FINANCIAL RECORDS OR EMAIL ACCOUNTS WITHOUT HER PERMISSION

"[C]ourts necessarily have the inherent equitable power over their own process 'to prevent abuses, oppression and injustices.'" *Fayemi v. Hembrecht and Quist, Inc.*, 174 F.R.D. 319, 324 (S.D.N.Y. 1997) (citing *Gumbel v. Pitkin*, 124 U.S. 131, 144, 8 S.Ct. 379, 383, 31 L.Ed. 374 (1888)); see *City of Almaty, Kazakhstan v. Ablyazov*, 2017 WL 9771809 at *5 (S.D.N.Y. Jul. 28, 2017) (regarding stolen emails). "Pursuant to this inherent authority, a court must be able to sanction a party that seeks to introduce improperly obtained evidence; otherwise the court, by allowing the wrongdoer to utilize the information in litigation before it, becomes complicit in the misconduct." Id. (emphasis added); see *Spencer v. Pottstown School Dist.*, (E.D.Pa. 2018) (plaintiff precluded from using ill gotten emails).

In Fayemi, the plaintiff alleged that he was terminated from his job as a stock analyst on the basis of race, national origin, and disability. On the weekend immediately after his dismissal, the plaintiff entered his (former) company's offices and obtained information about employee bonuses from a computer disk that his supervisor kept in his desk drawer. The defendants contended that this constituted theft, and they moved, inter alia, for an order precluding the plaintiff from utilizing the stolen information in the litigation. The Fayemi court decided that an order to preclude the evidence was proper because "[i]t would prevent the plaintiff from benefitting from his wrongdoing and it is sufficient to ameliorate any prejudice to the defendants."[1] Id. at 326.

Courts in this district have consistently prohibited parties from using stolen materials to their advantage in litigation. *See Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 571 (S.D.N.Y. 2008) ("In the end, the one thing that should remain unsullied is the integrity of the judicial process. In this Court's view, that integrity is threatened by admitting evidence wrongfully, if not unlawfully, secured."); *Fayemi v. Hambrecht & Quist, Inc.,* 174 F.R.D. 319, 325 (S.D.N.Y. 1997) (pursuant to "inherent equitable powers to sanction a party that seeks to use in litigation evidence that was wrongfully obtained," courts may preclude the use of stolen evidence in litigation, even if it could otherwise have been discoverable). *See City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-05345(AJN)(KHP), 2017 WL 9771809, at *5 (S.D.N.Y. July 28, 2017)

Here, Defendant Santiago, Jr. Quezada admitted that he read Ms. Pizarro's emails without authorization, in violation of the Stored Communications Act.[2]  Accordingly, Defendants should be precluded from using any illegally obtained evidence.

---

[1] The court, however, employed the "unclean hands" doctrine and withheld sanctions because the defendant destroyed the documents subject to disclosure. *Id. at* 326-27.  While the evidence in *Fayemi* went directly to the claims at issue, here, the stolen evidence is meant to impeach Plaintiff and there has been no showing of unclean hands by Ms. Pizarro.

[2] Ms. Pizarro's motion in limine, at pages 4-5, sets forth a more detailed analysis of the Stored

## POINT III

### PLAINTIFF RESERVES HER RIGHT TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE*

Plaintiff respectfully reserves her right to object to any <u>in limine</u> motions submitted by Defendants and to file supplemental motions <u>in limine</u>.

Dated:   New York, New York
         October 16, 2023

                                      Yours, etc.,

                                      ___s/_____
                                      Evan Brustein
                                      BRUSTEIN LAW PLLC
                                      299 Broadway, 17th Floor
                                      New York, New York 10007
                                      Tel: (212) 233-3900
                                      Fax: (212) 285-0531
                                      Email: evan@brusteinlaw.com

---

Communications Act (a criminal offense). ECF Dkt. No. 148 at pp. 4-5.