**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA JOSE PIZARRO<br><br>         Plaintiff,<br><br>      -against-<br><br>EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP., SANTIAGO QUEZADA, And SANTIAGO QUEZADA, Jr.,<br>         Defendants. | No. 1:20-cv-05783-AKH |

**WHETHER SANTIAGO QUEZADA'S FILING OF A CROSS CLAIM AGAINST MARIA J. PIZARRO IN THE CASE OF *LUNA ET AL. V QUEZADA*, Ca. No. 1:20-cv-1575 (S.D.N.Y) CAN BE DEEMED RETALIATION**

**RELEVANT FACTS**

Plaintiff, Maria J. Pizarro (the "Plaintiff") was, at all relevant times the manager at Euros El Tina Restaurant Lounge and Billiards Corp. (hereinafter "El Tina Lounge"). Plaintiff was an employer as defined by the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) El Tina Lounge closed on November 23, 2019.

Plaintiff alleges that on January 15, 2020, "[Plaintiff's] attorney Defendant Quezada complaining about the discrimination and harassment, [Plaintiff] had endured." [Comp. ¶ 48].

On February 21, 2020, Ramon Luna and others commenced an action, in the Southern District of New York, alleging FLSA and NYLL violations against Defendants Santiago Quezada ("Quezada") and El Tina Lounge (the "Luna Case"). Notwithstanding her status as an employer, Plaintiff was not named in that action.

On April 28, 2020, Quezada and El Tina Lounge submitted their answer in the Luna Case. The answer included cross claims against the Plaintiff for contribution and indemnification.

Ultimately, the cross claims against the Plaintiff were withdrawn when it was discovered that contribution and indemnification are not remedies available to defendants in an FLSA or NYLL action.

Plaintiff claims that Defendants' actions are retaliatory.

## ARGUMENT

### I. DEFENDANTS CANNOT BE ACCUSED OF RETALIATION FOR EXERCISING A CONSTITUTIONAL RIGHT

It is a long-established principle under the First Amendment, that individuals have a right to access the courts. *Towaki Komatsu v. City of New York*, 21-CV-11115 (LTS), at *7 (S.D.N.Y. Mar. 2, 2022); See also *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 473 n.21 (S.D.N.Y. 2008) ("It is clear, however, that, even though the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances . . . Gristede's baseless and unsupported counterclaims are not entitled to First Amendment protection") (internal quotations omitted).

In addition, Fed. R. Civ. P. 20(a)(2) allows persons to be joined in one action as defendants if "(A) any right to relief is asserted against them, jointly, severally, or in the alternative with respect to or arising of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

The Luna Case involved employees suing their employer for violations of the FLSA and the NYLL.

The FLSA and NYLL minimum and overtime wage provisions apply only to "employees" who are "employed" by "employers." As a prerequisite to bringing an action under those statutes a plaintiff must first allege that she is or was an "individual employed by an employer." *See* FLSA

§§ 206(a), 207(a)(1), 203(e)(1); NYLL § 651. Here, plaintiff has failed to allege even this basic requirement.

The FLSA defines the verb "employ" to mean "suffer or permit to work." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992); 29 U.S.C. § 203(g). "Unfortunately, however, the statute's definition of 'employer' relies on the very word it seeks to define: 'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Irizarry*, 722 F.3d at 103; 29 U.S.C. § 203(d). The statute nowhere defines "employer" in the first instance. *Id.* at 103. This definition has aptly been called "unhelpful." *Jackson v. Conrad,* No. 09-00425, 2010 WL 3852343, at *1 (D.D.C. Sept. 30, 2010).

The Supreme Court noted early on that the FLSA contains "no definition that solves problems as to the limits of the employer-employee relationship under the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728, 67 S. Ct. 1473, 91 L. Ed. 1772 (1947). The Court has also observed "that the 'striking breadth' of the FLSA's definition of 'employ' 'stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles in order to effectuate the remedial purposes of the act.'" *Barfield*, 537 F.3d at 141(quoting *Darden*, 503 U.S. at 326) (internal citation omitted).

