**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIA JOSE PIZARRO

                   Plaintiff,

-against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., SANTIAGO QUEZADA, And
SANTIAGO QUEZADA, Jr.,

                   Defendants.

No. 1:20-cv-05783-AKH

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF'S PROPOSED JURY INTRUCTIONS AND IN SUPPORT OF**
**A JURY CHARGE WITH RESPECT TO THE WITHDRAWAL OF CLAIMS AGAINST**
**SANTIAGO QUEZADA, Jr.**

Defendant Euros El TINA RESTAURANT LOUNGE and BILLIARDS CORP ("El Tina Lounge")., SANTIAGO QUEZADA and SANTIAGO QUEZADA, Jr., by and through its attorneys, respectfully submits the following memorandum of law in opposition to Plaintiff's proposed missing witness charge against the Defendants for failing to testify and in support of negative inference against the Plaintiff for dropping all charges against Santiago Quezada, Jr.

**SUMMARY OF RELEVANT FACTS**

On October 17, 2023, Plaintiff commenced her trial alleging employment discrimination, hostile work environment, and aiding and abetting against all of the Defendants. The law requires Plaintiff to prove her case against the Defendants by a preponderance of the evidence. Defendants are not obliged to defend themselves and do not have to carry any burden of proof.

During opening statements and throughout Plaintiff's testimony, statements were made to the jury regarding the alleged culpability of Santiago Quezada, Jr. Post the close of the case, at the charging conference, Plaintiff informed the Court that she will be dropping all

claims against Santiago Quezada Jr. thus, the Verdict Sheet will only ask the jury to make findings against El Tina Lounge and Santiago Quezada Sr. with respect to hostile work environment, since the aiding and abetting claim is no longer sustainable.

Thereafter, Plaintiff requested that a "Missing Witness" charge be made so as to instruct the Jury that they should draw a negative inference against the defendants for failing to testify.

## ARGUMENT

### I. THE COURT SHOULD REJECT THE PLAINTIFF'S PROPOSED MISSING WITNESS CHARGE

In support of her claim that a missing witness charge should be provided to the jury, the Plaintiff made reference to the cases of *Gray v. Great American Recreation Ass'n, Inc.*, 970 F.2d 1081 (2d Cir. 1992) and *N. Sims Organ Co. v. Securities Exch. Com'n*, 293 F.2d 78 (2d Cir. 1961). However, neither are applicable here. In fact, both are inapposite to Plaintiff's contention.

In *Gray*, the plaintiff, Gray, sued the defendant, Great American Recreation Association, Inc., for assault and conversion. Then the plaintiff failed to show up at his own trial to prove his case against the defendant. In finding that defendants were entitled to a charge that the jury might draw an adverse inference against Gray, the court stated:

> The law creates a presumption, where the burden is on a party to prove a material fact peculiarly within his knowledge and he fails without excuse to testify, that his testimony, if introduced, would be adverse to his interests. *Meier v. CIR*, 199 F.2d 392, 396 (8th Cir. 1952) (quoting 20 Am.Jur., Evidence § 190, page 193). The non appearance of a litigant at the trial or his failure to testify as to facts material to his case and as to which he has especially full knowledge creates an inference that he refrained from appearing or testifying because the truth, if made to appear, would not aid his contention. *United States v. Fields*, 102 F.2d 535, 537-38 (8th Cir. 1939) (quoting 22 C.J. Section 57, p. 121). See also *N. Sims Organ Co. v. SEC*, 293 F.2d 78, 80-81 (2d Cir. 1961), cert.

denied, 368 U.S. 968, 82 S.Ct. 440, 7 L.Ed.2d 396 (1962).")

Unlike the plaintiff in *Gray,* however, the Quezadas are not trying to assert a case against anyone. Therefore, they do not have any burden of proof with respect to any material fact. There are no "facts material to their case." Consequently, there can be no presumption against them if they fail to testify.

The case of *N. Sims Organ Co. v. Securities Exch. Com'n*, 293 F.2d 78 (2d Cir. 1961) is equally inapplicable. In that case, the plaintiff worked for a brokerage firm whose registration with the Securities and Exchange Commission (SEC) had been revoked due to fraud. Plaintiff was personally implicated in the fraud. One year after the brokerage firm's revocation, the plaintiff sought his own brokerage license.[1] At the hearing to determine whether he would be entitled to receive such a license, the plaintiff refused to testify. Ultimately, the SEC revoked the plaintiff's license because he was implicated in a fraud, did not deny the allegations against him, and "the accepted rule is that failure to explain facts and circumstances warrants this inference that his testimony would have been adverse." *N. Sims Organ Co. v. Securities Exch. Com'n*, 293 F.2d at 80.

Unlike in *Organ*, here Defendants are not applying for anything. They are not seeking any licenses or asking any authority for any redress. In *Organ,* the default is that a party is not entitled to a license and that an application for a license subjects himself to scrutiny which must be addressed. Here, the *status quo* is the presumption of innocence. If Defendants do

---

[1] It is important to note that Brokerage Licenses are not a right bestowed on anyone. They are licenses that authorize individuals to do business and must be applied for. The license may be granted or denied at that SEC's discretion. Hence an applicant applying for a Brokerage License must demonstrate that he/she is qualified to obtain said license. Having engaged in fraudulent conduct may disqualify one from obtaining a license. See *N. Sims Organ Co. v. Securities Exch. Com'n*, 293 F.2d at 80, Fn. 2 & 4.

nothing, they are presumed to be innocent of the claims made against them. There is no burden on them to explain away the facts and circumstances alleged by their accuser.

Thus, for the reasons set forth herein, Defendants respectfully request that Plaintiff's proposed missing witness charge be denied.

## II.   THE COURT SHOULD INCLUDE JURY INSTRUCTION EXPLAINING THAT THE CLAIMS AGAINST SANTIAGO QUEZADA JR. HAVE BEEN WITHDRAWN

The court's obligation is to instruct the jury on the applicable law and to help minimize erroneous speculation. *Lanzano v. City of New York*, 71 N.Y.2d 208, 212 (N.Y. 1988) While there can be no guaranteed certainty or perfection, the trial courts, through careful, fair and explicit jury instruction, can minimize erroneous speculation. *Id.*

Here, Plaintiff presented her entire case to the jury. During opening statements and throughout Plaintiff's testimony, statements were made to the jury regarding the alleged culpability of Santiago Quezada, Jr. Plaintiff has since withdrawn her claims against this defendant. However, the jury has not been informed why. This has the potential to lead to speculation. Perhaps they are inclined to believe that Mr. Quezada Jr. settled his claims against the Plaintiff. Or they might come to some other erroneous conclusion.

Given the potential for speculation, we respectfully request the Court to issue a clarifying instruction informing the jury that all claims against Santiago Quezada Jr. have been withdrawn. The Court should also inform the jury that since there is only one individual defendant, the aiding and abetting claims have also been withdrawn.

## CONCLUSION

Thus, for the reasons set forth above, Defendants respectfully request that Plaintiff's request for a missing witness charge be denied. Simultaneously, Defendants respectfully request that Court provide the jury with instructions informing them that the claims against Santiago Quezada Jr. have been withdraw.

Dated:  New York, New York
October 20, 2023

/s/Martin E. Restituyo
Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
restituyo@restituyolaw.com
*Attorney for Defendants*