**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
MARIA JOSE PIZARRO,                                             No: 20-CV-5783 (AKH)

                                        Plaintiff,

        - against-                                          **REQUEST  FOR  MISSING**
                                                            **WITNESS JURY CHARGE**
                                                            **BRIEF**
EUROS  EL  TINA  RESTAURANT  LOUNGE  AND
BILLIARDS  CORP.,  SANTIAGO  QUEZADA,  AND
SANTIAGO QUEZADA, JR.,

                                        Defendants.
------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

        Plaintiff Maria Jose Pizarro, by her attorney, Brustein Law PLLC, respectfully submits this

memorandum of law in support of her motion for a missing witness or adverse inference.

## POINT I

### THE  JURY  SHOULD  BE  GIVEN  AN  ADVERSE  INFERENCE INSTRUCTION REGARDING THE FAILURE OF DEFENDANTS QUEZADA SR. AND QUEZADA JR. TO TESTIFY

        The Second Circuit has long recognized that adverse inferences and/or missing witness

instructions can be given for civil trials where the Defendant has failed to testify on his own behalf.

In 1961, the Second Circuit in *N. Sims Organ & Co. v. Securities and Exchange Commission* 293

F.2d 78, 80 - 81 (2d. Cir 1961) held that "this is a non-criminal case and that Organ's failure to

testify is significant.  He did not deny the evidence just recited and the accepted rule is that failure

to explain facts and circumstances warrants the inference that his testimony would have been

adverse." *Id.*  That decision was reinforced by the Second Circuit in 1992 in the case of *Gray v.*

*Great American Recreation Association, Inc.* 970 F.2d 1081,1082 (2d Cir. 1992) "The non-

appearance of a litigant at his trial or his failure to testify as to facts material to his case and as to which he has especially full knowledge creates an inference that he refrained from appearing or testifying because the truth, if made to appear, would not aid his contention." *Id.* (internal citations and quotations marks omitted).

This rule has repeatedly been used against defendants in civil cases such as in *Claiborne v. Mademoiselle Knitwear, Inc.* 13 F. Supp. 2d 430, 444 (S.D.N.Y. 1998).  "An adverse inference can be drawn against Mademoiselle from its failure to produce Stefansky or any other witness to these offers.  The accepted rule in a civil trial is that failure to explain facts and circumstances warrants the inference that [the party's] testimony would have been adverse." *Id.* (internal citations and quotation marks omitted).  Additionally in *Seetransport Wiking Tradert Schiffarhtsgesellschaft MBH & Co. Komanditgesellschaft v Republic of Romania* 123 F. Supp. 2d 174, 187 (S.D.N.Y. 2000), the Court found that the "Court is also mindful that defendants have failed to produce a single fact witness to rebut this crucial and credible testimony… As such, this Court must draw an adverse inference against defendant for its failure to rebut any such testimony, particularly in light of the credible testimony presented by plaintiff and defendant's clear understanding of the issues to be addressed by the Court at its hearing." *Id.*

Here, Plaintiff not only credibly testified to the years of sexual molestation and an attempted rape by Defendant Quezada, Sr., as well as sexually explicit conversations in her presence had by Defendant Quezada Sr. and Defendant Quezada Jr., but also had two additional eyewitnesses credibly testify; one, Jose Eladio Castro, to among other things, an attempted rape, and the other, Cristian Delone, to an indecent exposure by Defendant Quezada Sr.  As Defendants' counsel stated in his opening that either the allegations did not happen or Plaintiff was not offended by them, the jury must be permitted to draw an adverse inference from Defendants failure to

present any evidence denying or rebutting the allegations, including their failure to call Defendant

Quezada Sr. or Defendant Quezada Jr., who were both present throughout the entire testimony and

heard all of the allegations made against each of them.


Dated:      New York, New York
            October 20, 2023

                              Yours, etc.,

                              _____s/_____
                              Evan Brustein
                              BRUSTEIN LAW PLLC
                              299 Broadway, 17th Floor
                              New York, New York 10007
                              Tel: (212) 233-3900
                              Fax: (212) 285-0531
                              Email: evan@brusteinlaw.com