**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X    **Case No. 1:20-CV-05783-AKH**

MARIA JOSE PIZARRO,

                Plaintiff,

      -against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., SANTIAGO QUEZADA,
and SANTIAGO QUEZADA, Jr.,

              Defendants.
_____X


**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR
JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50 AND/OR
FOR A NEW TRIAL PURSUANT TO FED. R. CIV. P. RULE 59</u>**

# TABLE OF CONTENTS

***PRELIMINARY STATEMENT***........................................................................................................*6*

***BRIEF STATEMENT OF FACTS***.............................................................................................*7*

***ARGUMENT***.......................................................................................................................*8*

    I.    DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(B) WHERE THE PLAINTIFF DID NOT ESTABLISH THAT SHE WAS TREATED LESS WELL ...................................…………*8*

    II.    DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE PORTIONS OF THE JURY CHARGE WERE ERRONEOUS AND MISLEADING………….…………..*10*

        **a.   Failure to instruct jury of Defendants' affirmative defenses**…………………*11*

        **b.   Failed to allow the jury to decide the statute of limitations question**………...*13*

    III.    DEFENDANTS ARE ENTITLED TO A NEW TRIAL WHERE THE JURY VERDICT WAS EXCESSIVE………………………………………………………...……*15*

***CONCLUSION***……………………………………………………………………*19*

# **TABLE OF AUTHORITIES**

## **Cases**

Ahlf v. CSX Transp. Inc., 386 F. Supp. 2d, 83, 87 (N.D.N.Y. 2005)...........................................15

Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002)........................................................11

Banff Ltd. v. Express, Inc., 921 F. Supp. 1065, 1068 (S.D.N.Y. 1995)................................8

Bevevino v. Saydjari, 574 F.2d 676, 684 (2d Cir. 1983).................................................10

Boyce v Soundview Tech Group, 464 F.3d 376. 390 (2d Cir. 2006).................................11

Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998)..........................................11

Consorti v. Armstrong World Indus., Inc.,103 F.3d 2, 4 (2d Cir. 1995)...........................16

Cross v. New York City Transit Authority, 417 F.3d 241, 258 (2d Cir. 2005)...............16

Diageo N. Am. v. W.J. Deutsch & Sons, 17 Civ. 4259
(LLS), at *4-6 (S.D.N.Y. Sep. 7, 2022)......................................................................8

Dyer v. MacDougall, 201 F.2d 265, 272 (2d Cir. 1952)...................................................11

Frank Sloup and Crabs Unlimited, LLC v. Loeffler,
745 F. Supp. 2d 115, 136 (E.D.N.Y. 2010).........................................................16

Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 419 (1996)..............................16

Hathaway v Coughlin, 99 F.3d 550, 552 (2d Cir. 1996)..................................................11

Harris v. Forklift Sys., Inc.,510 U.S. 17 at 21(1993)....................................................11

Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 165 (2d Cir. 1998)........................................15

Knox v. John Varvatos Enters. Inc., 512 F.Supp.3d 470, 478 (S.D.N.Y. 2021)................8

Leo v. Long Island R.R. Co., 307 F.R.D. 314, 321-22 (S.D.N.Y. 2015)..........................16

Lewis v. Am. Sugar Refining, Inc., 325 F.Supp.3d 321, 364-65 (S.D.N.Y. 2018)..........17

Loral Fairchild v. Victor Co. of Japan, 931 F. Supp. 1014, 1034 (E.D.N.Y. 1996)........11

Martell v. Boardwalk Enters., 748 F.2d 740, 750 (2d Cir. 1984)....................................16

Mobasher v Bron Cmty. College, 269 Fed. Appx. 71. 73 (2d Cir. 2008)........................................11

Nimely v. City of New York, 414 F.3d 381, 392 (2d Cir. 2005)..................................................10

Olsen v. County of Nassau, 615 F.Supp.2d 35, 49 (E.D.N.Y. 2009)............................................18

Qorrolli v. Metro. Dental Assocs., 18cv6836
 (DLC), at *23-24 (S.D.N.Y. Dec. 15, 2022.......................................................16,17,18

Rainone v Potter, 388 F. Supp. 2d, 120, 122 (E.D.N.Y. 2005..............................................16

National R.R. Passenger Corp. v. Morgan, 536 U.S.
101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) 08 - 09............................................13

