**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MARIA JOSE PIZARRO**                          **Case No. 20-CV-5783 (AKH)**
                **Plaintiff,**

        **-- against --**

**EUROS EL TINA RESTAURANT LOUNGE and**
**BILLIARDS CORP. and SANTIAGO QUEZADA,**
                **Defendants,**

---

**Declaration of Plaintiffs' Attorney Evan Brustein in Support of Plaintiff's Motion for Attorneys' Fees and Costs**

Under 28 U.S.C. § 1746, I, Evan Brustein, do hereby declare under penalty of perjury, that the following is true and correct:

1.      I am the sole member of Brustein Law P.L.L.C.

2.      I am submitting this Declaration in support of Plaintiff's motion for attorneys' fees and costs in the above matter.

**My Qualifications**

3.      The credentials and court decisions upon which I base my hourly rate.

4.      I graduated from the George Washington University with a B.A. in English in May 2004.

5.      I earned my J.D. from Brooklyn Law School in June 2007.  At Brooklyn Law School, I was the recipient of the Jan Adam Zuckerman Scholarship and the Sparer Public Interest Fellowship.

6.      I am a member in good standing of the bars of the following state courts:

        New York State Bar (Appellate Division, Second Department)
        January 2008

New Jersey Bar
November 2010

7.      I am a member in good standing of the following federal courts:

U.S. District Court for the Southern District of New York
July 2015

U.S. District Court for the Eastern District of New York
July 2015

U.S. District Court for the Northern District of New York
June 2021

U.S. District Court for the District of New Jersey
November 2010

**Background and Qualifications**

7.      From September 2007 until January 2019, I was employed by the New York City

Law Department, Office of the Corporation Counsel.

8.      I began my career as an Assistant Corporation Counsel at the New York City Law

Department as a prosecutor in the Family Court Division in Manhattan, where I tried over 100

cases to verdict, including a homicide.

9.      In 2011, New York City Law Department awarded me the Family Court Division

Chief Award.

10.     In September 2012, I was promoted to Senior Counsel and to Assistant Deputy

Borough Chief, where I helped oversee a team of more than 10 attorneys in Brooklyn.

11.     In 2013, the New York City Bar Association recognized my work on behalf of the

City of New York by awarding me the Municipal Affairs Award.

12.     In September 2015, I transferred to the New York City Law Department's Special

Federal Litigation Division, where I was assigned to defend the City of New York and its

employees against federal lawsuits claiming civil rights violations in the Eastern District of New York and Southern District of New York.

13.     In 2018, the New York City Law Department awarded me the Special Federal Litigation Chief Award.

14.     In January 2019, I started my own practice, Brustein Law, P.L.L.C., concentrating in the fields of civil rights, employment law, and commercial litigation.

15.     I have experience in the fields of § 1983 litigation, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, excessive force, wage-and-hour law, commercial litigation, employment discrimination, retaliation, first amendment litigation, sexual assault and sexual harassment litigation, whistleblower litigation, ERISA, WARN Act, New York State criminal law and federal criminal law.

16.     While most of the cases I have settled are confidential, one case, which was not is M.D. v. City of New York 21-CV-1060 (ARR) (SJB), in the Eastern District of New York, and settled for $2.95 million.

17.     I am experienced in trial court and appellate litigation and have also litigated the following reported cases, among others:

    a.  *Matter of Desteny D.,* 42 Misc. 3d 478 (Aug. 2013) a homicide case, I successfully prosecuted to verdict;

    b.  *Brown v. City of New York, et al.* SDNY Case No. 16-CV-1919 (ALC), 2018 WL 3821620, a civil rights case where my motion for summary judgment was granted;

    c.  *In re Esmeldyn P.* 124 A.D. 3d 542 (1st Dept. 2015), an appellate case where I successfully defended a felony assault conviction on appeal;

      d.  *Dyal v. City of New York, et al,* EDNY Case No. 16-CV-2133 (JBW) (RER 2018 WL 2103202, a civil rights case, in which my motion for summary judgment was granted;

      e.  *A.W. by E.W. v. New York Department of Education, et al,* EDNY Case No. 19-CV-7011 (MKB), 2021 WL 611409, a civil rights case where I successfully opposed a motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

18.    I am also experienced in federal trials and the following are some of federal excessive force cases I have litigated successfully to verdict:

      a.  *Gorham, et al. v. City of New York, et al,* EDNY Case No. 14-CV-6865 (LDH) (RLM);

      b.  *Milton v. Johnson,* SDNY Case No. 13-CV-8046 (PGG);

      c.  *Feeley v. City of New York, et al,* SDNY Case No. 15-CV-8349 (PKC); and,

      d.  *Dean v. New York City, et al,* SDNY Case No. 15-CV-8825 (LAK) (KNF).

19.    I am also experienced in federal class action litigation and have participated in the following filed cases:

      a.  *McLennon, et al v. City of New York, et al,* SDNY Case No. 14-CV-6320 (MKB) (RER);

      b.  *Farah, et al v. Emirates, et al,* SDNY Case 21-CV-5786 (LTS); and,

      c.  *Staley, et al. v. FSR International Hotels, Inc., et al.,* SDNY Case No. 22-CV-6781 (JSR).

