UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
MARIA JOSE PIZARRO

        Plaintiff,

-against-                                                                                   Dkt 20-CV-5783 (AKH)

EUROS EL TINA RESTAURANT
LOUNGE AND BILLIARDS CORP.,
SANTIAGO QUEZADA, and
SANTIAGO QUEZADA, Jr.

        Defendants,
------------------------------------------------ X

DECLARATION OF JEFFREY RISMAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND OTHER DISCRETIONARY COSTS PURSUANT TO 42 U.S.C. § 1988 AND FED. R. CIV. P. 54(d)(2)

      I, Jeffrey Risman, declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

      1.    I respectfully submit this declaration in support of plaintiff's application, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d)(2), for an order awarding plaintiff's counsel attorneys' fees as the prevailing party in this litigation.

      2.    I am an attorney licensed to practice in New York State. I am a partner at the law firm of Risman & Risman, P.C. I graduated from New York Law School in 2007, and earned the highest grade in the class (A+) in trial advocacy with the Honorable Joan M. Azrack (then Magistrate Judge) presiding over my mock trial.

      3.    After being admitted to practice law in the State of New York in 2008, I started my career as an associate with Lester, Schwab, Katz and Dwyer, an insurance defense firm, where I focused on defending corporations and individuals, from preparation of answers, to digesting and taking depositions, and drafting of motions for summary

judgment. In 2010, I became an associate with Furman & Kornfeld, where I defended attorneys in malpractice suits and first gained exposure to employment law and all the intricacies therein, when I was assigned to an action in which an employment litigator was being sued.

4. After deciding that I wanted to pursue a future in employment law, in 2011, I joined the firm of Maya Risman, P.C. In 2013, I was a founding partner in Risman & Risman, P.C. I regularly work closely with clients, through all phases of litigation and am responsible for preparing all EEOC Charges, pleadings, motions, memoranda of law, and position statements for cases at the firm. I am also the lead attorney in all wage and hour claims commenced by the firm. I previously prevailed in an employment discrimination arbitration matter before the AAA in 2015. I also prevailed in a single plaintiff employment discrimination arbitration matter before the AAA in 2021, where my firm obtained a 7 figure award.

5. I was elected to Superlawyers Rising Stars for plaintiff's employment attorneys for the years 2014 - 2021, the Top 40 under 40 Labor and Employment Lawyers in the State of New York for the years 2015 – 2021, and have also been a member of the National Employment Lawyers Association and New York Bar Association – Labor and Employment Law section since 2013. I also present continuing legal education classes for Lawline.com.

6. The clients whom Risman & Risman, P.C. represent in employment cases can often only afford to retain an attorney on a contingency basis, and all of these cases are handled that way. Counsel for Claimant is compensated based upon a percentage of any judgment or settlement, or through § 1988 and City & State Law awards. Risman & Risman, P.C. bears all of the costs of litigation while the case is pending, and the clients

never have an obligation to pay for expenses which have been advanced if there is no recovery.

7. Employment discrimination cases are extremely risky and involve complex issues of law. It is well known that only a small segment of the bar is willing to take such cases as the bulk of a law practice. Because the chances of losing employment discrimination cases are high, employment attorneys in New York depend on the availability of a full "lodestar" recovery if they do prevail.

8. As part of my practice I take cases on both an hourly and a contingency fee basis. Because I represent individuals who are often without employment, they often lack the means to pay my full hourly rate or even any hourly rate.

9. In matters involving claims of employment discrimination and otherwise, my clients are overwhelmingly unable to afford the services of a lawyer on an hourly basis. Few if any have enough money to pay even a minimal retainer. My firm handles these cases on a contingency basis, and our compensation is based on a portion of any judgment or settlement obtained, or through fee petitions.

10. I have known one of plaintiff's counsel, Evan Brustein, for approximately four years, and have worked closely with him over that period, on numerous cases, including <u>Chan v iSpot, Inc.</u> 20-CV-8222 (RA), <u>Puryear v. Meco Electric Company, Inc.</u> 295-CV-295 (WFK) (VMS), and <u>Jones v Mayflower International Hotel Group, Inc. et al.</u> (WFK) (JRC).

11. In those cases, I was particularly impressed by Mr. Brustein's knowledge of the federal rules, skill in taking and defending depositions, and in preparing for trial. His presence in these cases and legal acumen has enhanced the representation for our clients and enabled us to resolve the cases favorably.

12. Mr. Brustein's rate of $550.00 per hour is in keeping with prevailing

market rates for lawyers of comparable skill and experience in the field. Mr. Brustein has accumulated considerable knowledge and skill in the field of employment litigation, and this represents a minimally fair and reasonable rate for an attorney with Mr. Brustein's experience and competence.

13. I swear under penalty of perjury that the foregoing is true and correct.

Dated: November 30, 2023
New York, New York

*Jeffrey Risman*
Jeffrey Risman, Esq.