**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
MARIA JOSE PIZARRO,

                                                  No: 20-CV-5783 (AKH)

                         Plaintiff,

   - against-


EUROS EL TINA RESTAURANT LOUNGE AND BILLIARDS CORP., SANTIAGO QUEZADA, AND SANTIAGO QUEZADA, JR.,

                         Defendants.
-----------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES**

1

# TABLE OF CONTENTS

Table of Authorities..................................................................................................................3

Preliminary Statement............................................................................................................4

Statement of Relevant Facts...................................................................................................4

Argument ................................................................................................................................8

      I.      The Standard of Law on a Motion for Attorneys' Fees ..........................................8

      II.     Ms. Pizarro Requests Fees of $550 Per Hour for Mr. Brustein and $425 Per Hour for Mr. Marino...................................................................................................9

      III.    Ms. Pizarro Requests Reasonable Hours of 316.9 for Mr. Brustein and 159.3 for Mr. Marino...................................................................................................12

Conclusion ............................................................................................................................13

# TABLE OF AUTHORITIES

*Abdell v. City of New York*, 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015) ........................................... 9

*Alicea v. City of New York*, 272 F. Supp. 3d 603 (S.D.N.Y. 2017) .................................................. 9

*Bailey v. Pataki*, 2016 WL 3545941 (S.D.N.Y. June 16, 2016) ....................................................... 9

*Champagne v. Columbia Dental, P.C.*, 2022 WL 951687 (D. Conn. Mar. 30, 2022) .................... 10

*Cocuzza v. Rockland Cnty., New York,* 2019 WL 6498915 (S.D.N.Y. Nov. 7, 2019) ............ 10, 11

*DeCurtis v. Upward Bound Int'l, Inc.*, 2011 WL 4549412 (S.D.N.Y. Sept. 27, 2011) ..................... 9

*Ekukpe v. Santiago*, 2020 WL 1529259 (S.D.N.Y. Mar. 31, 2020) ............................................... 10

*Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) ......................................... 8

*Fox v. Vice*, 563 U.S. 826 (2011) ..................................................................................................... 8

*Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir. 1998) ........................................................................ 9

*Grand v. Schwarz*, 2019 WL 624603 (S.D.N.Y. Feb. 14, 2019) ...................................................... 9

*Grant v. Martinez*, 973 F.2d 96 (2d Cir. 1992) .............................................................................. 12

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) .......................... 8, 12

*Marchuk v. Faruqi & Faruqi LLP*, 104 F. Supp. 3d 363 (S.D.N.Y. 2015) ..................................... 8

*McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91 (2d Cir. 2006) ...... 10

*Powell v. Metro One Loss Prevention Servs. Grp.*, 2015 WL 9287121 (S.D.N.Y. Feb. 5, 2015) .... 9

*Restivo v. Hessemann*, 846 F.3d 547 (2d Cir. 2017) ....................................................................... 8

*Rosario v. City of New York*, 2023 WL 2908655 (S.D.N.Y. Jan. 27, 2023) .................................. 10

*Santander Cons. USA, Inc. v. City of Yonkers,* 2022 WL 4134718 (S.D.N.Y. Sept. 12, 2022) .... 10

*Tatum v. City of New York*, 2010 U.S. Dist. LEXIS 7748, at *21 (S.D.N.Y. Jan. 28, 2010) .......... 12

## PRELIMINARY STATEMENT[1]

On October 23, 2023, a jury issued a verdict in this case totaling $2.725 million dollars – $1.725 million in compensatory damages and $1 million in punitive damages. The litigation was hard fought and riddled with motion practice. One of more of the parties made the following motions: motion to dismiss (based on an alleged lack of subject matter jurisdiction); motions to compel; and several motions in limine. The parties took multiple depositions after hundreds of pages of documents were produced. Then, of course, there was the trial.

