IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JOSE PIZARRO<br><br>                         Plaintiff,<br>        -against-<br><br>EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP., SANTIAGO QUEZADA, And SANTIAGO QUEZADA, Jr.,<br>                         Defendants. | Case No. 1:20-cv-05783-AKH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR ATTORNEY'S FEES AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES**

Defendants Euros El Tina Restaurant Lounge and Billiards Corp. ("El Tina Lounge"), Santiago Quezada ("Quezada Sr.") and Santiago Quezada, Jr. ("Quezada Jr.") (collectively, "Defendants"), by and through its attorneys, respectfully submit the following memorandum of law in opposition to Plaintiff's Motion for Approval of Attorneys' Fees.

**STATEMENT OF RELEVANT FACTS**

Defendants assume the Court's familiarity with the facts of this case and thus will only provide a brief summary of the relevant facts.

On July 24, 2020, the plaintiff, Maria J. Pizarro ("Plaintiff"), commenced this action by filing a complaint with twelve causes of action against the three Defendants. In her complaint Plaintiff brough the following claims against all three defendants:

1. Discrimination and harassment in violation of Section 1981

2. Retaliation in Violation of Section 1981

3. Discrimination and harassment in Violation of Title VII

4. Retaliation in Violation of Title VII

5. Violation of the New York City Human Rights Law Hostile Work Environment

      6. Violation of New York State Human Rights Law Hostile Work Environment

      7. Retaliation in Violation of New York State Human Rights Law

      8. Aiding and Abetting Violations of New York State Human Rights Law

      9. Retaliation in Violation of New York City Human Rights Law

      10. Aiding and Abetting Violations of New York City Human Rights Law

      11. Failure to Provide a Wage Statement

      12. Failure to Provide Sick Leave

See SDNY ECF Doc. No. 1

    At the commencement of this action Plaintiff knew the majority of these claims to be false and unprovable in court. For example, Plaintiff knew that there were no wage claims or sick leave claims. Plaintiff also knew that she was not terminated for any discriminatory reason and, similarly, that her retaliation claims were not viable because she lost her job only when the El Tina Lounge closed its doors permanently. Lastly, Plaintiff knew, from the beginning, that most of these claims were not even applicable to the individual defendants but named them anyway.  Nevertheless, it was not until the eve of trial – three years later – that Plaintiff dropped these claims.

    Ultimately, the case proceeded to trial on only 3 of 36 claims (2 of 12 claims against El Tina Lounge and 1 of 12 claims against Quezada Sr). All 12 claims against Quezada Jr. were dropped prior to submitting the case to the jury. In sum, eleven twelfths of the time and effort spent by Plaintiff's attorneys on this case was spent on claims that they knew or should have known had no basis in law or fact.

    Moreover, the fact that Plaintiff's attorney refused to entertain mediated settlement talks – even while knowing that most of Plaintiff's claims were not viable – speaks directly to the fact that they were seeking to pad their legal fees, rather than of real concern for their

client's case.

That Plaintiff got lucky and had a jury return a verdict entirely outside the bounds of the law[1] does not mean that Plaintiff's attorneys should be rewarded with an equally preposterous and undeserved fee award.

## ARGUMENT

### I. LEGAL STANDARD

Under the bedrock principle known as the "American Rule," "[e]ach litigant pays his own attorney's fees, win, or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (internal quotations omitted).

In any action or proceeding to enforce a provision of 42 U.S.C. § 1981, as was the case here, 42 U.S.C. § 1988(b) allows the court, in its discretion, to award the prevailing party a reasonable attorney's fee. Conversely, 42 U.S.C. § 1988 also authorizes the court to award attorney's fees to a defendant "upon finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 833 (2011) quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978)

### II. DEFENDANTS ARE ENTITLED TO REINBURSEMENT OF LEGAL FEES FOR WORK PERFORMED ON PLAINTIFF'S NUMEROUS FRIVOLOUS CLAIMS

Where a plaintiff asserts both frivolous and non-frivolous claims the Supreme Court permits a District Court to "grant reasonable attorney's fees to the defendant, but only for costs that the defendant would not have incurred but for the frivolous claims." *Fox v. Vice*, 563 U.S. 826, 829 (2011). A defendant may recover attorney's fees "when the suit is vexatious, frivolous, or brought to harass or embarrass defendant." *Hensley v. Eckerhart*, 461 U.S. 424,

---

[1] See Defendants' Memorandum of Law in Support of Motion for Judgment as a Matter of Law. SDNY ECF Doc. No. 166.

