**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
MARIA JOSE PIZARRO,

                                      No: 20-CV-5783 (AKH)

                Plaintiff,

   - against-


EUROS EL TINA RESTAURANT LOUNGE AND BILLIARDS CORP., SANTIAGO QUEZADA, AND SANTIAGO QUEZADA, JR.,

                Defendants.
------------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR APPROVAL OF ATTORNEYS' FEES**

**PRELIMINARY STATEMENT**

Plaintiff was awarded a $2.725 million verdict by the jury in this case, yet Defendants incredibly oppose the application on the grounds that Plaintiff's counsel was not successful. Defendants do not claim that any of Plaintiff's counsels' billing was excessive, duplicative, block billing, or unnecessary. Nor do Defendants substantively attack the proposed hourly rates for Plaintiff's counsel. Instead, the majority of the Defendants' opposition is devoted to inappropriately requesting fees for defense counsel without making such a motion. As Defendants' opposition only highlights the reasonableness of the Plaintiff's fee application, the Court should grant Plaintiff's request in its entirety. Ms. Pizarro respectfully requests that the Court grant her motion in its entirety, awarding $184,030.00 for Mr. Brustein's work, $78,072.50 for Mr. Marino's work, and $5,110.63 for costs for a total amount of $267,213.13.[1]

**ARGUMENT**

**I.   THE COURT SHOULD NOT REDUCE PLAINTIFF'S ATTORNEYS' FEES BECAUSE HER CLAIMS INVOLVED A "COMMON CORE OF FACTS."**

The "determination of fees should not result in a second major litigation," *Fox v. Vice*, 563 U.S. 826, 838 (2011), and in evaluating an application, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Id.*; *see also Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017). Instead, trial courts should "take into account their overall sense of a suit," *id.*, with a particular focus on "***the degree of success obtained***" by the prevailing party. *Farrar v. Hobby*,

---

[1] Defendants cite the wrong numbers for Plaintiff's counsels' fees and hours by not taking into account the time spent opposing Defendants' motion pursuant to F.C.R.P. 50 and 59. Mark Marino billed 24.4 hours at $425/hour for a total of $10,370, increasing his total attorney fees from $67,702.50 to an updated $78,072.50, and Evan Brustein billed an additional 17.7 hours at $550/hour for a total of $9,735, increasing his total attorney fees from $174,295.00 to an updated $184,030.00, which combined with the original costs of $5,110.63 brings the total attorneys' fees and costs to $267,213.13. These are the correct fee numbers. *See* ECF Dkt. No. 190, Plaintiffs' Brief in Support of Her Motion for Attorney's Fees ("Pl. Br.") at p. 4, fn. 2; *see also* ECF Dkt. Nos. 184-2 and 185-2.

506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (emphasis added). "Where, as here, a plaintiff succeeds on some claims but not on others, the Court must determine whether the claims brought are 'based on different facts and legal theories,' or if the claims 'involve a common core of facts or [are] based on related legal theories.'" *Pardovani v. Crown Building Maintenance Co.*, 2023 WL 3597615 at *2 (S.D.N.Y. May 23, 2023) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)).

Ms. Pizarro brought four different *types* of claims for relief against each of Defendants:[2] (1) discrimination/hostile work environment; (2) retaliation for filing frivolous lawsuits against her; (3) aiding and abetting; and (4) failing to provide a wage statement and sick leave under New York's Labor Law. The first three types of claims involve a "common core of facts" – namely, that Defendant Quezada, Sr. created a hostile work environment by trying to accost Plaintiff, masturbating in front of her, and constantly urinating near her and then filed frivolous lawsuits when she finally took legal action. And Defendant Quezada, Jr. aided and abetted this behavior. The claims for failing to provide a wage statement and sick leave, which are unrelated, constituted nearly no discovery; in fact, Defendants have not identified even a single hour in Plaintiff's counsels' time records which was related solely to the claims for failing to provide a wage

