**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------X

MARIA PIZARRO,

Plaintiff/Counter Defendant,                    Case No.: 20-cv-5783 (AKH)

-against-

EUROS EL TINA RESTAURANT LOUNGE AND             **MEMORANDUM IN**
BILLIARDS CORP. et al,                          **SUPPORT OF THE MOTION**
                                                **BY THIRD PARTY**
Defendants/Counterclaimants/Third Party Plaintiffs, **DEFENDANTS/COUNTER**
                                                **DEFENDANTS JOSE**
-against-                                       **CASTRO AND ELADIO**
                                                **CASTRO PRODUCTIONS**
JOSE E CASTRO et al,                            **INC. FOR SUMMARY**
                                                **JUDGMENT AND RULE 11**
Third Party Defendants/Counter Defendants       **SANCTIONS**

---------------------------------------------X

## INTRODUCTION

Third Party Defendants/Counter Defendants Jose Castro and Eladio Castro Productions Inc. ("Castro") by and through their attorney, The Rose Law Group PLLC, submit this memorandum of law in support of their motion pursuant to FRCP Rule 56 for judgment as a matter of law on all claims brought by Defendants Euros El Tina Restaurant Lounge and Billiards Corp., Santiago Quezada, and Santiago Quezada Jr. ("Defendants"). Defendants brought these claims only after being sued by Plaintiff Maria Pizarro for sexual harassment in this case and Castro for breach of contract in State Court. Exhibits 1, 4. These claims are entirely frivolous and based on nothing more than conjecture. They claim, in sum and substance, that Plaintiff and Castro stole from them during the time they worked together. They have no evidence of this, cannot point to

what money was stolen, how it was stolen, when it was stolen, who stole it, or otherwise support these allegations with anything whatsoever. During deposition, they admitted they had no basis for these claims to be asserted. These claims must be dismissed.

Immediately following Defendants' depositions, during which they admitted that there was no basis to pursue these claims, Castro sent a Rule 11 safe harbor letter to Defendants' counsel demanding that the claims be immediately withdrawn. Exhibit 5. Mr. Restituyo simply failed to react, continuing to pursue the claims despite having no basis to do so. The Court should use Rule 11 to punish this frivolous and retaliatory litigation practice as it has burdened not only the Court with having to decide the present motion, but also Castro who has had to defend these baseless claims at great expense.

**Procedural History**

Plaintiff Maria Pizarro filed this action seeking damages for sexual harassment and retaliation. Rule 56 Statement of Undisputed Facts ("R56") ¶1; Exhibit 1, Amended Complaint. Defendants filed a responsive pleading asserting counter-claims against Plaintiff Pizarro and bringing Third Party Defendants Jose E Castro and Castro Eladio Productions Inc. ("Castro") in as Third Party Defendants. R56 ¶2; Exhibit 2, Second Amended Answer. Defendants claim that Castro was involved in a complex scheme to steal money from their company, defraud them, and cover up Plaintiff Pizarro's theft of their money. R56 ¶3; Exh. 2.

Castro filed an Answer denying the claims and asserting affirmative defenses. R56 ¶4; Exhibit 3, Castro Answer. Prior to the filing of the claims against Castro, he had asserted claims for breach of contract against the Defendants, alleging that they had underpaid him for a period of years as a promoter for their business. R56 ¶5; Exhibit 4, State Court Complaint.

Defendants filed their claims against Castro solely to retaliate against him for asserting his rights in that matter and never had a basis in fact for these assertions. R56 ¶6. On July 29, 2021, Castro served Defendants' counsel with a safe harbor letter, detailing how Defendants' claims against Castro were entirely baseless as admitted during their depositions. R56 ¶7; Exhibit 5, Safe Harbor Letter dated 7/29/2021 with email. The date by which Defendants were required to withdraw their claims was twenty-one days after that, or August 19, 2021.

## Factual Allegations

In 2012, Jose Eladio Castro entered into a contract with Defendant Santiago Quezada in order to "organize parties every Saturday." R56 ¶8; Exhibit 6, Contract dated July 7, 2012. After two years, Castro entered into a Second Contract on July 13, 2014 for the same types of events, but expanded to Friday, Saturday and Sunday each week. R56 ¶9; Exhibit 7, Contract dated July 13, 2014.

Years later, while still performing under the second of those contracts, Castro entered into two separate loan agreements with Plaintiff Pizarro, the first for $29,200.00 on June 18, 2018, and the second for $23,000.00 on November 27, 2019. R56 ¶10; Exhibit 8, Loan Letter dated June 18, 2018; Exhibit 9, Loan Letter dated November 27, 2019. Castro maintained records of the repayment for these loans. R56 ¶11; Exhibit 10, Repayment records.

