THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

Martin E. Restituyo
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

May 16, 2024

*VIA ECF*

Hon. Alvin K. Hellerstein
United States Magistrate Judge
United States District Court,
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, New York 10007

**Re:** *Pizarro v. Euros El Tina Restaurant Lounge and Billiards Corp., et al.;*
Case No. 20 Civ. 5783 (AKH)

Dear Judge, Hellerstein:

This firm represents the defendants Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros") and Santiago Quezada ("Quezada") (Euros and Quezada are collectively "Defendants") in the above referenced action. We write in further support of the letter motion for a stay submitted on May 15, 2024, (Dkt. No. 213) and in reply to Third Party Defendants Jose E. Castro and Eladio Castro Productions, Inc.'s (Collectively, "Castro") opposition to that motion.

First, it should be noted that upon filing for bankruptcy an automatic stay (i.e. a stay not at the Court's discretion) is applicable to all proceedings against the debtor. 11 USC § 362(a)(1), see also Koolik v. Markowitz, 40 F.3d 567 (2d Cir. 1994) (The Second Circuit refused to entertain a motion to dismiss an appeal where the debtor had filed bankruptcy). Here, Mr. Quezada is a party and, as will be shown below, Castro's motion directly references him.

Moreover, by extension, Courts have also applied the automatic stay to wholly owned corporations of the debtor. See *Queenie, Ltd. v. Nygard Intern*, 321 F.3d 282, 287-88 (2d Cir. 2003) see also *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) ( noting that a stay applies "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. ") Indeed, automatic stays apply to non-debtors "when a claim against a non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Intern*, 321 F.3d 287-88. In these instances, courts have determined that a stay is

THE LAW OFFICES OF MARTIN E. RESTITUYO, P.C.
1325 Avenue of the Americas, 28th Floor, New York, New York 10019

necessary because continuation of litigation threatens the property of debtor's estate, burdens and impeded the debtor's reorganization effort, contravenes the public interest, and renders any plan of reorganization futile. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 997.

Here Mr. Quezada has filed for bankruptcy. In addition, he is the 100% owner of the co-defendant Euros. On April 17, 2024, "[Castro] by and through their attorney, The Rose Law Group PLLC, [made a motion] pursuant to FRCP Rule 56 for judgment as a matter of law on all claims brought by Defendants Euros El Tina Restaurant Lounge and Billiards Corp., Santiago Quezada, and Santiago Quezada Jr..." Castro Memo at 1[1]. In his memorandum of law Castro seeks to dismiss all claims that "Plaintiff and Castro stole money from [the Defendants] during the time they worked together." *Id.* In addition he seeks sanctions against "both Defendants and their counsel…" Castro Memo at 9.

Castro's motion seeks the dismissal of monetary claims that would inure to the benefit of Quezada and the imposition of monetary sanctions against Euros and Quezada. By his own words, Castro's motion is directed to the debtor – Mr. Quezada – and must be stayed. Moreover, there is no way to respond to Castro's motion without putting in play the assets available to the bankruptcy estate. Indeed, any monetary judgment issued in favor of Castro, even if only from Euros, will have a direct impact on the assets available to Quezadas' bankruptcy estate. Euros and Quezada's claims are so intertwined that they cannot be disentangled, and any relief offered to Castro, even if only from Euros, will have an impact on Quezada.

Thus, for the reasons set forth above, the Court must stay the entirety of this case until otherwise permitted to proceed by the Bankruptcy Court.

We thank the Court for its attention to this matter.

Respectfully,

Martin E Restituyo, Esq.

Cc. all parties via ECF

---

[1] References to "Castro Memo at ___" refers to the Memorandum in Support of The Motion by Third Party Defendants/Counter Defendants Jose Castro and Eladio Castro Productions Inc. For Summary Judgment and Rule 11 Sanctions, submitted on April 17, 2024. SDNYECF Doc. No. 206