UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA J. PIZARRO,<br><br>Plaintiff,<br><br>– against –<br><br>EUROS EL TINA RESTAURANT LOUNGE AND BILLIARDS CORP, SANTIAGO QUEZADA, and SANTIAGO QUEZADA, JR.,<br><br>Defendants,<br><br>– and –<br><br>J. E. CASTRO, ELDAIO CASTRO PRODUCTIONS, INC., EMITON FERNANDEZ a.k.a. EMILIO FERNANDEZ, NARCISO GOMEZ, ZOLIMAR MEJIA a.k.a. ZULIMAR MEJIA, and TOMAS ANDRES PIZARRO ZEPEDA,<br><br>Third Party Defendants. | Civ. No.: 1:20-cv-05783 (AKH)<br><br>**LOCAL RULE 56.1 STATEMENT** |

Plaintiff Maria Jose Pizarro ("Ms. Pizarro") respectfully submits this statement, for the purposes of this motion only, pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, setting forth the undisputed material facts upon which the accompanying motion is based, as against Defendants Santiago Quezada ("Senior") and Euros El Tina Restaurant Lounge and Billiards Corp. ("Euros"), along with former Defendant Santiago Quezada, Junior ("Junior"):[1]

---

[1] Defendants adopt the facts set forth herein solely for the purpose of this summary judgment motion and reserve the right to present different and/or conflicting facts during subsequent stages of this litigation. *See Vasconcellos v. City of New York*, 12 Civ. 8445(CM)(HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice – the 'admission'....neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

1. Senior only noticed bottles missing from Euros between May 2019 and November 2019, when Euros closed. Deposition of Santiago Quezada, Sr. ("Senior Dep.") at 69:15—70:3.

2. There is no evidence that Ms. Pizarro stole anything from Euros. Deposition of Santiago Quezada, Jr. ("Junior Dep.") at 95:18—99:3; Senior Dep. at 98:24 – 99:8; 105:23 – 106:9; 117:17 – 121:6.

3. Cameras were installed in Euros since it opened in 2010. Senior Dep. at 70:12-17; 71:3-8.

4. Junior had access to the cameras, some of which were located in the office. Senior Dep. at 71:3-21.

5. Junior could access the cameras from his cellular phone. Senior Dep. at 71:19-21.

6. Senior does not know how much money he claims went missing from May 2019 until Euros closed. Senior Dep. at 72:23—73:7.

7. Senior and Junior never kept a log of how many bottles allegedly went missing. Senior Dep. at 83:13-25.

8. Junior counted the receipts for all bottles sold but would throw them all away. Senior Dep. at 84:15-22.

9. Senior never saw any receipts. Senior Dep. at 85:2—86:11.

10. Senior never made a police report regarding the missing bottles because he did not have proof of who was stealing. Senior Dep. at 98:24—99:8.

11. There were two working cameras positioned in the office of Euros in 2019 and one working camera in the small storage area. Senior Dep. at 99:10-20.

12. Senior did not tell his accountant about the missing bottles. Senior Dep. at 115:13-15.

13. Senior did not tell his accountant that he believed one of his employees was stealing from Euros. Senior Dep. at 115:16-19.

14. Senior did not report the missing bottles to his insurance company. Senior Dep. at 115:20-22.

15. Senior did not tell his security guards about his suspicions of theft, including lost bottles. Senior Dep. at 139:16-24.

16. Junior was always able to check sales receipts. Junior Dep. at 49:16—51:4.

17. Ms. Pizarro would print out nightly receipts. Junior Dep. at 49:16—51:4.

18. Junior and Senior would throw out the nightly receipts. Junior Dep. at 49:16—51:4.

19. There is no evidence of bottles missing from Euros prior to 2019. Junior Dep. at 59:4-6.

20. Defendants deposited money from other Santiago Sr.'s other businesses into Euros' account. *See* Junior Dep. at 74:4-19.

