\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
MARIA JOSE PIZARRO,

                                Plaintiff,

    -against-

EUROS EL TINA RESTAURANT LOUNGE
AND BILLIARDS CORP., SANTIAGO
QUEZADA, and SANTIAGO QUEZADA, Jr.,

                                Defendants.
    -and-

JOSE E. CASTRO, ELADIO CASTRO
PRODUCTIONS, INC., EMITON FERNANDEZ
a.k.a. EMILIO FERNANDEZ, NARCISO
GOMEZ, ZOILIMAR MEJIA a.k.a ZULIMAR
MEJIA, and TOMAS ANDRES PIZARRO
ZEPEDA,

                      Third Party Defendants.

------------------------------------------------------------ x

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND FED. R. CIV. P. 11 SANCTIONS**

20 Civ. 5783 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff and Counterclaim Defendant Maria Jose Pizarro ("Pizarro") and Third-Party Defendants Jose E. Castro and Eladio Castro Productions, Inc. ("Castro Defendants") move for summary judgment pursuant to Fed. R. Civ. P. 56 on counterclaims and third-party claims filed by Defendants Euros El Tina Restaurant Lounge ("Euros El Tina), Santiago Quezada ("Quezada Sr.") and Santiago Quezada Jr. ("Quezada Jr.").

        Movants are entitled to summary judgment in their favor because there is no implied civil right of action for Defendants' claims for wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B), (a)(2)(B), and (a)(3)(B), engaging in monetary transactions in property derived from specified unlawful activity in

violation of 18 U.S.C. § 1957(a), and interstate transportation of stolen property in violation of 18 U.S.C. § 2314. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

As to the remaining claims under civil RICO and state law, Defendants fail to demonstrate they suffered any losses, or that Movants' alleged conduct were the cause of any losses. *See, e.g., Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993). Defendants alleged that from April 2017 to July 2018, Ms. Pizarro and the Co-Conspirators stole over $435,000 from Defendants, but testified that they had no evidence of Pizarro or Castro taking money from Euros, that no money was stolen prior to 2019, and only that alcohol bottles were stolen in 2019, prior to the closing of Euros El Tina. The only evidence to which Defendants cite in support of their claims is self-serving, conclusory, and internally inconsistent.

Defendants assert they need additional discovery. However, discovery was closed by order of July 25, 2022. ECF No. 141. Furthermore, Defendants would have known about their losses from their own books and records prior to filing their claims. In sum, there are no issues of fact to be tried; the motions for summary judgment are granted.

Third Party Defendant Castro's motion for Rule 11 sanctions is granted. Quezada Jr. testified at his deposition that he had "no factual basis for why [he] believed Mr. Castro was helping Miss Pizarro steal from" Defendants aside from Castro and Pizarro's friendship, and could not show that anything had been stolen from Defendants. The continued prosecution of this claim, devoid of factual and legal support, is sanctionable. Castro shall show expenses incurred, post-trial, attributable solely to the defense of the third-party claims, with contemporaneous time records, to the other side by September 19, 2024. If within two weeks

there is no agreement as to the amount to which Castro is entitled, a motion shall be made by October 10, 2024.

For the reasons above, Pizarro and Castro's motions for summary judgment and Rule 11 sanctions are granted. In the absence of merit against the two moving defendants, this holding is applicable as well to the remaining defendants who have been served but have not retained counsel. The Clerk shall enter judgment in favor of the third-party defendants and Plaintiff Pizarro as to the counterclaims and third-party claims and terminate the open motions at ECF Nos. 204 and 208. But for the regulation of fees, this case is now closed.

SO ORDERED.

Dated: August 29, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge