UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
MARIA JOSE PIZARRO,                                           :
                                                              :
                              Plaintiff,                      :   **ORDER DENYING**
                                                              :   **DEFENDANTS' POST TRIAL**
           -against-                                          :   **MOTIONS, AND GRANTING**
                                                              :   **PLAINTIFF'S FEES MOTION**
EUROS EL TINA RESTAURANT LOUNGE                               :
AND BILLIARDS CORP. and SANTIAGO                              :   20 Civ. 5783 (AKH)
QUEZADA,                                                      :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Maria Pizarro sued her employer, Defendant Euros El Tina Restaurant Lounge and Billiards Corp., and her manager Defendant Santiago Quezada, under Title VII of the Civil Rights Act of 1964 and New York state and city law for Quezada's repeated sexual harassments, creating a hostile work environment. After a four-day trial in October 2023, Plaintiff won a verdict against Defendants of $1,725,000 in compensatory damages ($1,000,000 against Quezada and an additional $725,000 against Euros El Tina), and $1,000,000 in punitive damages ($625,000 against Quezada and $375,000 against Euros El Tina). Judgment against Defendants in these amounts was entered on February 23, 2024. *See* ECF No. 194. I assume familiarity with the case background and trial transcript.

        Defendants move for judgment dismissing the case as a matter of law under Fed. R. Civ. P. 50(b), or for a new trial under Fed. R. Civ. P. 59(a). Plaintiff moves for attorneys' fees and costs. For the reasons that follow, Defendants' motion is denied, and Plaintiff's motions are granted.

1

I. **Defendants' Motion for Judgment as a Matter of Law or New Trial**

   A. **Sufficiency of the Evidence**

Defendants argue that they are entitled to judgment as a matter of law on Plaintiff's New York City Human Rights Law (NYCHRL) claim because Plaintiff failed to offer proof of how a male comparator was treated in support of her claim that she was treated "less well" because of her gender.

A court may grant judgment as a matter of law against a party if it finds "that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(b). The motion should be granted only if "viewed in the light most favorable to the nonmoving party, 'the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of evidence, there can be but one conclusion as to the verdict that reasonable men could have reached.'" *Samuels v. Air Transport Local 504*, 992 F.2d 12, 14 (2d Cir. 1993) (citation omitted)

The evidence of sexual harassments and hostile work environment were overwhelming. Plaintiff's testimony, Jose Eladio Castro's testimony, and Cristian Dilone's testimony amply support the jury's verdict. No employee is required to experience such harassments, neither male nor female. There is no requirement of a male comparator to support a finding of gender discrimination, or "less well" treatment, under NYCHRL. Defendants cite to no statute or case imposing such a requirement, nor did they request that the jury be so instructed. Defendants do not contest the verdict under the more difficult standards of Title VII or New York state law. *See Mihalik v. Credit Agricole Cheuvreux North Am., Inc.*, 715 F.3d 102, 109 (2d Cir 2013) (explaining that NYCHRL standard is lower than federal and state law standards for hostile work environment claims); *Pryor v. Jaffe & Asher, LLP*, 992 F. Supp. 2d 252, 261 (S.D.N.Y. 2014) The issue was properly decided by the jury.

2

## B. Jury Charge Challenges

Defendants assert that they are entitled to a new trial because of two issues related to the jury charge: 1) the Defendant company's affirmative defense, and 2) the absence of a specific mention of the statute of limitations in the verdict form.

Inadequate jury instructions may constitute grounds for a new trial, provided the errors are "prejudicial in light of the charge as a whole." *Lore v. City of Syracuse*, 670 F.3d 127, 156 (2d Cir. 2012). An erroneous jury instruction "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *Id.* An error in a jury instruction is not prejudicial "when [the court is] persuaded it did not influence the jury's verdict." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 56 (2d Cir. 2012). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Lore*, 670 F.3d at 156. A new trial is not warranted if the instructions "read as a whole, presented the issues to the jury in a fair and evenhanded manner." *Id.*

### i. Affirmative Defense Charge

Defendant Euros El Tina sought, and I included in my jury charge, an affirmative defense that employers can assert against Title VII liability. I charged that an employer may avoid liability if both of two elements are met: "First, the employer must have exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and Second, that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer to avoid harm." Trial Tr. at 243:15-20. Defendant argues that I should have added "or to avoid harm otherwise." *See Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

My charge had no impact on the trial's outcome. Quezada was plaintiff's boss and the principal of Defendant Euros El Tina. Plaintiff had no others to whom she could complain. And the evidence was clear that she was in no position to "avoid harm otherwise,"

3

other than to quit her job. Defendants bear the burden of proof on this issue, and point to no evidence that would tend to support either element of their affirmative defense. Again, the jury properly delivered a verdict against both defendants. The verdict was not "seriously erroneous or a miscarriage of justice." *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 634–35 (2d Cir. 2002).

### ii. Statute of Limitations Charge

Defendants seek a new trial on the grounds that the verdict sheet should have added a specific question about the statute of limitations. However, the jury was instructed, without objection, on the statute of limitations. My charge to the jury stated:

> Because of the statute of limitations, you may consider only acts that took place after May 17, 2019, with one important exception. If the conduct before and after May 17, 2019, was sufficiently similar in nature, frequency, and severity that it can be considered sufficiently related as to be part of a hostile work environment, you can conclude that. However, if the conduct spans across people, departments, and large time intervals without having harassing conduct, then you could find the acts to be insufficiently related. Trial Tr. at 242:20–243:7.

