UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JOSE PIZARRO<br>　　　　Plaintiff/Counterclaim<br>　　　　Defendant<br>v.<br>EUROS EL TINA RESTAURANT LOUNGE<br>AND BILLIARDS CORP., SANTIAGO<br>QUEZADA, SANTIAGO QUEZADA JR.<br>　　　　Defendants/Counterclaim<br>　　　　Plaintiffs/Third-Party<br>　　　　Plaintiffs<br>v.<br>EMITON FERNANDEZ, NARCISO GOMEZ,<br>JOSE E. CASTRO, TOMAS ANDRES<br>PIZARRO ZEPEDA, ELADIO CASTRO<br>PRODUCTIONS INC., ZOILIMAR MEJIA,<br>　　　　Third-Party Defendants | 1:20-cv-05783-AKH<br><br>**MEMORANDUM OF LAW IN SUPPORT**<br>**OF MOTION TO APPOINT RECEIVER** |

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Plaintiff

## TABLE OF CONTENTS
## MEMORANDUM OF LAW IN SUPPORT

Page

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND .................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

CONCLUSION ..................................................................................................................... 6

## TABLE OF EXHIBITS
## DECLARATION OF JEFFREY CHUBAK IN SUPPORT

Exhibit 1—Westchester County Docketed Judgment

Exhibit 2—Bankruptcy Schedules

Exhibit 3— Santiago Quezada's Dominican Real Estate (from Dominican Public Records Search)

Exhibit 4—NYS Dept' of State, Div. of Corps. Entity Info. Webpage for Tina Fish Market Corp.

Exhibit 5—Bankruptcy Claims Register

Exhibit 6--United States Trustee's Motion to Dismiss Bankruptcy Case

Exhibit 7—Bankruptcy Dismissal Order

i

# **TABLE OF AUTHORITIES**

Page(s)

*BSH Hausgeräte GMBH v. Kamhi*,
    2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018) ................................................................... 3

*Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.*,
    62 Misc.3d 1208(A) (Sup. Ct. N.Y. Co. 2018) ............................................................ 3, 6

*Ernest Lawrence Group, Inc. v. Gov't Careers of Oakland*,
    2000 WL 1655234 (S.D.N.Y. Nov. 3, 2000) ................................................................... 5

*In re Feit & Drexler, Inc.*,
    42 B.R. 355 (S.D.N.Y. 1984) ......................................................................................... 4

*Fidelity Partners, Inc. v. First Trust Company of New York*,
    58 F. Supp. 2d 55 (S.D.N.Y. 1999) ................................................................................ 3

*Fidelity Partners, Inc. v. First Trust Company of New York*,
    216 F.3d 1072 (2d Cir. 2000) ......................................................................................... 3

*Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*,
    41 A.D.3d 25 (1st Dep't 2007) ....................................................................................... 3

*Honeedew Investing Ltd. v. Abadi*,
    2019 WL 1863149 (Sup. Ct. N.Y. Co. April 25, 2019) .............................................. 4, 5

*Hotel 71 Mezz Lender LLC v. Falor*,
    14 N.Y.2d 303 (2010) .................................................................................................... 3

*Inter-Regional Fin. Group, Inc. v. Hashemi*,
    562 F.2d 152 (2d Cir. 1977) ........................................................................................... 4

*Keawsri v. Ramen-Ya Inc.*,
    2022 WL 17813236, at *3 (S.D.N.Y. Dec. 19, 2022) .................................................... 4

*Kerison & Willoughby Capital, Ltd. v. Royale Etenia, LLC*,
    2016 WL 2988988 (Sup. Ct. N.Y. Co. May 20, 2016) ................................................... 3

*Koehler v. Bank of Bermuda Ltd.*,
    2004 WL 1555116 (S.D.N.Y. July 9, 2004) ................................................................... 4

*Mohr v. Allen*,
    407 F. Supp. 483 (S.D.N.Y. 1976) ................................................................................. 4

*In re New York City Asbestos Litig.*,
    194 Misc.2d 214 (Sup. Ct. N.Y. Co. 2002) .................................................................... 2

*Ryan v. Brunswick Corp.*,
  2002 WL 1628933 (W.D.N.Y. May 31, 2002) ........................................................................ 2

