IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA JOSE PIZARRO

                                    Plaintiff,

  -against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., AND SANTIAGO QUEZADA.

                                    Defendants.

**Case No. 1:20-cv-05783-AKH**

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT A RECEIVER PURSUANT TO CPLR §5228**

## TABLE OF CONTENTS

| | |
|---|---|
| **TABLE OF AUTHORITIES** | 3 |
|     Cases | 3 |
|     Statutes and Rules | 3 |
|     Treatises | 4 |
| **PRELIMINARY STATEMENT** | 5 |
| **ARGUMENT** | 5 |
|     I.   PLAINTIFF FAILS TO MEET THE HIGH STANDARD FOR APPOINTMENT OF A RECEIVER UNDER CPLR § 5228(a | 5 |
|         a.   Legal Standard | 5 |
|         b.   Plaintiff Has Failed to Exhaust Her Alternative Remedies | 7 |
|         c.   The Plaintiff Has Not Demonstrated That a Receiver Will Increase the Likelihood of Satisfaction | 7 |
|         d.   Plaintiff Fails to Establish the Risk of Fraud or Insolvency | 8 |
|     II.   THIS COURT LACKS JURISDICTION TO ENFORCE RECEIVERSHIP OVER FOREIGN REAL PROPERTY | 8 |
|     III.   PLAINTIFF IMPROPERLY SEEKS TO AGGREGATE FOREIGN REALTY AND DOMESTIC STOCK INTERESTS | 9 |
| **CONCLUSION** | 9 |

# TABLE OF AUTHORITIES

**Cases**

*Astraea NYC LLC v. Rivada Networks, Inc.*, No. 21 CIV. 10493 (LLS), 2023 WL 3862671 (S.D.N.Y. June 7, 2023) ................................................................................................ 6, 7

*BSH Hausgeräte GMBH v. Kamhi*, 2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018) ...................... 6

*Ernest Lawrence Group, Inc. v. Gov't Careers of Oakland*, 2000 WL 1655234 (S.D.N.Y. Nov. 3, 2000) ........................................................................................................................... 7

*Ferguson v. Tabah*, 288 F.2d 665 (2d Cir. 1961) ........................................................................ 6

*Gryphon Domestic VI, LLC v. APP Int'l Fin. Co.*, B.V., 41 A.D.3d 25 (1st Dep't 2007) ............ 9

*Hilton v. Guyot*, 159 U.S. 113 (1895) ......................................................................................... 9

*Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303 (2010) ....................................................... 6

*Koehler v. Bank of Bermuda Ltd.,* 2004 WL 1555116 (S.D.N.Y. July 9, 2004) .......................... 9

*Sanchez v. El Barrio's Car Serv., Inc.,* 347 F.R.D. 439 (S.D.N.Y. 2024) ..................................... 6

*U.S. v. Vulpis*, 967 F.2d 734 (2d Cir. 1992) ................................................................................ 8

**Statutes and Rules**

Federal Rule of Civil Procedure 66 .............................................................................................. 6

Federal Rule of Civil Procedure 69(a)(1) .................................................................................... 6

N.Y. Civil Practice Law and Rules § 5222 .................................................................................. 7

N.Y. Civil Practice Law and Rules § 5225…………………………………………………… 7, 8

N.Y. Civil Practice Law and Rules § 5227 ............................................................................. 7, 8

N.Y. Civil Practice Law and Rules § 5231 ................................................................................. 7

N.Y. Civil Practice Law and Rules § 5232 ................................................................................. 7

N.Y. Civil Practice Law and Rules § 5228(a) ............................................................................. 6

Debtor and Creditor Law § 271 ................................................................................................... 8

3

**Treatises**

Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.) ........................................................6

Siegel, N.Y. Prac. § 509 (6th ed.) ................................................................................................ 6

Defendants Euros El Tina Restaurant Lounge and Billiards Corp. ("El Tina Lounge"), and Santiago Quezada ("Quezada Sr.") (collectively, "Defendants"), by and through their attorneys, respectfully submit this memorandum of law in opposition to the motion filed by Plaintiff Maria Jose Pizarro pursuant to CPLR § 5228 seeking the appointment of a receiver.

