UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JOSE PIZARRO<br>        Plaintiff/Counterclaim<br>        Defendant<br>v.<br>EUROS EL TINA RESTAURANT LOUNGE<br>AND BILLIARDS CORP., SANTIAGO<br>QUEZADA, SANTIAGO QUEZADA JR.<br>        Defendants/Counterclaim<br>        Plaintiffs/Third-Party<br>        Plaintiffs<br>v.<br>EMITON FERNANDEZ, NARCISO GOMEZ,<br>JOSE E. CASTRO, TOMAS ANDRES<br>PIZARRO ZEPEDA, ELADIO CASTRO<br>PRODUCTIONS INC., ZOILIMAR MEJIA,<br>        Third-Party Defendants | 1:20-cv-05783-AKH<br><br>**REPLY MEMORANDUM OF**<br>**LAW IN FURTHER SUPPORT OF**<br>**MOTION TO APPOINT RECEIVER** |

Evan Brustein
Brustein Law PLLC
299 Broadway
Suite 800
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Plaintiff

# TABLE OF CONTENTS
# MEMORANDUM OF LAW IN SUPPORT

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ........................................................................................................................................ 1

I.    THE RELEVANT FACTORS CONSIDERED ON A CPLR 5228 MOTION TO APPOINT A RECCEIVER WEIGH IN FAVOR OF SUCH RELIEF .............................. 1

II.   THE COURT HAS AUTHORITY TO DIRECT MR. QUEZADA TO TRANSFER THE PROPERTY TO BE RECEIVED TO A RECEIVER ......................................................... 2

III.  THERE IS NO PROHIBITION ON PROPERTY TO BE RECEIVED INCLUDING FOREIGN REALTY AND DOMESTIC STOCK INTERESTS ........................................ 3

CONCLUSION .................................................................................................................................... 3

# TABLE OF CONTENTS
# DECLARATION OF JEFFREY CHUBAK IN REPLY

Exhibit 8—Information Subpoena Response of Mr. Quezada's Counsel

# TABLE OF AUTHORITIES

**Page(s)**

*79 Madison LLC v. Ebrahimzadeh*,
  203 A.D.3d 589 (1st Dep't 2022) ............................................................................................ 3

*Gryphon Domestic VI, LLC v. APP Int'l Fin. Co. B.V.*,
  41 A.D.3d 25 (1st Dep't 2007) ................................................................................................ 2

*Koehler v. Bank of Bermuda Ltd.*,
  2004 WL 1555116 (S.D.N.Y. July 9, 2004) ............................................................................ 2

*Koehler v. Bank of Bermuda Ltd.*,
  12 N.Y.3d 533 (2009) .............................................................................................................. 2

*U.S. v. Vulpis*,
  967 F.2d 734 (2d Cir. 1992) .................................................................................................... 2

**Statutes and Rules**

CPLR 5205 ..................................................................................................................................... 1

CPLR 5225 ................................................................................................................................. 1, 3

CPLR 5227 ................................................................................................................................. 1, 3

CPLR 5228 ................................................................................................................................. 1, 2

CPLR 5231 ..................................................................................................................................... 1

CPLR 5232 ..................................................................................................................................... 1

Debtor and Creditor Law § 271 ..................................................................................................... 2

**ARGUMENT**

I. **THE RELEVANT FACTORS CONSIDERED ON A CPLR 5228 MOTION TO APPOINT A RECEIVER WEIGH IN FAVOR OF SUCH RELIEF**

Mr. Quezada argues the Court should deny CPLR 5228 relief because there are "less drastic remedies" available (Opposition Br. at 5-6) to recover on the judgment. The less drastic remedies suggested, however (id. at 7) either have no application or are unlikely to deliver material value to Maria. Dominican real property cannot be turned over under CPLR 5225(a), because the statute does not apply to domestic let alone foreign real property, and turnover of the Dominican Mercedes to the sheriff is impracticable. As to equity interests in El Tina Fish Market, Mr. Quezada should favor a receiver because a sheriff's sale of same is unlikely to generate value. (ECF #240 at 3.) As to CPLR 5227, Mr. Quezada has not disclosed any persons or entities that owe him money in his bankruptcy schedules or otherwise. As to CPLR 5231, no evidence has been shown that an execution upon ten percent of non-social security income (social security income being statutorily exempt under CPLR 5205) would make more-than-de-minimis dent in the judgment. As to CPLR 5232, it only applies to personal property, the sheriff or marshal cannot execute on property outside New York, Maria has no reason to believe Mr. Quezada would obey any execution served given his refusal to pay the judgment and the execution is only valid for ninety days. No explanation is provided as to how any of these enforcement tools would materially reduce let alone satisfy the judgment.

