UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JOSE PIZARRO<br>      Plaintiff/Counterclaim<br>      Defendant<br>v.<br>EUROS EL TINA RESTAURANT LOUNGE AND BILLIARDS CORP., SANTIAGO QUEZADA, SANTIAGO QUEZADA JR.<br>      Defendants/Counterclaim<br>      Plaintiffs/Third-Party<br>      Plaintiffs<br>v.<br>EMITON FERNANDEZ, NARCISO GOMEZ, JOSE E. CASTRO, TOMAS ANDRES PIZARRO ZEPEDA, ELADIO CASTRO PRODUCTIONS INC., ZOILIMAR MEJIA,<br>      Third-Party Defendants | 1:20-cv-05783-AKH<br><br>**MEMORANDUM OF LAW IN SUPPORT** |

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Plaintiff

# TABLE OF CONTENTS
## Memorandum of Law

Page

TABLE OF AUTHORITIES ................................................................................................. II

BACKGROUND .................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.   TURNOVER SHOULD BE GRANTED AS TO THE MERCEDES AND JEWELRY/WATCHES ................................................................................................ 2

II.  LEAVE TO REGISTER THE JUDGMENT SHOULD BE GRANTED ........................ 2

CONCLUSION ....................................................................................................................... 4

# TABLE OF EXHIBITS
## to Declaration of Jeffrey Chubak

EXHIBIT 1—tastytrade information subpoena response

EXHIBIT 2—NinjaTrade information subpoena response

EXHIBIT 3—Page from June 2024 TD Bank scheduled account statement (showing account closed)

EXHIBIT 4—Page from September 2024 TD Bank DIP account statement (showing account closed)

EXHIBIT 5—Aug.-Nov. 2024 statements from scheduled Chase account (showing $215,704 withdrawn)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andes Petroleum Ecuadro Limited v. Occidental Exploration and Production Company*,
   2022 WL 3227874 (S.D.N.Y. Aug. 10, 2022) ........................................................................... 3

*Jack Frost Labs., Inc. v. Physicians & Nurses Manuf. Corp.*,
   951 F. Supp. 51 (S.D.N.Y. 1997) ............................................................................................. 3

*Owen v. Soundview Fin. Group, Inc.*,
   71 F. Supp. 2d 278 (S.D.N.Y. 1999) ........................................................................................ 3

*Matter of Signature Bank v. HSBC Bank USA, N.A.*,
   67 A.D.3d 917 (2d Dep't 2009) ............................................................................................... 4

*New York Community Bank v. Bank of America, N.A.*,
   169 A.D.3d 35 (1st Dep't 2019) ............................................................................................... 4

**Statutes and Rules**

CPLR 5205 ......................................................................................................................................... 3

CPLR 5225 .................................................................................................................................... 2, 4

28 U.S.C. § 1963 .............................................................................................................................. 2

Plaintiff Maria Jose Pizarro ("Maria") submits this memorandum of law in support of her motion for turnover and sale of certain personal property of defendant-judgment debtor Santiago Quezada ("Mr. Quezada") and for leave to register her judgment against him with the United States District Court for the Northern District of Illinois.

## BACKGROUND

The judgment (ECF #194) is against Mr. Quezada in the amount of $1.625 million and does not include attorneys' fees awarded (ECF #195) or those incurred in his appeal of same.

Mr. Quezada commenced a Chapter 11 case (24-bk-22431-SHL, "Bankruptcy") to stay enforcement. (Bankruptcy ECF #2 ¶2 ("since the judgment has been entered, my bank account has been restrained.  As a result, I have had to seek the protection of the court").)  The Bankruptcy has been dismissed.  (ECF #239-7.)  In his schedules (Bankruptcy ECF #11, filed herein ECF #239-2) which he certified (PDF p.31), he disclosed he owns: (a) a low-miles 2024 Mercedes Benz GLS 600 Z4 he valued at $185,500 (listed in Schedule A/B Item 3.1), encumbered by an approximately $150,000 lien (listed in Schedule D Item 2.1), and (b) Rolex, Cartier and Concord watches and two bracelets (listed in Schedule A/B Item 12) he collectively valued at $7,000.

This motion seeks an order directing the sale of such property and application of sale proceeds to her judgment, after satisfying prior liens and paying the value of exemptions over to Mr. Quezada.

