**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA JOSE PIZARRO<br><br>                              Plaintiff,<br>     -against-<br><br>EUROS EL TINA RESTAURANT LOUNGE and BILLIARDS CORP., AND SANTIAGO QUEZADA.<br><br>                              Defendants. | **Case No. 1:20-cv-05783-AKH** |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TURNOVER AND REGISTRATION OF JUDGMENT**

Defendant Santiago Quezada ("Quezada." or "Defendant"), by and through his attorneys, respectfully submits this memorandum of law in opposition to the motion filed by the plaintiff, Maria Jose Pizarro ("Plaintiff"), seeking turnover pursuant to CPLR § 5225 and registration of judgement in Illinois pursuant to 28 U.S.C. § 1963.

**SUMMARY OF RELEVANT FACTS**

Less than a month before Defendant's appeal is to be heard, on September 17, 2025, by the Second Circuit Court of Appeals, Plaintiff moves this Court for an order seeking turnover of personal assets pursuant to CPLR § 5225 and for permission to register a judgment in the Northern District of Illinois pursuant to 28 U.S.C. § 1963. See SDNY ECF Docs. 247 – 49.

In this and previous motions Plaintiff revealed that she has a clear understanding of all the Defendant's assets including what they are, where they are located and how much they are worth. See SDNY ECF Docs. 239 and 248. To that end Plaintiff sought the appointment of a receiver to execute against Defendant's assets in the Dominican Republic (SDNY ECF Docs. 238 -240) and filed a petition to seek the sale of Defendant's house in Westchester County Supreme Court. Decl. ¶ 4.[1]

With this motion Plaintiff seeks the sale of Defendant's car and Jewelry (P's Memo at 2[2]) and for leave to register the judgment in the Norther District of Illinois. *Id.* In her Notice of Motion Plaintiff acknowledges that given the exemptions of CPLR § 5205, the car and Jewelry are of limited value. SDNY ECF Doc. 247.

Plaintiff next asks the Court to grant leave to register her judgment in Illinois but provides no clear indication of why. *Id*. Although in her brief Plaintiff makes mention of two trading

---

[1] Referenced to "Decl. ¶ __" refer to the Declaration of Martin E. Restituyo submitted in support of the instant motion.
[2] Reference to "P's Memo at ___" refer to the SDNY ECF Doc. 249, Plaintiff's Memorandum of Law in Support of the instant motion.

1

accounts held in joint tenancy by the Defendant, she does not tie these assets to Illinois. P's Memo at 1.

For the reasons set forth below Defendant's believes that this is an attempted money grab by the Plaintiff who is seeking to take and liquidate as many of Defendant's assets as possible before obtaining finality of her judgment from the Second Circuit.

## ARGUMENT

### I. PLAINTIFF'S MOTION SEEKING TO REGISTER A JUDGMENT AGAINST QUEZADA IN THE NOTHERN DISTRICT COURT OF ILLINOIS MUST BE DENIED

28 U.S.C. § 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any … district court … may be registered by filing a certified copy of the judgment in any other district … when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

Here, there is no dispute that the judgment is not final given the pendency of an appeal scheduled to be heard on September 17. 2025.  Thus, Plaintiff is asking for the Court to permit her to register this premature judgment in the Northern District of Illinois based for "good cause shown."

Good cause is established when it is demonstrated that the party against whom the judgment has been entered possesses substantial property in the other [foreign] district and lacks sufficient property in the rendering district to satisfy the judgment. (*Pereira v. Cogan*, No. 00 CIV. 619 (RWS), 2003 WL 22510410, at *1 (S.D.N.Y. Nov. 4, 2003) (*citing Owen v. Soundview Fin. Group, Inc.*, 71 F.Supp.2d 278, 278–9 (S.D.N.Y.1999)).

However, courts in this district have made it clear that neither insufficient assets in the home district nor the mere presence of assets in another district is enough to seek the registration

2

of the judgment there; a party must show that the debtor has "Substantial assets" in the foreign district. See *Teachers Ins. & Annuity Ass'n v. Ormesa Geothermal*, No. 87 Civ. 1259 (KMW), at *5-6 (S.D.N.Y. Nov. 20, 1991

Here, Plaintiff has failed to demonstrate that there are any assets within the jurisdiction of the United States District Court for the Northern District of Illinois, let alone "substantial assets."

To be sure, in her motion Plaintiff concedes that the bulk of Defendant's assets (all of which have been disclosed) are located in New York and the Dominican Republic. Nevertheless, Plaintiff alleges that Quezada maintains two joint trading accounts and that the assets of those joint trading accounts are located in the Northern District of Illinois. Plaintiff has failed to provide any evidence for the location of those assets. Indeed, while it is true that both Tastytrade, Inc. and Ninja Trader, LLC maintain offices in Chicago, Illinois, there is no indication anywhere that that is where the assets are located. By way of example, Ninja Trader maintains offices in several states and was purchased, earlier this year, by Kraken a San Francisco company who recently moved its headquarters to Cheyenne, Wyoming. Decl. ¶¶ 12-13. Thus, the mere fact that an internet trading platform maintains (or maintained) an office in a particular city does not mean that this is where those assets are located.

