**MANDATE**

24-2422
*Pizarro v. Quezada*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand twenty-five.

Present:

>    DENNY CHIN,
>    WILLIAM J. NARDINI,
>    MARIA ARAÚJO KAHN,
>        *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED    10/30/2025

---

MARIA JOSE PIZARRO,

>    *Plaintiff-Counter-Defendant-Third-Party-Defendant-Cross-Defendant-Counter-Defendant-Appellee,*

>    v.                                                                                    24-2422

SANTIAGO QUEZADA, EUROS EL TINA RESTAURANT LOUNGE AND BILLIARDS CORP.,

>    *Defendant-Counter-Claimant-Third-Party-Plaintiff-Cross-Claimant-Counter-Claimant-Appellants,*

SANTIAGO QUEZADA JR.,

>    *Defendant-Counter-Clamimant-Third-Party-Plaintiff-Cross-*

1

        *Claimant-Counter-Claimant-
        Defendant,*

EMITON FERNANDEZ, NARCISCO GOMEZ,
JOSE R. CASTRO, TOMAS ANDRES PIZARRO
ZEPEDA, ELADIO CASTRO PRODUCTIONS,
INC., ZOILIMAR MEJIA,

        *Defendant-Third-Party-Defendant-
        Cross-Defendant-Counter-
        Defendants.*

_____

| | |
|---|---|
| For Plaintiff-Appellee: | EVAN BRUSTEIN, Brustein Law PLLC, New York, NY (Brian L. Bromberg, Bromberg Law Office, P.C., Brooklyn, NY, *on the brief*). |
| For Defendants-Appellants: | SCOTT T. BAKEN (Poonam Sethi, *on the brief*), Jackson Lewis P.C., White Plains, NY. |

  Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *District Judge*).

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

  Defendants-Appellants Santiago Quezada and Euros El Tina Restaurant Lounge and Billiards Corp. (the "Lounge") appeal from a judgment entered on February 23, 2024, by the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *District Judge*) awarding damages, following a jury trial, in favor of Plaintiff-Appellee Maria Jose Pizarro and an order entered February 27, 2024, denying their post-trial motions. Pizarro brought this action against the Lounge (her employer) and Quezada (her manager), asserting: (1) hostile work environment claims against the Lounge under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law ("NYSHRL"); (2) gender discrimination claims against the

Lounge and Quezada under the New York City Human Rights Law ("NYCHRL"); and (3) aiding and abetting gender discrimination claims against Quezada and a third party under the NYCHRL.[1]

The lawsuit stems from Quezada's repeated sexual harassment of Pizarro over the course of her nine years of employment at the Lounge. At a jury trial in October 2023, Pizarro testified that Quezada would grope her three times per month, tell sexually explicit stories in front of her, and expose his genitals to her; and that he masturbated in front of her on one occasion. Pizarro also testified that Quezada attempted to rape her at the Lounge. Pizarro's account of the rape was corroborated by another witness who interrupted the attempted rape.

Pizarro testified that, as a result of the sexual harassment and attempted rape, she suffered from and was diagnosed medication for depression, had recurring nightmares, and suffered from PTSD. She also testified that she attempted suicide shortly after the attempted rape. The jury found Defendants liable for the federal and state hostile work environment and gender discrimination claims,[2] and awarded $1,000,000 in compensatory damages against Quezada and $725,000 in compensatory damages against the Lounge. The jury also awarded $625,000 in punitive damages against Quezada and $375,000 in punitive damages against the Lounge. The district court rejected Defendants' post-trial motion arguing that the compensatory damages awards were excessive. Although Defendants did not challenge the jury's punitive damages awards in their post-trial motion, the district court also held that the punitive damages awards were not excessive.

---

[1] Pizarro's initial complaint asserted other causes of action that were voluntarily dismissed before trial and are therefore not at issue here.

[2] Pizarro's aiding and abetting claims were ultimately dismissed by the district court after Pizarro dropped all claims against a third party who also worked at the Lounge—and was accused of aiding and abetting—at the close of evidence.

3

On appeal, Defendants argue primarily that the compensatory and punitive damages awards are excessive and require a new trial on damages or remittitur. We assume the parties' familiarity with the case.

