UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MARIA JOSE PIZARRO,

                        Plaintiff,

-against-

EUROS EL TINA RESTAURANT LOUNGE
AND BILLIARDS CORP., SANTIAGO
QUEZADA, SANTIAGO QUEZADA JR.

    Defendants/Counterclaim Plaintiffs/Third-Party
                                     Plaintiffs.

                            -and-

EMITON FERNANDEZ, NARCISO GOMEZ,
JOSE E. CASTRO, TOMAS ANDRES PIZARRO
ZEPEDA, ELADIO CASTRO PRODUCTIONS
INC., ZOILIMAR MEJIA,

                     Third Party Defendants.

**ORDER GRANTING MOTION FOR TURNOVER AND LEAVE TO REGISTER AND DENYING MOTION FOR APPOINTMENT OF RECEIVER**

20 Civ. 5783 (AKH)

------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff moves for supplementary relief of the judgment: turnover of specific items (CPLR 5225(a)) and leave to register the judgment in the U.S. District Court for the Northern District of Illinois (28 U.S.C. § 1963). Plaintiff's motion is granted. Plaintiff also seeks the appointment of a receiver of Defendant's assets. That motion is denied.

        After trial, Plaintiff received judgment of $1,625,000 against Defendant Santiago Quezada. *See* ECF No. 194. That judgment was appealed and affirmed by the Court of Appeals. *See Pizarro v. Quezada*, No. 24-2422, 2025 WL 2865251 (2d Cir. 2025). Defendant filed for Chapter 11 Bankruptcy protection, but that case was dismissed. Therefore, the bankruptcy proceeding no longer protects Defendant. *See* ECF Nos. 249; 253-2.

## DISCUSSION

In light of the Court of Appeals' decision, Defendant's arguments opposing turnover are without merit. Turnover is granted as to the Mercedes, jewelry, and watches so named in Plaintiff's briefs. *See* ECF Nos. 247-249; *see also* CPLR 5225(a). Furthermore, given evidence of Defendant's property in the Northern District of Illinois, good cause is shown to register the judgment in that jurisdiction. *See* 28 U.S.C. § 1963; *Andes Petroleum Ecuadro Limited v. Occidental Exploration and Production Company*, 2022 WL 3227874, at *4 (S.D.N.Y. Aug. 10, 2022) (*quoting Jack Frost Labs., Inc. v. Physicians & Nurses Manuf. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997)). Accordingly, Plaintiff may register judgment in the Northern District of Illinois. *See* 28 U.S.C. § 1963.

The appointment of a receiver is an extraordinary remedy and appropriate "only when clearly necessary to protect plaintiff's interests in the property." *U.S. Bank Nat. Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 249 (S.D.N.Y. 2012) (*quoting Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997)); *see also Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000) (*quoting Ferguson v. Tabah,* 288 F.2d 665, 674 (2d Cir. 1961)). In light of the drastic nature of this remedy, and given my grant of turnover and registration relief, I deny Plaintiff's motion to appoint a receiver, with leave to renew if compliance with the judgment is significantly delayed and it can be affirmatively demonstrated that no lesser relief will be effective.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for turnover and leave to register the judgment in the Northern District of Illinois is granted, and Plaintiff's motion for the

appointment of a receiver is denied. The Clerk shall terminate the open motions at ECF Nos. 238 and 247.

    SO ORDERED.

Dated:    November 4, 2025
            New York, New York

                        ALVIN K. HELLERSTEIN
                        United States District Judge