UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

MARIA JOSE PIZARRO,

                          Plaintiff,

        -against-

EUROS EL TINA RESTAURANT LOUNGE
AND BILLIARDS CORP. and SANTIAGO
QUEZADA,

                       Defendants.

------------------------------------------------------------------- X

**ORDER GRANTING
MOTION FOR ATTORNEYS
FEES AND FOR ENTRY OF
JUDGMENT OF JOINT AND
SEVERAL LIABILITY**

20 Civ. 5783 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff moves for attorney fees and costs incurred in successfully defending against Defendant Santiago Quezada's appeal and for entry of judgment of joint and several liability for the entirety of Plaintiff's damages in the underlying action. *See* ECF No. 258.

After trial, Plaintiff received judgment of $1,625,000 against Defendant Santiago Quezada and of $1,100,000 against Defendant Euros El Tina Restaurant Lounge and Billiards Corp. *See* ECF No. 194. Santiago Quezada appealed, and that judgment was affirmed by the Court of Appeals. *See Pizarro v. Quezada*, No. 24-2422, 2025 WL 2865251 (2d Cir. 2025).

Plaintiff's motion for attorneys' fees and costs incurred on appeal is granted. Plaintiff's motion for entry of judgment of joint and several liability for the entirety of Plaintiff's damages in the underlying action is also granted.

DISCUSSION

**I.     Plaintiff's Motion for Fees and Costs**

Plaintiff, as the prevailing party, is entitled to recover a reasonable attorney's fee and expenses incurred by her lawyers. 42 U.S.C. § 2000e-5(k); New York City Human Rights

1

Law (NYCHRL) § 8-502(g). This includes expenses accrued on appeal. *See Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017); *Perez v. Cnty. of Rensselaer, New York*, No. 1:14-CV-950, 2021 WL 3022115, at *2 (N.D.N.Y. July 16, 2021). Plaintiff's counsel's rates of $650 per hour for Brian L. Bromberg and $550 per hour for Evan Brustein, and the amount of time they each spent litigating this case, are reasonable. *See Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 244 (E.D.N.Y. 2025) (finding rates of $450-$650 per hour for partners to be reasonable); *Bailey v. Pataki*, No. 08-CV-8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016); *McDonald v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 98 n.6 (2d Cir. 2006) ("[D]istrict courts should not treat an attorney's status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate."). Current rates of lawyers can substantially exceed those rates. Defendant Santiago Quezada presents no meaningful objections to Plaintiff's counsel's rates and the time they charged.

Accordingly, Plaintiff's motion for attorneys' fees in the amount of $100,845.00, plus expenses in the amount of $2,339.97 from Defendant Santiago Quezada, is granted.

## II.    Joint and Several Liability

Tortfeasors who cause a single indivisible injury are jointly and severally liable for the damages they cause. *See Ravo by Ravo v. Rogatnick*, 70 N.Y.2d 305, 310-12, 514 N.E.2d 1104 (1987). The "jury's apportionment of fault between defendants…does not alter the joint and several liability of defendants for the single indivisible injury" but "merely defines the amount of contribution defendants may claim from each other, and does not impinge upon plaintiff's right to collect the entire judgment award from either defendant…" *Ravo by Ravo v. Rogatnick*, 70 N.Y.2d 305, 514 N.E.2d 1104 (1987).

2

Defendants argue that clarifying the joint and several nature of the judgment would contradict the jury's verdict. It does not.

The verdict sheet explicitly asked whether Plaintiff had proved liability and, if so, to assign damages against each applicable defendant. *See* ECF No. 196. The amounts the jury assigned reflect its allocation of responsibility between Defendants. The jury's allocation does not alter the joint and several liability of Defendants for the single indivisible injury but instead outlines the amount Defendants might recover from one another in contribution. *See Ravo by Ravo v. Rogatnick*, 70 N.Y.2d 305, 514 N.E.2d 1104 (1987).

Defendant argues that Article 16 prevents Defendant Quezada from being jointly liable for damages apportioned to Defendant Euros. See ECF No. 270 at 4. However, Defendants' reliance on Article 16 is misplaced. Article 16 altered New York's common-law rule of joint and several liability only for defendants found 50% or less at fault. *See* CPLR § 1601(1). A defendant found more than 50% at fault remains fully jointly and severally liable. *See id.*; *see also Rangolan v. County of Nassau*, 96 N.Y.2d 42, 46 (2001). As reflected in the assigned damages on the verdict sheet, Defendant Santiago Quezada bears more than half of the liability for Plaintiff's injuries. Title VII limits Plaintiff's total recovery under that claim to $50,000, the remainder of which may be satisfied under New York state law. *See Pizarro v. Quezada*, No. 24-2422, 2025 WL 2865251, at *2 (2d Cir. Oct. 9, 2025); 42 U.S.C. § 1981a(b)(3)(A).

Plaintiff seeks to clarify the judgment to reflect the joint and several nature of Defendants' liability. Accordingly, Plaintiff's motion to include the words "jointly and severally liable" in the judgment, to avoid later confusion, is granted.

3

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for attorneys' fees is granted in the amount of $100,845.00, plus expenses in the amount of $2,339.97 from Defendant Santiago Quezada, for a total of $103,184.97.

Plaintiff's motion to amend the judgment to reflect that Defendants are jointly and severally liable for the damages awarded by the jury is also granted. Plaintiff shall submit a proposed amended judgment to the Court in compliance with this order.

The Clerk shall terminate ECF No. 257.

SO ORDERED.

Dated:        March 25, 2026
              New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

4