UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA JOSE PIZARRO<br>                    Plaintiff<br>v.<br>EUROS EL TINA RESTAURANT LOUNGE<br>AND BILLIARDS CORP., SANTIAGO<br>QUEZADA<br>                    Defendants | 1:20-cv-05783-AKH<br><br>**MEMORANDUM OF LAW IN<br>SUPPORT OF RENEWED MOTION<br>TO APPOINT RECEIVER** |

Evan Brustein
Brustein Law PLLC
299 Broadway
Suite 800
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com

Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com
Attorneys for Plaintiff

## TABLE OF CONTENTS
### MEMORANDUM OF LAW IN SUPPORT

**Page**

TABLE OF AUTHORITIES _____ ii

BACKGROUND _____ 1

ARGUMENT _____ 2

CONCLUSION_____ 6

WORD COUNT CERTIFICATION _____

## TABLE OF EXHIBITS
### DECLARATION OF JEFFREY CHUBAK IN SUPPORT

Exhibit 1—Emails with Mr. Quezada's Counsel

Exhibit 2—Letter from tastytrade

Exhibit 3—Amended tastytrade information subpoena response

Exhibit 4—Lien search report

i

# TABLE OF AUTHORITIES

**Page(s)**

*BSH Hausgeräte GMBH v. Kamhi*,
  2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018).........................................................................3

*Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.*,
  62 Misc.3d 1208(A) (Sup. Ct. N.Y. Co. 2018).........................................................................4

*Ernest Lawrence Grp., Inc. v. Gov't Careers Ctr. of Oakland, California*,
  2000 WL 1655234 (S.D.N.Y. Nov. 3, 2000)...............................................................................5

*In re Feit & Drexler, Inc.*,
  42 B.R. 355 (S.D.N.Y. 1984)..............................................................................................3, 4

*Fid. Partners, Inc. v. First Tr. Co. of New York*,
  58 F. Supp. 2d 55 (S.D.N.Y. 1999)..........................................................................................3

*Fid. Partners, Inc. v. First Tr. Co. of New York*,
  216 F.3d 1072 (2d Cir. 2000)...................................................................................................3

*Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*,
  41 A.D.3d 25 (1st Dep't 2007) ................................................................................................3

*Honeedew Investing Ltd. v. Abadi*,
  2019 WL 1863149 (Sup. Ct. N.Y. Co. April 25, 2019)...........................................................4

*Hotel 71 Mezz Lender LLC v. Falor*,
  14 N.Y.2d 303 (2010) ..........................................................................................................3, 5

*Inter-Reg'l Fin. Grp., Inc. v. Hashemi*,
  562 F.2d 152 (2d Cir. 1977).....................................................................................................4

*Keawsri v. Ramen-Ya Inc.*,
  2022 WL 17813236, at *3 (S.D.N.Y. Dec. 19, 2022) .............................................................3

*Kerison & Willoughby Capital, Ltd. v. Royale Etenia, LLC*,
  2016 WL 2988988 (Sup. Ct. N.Y. Co. May 20, 2016).........................................................4, 5

*Koehler v. Bank of Bermuda Ltd.*,
  2004 WL 1555116 (S.D.N.Y. July 9, 2004) .............................................................................4

*Mohr v. Allen*,
  407 F. Supp. 483 (S.D.N.Y. 1976)...........................................................................................4

*United States v. First Nat. City Bank*,
  379 U.S. 378 (1965)..................................................................................................................4

*United States v. Ross,*
302 F.2d 831 (2d Cir. 1962)..................................................................................... 3, 4

**Statutes and Rules**

CPLR 5206.................................................................................................................. 1

CPLR 5225.................................................................................................................. 3

CPLR 5228............................................................................................................. 2, 3, 4

CPLR 6401.................................................................................................................. 2

CPLR 6402.................................................................................................................. 2

**Other Authorities**

Siegel, N.Y. Prac. § 512 (5th ed.) ............................................................................. 4

## BACKGROUND

This Court has entered an amended judgment (ECF #278) against defendant Santiago Quezada of over $3 million, with post-judgment interest on nearly all of said amount accruing from February 2024.

Despite his appeal having been defeated and entry of an order granting the turnover motion of plaintiff Maria Jose Pizarro ("Maria") as to Mr. Quezada's Mercedes, jewelry and watches so named in her moving papers (ECF #265 at 2), no property has been turned over to Maria, or to the sheriff.  (Chubak Decl. ¶2 & Exhibit 1.)

Maria's only other potential source of recovery, outside of the proposed property to be received, is proceeds from the sale of Mr. Quezada's house in Yonkers,[1] and a $5,000 futures trading account with NinjaTrader.  (ECF #239-2 Schedule A/B Item 1.1 (PDF p.9), #248-2.)

