**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIA JOSE PIZARRO

                                 Plaintiff,

       -against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., and SANTIAGO QUEZADA.

                                 Defendants.

**Case No. 1:20-cv-05783-AKH**

## DECLARATION OF MARTIN E. RESTITUYO, ESQ. IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO APPOINT A RECEIVER

**MARTIN RESTITUYO, ESQ.,** an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

1. I am the principal of The Law Offices of Martin E Restituyo, P.C., counsel for defendant Santiago Quezada (hereinafter "Quezada" or "Defendant") in the above captioned matter.

2. I submit this declaration in opposition to the renewed motion, by the plaintiff Maria Jose Pizarro ("Plaintiff"), for an order to appoint a receiver.

3. In support of her motion, Plaintiff submitted communications between Plaintiff's counsel and me, as supposed evidence that Mr. Quezada has failed to comply with the Court's turnover order. See ECF Doc. No. 280-1. Nothing can be further from the truth.

4. First, as can be seen from the communications, Defendant is demonstrating clear ignorance about how to comply with the turnover order.

5. Instead of providing instructions on what Defendant should do, Plaintiff merely directs the Defendant to contact the Westchester County Sheriff's Office.

6.     As recently as May 20, 2026, Yours Truly contacted the Sheriff's office at the number provided by Plaintiff's counsel in his January 14, 2026, email. See ECF Doc. 280-1 at 2-3.

7.     The Sheriff's office indicated that they had no execution order associated with the Plaintiff or the Defendant.

8.     For avoidance of doubt, the Sherrif's Office informed me that they had never received an Order of Execution that would authorize them to take possession of any property associated with Mr. Quezada.

9.     Thereafter, the Sherrif's Office recommended that I review the procedures, readily available via a simple google search, on what steps one should take if one wants to authorize the Sherrif's Office receive property obtained via a judgment.[1]

10.    As it turns out, the same google search that reveals the steps necessary to authorize the Sherriff's Office to receive a judgment debtor's personal property also outlines the steps to be taken in order to gain control of the other types of property (such as shares) that may be in a debtor's possession.

11.    The execution documents must be prepared by the creditor.

12.    My office's communications with the Sherrif's Office corroborates my client's previous failed attempts to comply with this Court's order.

---

[1] Counsel followed the Sherrif's instructions and discovered a multipage document that explains the entire process for executing a judgment via the Sherriff's Office. While Counsel could have attached said document here, Defendant notes that Plaintiff has three counsels of record any one of which could have similarly called the Sherrif's Office and/or conducted the basic Google search that led to the discovery of this document.

13.     Thus, other than sending emails, Plaintiff has not taken any steps that would allow the Defendant to turn over property to the Sherrif's Office in order to comply with the Court's order on that subject.

Dated: New York, New York
       May 22, 2026

_____
Martin E. Restituyo, Esq.