**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARIA JOSE PIZARRO

                             Plaintiff,

        -against-

EUROS EL TINA RESTAURANT LOUNGE and
BILLIARDS CORP., and SANTIAGO QUEZADA.

                         Defendants.

**Case No. 1:20-cv-05783-AKH**

<br>

## <u>MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S</u> <u>RENEWED MOTION TO APPOINT A RECEIVER</u>

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................... 3

PRELIMINARY STATEMENT .................................................................................. 5

STATEMENT OF FACTS .......................................................................................... 5

ARGUMENT ............................................................................................................... 6

   I. PLAINTIFF'S MOTION IS PROCEDURALLY DEFECTIVE ........................................ 6

   II. THE APPOINTMENT OF A RECEIVER IS AN EXTRAORDINARY REMEDY
   THAT PLAINTIFF HAS NOT DEMONSTRATED A RIGHT TO ..................................... 7

      a. Legal Standard Under FRCP 66 ..................................................................... 7

      b. Legal Standard Under CPLR 5228 ................................................................. 8

         1. Plaintiff Has Alternative Remedies .......................................................... 9

         2. Plaintiff Has Not Demonstrated That the Proposed Receiver Has Special Skills
         That She Lacks ..................................................................................... 12

         3. Plaintiff Fails to Establish the Risk of Fraud or Insolvency ................................. 13

CONCLUSION ........................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

Astraea NYC LLC v. Rivada Networks, Inc., No. 21 CIV. 10493 (LLS), 2023 WL 3862671 (S.D.N.Y. June 7, 2023)...............................................................................................................8, 9

BSH Hausgeräte GMBH v. Kamhi, 2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018) ....................8

Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93 (2d Cir. 1988) ................................................7

Colfin Bulls Funding B, LLC v. Ampton Invs., Inc., 62 Misc. 3d 1208(A), 112 N.Y.S.3d 868 (N.Y. Sup. Ct. 2018) ................................................................................................................11

Ernest Lawrence Group, Inc. v. Gov't Careers of Oakland, 2000 WL 1655234 (S.D.N.Y. Nov. 3, 2000) ........................................................................................................................................9

Ferguson v. Tabah, 288 F.2d 665 (2d Cir. 1961)..........................................................................7

Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V., 41 A.D.3d 25 (1st Dep't 2007) .........10

Hilton v. Guyot, 159 U.S. 113 (1895).........................................................................................10

Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303 (2010) ....................................................8, 9

Koehler v. Bank of Bermuda Ltd., 2004 WL 1555116 (S.D.N.Y. July 9, 2004) ........................10

Rosen v. Siegel, 106 F.3d 28 (2d Cir. 1997) .................................................................................7

Sanchez v. El Barrio's Car Serv., Inc., 347 F.R.D. 439 (S.D.N.Y. 2024)................................7, 8

U.S. v. Vulpis, 967 F.2d 734 (2d Cir. 1992)...............................................................................13

**Statutes and Rules**

Federal Rule of Civil Procedure 64 ...................................................................................... 6, 7

Federal Rule of Civil Procedure 66 ................................................................................... 6, 7, 8

Federal Rule of Civil Procedure 69 ...................................................................................... 7

N.Y. Civil Practice Law and Rules Article 52 .................................................................... 8, 9

N.Y. Civil Practice Law and Rules § 5222 ........................................................................... 9

N.Y. Civil Practice Law and Rules § 5225 ........................................................................... 9

N.Y. Civil Practice Law and Rules § 5227 ........................................................................... 9

N.Y. Civil Practice Law and Rules § 5228 ..................................................................... 5, 6, 8

N.Y. Civil Practice Law and Rules § 5231 ........................................................................... 9

N.Y. Civil Practice Law and Rules § 5232 ........................................................................... 9

Debtor and Creditor Law § 271 .......................................................................................... 13

**Treatises**

Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 2983 (3d ed.) .............................................. 7

Siegel, N.Y. Prac. § 509 (6th ed.) ....................................................................................... 8

Siegel, N.Y. Prac. § 512 (5th ed.) ..................................................................................... 10

Defendant Santiago Quezada ("Quezada" or "Defendant"), by and through his attorneys, respectfully submit this memorandum of law in opposition to the motion filed by Plaintiff Maria Jose Pizarro pursuant to CPLR § 5228 seeking the appointment of a receiver.