"Accordingly, the [Supreme] Court has instructed that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in "economic reality rather than technical concepts.'" *Irizarry*, 722 F.3d at 104 (quoting *Goldberg v. Whitaker House Coop.*, *Inc*., 366 U.S. 28, 33 (1961)). The "economic reality" test applies equally to whether managers or owners are "employers." *See Herman v. RSR Sec. Servs. Ltd*., 172 F.3d 132, 139 (2d Cir. 1999).

As the Second Circuit recently summarized, four factors are relevant to determine whether an individual is an "employer" under the FLSA:

> "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."

*Irizarry*, 722 F.3d at 104 (quoting *Carter*, 735 F.2d at 12).

Since Plaintiff was a manager of El Tina Lounge who (1) had the power to hire and fire employees, (2) control employee work schedules, (3) determine the rate and method of payment and (4) maintained employment records, she fit the definition an employer under the FLSA and the NYLL.

As an employer, Plaintiff would have been liable to the plaintiffs in the Luna Case had she been directly named in the action. As an employer, Defendants Quezada and El Tina Lounge should be forgiven for trying to file claims against her for contribution and indemnification as permitted by Fed. R. Civ. P. 20(a)(2).

## II. THE FLSA AND THE NYLL DO NOT PERMIT REDRESS FOR CONTRIBUTION OR INDEMINIFICATIION

Contribution is the sharing of a loss by each of several persons who may have jointly been responsible for injury to a third party. Indemnification is the act of providing compensation for a loss or injury caused to a third party. While these are long standing legal concepts that apply to many areas of law, they do not apply in the context of the FLSA or the NYLL.

Courts in this Circuit have concluded that NYLL and FLSA cannot support contribution or indemnification claims. See *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999) Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 144 (2d Cir. 1999) (In basing its decision on the case of *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77 (1981) the Court notes three reasons

for why the right of contribution doesn't extend to the FLSA "([(1)] the text of the FLSA makes no provision for contribution or indemnification. [(2)] the statute was designed to regulate the conduct of employers for the benefit of employees, and it cannot therefore be said that employers are members of the class for whose benefit the FLSA was enacted. [and (3)] the FLSA has a comprehensive remedial scheme as shown by the "express provision for private enforcement in certain carefully defined circumstances.")

### III.   DEFENDANTS' ACTIONS ARE NONETHELESS NOT RETALIATION

In order to establish a prima facie case of retaliation under the FLSA, a plaintiff must show "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of N.Y.*, 554 F.Supp.2d 483, 488 (S.D.N.Y. 2008) (citation and internal quotation omitted). The burden of proof at the prima facie stage is *de minimis*. See *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). If the plaintiff meets this burden, the defendant must offer a legitimate non-retaliatory reason for its actions. See *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008). If the defendant puts forth such a reason, the plaintiff must demonstrate that there is sufficient evidence for a reasonable juror to find that the reason offered by the defendant is mere pretext for retaliation. See *Weinstock*, 224 F.3d at 42.

  a. **There is no employment disadvantaging the Plaintiff.**

Even if it can be argued that Plaintiff participated in a protected activity – i.e., threatening to bring a lawsuit against the Defendants – she still fails to meet the remaining two prongs.

42 U.S.C.A. §2000e-3(a) provides, *inter alia*, that it "shall be unlawful employment practice for an employer" to discriminate against "employees or applicants for employment," for

retaliatory reasons. The statute defines "employee" as "an individual employed by an employer," 42 U.S.C.A. 2000e(f).

A 42 U.S.C.A. 1981 claim includes the same substantive elements as a Title VII retaliation claim—including an "adverse employment action. *See, McFadden v. County of Monroe*, 672 Fed. Appx. 81 (2d Cir. 2016).

According to the Plaintiff's own allegations, she was neither an "employee" nor "applicant" at the time of the alleged retaliation. Instead, she was terminated on November 23, 2019; but it was not until March 2020 that the Defendants allegedly retaliated. As a result, the Defendants did not exercise an "employment practice" of discriminating either against an employee or an applicant for employment. *C.f.,* 42 U.S.C.A. 2000e-3(a).