Song v. Ives Labs, Inc., 957 F.2d 1041, 1047
(2d Cir. 1992) 06.................................................................................................10

Stampf V. Long Island R.R. Co., 761 F.3d 192, 204 (2d Cir. 2014)...............................16

Tingley Sys., Inc. v. Norse Sys., Inc. , 49 F.3d 93, 96 (2d Cir. 1995)...............................15

Tulino v. City of New York,
15CV07106 (JSR), 2019 WL 3810975, at *6 (S.D.N.Y. Aug. 1, 2019).........................18

United States v. Asare, 476 F.Supp.3d 20, 37 (S.D.N.Y. 2020)......................................17

Vangas v. Montefiore Med. Ctr., 823 F.3d 174, 180 (2d Cir. 2016)..................................8

Villalta v. JS Barkats, P.L.L.C., 16CV02772, 2021 WL 2458699,
 at *14 (S.D.N.Y. Apr. 16, 2021) …………………………………………………..……17, 18

**<u>Statutes</u>**

Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 50(b).

Federal Rule of Civil Procedure 59

Federal Rule of Civil Procedure 59(a)

New York C.P.L.R. § 5501(c)

42 U.S. Code § 2000e–5

11 Fed. Prac. & Proc. Civ. § 2806 (3d ed.)

Defendants, EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP. ("Euros El Tina), SANTIAGO QUEZADA ("Quezada Sr."), and SANTIAGO QUEZADA, Jr. ("Quezada Jr.") (Collectively, "Defendants") by the through their undersigned counsel submit this Memorandum of Law in support of their motion for a new trial pursuant to Federal Rule of Civil Procedure Rule 59.

### PRELIMINARY STATEMENT

On July 24, 2020, the plaintiff, Maria Pizarro ("Plaintiff") commenced the instant action via the filing of a complaint alleging twelve (12) claims which included claims of harassment, discrimination, retaliations and aiding and abetting, among other claims, against all Defendants. By the time the case was presented to the jury, however, the plaintiff had dropped all but two claims against Euros El Tina and one claim against Quezada Sr. Ultimately, after four days of trial, the jury determined that Plaintiff was treated "less well" by these two defendants and awarded her compensatory damages of $1,725,000 and another $1,000,000 in punitive damages.

Since it is obvious that the jury did not base its findings on the admissible evidence presented at trial, Defendants hereby move this court for a new trial pursuant to Fed. R. Civ. P. 59 to avoid a seriously erroneous result and the miscarriage of justice.

**BRIEF STATEMENT OF FACTS[1]**

On July 24, 2020, Plaintiff commenced the instant against the Defendants alleging, among other things, harassment, discrimination, retaliations and aiding and abetting pursuant to Federal and New York State Law. Restituyo Decl. ¶ 2. In response, Defendants filed an answer and submitted affirmative defenses to those claims. Restituyo Decl. ¶¶ 4-6. Of all the affirmative defenses two were of particular importance to the Defendants and this case, the one relating to statute of limitations and the other concerning Plaintiff's duty "to avoid harm otherwise." Restituyo Decl. 1(c) and (f).  Unfortunately, the court rejected both affirmative defenses and failed to properly present them to the jury. Restituyo Decl. ¶¶ 17 and 21.

On October 23, 2023, when the case was submitted to the jury Plaintiff's hopes for recovery rested on all but one claim - hostile work environment based on being treated "less well" in violation of New York City Human Rights Law.  Restituyo Decl. ¶¶ 9, 15, 17-20. To establish her claim, and the emotional distress damages that she claims to have suffered as a consequence of the "less well" treatment, Plaintiff counted on the weight of three witnesses: 1) "artist promoter" Castro, 2) Security guard Dilone, and 3) herself. Restituyo Decl. ¶ 11-13. No employee witnesses were called, no medical evidence was introduced, and no documented evidence of the alleged harassment was otherwise submitted. Restituyo Decl. ¶ 14. Additionally, Plaintiff testified that she never told anyone about the alleged harassment, and it is evident that she never took any steps to avoid any of the alleged harm. Restituyo Decl. ¶ (u) and (x). On this evidence, and the jury instructions provided, the jury determined that Defendants had treated the Plaintiff less well and awarded her compensatory damages in the amount of $1,725,000 and punitive damages of $1,000,000. Restituyo Decl. ¶¶ 17-23.