20.    I am also experienced in federal civil rights litigation and have litigated the following federal employment and civil rights cases, among others:

    a.   *Jones v. Mayflower International Hotel Group, Inc, et al,* EDNY Case No. 15-CV-4435 (WFK) (JRC);

    b.   *Mills v. Marcus & Millichap Real Estate Investment Services, Inc.,* EDNY Case No. 20-CV-6333 (LDH) (JRC);

    c.   *Fowler v. City of New York, et al,* EDNY Case No. 16-CV-6059 (AMD) (CLP);

    d.   *Puryear v. Meco Electric Company,* EDNY Case No. 22-CV-295 (WFK) (VMS);

    e.   *Metlife 401(k) Plan, v. Howard-Burke, et al,* SDNY Case No. 21-CV-10607 (PKC);

    f.   *Chan v. iSpot, Inc.,* SDNY Case No. 20-CV-8222 (RA);

    g.   *Centeno v. Extell Development Company, et al,* SDNY Case No. 19-CV-7232 (DLC);

    h.   *Quiller v. Varona, et al,* SDNY Case No. 15-CV-5879 (RJS);

    i.   *Lopez v. Matos, et al,* SDNY Case No. 20-CV-898 (AKH); and,

    j.   *Zwolinski v. Liberty Behavorial Management, Inc., et al,* SDNY Case No. 21-CV-10760 (JLR).

21.    From 2007 – 2011, I served on the New York City Bar Committee on Legal Issues Affecting People with Disabilities.

22.    From 2012 – 2015, I served on the New York City Law Department's Diversity Committee.

23.    From 2019 to present, I have been a member of the Labor and Employment Section of the New York State Bar Association.

24.     From 2019 to present, I have been a member of the New York American Inn of Court.

25.     From 2019 to present, I have been a member of the Commercial and Federal Litigation Section of the New York State Bar Association.

26.     I have presented Continuing Legal Education Classes on a variety of topics including:

    a.  New York American Inn of Court's The Buffalo Billion Corruption Scandal: Honest Services and the "Right to Control" Theory, October 2022;

    b.  New York American Inn of Court's Blowing the Whistle on Fake It Till You Make It – Inspired by Theranos, October 2021;

    c.  New York American Inn of Court's Orange is the New Varsity Blue: From Bribe Agreement to Plea Agreement, October 2019 (National Inn Award recipient for Outstanding Program);

    d.  Closing Statements at the Federal Bar Council's Trial Advocacy Training for Pro Bono Lawyers, May 2019; and,

    e.  New York City Law Department's Introduction to Evidentiary Foundations in 2014.

27.     I met Mark Marino as an adversary over eight years ago when I was working for the New York City Law Department, Special Federal Litigation Division.

28.     Since opening Brustein Law PLLC, I have sought Mr. Marino's assistance on several matters because of my respect for his legal writing and strategic thinking.

29.     I brought Mr. Marino on to this matter to assist with motion drafting, preparing for depositions, and preparing the case for trial.

30.     During the trial, Mr. Marino directed two of Plaintiff's witnesses during the trial.

31.     I have billed Mr. Marino's services out at $425/hour.

32.     Mr. Marino's requested hourly rate of $425 is in keeping with prevailing market rates for lawyers of comparable skill and experience and this represents a minimally fair rate for an attorney with Mr. Marino's experience and competence.

33.     I regularly charge clients $500/hour for my own services.

34.     My work in connection with this case is shown on the schedule attached herein as Exhibit 1.  I prepared my time records contemporaneously with my performance of the work via billing software.

35.     I devoted 318.9 hours to the representation of the Plaintiff in this case.

36.     I am requesting an hourly rate of $550, which is a slight increase, for the following reasons: (1) the level of success achieved in this litigation; (2) the risk of payment involved in contingency litigation which at this point has lasted for four years versus a client paying as the work is completed; (3) based upon my training and experience as well as the knowledge and skill I have demonstrated throughout this litigation, I believe that $550/hour is in line with rates charged by similarly experienced lawyers in the district.

37.     Using my requested hourly rate of $550 for my 316.9 hours, my fee comes to $174,295.00.

38.     The costs incurred in litigating this matter are included on Exhibit 1, and they total $5,110.63.

39.     A true and accurate copy of my invoice detailing the hours spent and the itemized costs incurred is attached to my Declaration as Exhibit A.

40.    A true and accurate copy of my (supplemental) invoice detailing the hours apent and the itemized costs incurred in opposing Defendants' motion pursuant to FRCP 50 and 59 is attached to my Declaration as Exhibit B.

41.    Under 28 U.S.C. § 1746, I, Evan Brustein, do hereby certify under penalties of perjury, that the above statements are true and correct to the extent they reflect my personal knowledge and otherwise are based upon my information and belief.

Dated: New York, New York
          December 21, 2023

          _____/s/ Evan Brustein_____
          Evan Brustein, Esq.
          Brustein Law PLLC
          299 Broadway, 17th Floor
          New York, New York 10007
          (212) 233-3900
          evan@brusteinlaw.com
          *Attorney for Plaintiff*