Plaintiff Maria Pizarro now makes this application for her attorneys' fees.[2]

## STATEMENT OF RELEVANT FACTS

A jury issued a verdict in this case totaling $2.725 million dollars – $1.725 million in compensatory damages and $1 million in punitive damages – on October 23, 2023. *See* ECF Dkt. Minute Entry Dated October 23, 2023. During the litigation, one or more of the parties made the following motions: Plaintiff's motion to compel (ECF Dkt. No. 84-85); Defendants' motion to compel (ECF Dkt. No. 97-98); and Defendants' motion to dismiss (ECF Dkt. No. 112-113). The parties conducted depositions of Maria Pizarro, Eladio Castro, Santiago Quezada, Sr., and

---

[1] Plaintiff has not included hours for her anticipated motion for fees or opposition to Defendants' motion for remitter. Should additional motion practice be required, Plaintiff respectfully requests permission to submit a supplemental invoice to incorporate any additional hours spent litigating post-trial motions either as part of Plaintiff's Reply Brief or as a standalone motion.

[2] As noted in Footnote 1, *supra*, Ms. Pizarro is including supplemental invoices for the time spent opposing Defendants' motion pursuant to F.C.R.P. 50 and 59. Ms. Pizarro adds this footnote as the only substantive information not provided to Defendants on December 8, 2023. The supplemental invoices for Mark Marino and Evan Brustein are being annexed as ECF Dkt. Nos. 184-2 and 185-2, respectively, to the Declaration of Mark Marino. Please note that in opposing Defendants' motion pursuant to F.C.R.P. 50 and 59, Mark Marino billed an additional 24.4 hours at $425/hour for a total of $10,370, increasing his total attorney fees from $67,702.50 to an updated $78,072.50, and Evan Brustein billed an additional 17.7 hours at $550/hour for a total of $9,735, increasing his total attorney fees from $174,295.00 to an updated $184,030.00, which combined with the original costs of $5,110.63 brings the total attorneys' fees and costs to $267,213.13. These are the correct (amended/updated) fee numbers.

4

Santiago Quezada, Jr. (ECF Dkt. No. 184, Declaration of Mark Marino in Support of Motion for Approval of Attorneys' Fees at ¶ 12) And the trial lasted four days. *See* ECF Dkt. Minute Entries Dated October 17-23, 2023.

Evan Brustein graduated from Brooklyn Law School in June 2007, where he was the recipient of the Jan Adam Zuckerman Scholarship and the Sparer Public Interest Fellowship. (ECF Dkt. No. 185, Declaration of Evan Brustein, at ¶ 5) He began his career as an Assistant Corporation Counsel at the New York City Law Department as a prosecutor in the Family Court Division in Manhattan, where he tried over 100 cases to verdict. (*Id*. at ¶ 8) In 2011, the New York City Law Department awarded him the Family Court Division Chief Award. (*Id*. at ¶ 9) In September 2012, he was promoted to Senior Counsel and to Assistant Deputy Borough Chief, where he helped oversee a team of more than ten attorneys. (*Id*. at ¶ 10) In 2013, the New York City Bar Association recognized his work on behalf of the City of New York by awarding him the Municipal Affairs Award. (*Id*. at ¶ 11)

In September 2015, Mr. Brustein transferred to the New York City Law Department's Special Federal Litigation Division, where he was assigned to defend the City of New York and its employees against federal lawsuits claiming civil rights violations in the Eastern District of New York and Southern District of New York. (*Id*. at ¶ 12) In 2018, the New York City Law Department awarded him the Special Federal Litigation Chief Award. (*Id*. at ¶ 13)

In January 2019, Mr. Brustein started his own practice, Brustein Law, P.L.L.C., concentrating in the fields of employment law, civil rights, and commercial litigation. (*Id*. at ¶ 14) Thus, he has experience in the fields of § 1983 litigation, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, excessive force, wage-and-hour law, commercial litigation, employment discrimination, retaliation, first amendment litigation, sexual assault and

sexual harassment litigation, whistleblower litigation, ERISA, WARN Act, New York State criminal law, and federal criminal law. (*Id.* at ¶ 15)

From 2007 to 2011, Mr. Brustein served on the New York City Bar Committee on Legal Issues Affecting People with Disabilities. (*Id.* at ¶ 21) From 2012 to 2015, he served on the New York City Law Department's Diversity Committee. (*Id.* at ¶ 22) From 2019 to the present, he has been a member of the Labor and Employment Section of the New York State Bar Association. (*Id.* at ¶ 23) From 2019 to present, he has been a member of the New York American Inn of Court. (*Id.* at ¶ 24) And from 2019 to present, he has been a member of the Commercial and Federal Litigation Section of the New York State Bar Association. (*Id.* at ¶ 25)