429 n. 2, (1983)

The Court in *Fox* makes it clear that a court may reimburse a defendant for costs under §1988 even if a plaintiff's suit is not wholly frivolous, noting that "[f]ee-shifting to recompense a defendant (as to recompense a plaintiff) is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees." *Fox v. Vice*, 563 U.S. at 835.

Here it is obvious that the majority of Plaintiff's claims against the Defendants were frivolous, unreasonable or without foundation. Moreover, Plaintiff knew this from the beginning and nevertheless proceeded to prosecute these claims until the very end.

The clearest example of Plaintiff's intent to harass and embarrass the Defendants has to do with all twelve claims alleged against Quezada, Jr. Indeed, such was the lack of basis for any of these claims that all were dropped against him at trial. Nevertheless, and notwithstanding the Court's prodding prior to and even during the trial, Plaintiff insisted on moving forward with him sitting at the Defense table and only withdrew their claims against him at the close of trial. Plaintiff knew from the very beginning that they would not be able to sustain any claims against him and yet they spent, and forced Defendants to spend, copious amounts of time and effort to defend against these knowingly unsustainable allegations.

Equally frivolous were Plaintiff's Section 1981 and Title VII claims made against Quezada Sr., these claims can only be levied against corporate defendants and not against individuals. Plaintiff knew this to be case from the very beginning and yet maintained these claims until the end of the case.

Plaintiff's claims based on adverse employment action were also non-starters given Plaintiff's knowledge that El Tina Lounge was shut down by outside forces and that Plaintiff's

termination from employment, along with every other employee of El Tina Lounge, occurred for non-discriminatory reasons.

Finally, Plaintiff's last two claims, based on alleged violations of the New York Labor Law clearly illustrate how misguided Plaintiff's claims. Indeed, aside from the complaint Plaintiff never made these allegations again, and, notwithstanding, withdrew them only at the pre-trial stage.

In the end, Plaintiff posed only 3 of 36 claims made in the complaint to the jury - 2 of 12 claims against El Tina Lounge and 1 of 12 claims against Quezada Sr.; the only claims that they knew from the beginning had any viability. Thus, Plaintiff and Defendants spent 11/12 of their time prosecuting and defending against knowingly frivolous claims.

To date, Defendants' counsel's office has spent 372.65 hours defending Plaintiff's allegations and has received from the Defendants a total of $170,567.45 comprised of $155,513.75 in legal fees and $15,053.70 in expenses. See Restituyo Decl. ¶¶ 3-4.[2] Ultimately, Defendants are entitled to a reimbursement of 11/12 of the attorneys' fees and expenses spent defending this action, which would not have been consumed but for Plaintiff's baseless claims. Defendants are entitled to $142,544.27 in attorney's fees and $13,799.22 in expenses.

### III. PLAINTIFF'S COUNSEL'S HOURS WORKED SHOULD BE PAID IN PROPORTION TO NUMBER OF PLAINTIFF'S CLAIMS PRESENTED TO THE JURY

Given Defendants' pending JMOL motion, it is Defendants' contend that it is premature to determine legal fees at this juncture. However, if the Court is inclined to consider awarding Plaintiff's Legal fees it should do so in proportion to the success of its claims.

42 U.S.C. § 1988(b) grants the District Court with discretion to award the prevailing

---

[2] References to "Restituyo Decl. ¶__" refer to the Declaration of Martin E. Restituyo submitted in support of the instant motion.

party a reasonable attorney's fee. "A plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103 111-12 (1992)

Once civil rights litigation materially alters the legal relationship between the parties, "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) citing *Texas Teachers Assn. v. Garland School Dist*, 489 U.S. 782, 793 (1989); see also *Hensley v. Eckerhart*, 461 U.S. 424 (1983). "[I]n complex civil rights litigation, 'the plaintiff often may succeed in identifying some unlawful practices or conditions,' but that 'the range of possible success is vast,' and the achievement of prevailing party status alone 'may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved.'" *Texas Teachers Assn. v. Garland School Dist*, 489 U.S. 789-790 quoting *Hensley v. Eckerhart*, 461 U.S. at 436. If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Farrar v. Hobby*, 506 U.S. at 114 quoting *Hensley v. Eckerhart*, 461 U.S. at 436.