---

[2] "[E]ven if plaintiff's claims were dismissed under Rule 12(b)(6), it does not necessarily follow that they were unreasonable or frivolous." *Opoku v. County of Suffolk*, 123 F. Supp. 3d 404, 413 (E.D.N.Y. 2015) (*citing Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir.2004)) (finding a § 1983 claim not frivolous under § 1988, even though the Court had dismissed the claim under Rule 12(b)(6). Even if "[h]indsight proves that plaintiff['s] allegation[s]" were "very weak," even weak enough to warrant dismissal upon a 12(b)(6) motion, it does not mean that they were "completely without foundation." *Opoku*, 123 F. Supp. 3d 404 at 413–14 (E.D.N.Y. 2015). Decisions by Plaintiff's counsel to not present certain issues to the jury at trial, were not an admission of frivolity, but rather part of their successful strategy which resulted in the $2.725 million verdict.

statement or sick leave.³ As none of the time claimed by Ms. Pizarro's counsel is attributable only to unsuccessful claims, there is no basis to reduce the hours sought based on any purportedly frivolous claims.

**II.     THE COURT SHOULD UPHOLD MS. PIZARRO'S REQUESTS FOR HER ATTORNEYS' HOURLY RATES AND TOTAL FEE AWARD.**

Plaintiff's attorneys' hourly rates are reasonable considering the result achieved and their experience.⁴ As for Mr. Brustein, Defendants admit that "Plaintiff's Counsel [is] experienced in civil rights litigation…." Def. Br. at 8. Further, they do not challenge his qualifications or take issue with the practitioners citing to Mr. Brustein's reputation in the field and suggesting that he should be awarded a rate of $550/hour; thus, Defendants' citing caselaw that some attorneys have received less per hour is irrelevant. The question before the Court is whether Mr. Brustein's experience and success in this matter warrants an hourly rate of $550, not if other attorneys have ever been paid less. "[P]recedent in this District clearly demonstrates that experienced solo civil rights practitioners and civil rights attorneys from small law firms have been awarded hourly rates as high as $550 to $650." *Cocuzza v. Rockland Cnty., New York*, 2019 WL 6498915, at *4 (S.D.N.Y. Nov. 7, 2019), *report and recommendation adopted,* 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019). Plaintiff submits that the undisputed evidence before this Court confirms that $550 is a reasonable hourly rate for Mr. Brustein.

---

³ Defendants tacitly admit that the parties spent very little time on the violations of the New York Labor Law, stating that "Plaintiff's last two claims, based on alleged violations of the New York Labor Law, clearly illustrate how misguided Plaintiff's claims [are]. Indeed, aside from the complaint Plaintiff never made these allegations again, and, notwithstanding, withdrew them only at the pre-trial stage." *See* ECF Dkt. No. 191, Defendants' Application for Attorney's Fees and in Opposition to Plaintiff's Motion for Approval of Attorneys' Fees ("Def. Br.") at p. 5.
⁴ Defendants, who did not even put a witness on the stand, state that "Plaintiff ***got lucky*** and had a jury return a verdict entirely outside the bounds of the law." Def. Br. at p. 3 (emphasis added).

With respect to Mr. Marino, Defendants do not challenge his hourly rate of $425/hour, and, instead, defense counsel requests an even higher fee for himself, which considering that Mr. Marino is at least as experienced as Mr. Restituyo, Defendants would have no basis for objecting to his requested hourly rate of $425.[5]

Defendants do not ask for a reduction of fees based on duplicative work, block billing, non-compensable work, or other "usual objections" because Plaintiff's counsel did not engage in that type of improper billing. *See Rosario v. City of New York*, 2023 WL 2523624 at *3 (S.D.N.Y. Mar. 15, 2023). Notably, Plaintiff did not even request fees on fees, something which this Circuit has found to be permissible. *Lilly v. City of New York*, 934 F.3d 222, 235 (2d Cir. 2019). As no objections were raised with respect to duplicative work, block billing, non-compensable work, or other usual objections, the Court should not reduce the hours requested. *Ceglia v. Zuckerberg*, 2013 WL 2535849, at *5 (W.D.N.Y. June 10, 2013) ("Plaintiff does not challenge a single entry in the Billing Schedule Defendants submit in support of these hours as excessive, redundant or unnecessary. In the absence of specific objections to the number of hours claimed, ***the district judge cannot be expected to review, evaluate and rule on every entry in an attorney's fee application***.") (emphasis added). They waived those objections. *Franco v. Better Way Wholesale Autos, Inc.*, 2016 WL 3064051 at *2 (D.Conn. May 31, 2016). In fact, Defendants do not dispute that Ms. Pizarro's attorneys worked on the case for the time claimed. Rather, Defendants state that "attorneys in smaller firms or solo practitioners (i.e., not those defined as "partners" of big firms) generally command smaller fees" and "the overall range of fees [in Defendants' cited case law] is less than what Mr. Brustein is asking for." Def. Br. at p. 10.