Defendants claim that Castro "laundered a lot of money with his company." R56 ¶12; Exhibit 11, Quezada Sr. Deposition, p. 141:18-23. Defendants alleged that the loans that Castro made to Plaintiff Pizarro, detailed in their pleading as being paid to overseas recipients, was actually money stolen from their company. R56 ¶13; Exhibit 11, Quezada Jr. Deposition, pp. 134:16-135:11. The sole basis for including Castro in this case as a Third Party Defendant is the claim that Castro sent money on Plaintiff Pizarro's behalf to individuals overseas. R56 ¶14; Exh. 11, pp. 134:16-135:11.

The only reason that Defendant Quezada Sr. has for accusing Castro of being part of this alleged fraud is because he believes Castro and Plaintiff Pizarro are "very good friends and they were always in the office together." R56 ¶16; Exh. 11, pp. 143:14-147:3 ("Q. So is the whole basis of your accusation that Mr. Castro and Ms. Pizarro were acting together to steal from you because they were friends. A. Could be."). Defendants assumed that because Castro sent money on Plaintiff Pizarro's behalf it must have been stolen from Euros El Tina. R56 ¶17; Exh. 11, pp. 134:21-135:11. The sole basis for Defendants' claims against Castro is because he sent money on behalf of Plaintiff Pizarro they assumed he must have stolen it from them. R56 ¶18; Exh. 11, pp. 134:21-135:22; Exhibit 13, Deposition of Quezada Jr. dated 7/28/2021, p. 135:3-17. Further, that circumstantial evidence is the only proof provided by Defendants that was used to accuse Castro of being part of the conspiracy. R56 ¶19; Exh. 13, pp. 135:23-136:19. Defendants have no basis to conclude that Castro participated in a scheme with Plaintiff Pizarro to steal money from them. R56 ¶20; Exh. 11, p. 140:8-23.

Mr. Quezada Jr., testifying on behalf of the corporate Defendant, stated that he did not at any point accuse Castro of stealing from him. R56 ¶21; Exhibit 12, pp. 18:18-19:8. He testified that he has "no factual basis for why [he] believed Mr. Castro was helping Miss Pizarro steal from" Defendants. R56 ¶22; Exh. 12, pp. 31:12-32:11.

Mr. Restituyo continued to litigate the case, pushing claims against Castro which were wholly baseless and which he knew to be baseless despite having received a letter pursuant to FRCP Rule 11 which required him to alter his course. R56 ¶23.

Mr. Castro emphatically denied every stealing from Defendants, that he was part of any plan to steal money from them, and confirmed that he had loaned the money to Plaintiff. R56 ¶24; Exhibit 14, Deposition of Eladio Castro, p. 83:3-24.

**LEGAL ARGUMENT**

The court should dismiss all claims against Castro and further award the costs and attorneys' fees required to defend these claims.

**I.      Standard Under Rule 56**

Summary judgment is only available when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009). "[W]hen the party against whom summary judgment is sought comes forth with affidavits or other material obtained through discovery that generates uncertainty as to the true state of any material fact, the procedural weapon of summary judgment is inappropriate." Id. (citation omitted). The Court must not "weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Posillico v. Greenwald, 2012 U.S. Dist. LEXIS 15748 (E.D.N.Y. Feb. 2, 2012) (quoting Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004)). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 454 (S.D.N.Y. Aug. 28, 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party bears the burden of showing that a reasonable jury could not find for the nonmoving party. See id. "The Court resolves all ambiguities and draws all factual inferences in favor of the nonmovant." See id. (citing Fed. R. Civ. P. 56(c)).

There is no question of fact that Castro did not violate RICO, commit fraud, convert assets,

or become unjustly enriched from Defendants and the claims must be dismissed.

## II. Defendants' Claims Should Be Dismissed

Each of the claims asserted by Defendants have a common element which Defendants cannot prove: that Castro received some money from them to which he was not entitled. The claims are that Castro, along with Plaintiff, had a "scheme to steal and launder Defendants' money" by Plaintiff giving "cash to Mr. Castro and then direct[ing] him to make certain checks" through his company. Exh. 2 ¶¶229-238.

The racketeering claimed by Defendants was "multiple, repeated, and continuous acts of interference with interstate commerce, theft and the transmission of stolen property (i.e. money) by means of wires to out of state actors." Exh. 2 ¶¶249, 255. Defendants' claims for fraud, conversion, aiding and abetting conversion, and unjust enrichment all allege that Plaintiff and others, including Castro, took money from them. Exh. 2, ¶¶259, 264, 268, 272. This is an essential element of each of these claims. See e.g. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (RICO claims must show that there was "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."); Channel Master Corp. v. Aluminum Ltd. Sales, 4 N.Y.2d 403, 406-407 (NY 1958) (an element of fraud is that there is a "resulting injury"); Advanced Knowledge Tech., LLC v. Fleitas, 2021 U.S. Dist. LEXIS 247723, *13-16 (SDNY 2021) (enrichment at the expense of the plaintiff are the first and second elements of a claim for unjust enrichment; elements of a claim for unjust enrichment include "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's right.") [internal citations omitted].