21. The money used to buy the alcohol for Euros did not come from Euros. *See* Junior Dep. at 73:1-77:11.

22. There are no videos of Ms. Pizarro stealing anything. Junior Dep. at 59:7-9.

23. Junior had the capacity to surveil Ms. Pizarro from his phone. Junior Dep. at 59:15—60:22.

24. Junior did surveil Ms. Pizarro from his phone on occasion. Junior Dep. at 59:15—60:22.

25. Junior has no evidence of Ms. Pizarro taking money from Euros. Junior Dep. at 62:7—66:16.

26. Junior does not know how much they are claiming went missing after they started investigating bottles in 2019. Junior Dep. at 70:10—72:23.

27. Junior did not calculate how much the business was losing as a result of missing bottles. Junior Dep. at 72:21-23.

28. The Quezadas hired an investigator to look into Ms. Pizarro only after Ms. Pizarro complained about sexual harassment. Junior Dep. at 113:9-15.

29. The investigation took two weeks. Junior Dep. at 110:22—111:21.

30. Defendants do not have any proof that Ms. Pizarro took any money from Euros. Junior Dep. at 65:20–66:16.

31. Defendants do not have any proof that any of the Third-Party Co-Defendants took any money from Euros. Junior Dep. at 99:19—100:20.

32. Defendants do not have any evidence of anything missing from Euros prior to 2019. Junior Dep. at 58:24–59:6.

33. The only thing Defendants claim was stolen were missing bottles of alcohol from May 2019 through November 2019. Junior Dep. at 58:24–59:6; Senior Dep. at 67:3—69:3.

34. Defendants never saw Ms. Pizarro steal any alcohol bottles. Junior Dep. at 65:20—66:16.

35. Defendants believe Ms. Pizarro stole from Euros only because she sent money overseas when she was being blackmailed. Junior Dep. at 98:3—99:3.

36. Senior purchased Euros from Ms. Pizarro for approximately $660,000. Senior Dep. at 109:2-21.

37. The money Ms. Pizarro sent overseas came from her savings from her sale of the business to Senior. Declaration of Maria Pizarro, Ex. 4 to Brustein Decl. at ¶¶ 2-4.

38. Ms. Pizarro was sexually assaulted for eight years by Senior at Euros, including an attempted rape and an episode of Senior masturbating in front of her. Transcript from Pizarro Trial ("Trial Tr.") at 33:25—38:3 (trial testimony of Eladio Castro); Trial Tr. at 77:2—78:14 (trial testimony of Christian Dilone); Trial Tr. at 53:21—57:15, 63:20—66:14, 88:14—94:12 (trial testimony of Maria Pizarro); Court's 2/27/24 Decision at pp. 5-6.

39. Senior has a conviction for lying/perjury. Senior Dep. at 17:21—20:10; 22:8-11; 24:15-25.

40. Senior lied to customs officials by declaring he only had $10,000 when he had $115,000 hidden in his socks. Senior Dep. at 17:21—20:10; 22:8-11; 24:15-25.

41. Senior and Junior filed pleadings and named Third-Party Defendants without a good faith basis in violation of Fed. R. Civ. P. 11. Junior Dep. at 95:25—99:3; Senior Dep. at 134:4–139:15.

42. Junior testified that Defendants "would deposit money from other businesses into that account.  So the money to pay the alcohol wasn't come from Euros.  Even sometimes to pay rent was coming from the other restaurants upstairs" as far back as 2012. Junior Dep. at 74:4-19.

43. Defendants do not have proof of who took any missing bottles of alcohol. Senior Dep. at 98:24—99:8; Junior Dep. at 65:20—66:16; 99:19—100:20.

44. Defendants do not know who took any missing bottles of alcohol. Senior Dep. at 98:24—99:8; Junior Dep. at 65:20—66:16; 99:19—100:20.

Dated: New York, New York
       April 17, 2024

                                           ____/s/ Evan Brustein_____
                                           Evan Brustein, Esq.
                                           Brustein Law PLLC

299 Broadway, 17th Floor
New York, New York 10007
Tel: (212) 233-3900
Fax: (212) 285-0531
*Attorney for Plaintiff*