Defense counsel did not object to the verdict sheet or to the charge, and did not repeat the request they made at a pre-trial conference for a specific verdict on the statute of limitations. See *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Defendants' effort to impeach the verdict is without merit.

### C. Remittitur

Defendants request remittitur on the grounds that the compensatory damages amounts, divided into $1,000,000 against Defendant Quezada and $725,000 against Defendant Euros El Tina, were grossly excessive. Their papers do not expressly challenge punitive damages.

4

### i. Compensatory Damages

"Juries have wide latitude in setting" compensatory damages. *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 162 (2d Cir. 2014). Under New York law, the standard more favorable to Defendants, compensatory damages should be reduced where the amount "deviates materially" from similar cases. *Lore*, 670 F.3d at 177.

Cases in this Circuit involving "egregious" claims of sexual harassment, including those that take place in the workplace, and over several years, have led to similar amounts in compensatory damages when considering adjustments for inflation. *See Turley*, 744 F.3d at 166 ($1.32 million for emotional damages from sexual harassment in workplace); *Olsen v. Cnty. of Nassau*, 615 F. Supp. 2d 35, 47 (E.D.N.Y. 2009) ($1 million for Title VII claims without sexual assault); *Osorio v. Source Enterprises, Inc.*, 5cv10029, 2007 WL 683985, at *5 (S.D.N.Y. 2007) ($4 million for retaliation claim after witness testified regarding impact); *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 673 (2d Cir. 2012) ($1 million in race discrimination suit without sexual assault). Though the proofs offered at trial in support of compensatory damages vary across these cases, "a court is not required to remit a large non-economic damage award, even where evidence of emotional damage consists solely of plaintiff's testimony." *Mendez v. Starwood Hotels & Resorts & Resorts Worldwide, Inc.*, 746 F. Supp. 2d 575, 600–01 (S.D.N.Y. 2010).

Plaintiff testified that Quezada groped and molested her on numerous occasions, disregarding her objections and protestations, that she feared rape and sexual assaults, and was driven to suicidal ideations. She testified that she tried to take her own life after Defendant Quezada attempted to rape her. Plaintiff's credibility was untouched by strenuous cross-examination.

Plaintiff's complaint was of intense and lasting emotional injury. Physical injuries heal; emotional injuries can mar a life without surcease. I cannot say that plaintiff's recovery exceeded the bounds of compensation.

### ii. Punitive Damages

The degree of reprehensibility of the conduct is "[p]erhaps the most important indicium of the reasonableness of a punitive damages award." *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996). Relevant considerations include, *inter alia*, whether "the harm caused was physical as opposed to economic," "the conduct involved repeated actions or was an isolated incident," and the "harm was the result of intentional malice, trickery, or deceit, or mere accident." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003).

Plaintiff's testimony, corroborated by other witnesses, illuminated a decade-long and worsening pattern of physical and verbal harassment by Quezada, of groping and pinching, of exposures of private parts and a masturbation in front of her, and an attempted rape. No employee should be subjected to such conduct. Defendants' reprehensible conduct fully justifies the jury's award of punitive damages. One million dollars may be high, but Quezada's conduct warrants the award.

## II. Plaintiff's Motions for Fees and Costs

Plaintiff, as the prevailing party, is entitled to recover a reasonable attorney's fee and expenses incurred by her lawyers. 42 U.S.C. § 2000e-5(k); NYCHRL § 8-502(g). Plaintiff's counsel's rates of $550 per hour for Evan Brustein and $425 for Mark Marino and, and the amount of time they each spent litigating this case over three years, are reasonable. *See Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (rate of $550 reasonable for lawyers with over a decade of experience); *McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 98 n.6 (2d Cir. 2006) ("[D]istrict courts should not treat an attorney's status as a solo practitioner as grounds for an automatic reduction

6

in the reasonable hourly rate."). Current rates of lawyers substantially exceed those rates. Defendants present no meaningful objections to Plaintiff's counsels' rates and the time they charged.

Defendants include a request for attorneys' fees for their defense of "frivolous" claims in their opposition brief. They did not file a motion, and even if they had, it would have been futile. *See Torcivia v. Suffolk Cnty.*, 437 F. Supp. 3d 239, 249 (E.D.N.Y. 2020).

Plaintiff's motion for attorneys' fees in the amount of $241,997.50, plus expenses in the amount of $5,110.63, is granted. Expenses include filing fees and transcripts, so costs will not be further taxed.

## CONCLUSION

Defendants' motions for judgment as a matter of law and a new trial are denied. Plaintiff's motion for attorneys' fees is granted in the amount of $241,997.50, and expenses are awarded in the amount of $5,110.63, for a total of $247,108.13. No costs shall be taxed since they were included in Plaintiff's expenses filing. *See* ECF No. 185, Ex. 1. The Clerk shall terminate all open motions and mark the case closed.

SO ORDERED.

Dated: February 27, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

7