*U.S. v. First Nat'l City Bank*,
  379 U.S. 378 (1965) ............................................................................................................... 4

*U.S. v. Ross*,
  302 F.2d 831 (2d Cir. 1962) ................................................................................................... 4

*U.S. v. Vulpis*,
  967 F.2d 734 (2d Cir. 1992) ................................................................................................... 5

**Statutes and Rules**

CPLR 1601 ..................................................................................................................................... 2

CPLR 5206 ..................................................................................................................................... 5

CPLR 5225 ................................................................................................................................. 4, 6

CPLR 5228 ............................................................................................................................ 2, 4, 5

Debtor and Creditor Law 271 ........................................................................................................ 6

**Other Authorities**

Siegel, N.Y. Prac. § 512 (5th ed.) ................................................................................................... 3

Plaintiff Maria Jose Pizarro ("Maria") submits this memorandum of law in support of her CPLR 5228 motion to appoint a receiver and for related relief.

## BACKGROUND

This Court entered judgment (ECF [#194](#)) in favor of Maria and against defendants Santiago Quezada ("Mr. Quezada") and Euros El Tina Restaurant Lounge and Billiards Corp. in the amount of $1.625 million and $1.1 million respectively.

The judgment does not include attorneys' fees awarded (ECF [#195](#)), or attorneys' fees incurred in Mr. Quezada's appeal of the same.

The judgment has been docketed with the Westchester County Clerk. (Chubak Decl. Exhibit 1.)

Mr. Quezada later commenced a Chapter 11 case (24-bk-22431-SHL, "Bankruptcy") to stay enforcement. (Bankruptcy ECF [#2](#) ¶2 ("since the judgment has been entered, my bank account has been restrained. As a result, I have had to seek the protection of the court").)

In Mr. Quezada's bankruptcy schedules (Chubak Decl. Exhibit 2, "Schedules") which he certified (PDF p.31), he disclosed that he owns, inter alia:

- Real property located in the Dominican Republic (Schedule A/B Items 1.2, 1.3, 1.4, PDF pp.9-10), more specifically identified (Chubak Decl. Exhibit 3) in a Dominican public records search.

- A 2020 Mercedes Benz GLS with 21,000 miles as of when the Schedules were filed, that he states he does not know the value of and which is located in the Dominican Republic. (Schedule A/B Items 3.1-3.2, PDF pp.10-11.)

- All equity interests in Tina Fish Market (Schedule A/B, Item 19, PDF p.12), whose legal name is actually El Tina Fish Market Corp., per bank statements included in his

1

  most recent monthly operating report (Bankruptcy ECF #82 PDF pp.15, 21, 27) and

  the New York Secretary of State (Chubak Decl. Exhibit 4).[1]

The aforementioned Dominican real property, vehicle and equity interests in El Tina Fish Market Corp. are hereinafter referred to as the "Property to be Received".

 Other creditors' claims against Mr. Quezada are much less than her's, per the bankruptcy claims register. (Chubak Decl. Exhibit 5.)

 On June 9, 2025, on motion of the United States Trustee (Chubak Decl. Exhibit 6), the Bankruptcy Court entered an order (Chubak Decl. Exhibit 7) dismissing Mr. Quezada's bankruptcy case.

## ARGUMENT

 CPLR 5228(a) provides:

> Upon motion of a judgment creditor, upon such notice as the court may require, the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment. As far as practicable, the court shall require that notice be given to the judgment debtor and to any other judgment creditors of the judgment debtor. The order of appointment shall specify the property to be received, the duties of the receiver and the manner in which they are to be performed. A receiver shall have no power to employ counsel unless expressly so authorized by order of the court. A receiver shall be entitled to necessary expenses and to such commissions, not exceeding five percent of the sums received and disbursed by him, as the court which appointed him allows, but if a

---

[1] As to Euros El Tina Restaurant Lounge and Billiards Corp., also disclosed in Item 19, Mr. Quezada attested (Bankruptcy ECF #2 Exhibit A, Summary of Assets and Liabilities) that the entity is no longer operating. Mr. Quezada is nevertheless responsible for Maria's judgment against it. *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *1 n.3 (W.D.N.Y. May 31, 2002) ("tortfeasors that are more than 50% at fault remain jointly and severally liable for all of plaintiff's non-economic loss", notwithstanding limitation on liability for tortfeasors that are 50% or less at fault under CPLR 1601(1); *In re New York City Asbestos Litig.*, 194 Misc.2d 214, 216 (Sup. Ct. N.Y. Co. 2002) ("If a defendant is found more than 50% culpable … it cannot benefit from the statute [CPLR 1601(1)] and remains liable as a joint and several tortfeasor").