## PRELIMINARY STATEMENT

Defendants respectfully submit this memorandum in opposition to Plaintiff Maria Jose Pizarro's ("Plaintiff") motion seeking appointment of a receiver pursuant to CPLR § 5228(a). Plaintiff's motion fails to meet the high threshold necessary for such extraordinary relief. Plaintiff has not demonstrated that less drastic remedies are unavailable, or that there is a risk of fraud, waste, or irreparable dissipation of assets. In addition, Plaintiff seeks to extend this Court's authority beyond its jurisdictional limits by attempting to control foreign real estate and property interests without exhausting appropriate enforcement avenues in the Dominican Republic.

## ARGUMENT

### I. PLAINTIFF FAILS TO MEET THE HIGH STANDARD FOR APPOINTMENT OF A RECEIVER UNDER CPLR § 5228(a)

#### a. Legal Standard

Federal Rule of Civil Procedure 69 addresses the enforcement of money judgments in Federal Courts. The statute states, in relevant part, that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." FRCP 69(a)(1).

The appointment of receiver in Federal Court is governed by FRCP 66. "The appointment of a receiver [under Rule 66] is considered to be an extraordinary remedy that should be employed with the utmost caution ...." Wright & Miller, *12 Fed. Prac. & Proc. Civ.* § 2983 (3d ed.); see also *Ferguson v. Tabah*, 288 F.2d 665, 674 (2d Cir. 1961) (receivership

5

is "a drastic remedy usually imposed only where no lesser relief will be effective").

Nevertheless, even under FRCP 66, Courts defer to the State Courts for addressing these applications. See *Sanchez v. El Barrio's Car Serv., Inc.*, 347 F.R.D. 439, 44 (S.D.N.Y. 2024)

Article 52 of the New York Civil Practice Law and Rules governs the enforcement of money judgments in New York State. CPLR § 5228(a) specifically creates the mechanism for a judgment debtor to seek the appointment of a receiver upon motion to the Court.

The appointment of a receiver pursuant to CPLR § 5228 is discretionary. *Sanchez v. El Barrio's Car Service, Inc.*, 347 F.R.D. 439 (2024)). CPLR § 5228(a) authorizes a court to appoint a receiver only upon a showing that such appointment is necessary to enforce a judgment and where other remedies are insufficient. See *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317 (2010); *BSH Hausgeräte GMBH v. Kamhi*, 2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018).

In order to determine whether the appointment of a receiver is appropriate, Courts must consider "(1) alternative remedies available to the creditor; (2) the degree to which receivership will increase the likelihood of satisfaction; and (3) the risk of fraud or insolvency if a receiver is not appointed." *Astraea NYC LLC*, 2023 WL 3862671, at *4 (quoting *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317, 900 N.Y.S.2d 698, 926 N.E.2d 1202 (2010)).

The movant bears the burden to establish that a receiver is justified. *Siegel, N.Y. Prac.* § 509 (6th ed.). A receiver should only be appointed "when a special reason appears to justify one." *Astraea NYC LLC v. Rivada Networks, Inc.,* No. 21 CIV. 10493 (LLS), 2023 WL 3862671, at *4 (S.D.N.Y. June 7, 2023) citing *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317 (N.Y. 2010).

### b. Plaintiff Has Failed to Exhaust Her Alternative Remedies

Courts in New York disfavor receivership where ordinary enforcement tools are viable. *See Ernest Lawrence Group, Inc. v. Gov't Careers of Oakland*, 2000 WL 1655234, at *2 (S.D.N.Y. Nov. 3, 2000). CPLR Article 52, provides a judgment creditor with multiple procedural devices to enforce a money judgment in New York. There are several steps that a judgment creditor can and should employ before proceeding to a measure as extreme as receivership. Those measures include:

- CPLR § 5222 – allows Plaintiff to restrain all assets owned by Defendants
- CPLR § 5225 – permits the Plaintiff to seek an Order forcing Defendants to turn over property in their possession
- CPLR § 5227 – permits the Plaintiff to seek moneys due to Defendants
- CPLR § 5231 – allows execution of the debt against Defendant's income, and
- CPLR § 5232 – allows the Plaintiff to place a levy against Defendants' property.