As to the degree to which receivership will increase the likelihood of satisfaction, receivership is the only CPLR Article 52 enforcement tool that can result in monetization of the real property and Mercedes located in the Dominican Republic, through a receiver's power of sale. As to equity interests in El Tina Fish Market receivership is likely to deliver greater value than a sheriff's sale. (ECF #240 at 3.)

1

As to fraud/insolvency, Mr. Quezada does not dispute that no finding of same is required. Indeed, he cites *U.S. v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992) which recognized fraud or insolvency is an alternative basis to appoint a receiver. He does not dispute his bankruptcy case was dismissed because his monthly reporting reflected negative cash flow or that he is considered presumptively insolvent under Debtor and Creditor Law § 271. That most of his net worth is located abroad and that he deals in cash (Chubak Decl. Exhibit 8) presents risk of asset secretion. His argument that this is just temporary "delay in satisfying a judgment" ignores that the judgment has been outstanding since February 2024.

## II. THE COURT HAS AUTHORITY TO DIRECT MR. QUEZADA TO TRANSFER THE PROPERTY TO BE RECEIVED TO A RECEIVER

Mr. Quezada's argument that "[t]his Court lacks jurisdiction to enforce receivership over foreign real property" is not supported by any authority. He points to *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co. B.V.*, 41 A.D.3d 25, 31 (1st Dep't 2007), but that decision held that while "it would violate the sovereignty of another state if a New York sheriff tried to attach property in another state", it is perfectly appropriate to "direct[] a defendant, over whom the New York court has jurisdiction, to bring its own property into New York. We find no reason why such an order would offend another state's sovereignty, unless the other state has ordered the defendant not to move its property *from* that state", an issue not presented here. Mr. Quezada cites *Koehler v. Bank of Bermuda Ltd.*, 2004 WL 1555116 (S.D.N.Y. July 9, 2004) for the proposition that "Federal courts … lack in rem jurisdiction over real estate located abroad." However, in a 2009 decision arising from the same case (12 N.Y.3d 533), the Court of Appeals answering a certified question noted that the "First Department … has expressly held that judgment debtors can be ordered to turn over out-of-state assets under CPLR article 52." *Id*. at 539-40 (citing *Gryphon*). Maria had cited the earlier decision which held "a court's power over an entity subject to its jurisdiction to

2

direct a transfer of property does not depend upon the existence of a legislative enactment; courts also derive such powers from principles of equity." (ECF #240 at 4.) Mr. Quezada does not address this and instead focuses on limitations on courts' power to attach foreign property under CPLR Article 62, a remedy not sought herein. Mr. Quezada does not otherwise address any of the case law Maria cited (ECF #240 at 4-5) to show that this Court has authority to direct him to transfer the Dominican property to be received to a receiver because this Court has jurisdiction over him.

### III.   THERE IS NO PROHIBITION ON PROPERTY TO BE RECEIVED INCLUDING FOREIGN REALTY AND DOMESTIC STOCK INTERESTS

Mr. Quezada's argument that "aggregat[ing] foreign realty and domestic stock interests" among property to be received is improper is devoid of legal support. No explanation is provided as to how any relief with respect to the proposed property to be received, all of which is owned by Mr. Quezada, would be effectuated pursuant to CPLR 5227. As noted above, CPLR 5225 turnover under is unavailable as to real property, and impracticable as to the Dominican Mercedes, putting aside that the statute contemplates turnover to the sheriff not Maria. CPLR 5225 turnover is only available as to equity interests in El Tina Fish Market, and as to that Maria's preference is that a receiver be appointed over same.

### CONCLUSION

If Mr. Quezada has an issue with appointment of a receiver over the proposed property to be received, "he can avoid this result by satisfying the judgment." *79 Madison LLC v. Ebrahimzadeh*, 203 A.D.3d 589, 591 (1st Dep't 2022). Absent his satisfying the judgment, the relief requested should be granted.

3

4

Dated: New York, NY
      July 21, 2025

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
Suite 800
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Plaintiff

**WORD COUNT CERTIFICATION**

    I hereby certify that the foregoing document has 977 words as calculated by the word count feature of the word-processing program used to prepare the same, excluding the cover, table of contents/exhibits, table of authorities and signature block, and therefore complies with the word count limit in Local Civil Rule 7.1(c).

Dated: New York, NY
       July 21, 2025

                                                /s/ Jeffrey Chubak