Maria served a CPLR 5224(a)(iii) information subpoena together with an accompanying questionnaire, and a CPLR 5222 restraining notice on each of "NinjaTrader" and "tastytrade". (The undersigned's firm served the CPLR 5222(d) notice on Mr. Quezada on June 17, 2025, before the "NinjaTrader" and "tastytrade" restraints were served.)  In their respective information subpoena responses (Chubak Decl. Exhibits 1-2), "tastytrade" stated it froze around $80,000 of

1

cash/securities, and "NinjaTrader" stated it froze $5,000, with both indicating said property is in a joint account titled in the name of Mr. Quezada.

This motion seeks leave to register the judgment in the United States District Court for the Northern District of Illinois so she can make a turnover motion there.

## ARGUMENT

**I.  TURNOVER SHOULD BE GRANTED AS TO THE MERCEDES AND JEWELRY/WATCHES**

CPLR 5225(a) provides:

> Payment or delivery of property of judgment debtor.  (a) Property in the possession of judgment debtor.  Upon motion of the judgment creditor, upon notice to the judgment debtor, where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient to satisfy the judgment, to a designated sheriff.

Maria has no knowledge of cash Mr. Quezada has on deposit in with a bank.  Both Chase and TD Bank, the sole banks or financial institutions scheduled, indicated his accounts were cleaned out and/or are closed.  (Chubak Decl. Exhibits 3-5.)  Maria is unaware of any other bank accounts, Mr. Quezada deals in cash (ECF #246-1) and the two accounts that she did restrain were not even scheduled.  She therefore seeks to satisfy the judgment from his other property.

CPLR 5225(a) contemplates personal property being turned over to the sheriff for sale, and the relief sought in the notice of motion contemplates prior liens and statutory exemptions for jewelry and vehicles being paid before sale proceeds are paid over to Maria.

**II.  LEAVE TO REGISTER THE JUDGMENT SHOULD BE GRANTED**

28 U.S.C. § 1963 provides:

2

> A judgment in an action for the recovery of money or property entered in any … district court … may be registered by filing a certified copy of the judgment in any other district … when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Mr. Quezada's appeal of the judgment (2d Cir. Docket 24-2422) is scheduled to be argued September 17, 2025.

Good cause exists to grant leave to register the judgment. Leave is properly granted "upon a mere showing that the defendant has substantial property in the other [foreign] district and insufficient [property] in the rendering district to satisfy the judgment." *Andes Petroleum Ecuadro Limited v. Occidental Exploration and Production Company*, 2022 WL 3227874, at *4 (S.D.N.Y. Aug. 10, 2022) (quoting *Jack Frost Labs., Inc. v. Physicians & Nurses Manuf. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997)).

"Judgment creditors 'need not show exact evidence of assets' and registration may be granted upon a lesser showing." *Id*. (quoting *Owen v. Soundview Fin. Group, Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999)).

Property of Mr. Quezada in the foreign district is evidenced by the information subpoena responses.

Absence of property in this district is evidenced by his Schedule A/B. The sole property listed is: (1) his house, valued at $700,000 but as to which a $150,000 exemption applies under CPLR 5206(e); (2) his equity in El Tina Restaurant Corp. the value of which is speculative at best, and as to which no value is attributed in Schedule A/B; (3) the Mercedes Benz and watches/jewelry that are the subject of this motion, the former of which has little equity relative to the judgment amount and the latter of which Mr. Quezada values at only $7,000, and all of which are covered by exemptions under CPLR 5205(a)(6) and (a)(8); (4) fully exempt IRAs; and (5) the Chase and

3

TD Bank accounts which have no cash and are closed. This is insufficient to satisfy the judgment necessitating the relief sought herein, in addition to receivership over his Dominican property and equity interests.

That the property is in a joint account has no bearing on the analysis, first, because whether or not it has a bearing is properly adjudicated in the foreign court after a turnover motion is made, and second, it is well established that "jointly owed assets are vulnerable to levy by a judgment creditor pursuant to CPLR 5225" *Matter of Signature Bank v. HSBC Bank USA, N.A.*, 67 A.D.3d 917, 918 (2d Dep't 2009). *See also New York Community Bank v. Bank of America, N.A.*, 169 A.D.3d 35, 37-38 (1st Dep't 2019) (similar).

## **CONCLUSION**

Both branches of the motion (turnover, registration) should be granted.

Dated: New York, NY
       July 23, 2025

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
17th Floor
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Plaintiff

4

## **WORD COUNT CERTIFICATION**

I hereby certify that the foregoing document has 1,081 words as calculated by the word count feature of the word-processing program used to prepare the same, excluding the cover, table of contents/exhibits, table of authorities and signature block, and therefore complies with the word count limit in Local Civil Rule 7.1(c).

Dated: New York, NY
July 23, 2025

/s/ Jeffrey Chubak