Even if the assets are located within the jurisdiction of the Northern District of Illinois, Plaintiff fails to establish that the assets are in any way "substantial." At best, Plaintiff alleges that over two trading platforms there is a combined total of about $85,000 in assets owned by the Defendant in "joint tenancy with right of survivorship." Thus, even if Plaintiff were entitled to 50% percent of the assets,[3] at best she would be going after approximately 2.6% of the value of

---

[3] New York Banking Law § 675(b) establishes a rebuttable presumption of joint tenancy, with each owner entitled to equal shares. See *In re Ricci*, 18 A.D.3d 663 (2d Dep't 2005); *RJM Acquisitions, LLC v. Yong Hong*, 889 N.Y.S.2d 507 (Civ. Ct. 2009).

3

her judgment. By no stretch of the imagination is this figure "substantial" either as a percentage of her judgment or even as percentage of Quezada's assets located in this District. Indeed, Plaintiff's sole motivation for going after these assets is to grab as much of Quezada's money as possible before the Second Circuit has a chance to make this case final.

Thus, because Plaintiff's judgment is not final and because she has failed to establish good cause, Plaintiff's motion for leave to register a judgment in another district must be denied.

## II. PLAINTIFF'S MOTION FOR TURNOVER SHOULD DENIED AS PREMATURE AND POTENTIALLY LEADING TO IRREPARABLE HARM

Plaintiff seeks the turnover of Defendant's personal affects including certain Jewelry and a car pursuant to CPLR § 5225(a). Defendant respectfully requests that Plaintiff's motion be denied as premature and potentially leading to irreparable harm to the Defendant. A turnover at this stage is unwarranted, inequitable and proscribed by statute.

Plaintiff concedes that CPLR 5205, entitled "Personal property exempt from application to the satisfaction of money judgments," limits her ability to deprive the Defendant from the total value of the property she seeks control over. Beyond that, CPLR § 5240 advises the Court to use substantial discretion when considering enforcement requests. Specifically, the statute allows the Cour to "at any time, on its ow on its own initiative or the motion of any interested person . . . make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." *Id.* As the New York Court of Appeals noted, Article 52, of which these sections are a part, is intended to "provide [ ] courts with the ability to craft flexible and equitable responses to claims that arise with respect to enforcement of valid money judgments," *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 37 N.Y.3d 591, 601 (2021). The Court is provided with "broad discretionary power . . . to prevent . . .disadvantage, or other prejudice[.]" *Id.* at 600 (cleaned up).

It should be noted that Plaintiff's application for turnover comes just weeks before Defendant's appeal is to be heard, on September 17, 2025. In the interim, Mr. Quezada has fully disclosed all of his assets. As indicated in Plaintiff's brief, the description, location and value of every one of Defendant's assets are fully known to Plaintiff. Plaintiff is also aware that the assets – stocks, house, car and watches – are frozen and/or cannot otherwise readily disposed of.

Thus, Plaintiff's current application is solely intended as a grab prior to getting a decision from the Second Circuit Court of Appeals that would either make her judgment final or vacate the prior decision. In the case of making the judgment final, Plaintiff can easily collect on the assets that are not going anywhere.

If the Court grants a turnover, however, and the Plaintiff's judgment gets vacated then Defendant will suffer irreparable harm by being forced to sell his car and family heirlooms for naught. Indeed, even if restitution were provided, as per CPLR § 5523, the real value of these assets is sentimental and therefore no money would compensate for their loss. It is precisely this disadvantage and prejudice that CPLR Article 52 seeks to proscribe.

Thus, for the reasons set fort above, Defendant respectfully requests that Plaintiff's motion for turnover be denied.

**III.   THE COURT SHOULD NOT ORDER A TURNOVER BUT INSTEAD FOR THE PROPERTY TO BE PLACED IN THE CUSTODY OF AN OFFICER DESIGNATED BY THE COURT ONLY TO BE SOLD, IF NECESSARY, UPON THE COMPLETION OF THE APPEAL**

The CPLR contemplates a third path toward resolving these issues that the Court is strongly encouraged to consider. Specifically, CPLR § 5219(a)(4) allows a court to stay enforcement proceedings where an appeal has been filed and "the judgment or order directs the assignment or delivery of personal property, and the property is placed in the custody of an officer designated by the court of original instance to abide the direction of the court to which the appeal is taken."

5

Here the Plaintiff has identified certain jewelry that can be readily placed in the custody of an officer designated by the court to be disposed of at the completion the appeal. This third option is consistent with the directive laid out by the New York Court of Appeals in *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, and would significantly reduce the chances of disadvantage or other prejudice.

Thus, for the reasons set forth above, the Court should deny Plaintiff's motion and instead consider placing Defendant's personal property in the hands of a designated officer that can decide how to proceed at the direction of the Second Circuit Court of Appeals.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied in its entirety. Alternatively, the Court should stay enforcement pursuant to CPLR § 5519(a)(4).

Dated: New York, New York
      August 22, 2025                      */s/ Martin E. Restituyo*
                                           By: Martin E. Restituyo, Esq.
                                           Law Offices of Martin Restituyo, P.C.
                                           1325 Avenue of the Americas, 28th Floor
                                           New York, New York 10019
                                           Tel. (212) 729-7900
                                           restituyo@restituyolaw.com

                                           *Attorney for Defendants*