I.  **Compensatory Damages**

We review challenges to a district court's denial of remittitur for abuse of discretion. *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 204 (2d Cir. 2014).[3] We must "affirm" if "the question of excessiveness is close or in balance." *Id*. For federal claims, the standard for excessiveness is "whether the award is so high as to shock the judicial conscience and constitute a denial of justice." *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003). Under New York law, an award is excessive "if it deviates materially from what would be reasonable compensation," as assessed by looking at awards in similar cases. *Stampf*, 761 F.3d at 204 (quoting N.Y. C.P.L.R. § 5501(c)); *see Lore v. City of Syracuse*, 670 F.3d 127, 177 (2d Cir. 2012) (applying "deviates materially" test to NYSHRL claims). This standard "calls for closer surveillance than 'shock the conscience' oversight." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 424 (1996). This is a "substantive" standard that must be applied in diversity cases. *Id*. at 426.

Because the Lounge employed approximately 30 employees, total recovery is limited to $50,000 for Pizarro's Title VII claim. *See* 42 U.S.C. § 1981a(b)(3)(A). When Title VII claims are pled in tandem with NYSHRL and NYCHRL claims and stem from the same conduct, any award in excess of the statutory cap should be treated as an award under the NYSHRL or NYCHRL, which do not cap compensatory damages. *See, e.g.*, *Caravantes v. 53rd St. Partners, LLC*, No. 9-cv-7821, 2012 WL 3631276, at *21 (S.D.N.Y. Aug. 23, 2012); *Funk v. F & K Supply,*

---

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Case: 24-2422, 10/09/2025, DktEntry: 69.1, Page 5 of 10
Case 1:20-cv-05783-AKH    Document 264    Filed 10/30/25    Page 5 of 10

*Inc.*, 43 F.Supp.2d 205, 225–26 (N.D.N.Y. 1999) (NYSHRL and Title VII); *see also Magee v. U. S. Lines, Inc.*, 976 F.2d 821, 822 (2d Cir. 1992) (explaining, in maritime case, that "successful plaintiff[s]" should be "paid under the theory of liability that provides the most complete recovery" and citing First Circuit cases involving federal and state civil rights claims). Because the bulk of the awards (in excess of the Title VII cap) arose under state law, we start by applying New York law's more searching standard of review and ask whether Pizarro's awards "deviate materially" from awards in similar cases. If the awards satisfy New York's standard, then *a fortiori* the portions that were awarded under Title VII also pass muster under the less stringent federal standard of review.

Upon reviewing comparable cases, we hold that Pizarro's awards do not "deviate[] materially" from comparable compensatory damages awards for emotional distress. To be sure, Pizarro's compensatory damages awards outstrip awards in many other cases involving workplace sexual harassment, even cases involving physical touching. *See, e.g.*, *Caravantes*, 2012 WL 3631276, at *24 (awarding $150,000 for unwanted sexual touching and coerced sex); *Bouveng v. NYG Cap. LLC*, 175 F. Supp. 3d 280, 288 (S.D.N.Y. 2016) (remitting $500,000 award to $150,000 in case involving *quid pro quo* sexual harassment and retaliation). However, Pizarro's testimony regarding Quezada's attempt to forcibly rape her, which we must assume the jury credited in reaching its verdict, *see DiBella v. Hopkins*, 403 F.3d 102, 110 (2d Cir. 2005), renders the jury's award more comparable to cases directly involving sexual assault claims, which have tended to result in higher awards. *See, e.g.*, *Ortiz v. New York City Hous. Auth.*, 22 F. Supp. 2d 15, 38-39 (E.D.N.Y. 1998), *aff'd* 198 F.3d 234 (2d Cir. 1999) (upholding jury award of $3 million—which is equivalent to approximately $5.6 million in October 2023 when Plaintiff Pizzaro received her jury verdict—for a negligence claim against landlord after plaintiff was raped at gunpoint in