However, it does not make financial sense to seek recovery of the NinjaTrader account given its amount.  To do so would require engagement of Chicago counsel to commence a turnover proceeding there, the cost of which would consume substantially all of any net recovery.  Maria originally sought leave to register the judgment in Chicago to recover roughly $80,000 on deposit in a tastytrade account.  (ECF #248-1.)  However, tastytrade subsequently advised that its initial information subpoena response was erroneous, and that on further review "tastytrade has not identified any accounts in the name of the Judgment Debtor, Santiago Quezada, with a Social Security number ending in 7173" (Chubak Decl. Exhibits 2-3), which are the last 4 digits listed (ECF #259-1 Item 3) on the first page of his Chapter 11 bankruptcy petition.

---

[1] The Westchester County Supreme Court granted Maria's CPLR 5206(e) petition to sell the Yonkers house.  Index 64895/2025 NYSCEF #41 (decision), #45 (order), Per CPLR 5206(e) the value of his exemption is $150,000.

As to the Yonkers house, although in the bankruptcy it was scheduled as having a value of around $700,000 (ECF #239-2 Schedule A/B Item 1.1 (PDF p.9)) and a recent lien search reveals no mortgage on the property (Chubak Decl. Exhibit 4) other than Maria's judgment lien, $700,000 is less than one-quarter the value of the judgment; and further, it appears from the lien search that Mr. Quezada has stopped paying property taxes on same.

Eric Huebscher, who was the Subchapter V trustee appointed in Mr. Quezada's bankruptcy, has consented to serve as receiver of the proposed property to be received, being Mr. Quezada's Dominican real property which was acknowledged in his bankruptcy schedules and his interests in El Tina Fish Market Corp., and Maria respectfully requests his appointment as CPLR 5228 property receiver.

## ARGUMENT

CPLR 5228 permits the appointment of a receiver "to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment."

CPLR 5228 requires that the appointment order "specify the property to be received", and said property has been specified in the notice of motion: Mr. Quezada's Dominican real estate and his equity interests in El Tina Fish Market Corp.

CPLR 5228 also requires that the appointment order "specify the … duties of the receiver and the manner in which they are to be performed" and further makes CPLR 6402-05 applicable. Consistent with this, the notice of motion requests that that the receiver be expressly authorized to take custody of and sell the property to be received; and further requests that, notwithstanding CPLR 6401(b) (providing that "a receiver shall have no power to employ counsel unless expressly so authorized by order the court") that the receiver be permitted to engage counsel including

2

Dominican counsel to enforce the receiver order there. The notice of motion also requests authorization to employ brokers.

CPLR 5228 further requires that notice be given to other judgment creditors of the judgment debtor, but none are identified in the lien search.

In exercising discretion to appoint a receiver, courts consider: "(1) alternative remedies available to the creditor … (2) the degree to which receivership will increase the likelihood of satisfaction … (3) the risk of fraud or insolvency if a receiver is not appointed." *BSH Hausgeräte GMBH v. Kamhi*, 2018 WL 4583497, at *2 (S.D.N.Y. Sept. 25, 2018) (quoting *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.2d 303, 317 (2010)).

Each of these factors militates in favor of appointing a receiver. As to the first, with respect to Dominican real property a receiver is necessary given the sheriff's inability to execute on same. *Fid. Partners, Inc. v. First Tr. Co. of New York*, 58 F. Supp. 2d 55, 62 (S.D.N.Y. 1999) (sheriff may not "act outside of New York" and lacks authority "to enforce Fidelity's judgment by executing on assets located outside the United States") *aff'd*, 216 F.3d 1072 (2d Cir. 2000); *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 31 (1st Dep't 2007) ("it would violate the sovereignty of another state if a New York sheriff tried to attach property in another state"). And given the unavailability of CPLR 5225 turnover relief as to the Dominican real property. *Keawsri v. Ramen-Ya Inc.*, 2022 WL 17813236, at *3 (S.D.N.Y. Dec. 19, 2022) (collecting cases).

On the other hand, the Court has authority to appoint a receiver notwithstanding that said property is located outside the United States. *United States v. Ross*, 302 F.2d 831, 834 (2d Cir. 1962) (because court had personal jurisdiction over defendant, it could order him to transfer property to a receiver "whether that property was within or without the limits of the court's