## PRELIMINARY STATEMENT

Plaintiff seeks the appointment of a receiver in order to gain control over Defendant's interest in the El Tina Fish Market Corp. (hereinafter "El Tina") and his properties in the Dominican Republic. The appointment of a receiver is a drastic remedy usually imposed only where no lesser relief will be effective. Here, Plaintiff seeks the appointment of a receiver even though no other relief has even been attempted.

Plaintiff has not taken even the basic steps necessary to recover the Defendant's assets in the United States. Plaintiff has not even started the process of trying to convert the current judgment into one that can be executed in the Dominican Republic. Irrespective of these non-efforts, the Plaintiff invites the Court to skirt establish collection procedures and violating international sovereignty.

## STATEMENT OF FACTS

According to Plaintiff, in an attempt to collect on her judgment against the Defendant she has identified a number of his assets: 1) a house in Yonkers, New York, 2) trading accounts in Illinois, 3) Defendant's car and jewelry; 4) certain properties in the Dominican Republic, and 5) Defendant's interest in El Tina. Plaintiff's Memo at 1-2.[1]

Plaintiff is not seeking the appointment of a receiver to administer the house in Yonkers, because she has already commenced a foreclosure proceeding to collect on that asset (Plaintiff's Memo at 1 Fn. 1); Plaintiff does not seek to collect on the trading accounts in Illinois, because

---

[1] References to "Plaintiff's Memo at ___" refers to the Memorandum of Law in Support of Renewed Motion to Appoint a Receiver. ECF Doc. No. 281.

she claims that it is not an economically beneficial proposition (Id at 1); and. notwithstanding her complaints that Defendant has failed to turn over his car and jewelry, Plaintiff does not seek the turnover of those assets to the receiver; because she knows that she has failed to comply with the proper procedure for seeking the turnover of those items. Restituyo Decl. ¶¶ 6-13.[2]

Plaintiff's Motion asks the Court to appoint a receiver to administer El Tina and to take over possession of the Defendant's properties in the Dominican Republic. ECF Doc. No. 279. However, nowhere in her motion does Plaintiff discuss what steps, if any, she has taken in order to seek control of Defendants interest in El Tina. Equally important, Plaintiff's motion is devoid of reference to any steps taken in attempt to execute on the current judgment in the Dominican Republic.

Where Plaintiff has taken no action, Plaintiff cannot claim that her attempts have been frustrated. Where Plaintiff has failed to take even basic steps to collect on her judgment (Restituyo Decl. ¶¶ 6-13), she cannot demand that this Court sidestep State law or violate a Country's sovereignty.

**ARGUMENT**

## I.     PLAINTIFF'S MOTION IS PROCEDURALLY DEFECTIVE

This is Plaintiff's second motion for the appointment of a receiver and yet Plaintiff continues to muddle up the procedure for doing so.   To be sure, Plaintiff seeks the appointment of a receiver "pursuant to CPLR 5228, made applicable pursuant to FRCP 64 and 66(a)." ECF Doc. No. 279. Even if you look past the fact that there is no FRCP 66(a), neither of those statutes give this Court the authority to appoint a receiver pursuant to CPLR 5228, which discusses the enforcement of judgments.

---

[2] References to "Restituyo Decl. ¶ ___" refer to the Declaration of Martin E. Restituyo, Esq. in Opposition to Plaintiff's Renewed Motion to Appoint a Receiver, submitted in conjunction herewith.

FRCP and 64 and 66 are remedies to be employed during litigation.  To be sure, FRCP 64, which is about "Seizing a Person or Property" makes that abundantly clear at section (a) where it notes that the statue is applicable for use "[a]t the commencement of and throughout an action . . . **to secure satisfaction of the potential judgment**." (Emphasis added.)