Because the Plaintiff was neither an employee nor an applicant, she is unable to allege that there was "a materially adverse action." *Rivera v. Rochester Genesee Regional Transp. Auth.,* 743 F.3d 11, 24 (2d Cir. 2014).

Even if the Plaintiff had been an "employee" and the Defendants an "employer" in 2020, the allegations forming the basis for Retaliation are insufficient. Specifically, the Plaintiff alleges that the Defendants brought frivolous claims against her in legal proceedings as such, even accepting these allegations as true, the Plaintiff has failed to allege that such actions altered the terms or conditions of her employment.

    **b. Plaintiff cannot show a causal connection between the protected activity and the adverse employment action.**

A causal connection between the protected activity and the adverse employment action may be established by (1) evidence of retaliatory animus directed against a plaintiff by the defendant; or (2) a close temporal proximity between the protected activity and the adverse employment action. *Torres v. Gristede's Operating Corp*., 628 F. Supp. 2d 447, 473 (S.D.N.Y.

2008) citing *DeCintio v. Westchester County Medical Ctr.*, 821 F.2d 111, 115 (2d Cir. 1987) (internal quotations omitted).

Here there is no evidence of retaliatory animus. Moreover, unlike in *Gristedes* (discussed below) Defendants brought their cross-claim against the Plaintiff at the first possible of instance of being able to do so. Indeed, the Luna case was filed on February 21, 2020, and Defendants answer, filed on April 18, 2020, included the delays.

Moreover, Plaintiff's EEOC complaint was not filed until after the answer with counterclaims was submitted in the Luna Case.

## IV. GRISTEDES IS DISTIGUISABLE

Plaintiff relies on the case of *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008) ("*Gristedes*") for the proposition that frivolous actions can be retaliatory.

The first glaring difference between this case and *Gristedes* is that in *Gristedes* the plaintiffs were employees of the defendant at the time of their lawsuit.

The second glaring difference between this case and *Gristedes* is that in *Gristedes* "the Court concluded that Gristede's counterclaims have no credible evidentiary support and fail to state a cause of action." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d at 473. The Court went on to note that the defendants' claims lacked any support in fact or law and "no reasonable jury could conclude on the basis of the evidence that the counterclaims were brought for any legitimate, non-retaliatory purpose." *Id* at 475.

Conversely in the *Luna Case* Plaintiff met the definition of an employer as per the FLSA and the NYLL. Moreover, seeing as she was manager of El Tina Lounge, she could have been sued directly by the employees, and if she had been she would have been liable. The fact that

FLSA and NYLL prevent a claim for contribution or indemnification is a quirk in the law that creates a legal boundary not otherwise supported in fact.

The third glaring difference between *Gristedes* and Luna is that in Luna once the action was determined to lack basis in law all claims against the Plaintiff were withdraw. In Gristedes the defendants continued to maintain their claims through the amended answer and even into the motion for summary judgment. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447

Thus, because the Luna Case was dismissed as soon as it was determined that there was no legal basis for the contribution and indemnification claims, there was no retaliatory conduct.

V. **DEFENDANTS SHOULD BE ALLOWED TO EXPLAIN**

To the extent that the Court is inclined to permit any discussion of *Luna* as being retaliatory the Defendants should be allowed to explain why they brought cross-claims against the Plaintiff in that action so that Jury could determine whether their actions did in fact contain any retaliatory animus.

**CONCLUSION**

Since plaintiff was not an employee or a candidate for employment at the time that the Luna Case was filed there was no adverse employment action taken against her sufficient to be deemed a retaliatory action. Unlike *Gristedes* Defendants' decision to seek a remedy of contribution and indemnification from the Plaintiff has factual support. Moreover, even if there is a presumption of retaliation that can be drawn from Defendants' exercise of its first amendment right, the circumstances in the Luna Case should be explained to the so that the jury can determine whether there was, in fact, retaliatory animus.

Dated: October 16, 2023
      New York, New York

By: <u>*/s/ Martin Restituyo*</u>
The Law Offices of Martin Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
Tel. 212-729-7900

*Attorney for Defendants*