---

[1] The following is a brief statement of the facts. A more expansive recitation is included in Declaration of Martin E. Restituyo, submitted in connection herewith.

## ARGUMENT

**I.    DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(B) WHERE THE PLAINTIFF DID NOT ESTABLISH THAT SHE WAS TREATED LESS WELL**

"A party may move for judgment as a matter of law after the action has been submitted to the jury". Fed. R. Civ. P. 50(b). The Court "may set aside a jury's verdict where there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise or conjecture, or there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair-minded persons could not arrive at a verdict against him." *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 180 (2d Cir. 2016) (internal quotation marks and alteration omitted).

In determining whether to grant the motion or not, the court "must view the evidence in the light most favorable to the non-moving party, giving it the benefit of all legitimate inferences that may be made in its favor." *Banff Ltd. v. Express, Inc.*, 921 F. Supp. 1065, 1068 (S.D.N.Y. 1995). "In performing this function, a court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury, and must disregard all evidence favorable to the moving party that the jury is not required to believe.'" *Knox v. John Varvatos Enters. Inc.*, 512 F.Supp.3d 470, 478 (S.D.N.Y. 2021) (internal citations omitted). The movant's burden is particularly heavy where, as here, the jury deliberated in the case and returned its verdict. *Diageo N. Am. v. W.J. Deutsch & Sons*, 17 Civ. 4259 (LLS), at *4-6 (S.D.N.Y. Sep. 7, 2022) (internal citations omitted).

Plaintiff presented her case to the jury under the theory that she was subjected to a hostile work environment because she was treated "less well" due to her gender. Restituyo Decl. ¶ 19. To that end, the jury was presented with the following instructions:

Against both defendants, Euros El Tina and Santiago Quezada Sr., plaintiff must prove by a preponderance of the evidence that she was treated less well, at least in part, because of her sex, because of her gender as a female, due to defendants' discriminatory intent. I said that Euros El Tina was governed only by federal and state law. I was mistaken. It's also governed by city law. You can find liability under city law without a tangible adverse employment action. Plaintiff must show by a preponderance of the evidence that she was subjected to differential treatment based on a discriminatory motive or intent because she was a female. Even a single comment may be actionable in the proper context under city law. However, if you find that Ms. Pizarro only endured an overbearing or obnoxious boss, you may find that she has not met her burden. To summarize, against defendant Euros El Tina, if plaintiff proved by a preponderance of the evidence that she was subjected to offensive behavior due to being a female that was so severe or pervasive as to alter her employment conditions, you find the restaurant liable. If plaintiff proved by a preponderance of the evidence that she was subjected to less well treatment due to being a female, creating a hostile work environment during her term of employment at Euros El Tina, you should also find defendant Euros El Tina liable. Against defendant Santiago Quezada Sr., if plaintiff proved by a preponderance of the evidence that his conduct subjected her to less well treatment due to being a female, creating a hostile work environment, you should find Quezada Sr. liable.

Restituyo Decl. ¶ 20

It is axiomatic that the term "less well" is a comparative term that requires one to see who was treated "more well" than the Plaintiff.

Here, however, the Plaintiff failed to provide any evidence that she was treated "less well" than anyone else because of her gender.  Indeed, during the entire period of her employment with the Defendants Plaintiff was the general manager of Euros El Tina. Restituyo Decl. ¶13(a). She was with Euros El Tina from the time it opened until the day it closed on November 23, 2019. Since she suffered no adverse employment action, Plaintiff was forced to withdraw most of her claims against the Defendants prior to trial. Restituyo Decl. ¶9.

Notwithstanding having suffered no adverse employment action, Plaintiff took pains to explain how poorly she was treated because of her gender.  Restituyo Decl. ¶13.  That said, Plaintiff presented no testimony from any other employee of the Defendants (note, Castro and Dilone were independent contractors – Restituyo Decl.¶¶ 11(a) and 12(a)) to show how this treatment differed from that of other male employees.  To be sure, Plaintiff did not even provide testimony from any other female employees.

Without a comparison to draw from, the jury could not possibly have made a determination that Plaintiff was treated "less well" than anyone else, because of her gender or any other immutable characteristic.

Thus, for the reasons set forth herein, Defendants respectfully request that the Court set aside the jury's verdict and enter judgment in favor of the Defendants dismissing Plaintiff's action.