Mr. Brustein is experienced in trial court and appellate litigation and has also litigated numerous cases, including several reported cases. (*Id.* at ¶ 17) He is also experienced in federal trials, with several reported cases. (*Id.* at ¶ 18) He also has experience in federal class action litigation and civil rights litigation. (*Id.* at ¶¶ 19-20) Finally, Mr. Brustein has presented Continuing Legal Education Classes on a variety of topics. (*Id.* at ¶ 26)

Mr. Brustein attaches declarations from the following individuals in support of his claim for $550/hour in attorney's fees: Earl Ward, Jeffrey Risman, Brian Bromberg, and Maria Pizarro. (*See* ECF Dkt. Nos. 186-189) Mr. Ward, who has been practicing law for almost forty years, first met Mr. Brustein as an adversary almost and has since conversed with him consistently about civil rights matters. (ECF Dkt. No. 186 at ¶¶ 4-7) Mr. Jeffrey Risman, who has known Mr. Brustein for four years, thinks so highly of Mr. Brustein that he has brought him in on numerous cases in his firm. (ECF Dkt. No. 187 at ¶¶ 10-12) Likewise, Mr. Bromberg, who has been practicing law for over thirty years, has brought Mr. Brustein into cases and achieved greater

6

results because of it. (ECF Dkt. No. 188 at ¶¶ 7-12) Ms. Pizarro is very pleased with her lawyers and the outcome of the action. (ECF Dkt. No. 189 at ¶¶ 7-9)

      Mr. Brustein brought Mr. Marino into the case based on mutual respect gained from their work as adversaries. (ECF Dkt. No. 185 at ¶¶ 27-28) Mr. Marino graduated from Northwestern Law School, with Honors, in 2001. (ECF Dkt. No. 184 at ¶ 2) He began his career as an associate at Kirkland & Ellis, LLP, working in the complex commercial litigation department. (*Id*. at ¶ 3) He also worked as an associate at McGuire Woods LLP until 2006 – again, in complex commercial litigation. (*Id.*) After training at a top plaintiff's personal injury/employment law firm, The Law Office of Benedict Morelli, Mr. Marino started his own firm in 2009, and he has dealt in civil rights lawsuits, personal injury, and commercial litigation. (*Id*. at ¶¶ 4-7) Mr. Marino charges $425 per hour when working hourly. (*Id*. at ¶ 10)

      Mr. Brustein and Mr. Marino met as adversaries over eight years ago. (ECF Dkt. No. 185 at ¶ 27) Since leaving the New York City Law Department, Mr. Brustein has sought Mr. Marino's assistance on several matters because of his respect for Mr. Marino's legal writing and strategic thinking. (*Id*. at ¶ 28) Mr. Brustein brought Mr. Marino onto this matter to assist with motion drafting, preparing for depositions, and preparing the case for trial. (*Id*. at ¶ 29) Indeed, Mr. Marino did the direct examinations of two of Ms. Pizarro's three witnesses. (*Id*. at ¶ 30) Mr. Brustein and Ms. Pizarro advocate that $425.00 per hour is in keeping with prevailing market rates for lawyers of comparable skill and experience and this represents a minimally fair and reasonable rate for an attorney with Mr. Marino's experience and competence. (*Id*. at ¶ 32; ECF Dkt. No. 184 at ¶ 10)

7

Mr. Brustein spent 316.9 hours working on the case, and Mr. Marino spent 159.3 hours. (ECF Dkt. No. 185-1; *see* ECF Dkt. No. 184-1) Mr. Brustein also incurred $5,110.63 in expenses prosecuting the case. (ECF Dkt. No. 185-1)[3]

## ARGUMENT

**I.      THE STANDARD OF LAW ON A MOTION FOR ATTORNEYS' FEES.**

The "determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), and in evaluating an application, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Id*.; *see also Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017). Instead, trial courts should "take into account their overall sense of a suit," *id*., with a particular focus on "the degree of success obtained" by the prevailing party. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

"[T]he most critical factor" in determining the reasonableness of a fee award" is the degree of success obtained." *Id*. (emphasis added). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983) (emphasis added).