The Supreme Court recommends that "the district courts should exercise their equitable discretion in such cases to arrive at a reasonable fee award, either by attempting to identify specific hours that should be eliminated or by simply reducing the award to account for the limited success of the plaintiff." *Id*. See also *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, see *Hensley*, 461 U.S., at 430, n. 3, or multiplying "the number of hours reasonably expended

. . . by a reasonable hourly rate." *Farrar v. Hobby*, 506 U.S. at 115.

As the Court is fully aware, Plaintiff commenced her action against the defendants making a plethora of unfounded and unsubstantiated claims that she knew from the very beginning would be unprovable at trial. In the end, the vast majority of these claims (10/12 against El Tina Lounge, 11/12 against Quezada Sr., and 12/12 against Quezada Jr.) were eventually withdrawn by the Plaintiff on the eve of trial or during the trial when it became impossible to maintain the charade.

It is of no doubt that Plaintiff knew most of these claims to be unfounded at the beginning of her case. Indeed, as experienced civil rights attorneys, Plaintiff's counsel no doubt knew that employment discrimination claims under 42 U.S.C. § 1981 and Title VII could not be brought against the individual defendants. Nevertheless, those were the very allegations that laid the foundation for Plaintiff's complaint. Equally, Plaintiff was fully aware that there was no retaliation and that her employment, along with everyone else that worked at El Tina Lounge, was terminated only because the business permanently closed. Again, notwithstanding the inability to prevail on these claims, they formed bulk of Plaintiff's case against the Defendants until they were forced to relinquish these claims at trial.[3]

Given this limited success,[4] a victory on 3 of 36 claims, Plaintiff's demand for $247,108.123 in legal fees is patently unreasonable and should be significantly reduced, if at all granted. To be clear, in order to justify this exorbitant fee Plaintiff's Counsel indicates that

---

[3] Another blatant example of Plaintiff's shoot first asks questions later approach has to do with the two New York Labor Law claims (Counter 11 and 12 of Plaintiff's complaint) which were dropped by the Plaintiff only at the final pre-trial conference even though Plaintiff never had any intention of prosecuting them.

[4] Defendants remind the Court that there is a pending Motion for Judgment as a Matter of Law that is yet to decide whether in fact Plaintiff was successful on these three claims. SDNY ECF Doc. Nos. 164 – 78.

it is based on the corresponding hourly rates for Mr. Brustein, who worked 316.9 hours on this case, and Mr. Marino who worked 159.3 hours on this case. Plaintiff's combined 476.2 hours of work led to them to present only one twelfth of their initial case to the jury. The other 11 twelfths of their case was not backed by sufficient law or evidence to even present to the jury. The fact that Plaintiff's Counsel, experienced in civil rights litigation, knew this would be the case from the start leads the clear conclusion that the majority of Plaintiff's Counsel's time was spent padding their legal fees.

Thus, to the extent the Court is willing to entertain the apportionment of legal fees prior to making a decision on the pending Motion for Judgment as Matter of Law, it should use its sound discretion to review Plaintiff's Counsel's hours and eliminate all of those hours that went into prosecuting all the claims that Plaintiff's counsel knew or should have known were unsustainable when this action was commenced. Defendants contend that Plaintiff's Counsel's hours/legal fees should be reduced by 11/12 so as to be in proportion to number of claims that Plaintiff actually presented to the jury.

**IV. TO THE EXTENT THAT PLAINTIFF'S COUNSEL'S HOURS ARE TO BE REIMBURSED THEY SHOULD BE PAID AT THE REASONABLE HOURLY RATE FOR THIS DISTRICT**

In this Circuit, Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009), see also *Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019). The reasonable hourly rate should be "'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir.

2007), amended on other grounds by 522 F.3d 182 (2d Cir. 2008))

In order to determine the reasonable hourly rate Courts in this Circuit are also encouraged to consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[5] *Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019).