---

[5] In addition to his role briefing legal issues, Mr. Marino also conducted the direct examinations of two witnesses at trial.

"[T]he Second Circuit has rejected the argument that because "a solo practitioner ... does not have the overhead of larger firms, her rate should [automatically] be lower." *Cocuzza v. Rockland County, New York, et al.*, 2019 WL 6498915 at *3 (Nov. 7, 2019) (*citing McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 98 n.6 (2d Cir. 2006) ("[D]istrict courts should not treat an attorney's status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate.")). Similarly, "while the Court is aware that smaller law firms typically charge lower hourly rates than large, corporate firms, precedent in this District clearly demonstrates that experienced solo civil rights practitioners and civil rights attorneys from small law firms have been awarded hourly rates as high as $550 to $650." *Cocuzza v. Rockland Cnty., New York*, 2019 WL 6498915, at *4 (S.D.N.Y. Nov. 7, 2019), *report and recommendation adopted,* 2019 WL 6498092 (S.D.N.Y. Dec. 2, 2019). Second, regarding "the overall range of fees" in case law, Ms. Pizarro points the Court back to its initial brief. *See* Pl. Br. at pp. 9-11.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success ***an enhanced award may be justified***."[6] *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983) (emphasis added). The Second Circuit repeatedly has held that the degree of success obtained is "the most critical factor" in determining the reasonableness of a fee award. *De La Cruz Rosas v. Just Salad 60 Third LLC*, 2023 WL 5423982 at *6 (S.D.N.Y. Aug. 4, 2023) (*citing Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008)).

---

[6] During the settlement conference on the eve of trial, Defendants' counsel stated that they would not consider any number greater than $100,000. Thus, Defendants never truly made a reasonable offer to settle the case and then suffered a $2.725 million jury verdict – over ***27 times*** the considered offer.

## III. THE COURT SHOULD NOT EVEN CONSIDER DEFENDANTS' REQUEST FOR ATTORNEYS' FEES.

The Court should not even consider Defendants' request for attorneys' fees because they did not make a proper cross-motion, so there is no application to consider. Even if the Court were inclined to consider Defendants' opposition to Plaintiff's fee application as a "motion" for fees, which it should not, Defendants' request would still be futile. Without addressing all the reasons that Defendants are not entitled to fees, Defendants' purported application must also be denied because they have failed to provide any contemporaneous time records in support of their fees. "[D]efense counsel's records of hours expended contain no documentation as to the attorney's fees that [the defendant] sustained due to one or more frivolous claims. In other words, by failing to allocate hours to specific claims, counsel has made it impossible to determine which fees were improperly incurred, if any. Therefore, defense counsel's motion for attorneys' fees is denied." *Torcivia v. Suffolk County*, 437 F. Supp. 3d 239, 249 (E.D.N.Y. 2020). Here, Defendants do not provide documentation of hours spent on anything, much less a breakdown of hours spent on different (and allegedly frivolous) claims. Therefore, Defendants' purported request for attorneys' fees must fail.

## CONCLUSION

For the reasons set forth above, Ms. Pizarro respectfully requests that the Court grant her motion in its entirety, awarding $184,030.00 for Mr. Brustein's work, $78,072.50 for Mr. Marino's work, and $5,110.63 for costs for a total amount of $267,213.13.[7]

Dated: New York, New York
February 8, 2024

                                      MARK A. MARINO, PC

                                      __/s/ Mark Marino_____
                                      Mark Marino, Esq.
                                      99 Wall Street, Suite 1865
                                      New York, NY 10005
                                      Tel:  212-748-9552
                                      Fax: 646-219-5350

---

[7] Defendants cite the wrong numbers for Plaintiff's counsels' fees and hours by not taking into account the time spent opposing Defendants' motion pursuant to F.C.R.P. 50 and 59. *See* p. 2, fn. 1, *supra*; *see also* Pl. Br. at p. 4, fn. 2; *see also* ECF Dkt. Nos. 184-2 and 185-2. For example, the total fees should come to $267,213 – not $247,108 as Defendants claim.