Here, Defendants have no proof or actual reason to believe that Castro took anything from them or accepted any stolen money from them at all. R56 ¶¶14, 16-22. Castro emphatically denied

the claims and further provided the written loan agreements between himself and Plaintiff showing that he had loaned her the money in question. R56 ¶¶10-11, 24. There is no basis to believe that Castro took money from Defendants other than that to which he was entitled under the two contracts he entered into with Defendants. R56 ¶¶8-9. Indeed, Defendants were so happy with the work Plaintiff did that they entered into a second contract two years after they entered into the first contract. Id. This motion is nothing more than a retaliatory measure taken against Castro due to his having filed an action for breach of contract against them. R56 ¶¶5-6.

### III.     Standard Under Rule 11

"Pursuant to Rule 11 [of the Federal Rules of Civil Procedure], and in accordance with well-established Second Circuit precedent, attorneys have an affirmative obligation to conduct a reasonable inquiry into the viability of a pleading before it is filed with the court. A reasonable inquiry requires an attorney to ensure that the pleading or filing: (1) was not presented for an improper purpose; (2) is premised upon current law or a good faith argument for the extension, modification or reversal of existing law; *and* (3) contains factual allegations that are not utterly lacking in evidentiary support." Kingvision Pay-Per-View Ltd. v. Ramierez, 2005 WL 1785113, 1 (S.D.N.Y.,2005). "Thus, sanctions are only appropriate where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is warranted by existing law or a good faith argument for new law." Id. at 2. The test is whether an attorney's conduct was "objectively reasonable at the time he or she signed the pleading, motion, or other paper. Mopaz Diamonds, Inc. v. Institute of London Underwriters, 822 F. Supp. 1053, 1057 (S.D.N.Y. 1993). Rule 11 sanctions are available "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands." Eastway Constr. Corp. v. City of New York, 762

7

F.2d 243, 254 (2d Cir. 1985). "In ruling on a motion for sanctions, 'the initial focus . . . should be on whether an objectively reasonable evidentiary basis for the claim was demonstrated in pretrial proceedings. . . .'" Greenberg v. Hilton Int'l Co., 870 F.2d 926, 934 (2d Cir. 1989) (quoting Calloway v. Marvel Entertainment Group, 854 F.2d 1452 (2d Cir. 1988), cert. granted, 489 U.S. 1009, 109 S. Ct. 1116, 103 L. Ed. 2d 179, 57 U.S.L.W. 3550 (1989)). Here, there was no basis to claim that Castro had stolen anything from Defendants.

### IV.     The Court Should Sanction Defendants and Their Counsel

Courts have imposed Rule 11 sanctions when claims are devoid of factual and/or legal support, especially when it recognizes that a party has filed them for an improper purpose. Kramer, Levin, Nessen, Kamin & Frankel v. Aronoff, 638 F. Supp. 714, 725-26 (S.D.N.Y. 1986) (granting plaintiffs Rule 11 sanctions based on meritless counterclaims, stating "fee shifting becomes appropriate to compensate a litigant for legal fees he should never have been forced to incur. The purpose in such instance is one of deterrence"). Rule 11(b) provides in applicable part, "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FRCP 11(b).  It is clear that Defendants and their counsel violated this subsection of Rule 11(b).

Defendants testified that the sole basis for these claims was that Castro and Plaintiff Pizarro were "very good friends and they were always in the office together." R56 ¶16 ("Q. So is the whole basis of your accusation that Mr. Castro and Ms. Pizarro were acting together to steal from you

because they were friends. A. Could be."). Quezada Jr. even testified that he had "no factual basis for why [he] believed Mr. Castro was helping Miss Pizarro steal from" Defendants. R56 ¶22. Defendants could not even show that anything had actually been stolen from them, basing the entire claim against Castro and Plaintiff on the notion that they must have been losing money because they were not making enough money. This is a frivolous claim, devoid of any legal and/or factual support and as such Rule 11 sanctions should be issued.

## CONCLUSION

For the reasons set forth herein, the Court should dismiss all claims against Third Party Defendants/Counter Defendants Jose Castro and Eladio Castro Productions Inc. asserted by Defendants Euros El Tina Restaurant Lounge and Billiards Corp., Santiago Quezada, and Santiago Quezada Jr. pursuant to Rule 56 and further award costs and attorneys' fees of defending this matter incurred since twenty-one days after service of the Rule 11 safe harbor letter against both Defendants and their counsel, Martin Restituyo, Esq., along with what just and further relieve the Court deems appropriate.

Dated: Astoria, New York
April 17, 2022

                                        **THE ROSE LAW GROUP, PLLC**

By: _____
Jesse C. Rose
*Attorney for Plaintiff*
3732 Steinway Street; Suite 503
Astoria, New York 11103
(718) 989-1864
JRose@theroselawgroup.com