> judgment creditor is appointed receiver, he shall not be entitled to compensation. If a receiver has been appointed, a court making an order directing payment, or delivery, of property shall direct that payment, or delivery, be made to the receiver rather than to a sheriff. Sections 6402, 6403, 6404 and 6405 are applicable to receivers appointed under this subdivision.

In exercising discretion to appoint a receiver, courts consider: "(1) alternative remedies available to the creditor … (2) the degree to which receivership will increase the likelihood of satisfaction … (3) the risk of fraud or insolvency if a receiver is not appointed." *BSH Hausgeräte GMBH v. Kamhi*, 2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018) (quoting *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.2d 303, 317 (2010)).

The first factor (alternative remedies available), militates in favor of appointing a receiver. As to the equity interests, it is well established appointment of a receiver over intangible property is appropriate. *Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.*, 62 Misc.3d 1208(A) (Sup. Ct. N.Y. Co. 2018); *Kerison & Willoughby Capital, Ltd. v. Royale Etenia, LLC*, 2016 WL 2988988, at *3 (Sup. Ct. N.Y. Co. May 20, 2016) (quoting Siegel, N.Y. Prac. § 512 (5th ed.)) ("A receivership is 'especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction, such as the interest of … a … corporation of which [the debtor] is a member'").

As to the tangible property (Dominican real property and 2020 Mercedes Benz vehicle), appointment of a receiver is also warranted given the sheriff's inability to execute on such property given their location in the Dominican Republic. *Fidelity Partners, Inc. v. First Trust Company of New York*, 58 F. Supp. 2d 55, 62 (S.D.N.Y. 1999) (sheriff may not "act outside of New York" and lacks authority "to enforce Fidelity's judgment by executing on assets located outside the United States") *aff'd*, 216 F.3d 1072 (2d Cir. 2000); *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 31 (1st Dep't 2007) ("it would violate the sovereignty of another state if New

3

York sheriff tried to attach property in another state"). And given the unavailability of CPLR 5225 turnover relief as to the Dominican real property. *Keawsri v. Ramen-Ya Inc.*, 2022 WL 17813236, at *3 (S.D.N.Y. Dec. 19, 2022) (collecting cases).

On the other hand, the Court has authority to appoint a receiver notwithstanding that said property is located outside the United States. *U.S. v. Ross*, 302 F.2d 831, 834 (2d Cir. 1962) (because court had personal jurisdiction over defendant, it could order him to transfer property to a receiver "whether that property was within or without the limits of the court's territorial jurisdiction");[2] *In re Feit & Drexler, Inc.*, 42 B.R. 355, 359 (S.D.N.Y. 1984) (similar); *Mohr v. Allen*, 407 F. Supp. 483, 489 n.3 (S.D.N.Y. 1976) (court may indirectly act on foreign real estate through its authority over parties before it; if the Court were to find that the defendant was the "owner or trustee of the land", then "this Court would have the power to order defendant to convey the hotel facility [in Mexico] to a court-appointed receiver", but declining to grant relief because, unlike here, in *Mohr* title was disputed); *Koehler v. Bank of Bermuda Ltd.*, 2004 WL 1555116 (S.D.N.Y. July 9, 2004) (citing *U.S. v. First Nat'l City Bank*, 379 U.S. 378, 383 (1965)) ("a court's power over an entity subject to its jurisdiction to direct a transfer of property does not depend upon the existence of a legislative enactment; courts also derive such powers from principles of equity"); *Honeedew Investing Ltd. v. Abadi*, 2019 WL 1863149 (Sup. Ct. N.Y. Co. April 25, 2019) ("As to plaintiff's application for a receivership pursuant to CPLR 5228 with respect to the Buenos Aires

---

[2] While *Ross* involved tax claims on behalf of the Federal government, the Second Circuit has extended the rule to suits between private parties. *Inter-Regional Fin. Group, Inc. v. Hashemi*, 562 F.2d 152 (2d Cir. 1977).