Here, Plaintiff has failed to demonstrate the use of these tools in her collection efforts. Moreover, there is no articulated reason as to why these existing post-judgment enforcement tools are insufficient.

### c. The Plaintiff Has Not Demonstrated That a Receiver Will Increase the Likelihood of Satisfaction

Plaintiff fails to submit any analysis, expert declaration, or supporting data to demonstrate that a receiver would likely recover assets that she could not or increase the return to the judgment creditor beyond her current capabilities. Indeed, Plaintiff's motion is devoid of any exceptional qualities that a receiver has beyond those of Plaintiff.

Plaintiff's attorney has failed to demonstrate the existence of any special circumstances

that would result in a Receivership being more financially beneficial or even more necessary than the traditional channels of judgment enforcement available to Plaintiff.

Even if considering the Defendant's property in the Dominican Republic, Plaintiff has made no showing that a Dominican court would not recognize and enforce her Southern District of New York judgment.

Moreover, Plaintiff has not even attempted to domesticate the judgment abroad, suggesting that the appointment of a receiver is a premature and unnecessary remedy.

### d. Plaintiff Fails to Establish the Risk of Fraud or Insolvency

Courts have repeatedly held that the appointment of a receiver must be supported by more than speculation. See *U.S. v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992). Here, Plaintiff relies on dismissed bankruptcy proceedings and bare allegations, without presenting credible evidence of fraud or asset concealment. Mr. Quezada's property, including his foreign assets, were disclosed in his bankruptcy schedules, which undermines any argument that there is concealment or fraudulent transfer. Furthermore, the bankruptcy was dismissed, not converted for cause. A mere inability or delay in satisfying a judgment does not equate to insolvency or fraud. See Debtor and Creditor Law § 271.

### II. THIS COURT LACKS JURISDICTION TO ENFORCE RECEIVERSHIP OVER FOREIGN REAL PROPERTY

Federal courts have long recognized limitations on enforcing judgments involving foreign real estate. As held in *Hilton v. Guyot*, 159 U.S. 113, 163 (1895), "the laws of no nation can justly extend beyond its own territory." See also *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 31 (1st Dep't 2007) (attachment of property located outside New York violates sovereignty of foreign jurisdiction). Federal courts similarly lack in rem jurisdiction over real estate located abroad, and Plaintiff must seek relief in the courts of the Dominican Republic, under

their judgment recognition framework. See *Koehler v. Bank of Bermuda Ltd.*, 2004 WL 1555116 (S.D.N.Y. July 9, 2004)

### III. PLAINTIFF IMPROPERLY SEEKS TO AGGREGATE FOREIGN REALTY AND DOMESTIC STOCK INTERESTS

Plaintiff's attempt to lump together foreign real property with intangible equity interests and a motor vehicle only highlights the misapplication of CPLR § 5228(a). In fact, CPLR § 5225 and § 5227 offer more appropriate methods of enforcement for stock interests and personal property.

Stock shares of El Tina Fish Market Corp., which operates domestically, may be subject to enforcement under CPLR § 5225(b) and through the commencement of a special proceeding under CPLR § 5227 to compel Defendants to deliver the assets without the need for receivership. This motion is a scattershot approach that should be rejected in favor of more measured enforcement mechanisms.

### CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court deny Plaintiff's motion to appoint a receiver under CPLR § 5228(a) in its entirety. The requested relief would improperly expand this Court's jurisdiction, violates comity principles, and fails to meet the statutory or equitable prerequisites for receivership.

Dated: New York, New York
       July 17, 2025

       */s/ Martin E. Restituyo*
       By: Martin E. Restituyo, Esq.
       Law Offices of Martin Restituyo, P.C.
       1325 Avenue of the Americas, 28th Floor
       New York, New York 10019
       Tel. (212) 729-7900
       restituyo@restituyolaw.com

       *Attorney for Defendants*