5

stairwell of building); *Doe v. HRH Prince Abdulaziz Bin Fahd Alsaud, Saudi Oger Ltd.*, No. 13-cv-571, 2017 WL 4541426, at *1, *4–*6 (S.D.N.Y. Oct. 10, 2017) (judge awarding $1.25 million for rape and assault, approximately $1.6 million in October 2023 dollars); *Breest v. Haggis*, No. 161137/2017, 2023 WL 374404, at *3–*4 (N.Y. Sup. Ct. N.Y. Cnty. Jan. 24, 2023) (upholding jury award of $7.5 million for defendant's rape and sexual assault of plaintiff, approximately $7.75 million in October 2023 dollars); *Noonan v. Becker*, No. 14-cv-4084, 2018 WL 1738746, at *7 (S.D.N.Y. Apr. 10, 2018), *report and recommendation adopted*, 2018 WL 2088279 (S.D.N.Y. May 3, 2018) (judge awarding $1 million for § 1983 claims after law enforcement officer raped plaintiff, approximately $1.2 million in October 2023 dollars). We cannot say that Pizarro's awards "deviate[] materially" from the compensatory damages for emotional distress awarded in these cases.

    Defendants argue primarily that Pizarro's "failure to proffer any medical or expert testimony, or any medical records related to her alleged psychiatric treatment" mandates that the award be remitted. *See* Appellant's Br. at 27–28. True, corroborating medical or expert evidence of a plaintiff's emotional distress is often introduced to substantiate a plaintiff's account of her own distress, and district courts often point to the presence of such evidence to shore up the reasonableness of a jury award or a court's own recommended award. *See, e.g.*, *Ortiz*, 22 F. Supp. 2d at 38; *Marchisotto v. City of New York*, No. 05-cv-2699, 2007 WL 1098678, at *10 (S.D.N.Y. Apr. 11, 2007). But corroborating expert testimony or medical evidence of a plaintiff's distress is not *required* to sustain an award of emotional distress damages, *see, e.g. Meacham v. Knolls Atomic Power Lab.*, 381 F.3d 56, 77 (2d Cir. 2004) (sustaining an award for "subjective distress" where plaintiffs "offered no proof other than testimony establishing shock, nightmares, sleeplessness, humiliation"), *vacated on other grounds sub nom.*, *KAPL, Inc. v. Meacham*, 544

6

U.S. 957 (2005); *Patterson v. Balsamico*, 440 F.3d 104, 120 (2d Cir. 2006) (sustaining an award where the only evidence of harm was the plaintiff's own "testimony of his humiliation, embarrassment, and loss of self-confidence, as well as testimony relating to his sleeplessness, headaches, stomach pains, and burning in his eyes from the use of mace in the [relevant] attack").

Pizarro submitted evidence that she attempted suicide, received psychiatric treatment for depression, suffered from PTSD, and had recurring nightmares. In light of these manifestations of severe emotional distress, which we must assume the jury credited, *DiBella*, 403 F.3d at 110, we cannot say that the jury's $1.725 million compensatory damages award was excessive.

## II. Punitive Damages

Defendants also argue that the jury's $1 million punitive damages award was grossly excessive. Defendants did not make this argument to the district court in their post-trial motions, and counsel conceded at oral argument that the issue was not raised adequately before the district court. Oral Argument at 21:33–21:48. Accordingly, Defendants rely exclusively on the proposition that this Court has discretion to consider a forfeited argument on appeal if the argument, as here, is a pure question of law. *Id.*; *see United States v. Gomez*, 877 F.3d 76, 95 (2d Cir. 2017). Although we need not consider this forfeited argument, as described below, Defendants' challenge to the awards fails regardless.

### A. Legal Standard[4]

A district court's refusal to remit a punitive damages award for excessiveness is reviewed "under federal common law, pursuant to the federal appellate courts' supervisory authority over

---

[4] Punitive damages are not permitted under the NYSHRL but are permitted under the NYCHRL and Title VII. *See Edelman v. NYU Langone Health Sys.*, 141 F.4th 28, 43 (2d Cir. 2025). As above, total recovery for the Title VII claims is capped at $50,000, 42 U.S.C. § 1981a(b)(3)(A), and so presumably the punitive damages were primarily awarded pursuant to the NYCHRL. Nevertheless, as explained below, the substantive inquiry dovetails into the federal constitutional inquiry set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