3

territorial jurisdiction");[2] *In re Feit & Drexler, Inc.*, 42 B.R. 355, 359 (S.D.N.Y. 1984) (similar); *Mohr v. Allen*, 407 F. Supp. 483, 489 n.3 (S.D.N.Y. 1976) (court may indirectly act on foreign real estate through its authority over parties before it; if the Court were to find that the defendant was the "owner or trustee of the land", then "this Court would have the power to order defendant to convey the hotel facility [in Mexico] to a court-appointed receiver", but declining to grant relief because, unlike here, in Mohr title was disputed); *Koehler v. Bank of Bermuda Ltd.*, 2004 WL 1555116 (S.D.N.Y. July 9, 2004) (citing *United States v. First Nat. City Bank*, 379 U.S. 378, 383 (1965)) ("a court's power over an entity subject to its jurisdiction to direct a transfer of property does not depend upon the existence of a legislative enactment; courts also derive such powers from principles of equity"); *Honeedew Investing Ltd. v. Abadi*, 2019 WL 1863149, at *3 (Sup. Ct. N.Y. Co. April 25, 2019) ("As to the plaintiff's application for a receivership pursuant to CPLR 5228 with respect to the Buenos Aires Apartment, the defendants' contention that this court lacks the power to compel them to deliver property to a receiver from outside the court's territorial jurisdiction is without merit").[3]

As to Mr. Quezada's interests  ownership interest in El Tina Fish Market Corp. (ECF #239-2 Schedule A/B Item 19 (PDF p.12)), appointment of a receiver is warranted given the intangible nature of such property and its lacking a ready market.  *E.g. Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.*, 62 Misc.3d 1208(A) (Sup. Ct. N.Y. Co. 2018); *Kerison & Willoughby Capital, Ltd. v.*

---

[2] While *Ross* involved tax claims on behalf of the Federal government, the Second Circuit has extended the rule to suits between private parties. *Inter-Reg'l Fin. Grp., Inc. v. Hashemi*, 562 F.2d 152 (2d Cir. 1977).

[3] *Abadi* nevertheless declined to appoint a receiver given a prior injunction issued by the state court and a pending Argentine proceeding over the subject apartment, and defendants' contention that they intend to sell their Manhattan apartment to satisfy the judgment. None of these circumstances or defenses to appointment of a receiver are presented here.

*Royale Etenia, LLC*, 2016 WL 2988988, at \*3 (Sup. Ct. N.Y. Co. May 20, 2016) (quoting Siegel, N.Y. Prac. § 512 (5th ed.)) ("A receivership is 'especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction, such as the interest of … a … corporation of which [the debtor] is a member'").

As to the second factor, a receiver is necessary given Mr. Quezada's failure to pay any amount towards the judgment and his failure to comply with the prior turnover order (ECF #265) of this Court.

As to the third factor, Mr. Quezada's liabilities under the amendment judgment far exceed the value of his assets reflected in his bankruptcy schedules. His failure to pay property taxes on his Yonkers house as reflected in the lien search reflects either intent to reduce Maria's recovery from same or inability to pay debts as they become due. In either event, Maria has shown reasonable risk of "precarious financial condition" and an "identifiable risk", *see Hotel 71*, 14 N.Y.3d at 317-18, that "[l]eaving … property in [judgment debtor's] hands would create a danger that [judgment debtor's] assets would be dissipated before plaintiff can recover on its judgment", *see Ernest Lawrence Grp., Inc. v. Gov't Careers Ctr. of Oakland*, *California,* 2000 WL 1655234, at \*2 (S.D.N.Y. Nov. 3, 2000).

Eric Huebscher, the Subchapter V trustee in Mr. Quezada's bankruptcy case, has advised the undersigned that he amenable to serving as receiver, and Maria respectfully requests his appointment. He has served as receiver in *Spotnana, Inc v. American Talent Agency, Inc.* (receiver order at S.D.N.Y. 09-cv-03698-LAP, ECF #84), and as elected/successor Chapter 7 trustee in the *Abadi* bankruptcy (Bankr. E.D.N.Y. 24-42873, ECF #81, #88, #88-1), which followed the above-cited *Abadi* decision. He is also on the New York State Supreme Court Part 36 fiduciary list, and last year was also appointed receiver in *Jeffrey Simpson, individually and derivatively, as*

*managing member of JJ ARCH LLC, suing derivatively as managing member of ARCH Real Estate Holdings et al v. Jared Chassen et al* (receiver order at Sup. Ct. N.Y. Co. Index 158055/2023 (NYSCEF #136).

## CONCLUSION

Maria respectfully requests an order granting the relief set forth in the accompanying notice of motion.

Dated: New York, NY
      April 21, 2026

Amini LLC

/s/ Jeffrey Chubak
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
jchubak@aminillc.com

Evan Brustein
Brustein Law PLLC
299 Broadway
Suite 800
New York, NY 10007
(212) 233-3900
evan@brusteinlaw.com
Attorneys for Judgment Creditor Maria Jose Pizarro

6

**WORD COUNT CERTIFICATION**

I hereby certify that the foregoing document has 1,672 words as calculated by the word count feature of the word-processing program used to prepare the same, excluding the cover, table of contents/exhibits, table of authorities and signature block, and therefore complies with the word count limit in Local Civil Rule 7.1(c).

Dated: New York, NY
       April 21, 2026

                                     /s/ Jeffrey Chubak