Similarly, seeking the appointment of a receiver, pursuant to FRCP 66 post-judgment is procedurally incorrect. See *Sanchez v. El Barrio's Car Serv., Inc.*, 347 F.R.D. 439, 443 (S.D.N.Y. 2024) (noting that "because Rule 66 is a general procedural rule, specific state statutes addressing receivership in aid of judgment execution apply under Rule 69(a).")

Indeed, as pointed out in the earlier briefing on this issue, FRCP 69 is the correct statute to reference when seeking to enforce money judgments pursuant to state law. See ECF Doc. No. 244.  Thus, Plaintiff's renewed motion for the appointment of a receiver is procedurally incorrect and must be denied.

## II.    THE APPOINTMENT OF A RECEIVER IS AN EXTRAORDINARY REMEDY THAT PLAINTIFF HAS NOT DEMONSTRATED A RIGHT TO

### a.    Legal Standard under FRCP 66

Even if the Court were to accept Plaintiff's submission pursuant to FRCP 66, she does not meet the high bar required for the appointment of a receiver pursuant to this statute.

"The appointment of a receiver [via FRCP 66] is considered to be an extraordinary remedy that should be employed with the utmost caution ...." Wright & Miller, *12 Fed. Prac. & Proc. Civ.* § 2983 (3d ed.);See *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997); *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988); see also *Ferguson v. Tabah*, 288 F.2d 665, 674 (2d Cir. 1961) (receivership is "a drastic remedy usually imposed only where no lesser relief will be effective");.

Plaintiff has failed to argue, let alone establish, that the current situation requires an

extraordinary remedy of appointing a receiver pursuant to FRCP 66.  Indeed, she has failed to allege that no lesser relief will be effective for obtaining the desired result.

Thus, even if the Court were to consider Plaintiff's application for the appointment of a receiver pursuant to FRCP 66, Plaintiff has failed to allege facts sufficient to meet its criteria.

### b.      Legal Standard Under CPLR 5228

Article 52 of the New York Civil Practice Law and Rules governs the enforcement of money judgments in New York State. CPLR § 5228(a) specifically creates the mechanism for a judgment debtor to seek the appointment of a receiver upon motion to the Court.

The appointment of a receiver pursuant to CPLR § 5228 is discretionary.  *Sanchez v. El Barrio's Car Service, Inc.*, 347 F.R.D. 439 (2024)). CPLR § 5228(a) authorizes a court to appoint a receiver only upon a showing that such appointment is necessary to enforce a judgment and where other remedies are insufficient. See *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317 (2010); *BSH Hausgeräte GMBH v. Kamhi*, 2018 WL 4583497 (S.D.N.Y. Sept. 25, 2018).

In order to determine whether the appointment of a receiver is appropriate, Courts must consider "(1) alternative remedies available to the creditor; (2) the degree to which receivership will increase the likelihood of satisfaction; and (3) the risk of fraud or insolvency if a receiver is not appointed." *Astraea NYC LLC*, 2023 WL 3862671, at *4 (quoting *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317, 900 N.Y.S.2d 698, 926 N.E.2d 1202 (2010)).

The movant bears the burden to establish that a receiver is justified. *Siegel, N.Y. Prac. § 509* (6th ed.). A receiver should only be appointed "when a special reason appears to justify

one." *Astraea NYC LLC v. Rivada Networks, Inc.,* No. 21 CIV. 10493 (LLS), 2023 WL 3862671, at *4 (S.D.N.Y. June 7, 2023) citing *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317 (N.Y. 2010).

For the reasons stated herein it is blatantly obvious that that appointment of a receiver is not necessary to enforce the judgment, nor is there a lack of alternative and sufficient remedies.

### 1. Plaintiff Has Alternative Remedies

Courts in New York disfavor receivership where ordinary enforcement tools are viable. *See Ernest Lawrence Group, Inc. v. Gov't Careers of Oakland*, 2000 WL 1655234, at *2 (S.D.N.Y. Nov. 3, 2000). CPLR Article 52, provides a judgment creditor with multiple procedural devices to enforce money judgment in New York. There are several steps that a judgment creditor can and should employ before proceeding to a measure as extreme as receivership. Those measures include:

- CPLR § 5222 – allows Plaintiff to restrain all assets owned by Defendants

- CPLR § 5225 – permits the Plaintiff to seek an Order forcing Defendants to turn over property in their possession

- CPLR § 5227 – permits the Plaintiff to seek moneys due to Defendants

- CPLR § 5231 – allows execution of the debt against Defendant's income, and

- CPLR § 5232 – allows the Plaintiff to place a levy against Defendants' property.

By way of a positive example, Plaintiff has filed a Petion to sell Defendant's house that, by all accounts, is proceeding according to plan. See Plaintiff's Memo at 1 Fn. Conversely, even though this Court issued an Order authorizing Plaintiff to collect defendant's Car and Jewelry, Plaintiff has failed to follow the proper procedures that would

allow the Sheriff to receive said property.  Restituyo Decl. ¶¶ 6-13.

CPLR, as outlined above, has clear procedures for the execution against a debtor's shareholdings.  However, rather than using the tools at her disposal, Plaintiff seeks to circumvent state law by having this Court appoint a receiver, when one is not necessary.

Similarly, there are established procedures for enforcing United States Judgments in other countries.  Nevertheless, Plaintiff seeks to have this Court violate foreign sovereignty[34] and established procedures in order to avoid doing that work.

The Plaintiff argues that these remedies are unavailable to her because: 1) El Tina is an intangible property lacking a ready market (Plaintiff's Memo at 4)) and 2) because the Sherriff is unable to execute on property in the Dominican Republic.

The first point is simply wrong.  Retail businesses, including fish markets, are bought and sold in New York every day.  Plaintiff's reliance on Siegel and *Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.,* is misguided.  To be sure, Plaintiff cites Siegle incompletely and, arguably, incorrectly.  Siegle, correctly quoted, says as follows:

> "A receivership has been held especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction, **such as the interest of a psychiatrist/judgment debtor in a professional corporation of which he is a member**." (emphasis added.)

Siegel, NY Prac § 512 (5th ed)

---

[3] To be clear, it has not been established that the Dominican Republic would allow the transfer of property located within its borders, to a receiver, appointed by a Court in the United States, to administer, transfer or dispose of as said receiver deems fit.

[4] Federal courts have long recognized limitations on enforcing judgments involving foreign real estate. As held in *Hilton v. Guyot*, 159 U.S. 113, 163 (1895), "the laws of no nation can justly extend beyond its own territory." See also *Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*, 41 A.D.3d 25, 31 (1st Dep't 2007) (attachment of property located outside New York violates sovereignty of foreign jurisdiction). Federal courts similarly lack in rem jurisdiction over real estate located abroad, and Plaintiff must seek relief in the courts of the Dominican Republic, under their judgment recognition framework. See *Koehler v. Bank of Bermuda Ltd*., 2004 WL 1555116 (S.D.N.Y. July 9, 2004)

10

El Tina is a fish market (i.e. a retail business that is clearly not a professional corporation). Mr. Quezada is not a psychiatrist or even a professional. There is no evidence, other than Plaintiff's conclusory statements, that El Tina is an intangible asset that lacks a ready market, and presents nothing that a sheriff can work with at an auction.

In *Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.,* the court granted the appointment of a receiver where the judgment creditor moved for an order directing the defendant to turn over 1) "fine art, antique furniture, objects made of silver, vertu and porcelain, European ceramics and glass" all of which were listed in a report created by Christie's Appraisals, Inc. and 2) 100% of defendant's voting stock in a company that may or may not have been controlled by a trust located in the Isle of Jersey. *Colfin Bulls Funding B, LLC v. Ampton Invs., Inc.,* 62 Misc. 3d 1208(A) * 1-3, 112 N.Y.S.3d 868 (N.Y. Sup. Ct. 2018). In granting the appointment a receiver the Court noted that "the unusual circumstances of this case warrant the appointment of a receiver" because "[a]lthough a sheriff's sale is an alternative remedy available to Colfin, the sale of the valuables herein is likely to be more successful, i.e., generate higher sales prices, if a receiver becomes involved to ensure that a qualified auction house, such as Christie's, sells the items for the maximum price so that more of the Colfin judgment can be satisfied." 62 Misc. 3d 1208(A) * 7.

The present facts could not be more disparate. Unlike in *Colfin* this case does not involve fine art, objects of vertu, or a corporation that may be controlled by an offshore trust. Here there is no need, nor is Plaintiff proposing, the hiring a sophisticated auction house to sell specialized goods to the highest bidder.

In short, Plaintiff has failed to establish the need for the appointment of a receiver to take Defendant's ownership in El Tina because she cannot establish that the procedure

established by the CPLR is inadequate.

As regards the properties in Dominican Republic, Plaintiff's argument is even more misguided. She argues that she cannot enforce her judgment in the Dominican Republic because her agent of choice (i.e. the local sheriff) has no authority to go there an collect it. In other words, she is not saying that she cannot go to the Dominican Republic and collect on the judgment. She is simply saying that because the sheriff can't she would like the court to designate a receiver to go instead. Or, better yet, avoid the entire process altogether and just go ahead and violate international law.

As with El Tina, Plaintiff has not made the case for lack alternative remedies. She is simply seeking an end run around the legally established framework that she is obliged to comply with.

### 2. Plaintiff Has Not Demonstrated That the Proposed Receiver Has Special Skills That She Lacks

Plaintiff has failed to demonstrate that she has made any attempt to gain control of EL Tina or that she has made any efforts to collect on the properties located in the Dominican Republic. Even so, Plaintiff proposes the appointment of a receiver, but fails to submit any analysis, expert declaration, or supporting data to demonstrate that said receiver would likely recover assets that she could not.

It is difficult to see what remedies are available to the receiver *vis a vis* El Tina that are not available to the Plaintiff herself. Similarly, Plaintiff has failed to demonstrate how the proposed receiver is in a better position to go to the Dominican Republic and legally transfer title in Defendant's assets, than she is. Other than to state some basic credentials, Plaintiff has failed to show that this particular receiver has any prior experience conducting such operations in the Dominican Republic or even has the knowledge to do it now.

### 3. Plaintiff Fails to Establish the Risk of Fraud or Insolvency

Plaintiff's judgment against the Defendant was obtained in October 2025 and filed on February 23, 2024. In the two and half years since, Plaintiff has had a list of Defendant's assets. Other than to show that, as of February 202, 2026, Defendant has not paid all of this year's property taxes (i.e. about $11,600 on a property with no other encumbrances that Plaintiff says is worth $700,000), Plaintiff has not demonstrated that Defendant has dissipated any of the assets that could be used to pay the judgment.

Courts have repeatedly held that the appointment of a receiver must be supported by more than speculation. See *U.S. v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992). A mere inability or delay in satisfying a judgment does not equate to insolvency or fraud. See Debtor and Creditor Law § 271.

### CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court deny Plaintiff's renewed motion to appoint a receiver in its entirety. Plaintiff's motion is procedurally defective, and Plaintiff's application meets none of the criteria required to permit the extraordinary relief that is being sought.

Dated: New York, New York
　　　May 22, 2026　　　　　　　　　　　*/s/ Martin E. Restituyo*_____
　　　　　　　　　　　　　　　　　　By: Martin E. Restituyo, Esq.
　　　　　　　　　　　　　　　　　　Law Offices of Martin Restituyo, P.C.
　　　　　　　　　　　　　　　　　　1325 Avenue of the Americas, 28th Floor
　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　Tel. (212) 729-7900
　　　　　　　　　　　　　　　　　　restituyo@restituyolaw.com

　　　　　　　　　　　　　　　　　　*Attorney for Defendant Santiago Quezada, Sr.*

13