## II.   DEFENDANTS ARE ENTITLED TO A NEW TRIAL BECAUSE PORTIONS OF THE JURY CHARGE WERE ERRONEOUS AND MISLEADING

Fed. R. Civ. P. 59(a) allows the Court to grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court."

A motion for a new trial pursuant to Fed. R. Civ. P. 59 may be granted by the district court, although there is evidence to support the jury's verdict, so long as the district court determines that, in its independent judgment, the jury has reached a seriously erroneous result or [its] verdict is a miscarriage of justice." *Nimely v. City of New York*, 414 F.3d 381, 392 (2d Cir. 2005) (internal quotation and citation omitted). In addition, "a trial judge hearing a motion for a new trial 'is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner.'" *Song v. Ives Labs, Inc*., 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1983) ("a new trial motion may be granted even if there is substantial evidence to support the verdict" (citing *11 Fed. Prac. & Proc. Civ. § 2806 (3d ed.)*)).

"As the United States Court of Appeals for the Second Circuit has expressly recognized, Rule 59 authorizes this court to sit as the thirteenth juror in deciding a motion for a new trial." *Loral Fairchild v. Victor Co. of Japan*, 931 F. Supp. 1014, 1034 (E.D.N.Y. 1996). See also," *Dyer v. MacDougall*, 201 F.2d 265, 272 (2d Cir. 1952).

"A jury charge is erroneous if it misleads the jury as to the correct legal standard, or if it does not adequately inform the jury of the law." *Mobasher v Bron Cmty. College*, 269 Fed. Appx. 71. 73 (2d Cir. 2008) (quoting *Hathaway v Coughlin*, 99 F.3d 550, 552 (2d Cir. 1996)). "An erroneous instruction requires a new trial unless the error is harmless, i.e., unless it is clear that it did not influence the jury's verdict" *Id.* (*quoting Boyce v Soundview Tech Group*, 464 F.3d 376. 390 (2d Cir. 2006)).

Defendants contend that the Court made two errors in presenting the jury charge and the verdict sheet to the jury: 1) it failed to apprise the jury of the Defendants' affirmative defenses, and 2) it failed to allow the jury to properly decide the statute of limitations issue.

### a.   Failure to instruct jury of Defendants' affirmative defenses.

To prevail on a claim of hostile work environment a plaintiff must establish two elements: 1) a plaintiff must prove that the harassment was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." (*Harris v. Forklift Sys., Inc.,*510 U.S. 17 at 21(1993) (internal quotation marks omitted)) and 2) a specific basis exists for imputing the objectionable conduct to the employer. *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 745 (1998). If the supervisor's

alleged harassment did not result in a "tangible employment action" against the employee, that is, a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits," *id.* at 765  the defending employer may avoid liability if (a) it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) **the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or <u>to avoid harm otherwise</u>.**" *Id.* at 765 (Emphasis added). Such circumstances constitute an affirmative defense on which the employer bears the burden of proof. *Id.* No affirmative defense is available where the supervisor's harassment culminated in a tangible employment action against the employee. *Id.*

During the trial, Plaintiff testified that she took no steps to report the alleged harassment or to extricate herself from the situation. See Restituyo Declaration ¶¶ 13(u) - 13(x).  Specifically, the Plaintiff testified that she never told anyone about any of the incidents, not the one at 809, not about any of the incidents to Castro, or [Quezada Sr.'s] wife, brothers, daughter, or other son or anyone else that might be of assistance. (Exhibit 5 PP 108:8-15, 125:16 – 9, 172:7 – 173:16). Equally important, though Plaintiff alleges criminal conduct, she never called the police to complain about any incident ever. Exhibit 5 PP 94:15 - 16.

In addition, Plaintiff continued to work for the Defendants and never took any steps to "avoid harm otherwise." To the contrary, we learned that after the first incident, and even the last incident, she continued to work as if nothing ever happened. See Restituyo Declaration ¶¶ 13(a) and 13(n). Moreover, she even attended out of work functions with Mr. Quezada, including his son's wedding. See Restituyo Decl. ¶ 13(x), Exhibit 5 PP 172:19-21.

Notwithstanding the law, and Defendants' right to have their affirmative defenses presented to the jury, the Court did not provide this instruction.  Instead, the Court provided the jury with the following erroneous instruction, which left out the part that required the Plaintiff to take steps to "avoid harm otherwise."

> Defendant Euros El Tina was plaintiff's employer. An employer is presumed to be responsible for a hostile work environment created by an owner or supervisor with immediate, or successively higher, authority over the complaining employee. An employer may avoid liability if two elements are met: First, the employer must have exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and Second, **that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm. (Emphasis added)**

See Restituyo Decl. ¶18

Importantly, the jury instruction left out the one key portion of the sentence that required the Plaintiff to assume agency over herself and the situation by taking steps to minimize the harm alleged.

Had the jury been apprised of this affirmative defense and been asked to determine whether Plaintiff had appropriately taken steps to avoid the harm, it is quite probable they would have determined that Plaintiff failed to take any steps to avoid the harm, thereby negating the liability of either Euros El Tina or Quezada Sr. or both.

**b.  Failed to allow the jury to decide the statute of limitations question.**

A claim of a hostile work environment is timely so long as one act contributing to the claim occurred within the statutory period; if it did, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (" Morgan").

However, § 2000e-5(e)(1) "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period," even if other acts of discrimination occurred within the statutory time period. *Morgan,* 536 U.S. at 105, 122 S.Ct. 2061.

Based on the date Plaintiff filed her complaint with the EEOC, the Statute of limitations extends back only to May 17, 2019 (see instruction provided below). The jury then heard testimony of several alleged acts of discrimination with two specific ones dated to Mid-2011 and another one in October 2019. Restituyo Decl.¶¶ 13(b) and (m).

Thereafter the jury was presented with the following jury instruction which asked them to make a determination as to whether these acts were discreet events or part of an overall scheme of harassment.

> The fourth and final element of a hostile work environment claim is that the victim subjectively perceived the work environment to be abusive. If you find that plaintiff proved by a preponderance of the evidence that she believed the work environment to be abusive, this element is satisfied. If plaintiff fails to prove this element -- namely, that the conduct was unwelcome -- defendants are not liable for what they said or did.  Plaintiff testified that the hostile work environment existed throughout her employment between August 2010 and November 2019, when the business closed. **Because of the statute of limitations, you may consider only acts that took place after May 17, 2019, with one important exception. If the conduct before and after May 17, 2019, was sufficiently similar in nature, frequency, and severity that it can be considered sufficiently related as to be part of a hostile work environment, you can conclude that. However, if the conduct spans across people, departments, and large time intervals without having harassing conduct, then you could find the acts to be insufficiently related. Plaintiff has the burden to prove by a preponderance of the evidence that the hostile acts were sufficiently related**. (emphasis added)

Restituyo Decl. ¶17

Notwithstanding the question presented during the charge, the Verdict Sheet left out all questions regarding the statute of limitations. Restituyo Decl. ¶21

Had the jury been asked to decide the statute of limitations question they may have determined that Plaintiff failed to comply with the statute of limitations or that the actions were sufficiently discreet so as to be considered separately and not part of an overarching hostile work environment. This may have caused a dismissal of Plaintiff's claims or at a minimum significantly affected the jury's damages considerations.

Thus, because the jury charge and the verdict sheet omitted all mention of the Defendants' affirmative defenses and because the Verdict Sheet failed to allow the Jury to answer the statute of limitations questions put to them, by the jury instructions, the jury was misled into the inaccurate legal standard. As such, a new trial must be ordered.

## III.   DEFENDANTS ARE ENTITLED TO A NEW TRIAL WHERE THE JURY VERDICT WAS EXCESSIVE

"If a district court finds that a verdict is excessive, it may order a new trial, a new trial limited to damages, or, under the practice of remittitur, may condition a denial of a motion for a new trial on the plaintiff's accepting damages in a reduced amount." *Tingley Sys., Inc. v. Norse Sys., Inc.*, 49 F.3d 93, 96 (2d Cir. 1995). A remittitur is authorized in two distinct kinds of cases "(1) where the court can identify an error that caused the jury to include in the verdict a quantifiable amount that should be stricken, ... and (2) more generally, where the award is 'intrinsically excessive' in the sense of being greater than the amount a reasonable jury would have awarded, although the surplus cannot be ascribed to a particular, quantifiable error." *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 165 (2d Cir. 1998). "A verdict is so high as to be excessive ... only if it surpasses an upper limit, and whether that has been surpassed is not a question of fact with respect to which reasonable persons may differ, but a question of law." *Ahlf v. CSX Transp. Inc.*, 386 F. Supp. 2d 83, 87 (N.D.N.Y. 2005). "In the absence of a 'particular discernible error,' as a general matter the court may not set aside the jury's award as excessive unless 'the award is so high as to

shock the judicial conscience and constitute a denial of justice.'" *Leo v. Long Island R.R. Co*., 307 F.R.D. 314, 321-22 (S.D.N.Y. 2015) (quoting *Kirsch*, 148 F.3d at 165). In its determination of whether the award is so excessive, "the court must 'accord substantial deference to the jury's determination of factual issues.' "*Frank Sloup and Crabs Unlimited, LLC v. Loeffler*, 745 F. Supp. 2d 115, 136 (E.D.N.Y. 2010) (quoting *Martell v. Boardwalk Enters*., 748 F.2d 740, 750 (2d Cir. 1984)). In short, the court must be mindful of the jury's "broad discretion" in measuring damages and discern an "upper limit" to assess whether the jury has surpassed it. *Leo*, 307 F.R.D. at 322. (internal quotations omitted). The decision of whether to order a remittitur is within the sound discretion of the trial court. See *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 204 (2d Cir. 2014).

Where emotional distress damages are awarded pursuant to state law claims, the Court is obliged to review the award under New York Law. *Cross v. New York City Transit Authority*, 417 F.3d 241, 258 (2d Cir. 2005). See *Consorti v. Armstrong World Indus., Inc*.,103 F.3d 2, 4 (2d Cir. 1995) (*per curiam*) (observing that "we are obligated to use the standard that New York law prescribes"); see also *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 419 (1996) (holding that New York law with respect to remittitur of excessive compensation awards could be given effect by federal courts consistent with Seventh Amendment). *New York C.P.L.R. § 5501(c)* provides that an award of damages must be reduced if it "deviates materially from what would be reasonable compensation. " This standard "calls for closer surveillance than 'shock the conscience' oversight." *Gasperini v. Center for Humanities, Inc*.,518 U.S. at 424.

Case law has recognized a continuum of damage awards for emotional distress. See *Rainone v Potter*, 388 F. Supp. 2d, 120, 122 (E.D.N.Y. 2005). Courts in this Circuit frequently group emotional distress damages into three categories: "garden-variety, significant, and egregious." *Qorrolli v. Metro. Dental Assocs*., 18cv6836 (DLC), at *23-24 (S.D.N.Y. Dec. 15,

2022) (quoting *United States v. Asare*, 476 F.Supp.3d 20, 37 (S.D.N.Y. 2020)). In "garden variety" cases, "the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or the consequences of the injury." *Id*. (citation omitted). "Garden variety emotional distress claims generally merit $30,000.00 to $125,000.00 awards." *Id*. (citation omitted). A claim of "significant emotional distress," by contrast, "is based on more substantial harm or more offensive conduct, is sometimes supported by medical testimony and evidence, evidence of treatment by a healthcare professional and/or medication, and testimony from other, corroborating witnesses." *Lewis v. Am. Sugar Refining, Inc.*, 325 F.Supp.3d 321, 364-65 (S.D.N.Y. 2018) (citation omitted). "'Significant' claims typically support damages awards ranging from $50,000 to $200,000," although awards of up to $500,000 may also be upheld under some circumstances. *Villalta v. JS Barkats, P.L.L.C.*, 16CV02772, 2021 WL 2458699, at *14 (S.D.N.Y. Apr. 16, 2021); *Lewis*, 325 F.Supp.3d at 365 (plaintiff required hospitalization).

In *Qorrolli*, Judge Cote vacated the jury's findings and ordered a new trial where the jury awarded emotional distress damages of $575,000, on identical facts as those presented in this case. Judge Cote's analysis and decision is so poignant that a fair portion of it is worth repeating verbatim:

> The jury's damages award illustrates that its verdict was not based on the admissible evidence introduced at trial of [Defendant's] treatment of the plaintiff. The plaintiff's testimony indicates that her emotional distress straddles the line between "garden variety" and "significant." On the one hand, she introduced evidence that her job caused her anxiety and depression, that she saw a psychiatrist for a period of time and took medication in order to treat her symptoms, and that she experienced physical manifestations of the distress in the form of panic attacks and damage to her nose. On the other hand, the plaintiff presented no evidence from medical experts or a treating physician, and presented limited evidence regarding the severity of the conduct that produced such distress. The plaintiff also

testified that she stopped taking medication or seeing her psychiatrist after she left her job.

Nevertheless, the jury awarded $575,000 in emotional distress damages -- above even some of the highest amounts approved in cases involving "significant" emotional distress. See, e.g., *Olsen v. County of Nassau*, 615 F.Supp.2d 35, 49 (E.D.N.Y. 2009) (plaintiff's treating psychiatrist testified as to symptoms, medication, and causation; award of $500,000); *Ramirez v. N.Y.C. Off-Track Betting Corp.*, 112 F.3d 38, 41 (2d Cir. 1997) (upholding the remittitur of a pain-and-suffering award to $500,000 where the plaintiff's physician testified that he had become "non-functional" and unemployable after the termination of his employment). But damages awards have also been remitted to amounts well below $500,000 even in cases involving "egregious" misconduct. See *Villalta*, 2021 WL 2458699, at *17 (recommending remittitur to $350,000 in emotional distress damages in an "egregious" case where the plaintiff was sexually assaulted twice).

By contrast, in cases where the plaintiff's testimony served as the primary basis for their emotional distress damages, and where the plaintiff's damages primarily consisted of harm to their emotional state, courts have upheld awards between $100,000 and $150,000. See *Lewis*, 325 F.Supp.3d at 367 (collecting cases). Awards of this amount are typical in cases even where, as here, the plaintiff sought and received psychiatric treatment. See *id*. The plaintiff cites cases involving larger emotional distress awards; but those cases recognize that they represent the "upper end" of such damage's awards, and they involved "unique" circumstances not present here. Cf. *Turley*, 774 F.3d at 146, 163 (remitting a damages award when the plaintiff was subject to "a pattern of extreme racial harassment"); *Tulino v. City of New York*, 15CV07106 (JSR), 2019 WL 3810975, at *6 (S.D.N.Y. Aug. 1, 2019) (citing Turley, 774 F.3d at 163). The jury's award of $575,000 in emotional distress damages in this case is therefore severely out of proportion to the conduct demonstrated at trial.

*Qorrolli v. Metro. Dental Assocs.*, 18-cv-6836 (DLC), at *24-26 (S.D.N.Y. Dec. 15, 2022)

As in *Qorrolli* Plaintiff here testified a lot about the harm that she suffered and the psychological trauma that she has endured. However, also as in *Qorrolli* Plaintiff failed to provide any corroborating evidence for this trauma. Specifically, Plaintiff failed to present any expert testimony regarding her psychological trauma, even though she claims she has one, she failed to

produce any clinical records or doctor testimony to corroborate her alleged hospital admissions, and she failed to produce any prescriptions to corroborate her use of medication as a result of the alleged trauma. Restituyo Decl. ¶14(e).  In sum at best, Plaintiff's damages fall somewhere between garden variety and significant and certainly did not merit an award of $1,725,000.  To be clear, an award of $1.725 million dollars is more than three times the typical compensation offered to victims of even the most egregious forms of emotional distress.[2]

Thus, because the jury's verdict is so disparate from what even the worst damages that could be awarded in the most egregious of emotional distress claims, it is clear that the jury's damages determination was not based on the admissible evidence presented at the trial.  As such, the court must vacate the jury's findings and order a new trial.

**CONCLUSION**

For the foregoing reasons, the Court should vacate the jury's findings and enter judgment in favor of Defendants dismissing all claims.  In the alternative, the Court should order a new trial to avoid a seriously erroneous result and the miscarriage of justice.

Dated: New York, New York
         November 22, 2023

> _/s/ Martin E. Restituyo, Esq._
> By: Martin E. Restituyo, Esq.
> Law Offices of Martin Restituyo, P.C.
> 1325 Avenue of the Americas, 28TH Floor
> New York, New York 10019
> Tel: 212-729-7900
> Fax: 212-729-7490
> restituyo@restituyolaw.com
>
> _Attorney for Defendants_

---

[2] Evidence of jury confusion is evidenced by the fact that they awarded less punitive damages (only $1,000,000) than they did compensatory damages.  Thus, if their intended goal was to punish the Defendants for their bad behavior one can only assume that this number would have been more, not less, than the compensatory damages award.