Attorneys' fees are determined by determining the "presumptively reasonable fee" – the "lodestar" amount – calculated by multiplying the number of hours the prevailing party's counsel worked "by the reasonable hourly rate charged for similar work by attorneys of like skill in the jurisdiction." *Marchuk v. Faruqi & Faruqi LLP*, 104 F. Supp. 3d 363, 366 (S.D.N.Y. 2015) (this Court granted $500/hour to a partner almost ten years ago). In calculating whether a given rate is

---

[3] The amount is higher after opposing Defendants' motion pursuant to Fed. R. Civ. P. 50 and 59. *See* Footnote 2, *supra*.

8

reasonable, courts look to "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998).

## II.    MS. PIZARRO REQUESTS FEES OF $550 PER HOUR FOR MR. BRUSTEIN AND $425 PER HOUR FOR MR. MARINO.

"[C]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600 … with average awards increasing over time." *Abdell v. City of New York*, 2015 WL 898974 at *3 (S.D.N.Y. Mar. 2, 2015) (citations omitted) ($650 per hour for partner was reasonable almost ten years ago); *Grand v. Schwarz*, 2019 WL 624603 at *5-6 (S.D.N.Y. Feb. 14, 2019) ($600 per hour for partner); *DeCurtis v. Upward Bound Int'l, Inc.*, 2011 WL 4549412 at *8 (S.D.N.Y. Sept. 27, 2011) ($550 per hour for partner granted over ten years ago); *Powell v. Metro One Loss Prevention Servs. Grp.*, 2015 WL 9287121 at *2-3 (S.D.N.Y. Feb. 5, 2015), *report and recommendation adopted*, 2015 WL 9255338 (S.D.N.Y. Dec. 17, 2015) (setting hourly rate for partner in employment case at $650 per hour almost ten years ago). In *Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016), in a case with nominal damages, the court awarded three attorneys, each with only a decade of experience, the rate of $550/hour because they undertook some of the key work in the case.  In *Alicea v. City of New York*, 272 F. Supp. 3d 603, 610 (S.D.N.Y. 2017), the Court awarded an attorney, with more than 14 years of experience and who was part of a team of attorneys representing the plaintiff, the rate of $500/hour.

"[T]he Second Circuit has rejected the argument that because "a solo practitioner ... does not have the overhead of larger firms, her rate should [automatically] be lower," *id.* (citing

*McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 98 n.6 (2d Cir. 2006) ("[D]istrict courts should not treat an attorney's status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate."); *Cocuzza v. Rockland Cnty., New York,* 2019 WL 6498915, at *3 (S.D.N.Y. Nov. 7, 2019), *report and recommendation adopted,* No. 17-CV-8217(KMK)(PED), 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019)

"The Court recognizes, however, that these rates have remained static for some time, *see, e.g.*, *Vilkhu*, 2009 WL 1851019, at *4 (noting that for ten years prior to 2009, rates for civil rights attorneys in Southern District ranged from $250 to $600), and agrees with one recent court that concluded "civil litigators should not be limited to hourly rates that have not adapted to the changing times." *Champagne v. Columbia Dental, P.C.*, No. 18-CV-01390 (VLB), 2022 WL 951687, at *5 (D. Conn. Mar. 30, 2022) (noting that "[b]ased on the U.S. Bureau of Labor Statistics' Consumer Price Index Inflation Calculator, an hourly rate of $450 in 2008 was the equivalent buying power to $604.85 in February 2022)." *Rosario v. City of New York*, No. 1-18-CV-04023(LGS)(SDA), 2023 WL 2908655, at *6 (S.D.N.Y. Jan. 27, 2023), *report and recommendation adopted as modified,* No. 18 CIV. 4023 (LGS), 2023 WL 2523624 (S.D.N.Y. Mar. 15, 2023).

"In the Southern District of New York, the customary rate for experienced litigators ranges from about $400 to $600 per hour in civil rights ... cases." *Ekukpe v. Santiago*, No. 16-CV-5412, 2020 WL 1529259, at *3 (S.D.N.Y. Mar. 31, 2020) (quotations and citation omitted)". *Santander Consumer USA, Inc. v. City of Yonkers,* No. 20-CV-4553 (KMK), 2022 WL 4134718, at *4 (S.D.N.Y. Sept. 12, 2022), *appeal dismissed* (Dec. 1, 2022), *appeal dismissed,* No. 22-2635, 2023 WL 2125381 (2d Cir. Jan. 30, 2023).  "[W]hile the Court is aware that smaller law firms typically charge lower hourly rates than large, corporate firms, precedent in this District

10

clearly demonstrates that experienced solo civil rights practitioners and civil rights attorneys from small law firms have been awarded hourly rates as high as $550 to $650." *Cocuzza v. Rockland Cnty., New York*, No. 17-CIV-8217(KMK)(PED), 2019 WL 6498915, at *4 (S.D.N.Y. Nov. 7, 2019), *report and recommendation adopted,* No. 17-CV-8217(KMK)(PED), 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019).

Here, Mr. Brustein's skill in taking depositions and trying the case culminated in the unquestionably successful outcome. Mr. Brustein has tried over 100 cases to verdict, gotten accolades from the New York City Law Department and New York City Bar Association, and conducted numerous CLEs. Importantly, the verdict speaks to his skill in the courtroom, as the Court witnessed, with a $2.725 million verdict. Finally, the supporting affidavits verify all of the above. Mr. Brustein, indeed, deserves $550/hour.

Mr. Marino's role as co-counsel consisted of drafting and opposing motions and aiding with depositions and trial work. Although this work admittedly demands a lesser fee, Mr. Marino's experience and skill resulted in successful motion practice – including the opposition to Defendants' motion to dismiss – and effective aid to Mr. Brustein in depositions and at trial. Indeed, Mr. Marino charges $425 per hour in hourly cases and respectfully requests the same in this action.

Other factors to consider are that during the settlement conference on the eve of trial, Defendants' counsel stated that they would not consider any number greater than $100,000. Thus, Defendants never truly made a reasonable offer to settle the case and then suffered a $2.725 million jury verdict.

In addition, the Court should be mindful of the risks inherent in the litigation, such as laying out costs of the litigation, working on a contingency fee basis, and being paid at the end of

the case (as opposed to hourly billing). (*See* ECF Dkt. No. 185 at ₱ 36; ECF Dkt. No. 186 at ₱ 3; ECF Dkt. No. 187 at ₱ 6; ECF Dkt. No. 188 at ₱ 5)

### III. MS. PIZARRO REQUESTS REASONABLE HOURS OF 316.9 FOR MR. BRUSTEIN AND 159.3 FOR MR. MARINO.

"Normally [an attorneys' fee award] will encompass all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. In determining whether hours were reasonably expended, the relevant inquiry "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (declining to engage in "an ex post facto determination of whether attorney hours were necessary to the relief obtained"), cert. denied, 506 U.S. 1053 (1993); *accord Tatum v. City of New York*, 2010 U.S. Dist. LEXIS 7748, at *21 (S.D.N.Y. Jan. 28, 2010). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435.

Mr. Brustein spent 316.9 hours litigating the case; Mr. Marino spent 159.3 hours. (*See* ECF Dkt. No. 185-1; *see* ECF Dkt. No. 184-1) These hours should remain untouched. Ms. Pizarro does not yet know of any specific disputes with the numbers/entries, so any issues identified in Defendants' opposition papers will be addressed in Plaintiff's reply memorandum.

## CONCLUSION

For the reasons set forth above, Ms. Pizarro respectfully requests that the Court grant her motion in its entirety awarding $174,295.00 for Mr. Brustein's work, $67,702.50 for Mr. Marino's work, and $5,110.63 for costs for a total amount of $247,108.13.[4]

Dated: New York, New York
January 2, 2023

                                       MARK A. MARINO, PC

                                       ___/s/ Mark Marino_____
                                       Mark Marino, Esq.
                                       99 Wall Street, Suite 1865
                                       New York, NY 10005
                                       Tel:  212-748-9552
                                       Fax:  646-219-5350

---

[4] The amount requested is higher after opposing Defendants' motion pursuant to Fed. R. Civ. P. 50 and 59. *See* Footnote 2, *supra*.