Sadly, while courts in this District,do not have an established prevailing rate calculation, Courts have determined that fees in the general range of $250 per to $525 per hour can be deemed reasonable if/when it makes sense in the context of the *Johnson* factors. See e.g. *Townsend v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 18-cv-5939 (AJN), at *4 (S.D.N.Y. Apr. 30, 2020) ("In order to determine that the hourly rate of $294 per hour for an attorney with 22 years of experience was reasonable, the court conducted a survey that found this to be within the acceptable range for New York Attorneys with similar experience. See *Watkins v. Smith*, 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases."). Indeed, for partners of comparable experience, courts in this district have regularly found hourly rates even higher than these to be reasonable. See, e.g., *Carlton Grp., Ltd. v. Par-La-Ville Hotel & Residences Ltd.*, 2016 WL 3659922, at *3 (S.D.N.Y. 2016) ("$450 per hour is reasonable compensation for experienced partners and senior attorneys practicing in the Southern District of New York.") (citations omitted); *Tomato Mgmt., Corp. v. CM Produce LLC*, 2014 WL 2893368, at *3 (S.D.N.Y. 2014); *Verizon Directories Corp. v.*

---

[5] The twelve factors set forth in *Johson* are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d at 717-19.

*AMCAR Transp. Corp.*, 2008 WL 4891244, at *5 (S.D.N.Y. Nov. 12, 2008) (rates of $425 and $525 reasonable for partners with "extensive experience"); *Silberblatt v. Morgan Stanley*, 524 F.Supp.2d 425, 434 (S.D.N.Y. 2007) (reasonable that partner bill at $550 per hour); *Sheehan v. Metro. Life Ins. Co.*, 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (rate of $425 per hour for partner, in breach-of-contract case, was reasonable); *Held & Hines LLP v. Hussain*, 2019 WL 5722128, at *4 (S.D.N.Y. 2019) (awarding $400 to partners), adopted as modified, 2019 WL 4727465 (S.D.N.Y. 2019).

Two things of importance to be noted from the above is that: 1) attorneys in smaller firms or solo practitioners (i.e. not those defined as "partners" of big firms) generally command smaller fees; and 2) the overall range of fees is less that what Mr. Brustein is asking for. Beyond that, the recent decisions in this district have determined that reasonable hourly rates, for individuals with greater experience than Plaintiff's counsel, are significantly lower than what is being requested by Plaintiff's counsel. See *Lilly v. City of New York*, 934 F.3d 222, 231 (2d Cir. 2019) (upholding the lower court's decision to lower a counsel's fee from his customary $625 per hour to $450 per hour where it was determined that $350 -$450 per hour is the rate paid to similarly experienced attorneys for similar civil rights cases in the Southern District).See also *M. R. v. N.Y.C. Dep't of Educ.*, 21-CV-5503 (VEC), at *3 (S.D.N.Y. Sep. 23, 2022) (where Judge Caproni determined that $367.50 per hour was the reasonable hourly rate for two senior counsel who came before her.)

In sum, while it does not behoove Defendants' counsel in any way to seek a reduction of Plaintiff's Counsel's proposed hourly rate, either for himself or for the members of this bar generally, it appears that Mr. Brustein's proposed hourly rate is beyond that commanded by attorneys with similar status and experience in this District.

Thus, for the reasons set out above, Defendants' counsel respectfully requests that the Court review Plaintiff's Counsel's proposed hourly rate and reduce it to be in line with the reasonably hourly rate for other attorneys in this District.

## CONCLUSION

For the reasons set forth above, Defendants contend that they should be reimbursed for the majority of their legal fees since they were forced to defend 33 knowingly frivolous claims. In the alternative, and to the extent the Court is willing to entertain Plaintiff's Attorney's fee application at this time, Defendants contend that Plaintiff's hours should be reduced in direct proportion to the claims they presented to the jury. Finally, it is Defendants' position that Plaintiff's Counsel's proposed hourly rate differs from the reasonable hourly rate commanded by attorneys with similar experience in this district, and therefore should be reduced accordingly.

Dated: New York, New York
      January 26, 2024

*/s/ Martin E. Restituyo*
By: Martin E. Restituyo, Esq.
Law Offices of Martin Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019
Tel. (212) 729-7900
restituyo@restituyolaw.com

*Attorney for Defendants*