4

apartment, the defendants' contention that this court lacks the power to compel them to deliver property to a receiver from outside the court's territorial jurisdiction is without merit").[3]

As to the second factor (increasing likelihood of satisfaction), the Property to be Received appears to constitute the vast majority of Mr. Quezada's net worth. Based on his Schedules, it appears that the balance is his Yonkers home which he values at $700,000, as to which he has a $150,000 homestead exemption under CPLR 5206(e), another Mercedes Benz vehicle with around $30,000 in equity, and $5,000 in watches, which are of course insufficient to satisfy the judgment.

No finding is required as to the third factor (risk of fraud/insolvency absent receiver). *Ernest Lawrence Group, Inc. v. Gov't Careers of Oakland*, 2000 WL 1655234, at *2 (S.D.N.Y. Nov. 3, 2000) (appointment of receiver is "appropriate when, in the judgment of the court, a public auction is inadequate … or because leaving the property in the hands of the judgment debtor creates a risk of fraud or insolvency") (emphasis added); *U.S. v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992) (recognizing propriety of CPLR 5228 relief when "a public auction is inadequate either because it is unlikely to produce significant bids … or because leaving the property in the hands of the judgment debtor creates a risk of fraud or insolvency"). In any event, this factor is satisfied as the bankruptcy court dismissed Mr. Quezada's bankruptcy based largely on his monthly operating reports consistently reflecting negative cash flow, as recited in the United States Trustee's motion, as discussed above. Further, there is clearly material risk with respect to the Dominican property (real property, Mercedes), given that it is capable of being sold; his Schedules reflect that he is insolvent after taking into account joint and several liability (see Footnote 1, supra); and consistent

---

[3] *Honeedew Investing* nevertheless declined to appoint a receiver given a prior injunction issued by the state court and a pending Argentine proceeding over the subject apartment, and defendants' contention that they intend to sell their Manhattan apartment to satisfy the judgment. None of these circumstances or defenses to appointment of a receiver are presented here.

with Debtor and Creditor Law § 271(b), he should be considered presumptively insolvent given refusal to pay the judgment to date.

## CONCLUSION

An order should be entered appointing a receiver over the Property to be Received and granting the following related relief:[4]

- Directing Mr. Quezada to promptly transfer title to all Dominican real property constituting Property to be Received, and title and keys to the 2020 Mercedes Benz vehicle constituting Property to be Received to the receiver, so that the receiver can sell the same.

- Directing Mr. Quezada to turn over to the receiver all stock shares and/or certificates he holds in El Tina Fish Market Corp. so that the receiver can sell the shares, or collect Mr. Quezada's future distributions, dividends and/or profits from El Tina Fish Market Corp.

- Directing Mr. Quezada, if the aforementioned certificates of El Tina Fish Market Corp. stock are missing or unavailable, to execute and deliver (consistent with CPLR 5225(c)) to the receiver, replacement stock certificates, a lost stock affidavit and/or any other instrument necessary to effectuate delivery of the stock to the receiver.

- Directing the receiver to distribute proceeds of the sale of the Property to be Received to Mr. Quezada's judgment creditors, according to the priority determined by this Court.

---

[4] Related relief drawn from *Colfin*, 62 Misc.3d 1208(A), at *5, except for the last bullet.

- Authorizing the receiver to employ Dominican counsel, for the purpose of enforcing the receiver's order of appointment within the Dominican Republic.

Dated: New York, NY
June 10, 2025

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro

**WORD COUNT CERTIFICATION**

    I hereby certify that the foregoing document has 1,943 words as calculated by the word count feature of the word-processing program used to prepare the same, excluding the cover, table of contents/exhibits, table of authorities and signature block, and therefore complies with the word count limit in Local Civil Rule 7.1(c).

Dated: New York, NY
       June 10, 2025

                                                /s/ Jeffrey Chubak