7

trial courts." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 164 (2d. Cir. 2014). We technically review these challenges under an abuse of discretion standard, "but given that courts of appeals are no less institutionally competent to review punitive awards for excessiveness than are trial courts, the degree of discretion enjoyed by trial courts in these matters is relatively narrow." *Stampf*, 761 F.3d at 209. Like compensatory damages, the excessiveness inquiry under federal common law asks whether the award "shock[s] the judicial conscience." *Payne v. Jones*, 711 F.3d 85, 96 (2d Cir. 2013). "Large punitive damages awards also implicate constitutional due process principles": "To the extent an award is grossly excessive, it furthers no legitimate purpose and constitutes an arbitrary deprivation of property." *Turley*, 774 F.3d at 164. Constitutional due process challenges to punitive damages awards are reviewed *do novo*. *Id.*

Following the Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), our Court has used three "guideposts" to assess punitive damages awards under both federal common law and constitutional law. The court considers: (1) "the degree of reprehensibility associated with the defendants' actions; (2) the disparity between the harm or potential harm suffered and the size of the punitive award; and (3) the difference between the remedy in this case and the penalties imposed in comparable cases." *Turley*, 774 F.3d at 165. Prong three of *Gore* converges with the "deviates materially" inquiry applicable to punitive damages claims under New York law. *See Payne*, 711 F.3d at 97 n.8. Practically, when this Court and courts in this circuit have assessed punitive damages awards under the NYCHRL and federal law, the outcome is often similar. *See id.*

B. Application

The jury's award here is not excessive under the *Gore* factors, and therefore also not excessive under the NYCHRL. Severe workplace sexual harassment is highly reprehensible

8

conduct, *see, e.g.*, *Villalta v. JS Barkats*, No. 16-cv-2772, 2021 WL 2458699, at *18 (S.D.N.Y. Apr. 16, 2021) (quid pro quo sexual discrimination and harassment), *report and recommendation adopted*, 2021 WL 2458023 (S.D.N.Y. June 16, 2021), as are acts of sexual violence. *See, e.g.*, *Gavel v. Korang*, No. 20-cv-3475, 2024 WL 4203732, at *7 (S.D.N.Y. Aug. 28, 2024) (workplace sexual harassment followed by rape); *HRH Prince Abdulaziz*, 2017 WL 4541426, at *7.

*Gore*'s disparity inquiry is concerned primarily with punitive damages that far exceed compensatory damages. Where, as here, punitive damages are far less than compensatory damages, an award is not suspect under prong two of *Gore*. We have further explained that as a matter of federal common law, when punitive damages are imposed "on top of" an award for "intangible—and therefore immeasurable—emotional damages," punitive damages awards that greatly exceed a compensatory damages award are even less justified. *Turley*, 774 F.3d at 165–66. Thus, courts in this circuit have often "awarded punitive damages in an amount equal to, or less than, an award of compensatory damages, where the conduct concerned a sexual assault." *Doe v. Warren & Baram Mgmt. LLC*, No. 20-cv-9522, 2024 WL 2941222, at *10 (S.D.N.Y. May 3, 2024) (summarizing cases), *report and recommendation adopted*, 2024 WL 3342602 (S.D.N.Y. July 9, 2024); *see, e.g.*, *Noonan*, 2018 WL 1738746, *8–*9 (roughly a 1:1 ratio of punitive to compensatory damages in § 1983 case involving rape by a police officer); *HRH Prince Abdulaziz*, 2017 WL 4541426, at *1 ($1,250,000 in compensatory damages and $1,000,000 in punitive damages for rape); *Mathie v. Fries*, 121 F.3d 808, 816–17 (2d Cir. 1997) ($250,000 in compensatory damages and $200,000 in punitive damages in § 1983 case where officer sexually abused inmate; this Court reduced punitive damages award from $500,000 to $200,000). And the Supreme Court has "repeatedly stressed the impossibility of making any bright-line test, as the propriety of the ratio can vary enormously with the particular facts of the case." *Payne*, 711 F.3d

9

at 102. The punitive damages awards here, which are approximately 57% of the compensatory damages awards, fit comfortably within these parameters.

Finally, applying *Gore*'s third prong, the awards here are comparable to other cases involving sexual violence. *See Noonan*, 2018 WL 1738746, at *8–*9 ($1 million in § 1983 case involving rape by a police officer); *HRH Prince Abdulaziz*, 2017 WL 4541426, at *1 ($1,250,000 in compensatory damages and $1,000,000 in punitive damages for rape).

     \*   \*   \*

We have considered Defendants' remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

10

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit